LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Fascimile: (702) 382-1169

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARC JOHN RANDAZZA,<br><br>Debtor. | Case No.: BK-S-15-14956-abl<br>Chapter 11 |
| EXCELSIOR MEDIA CORP., a Nevada corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MARC JOHN RANDAZZA, an individual,<br><br>Defendant. | Adv. No. 15-01193-abl<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: May 9, 2016<br>Time: 1:30 p.m. |

Defendant, Marc John Randazza (the "Defendant"), by and through his attorneys, the law firm of Larson & Zirzow, LLC, hereby respectfully requests that the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the following in support of his *Motion for Partial Summary Judgment* (the "Motion") [ECF No. 19].[1]

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Motion.

A. **Events Occurring Prior to Defendants' Bankruptcy Filing.**

1. On or about June 10, 2009, Excelsior and Defendant entered into a Contract of Employment for Corporate General Counsel pursuant to which Defendant was hired as General Counsel for Excelsior.[2] The Employment Agreement makes no mention of Defendant acting as general counsel for Liberty. A true and correct copy of the Employment Agreement is attached to hereto as **Exhibit 1**. The Employment Agreement was previously attached to a filing by Plaintiffs in the Defendant's underlying bankruptcy case [ECF No. 60-7].

2. Defendant represented Liberty through his law firm, Marc J. Randazza P.A. d/b/a Randazza Legal Group ("Marc J. Randazza P.A."), in litigation against FF Magnat Ltd. d/b/a Oron.com (hereinafter "Oron"), wherein a settlement was reached on or about July 1, 2012, but thereafter had to be enforced through a seizure of funds. This same decision also approved the fees charged by Marc J. Randazza P.A. See Liberty Media Holdings, LLC v. FF Magnat Ltd. d/b/a Oron.com, No. 12-01057, 2012 WL 3255044 (D. Nev. Aug. 7, 2012). A true and correct copy of the foregoing decision is attached hereto as **Exhibit 2**.

3. Disputes arose between the parties, and Defendant thereafter initiated an arbitration proceeding against Plaintiffs styled as Randazza v. Excelsior Media Corp. *et al.*, JAMS No. 1260002283 (the "Arbitration"). Defendant brought claims in Arbitration for contractual obligations owed by Excelsior per the Employment Agreement, as well as for wrongful termination, and in the alternative, constructive discharge and retaliation. Plaintiffs filed various counterclaims against Defendant in the Arbitration. On or about June 3, 2015, the Arbitrator entered an *Interim Arbitration Award* (the "IAA") in the Arbitration, a true and correct copy of which is attached hereto as **Exhibit 3**. The IAA has previously been attached to numerous filings by the Plaintiffs in the Defendant's underlying bankruptcy case [ECF 60-5, Ex. 1].

4. On June 15, 2015, the Plaintiffs filed a motion in the Eighth Judicial District Court, Clark County, Nevada (the "Nevada State Court"), thereby commencing the case styled

---

[2] To the extent there are any exhibits to any of the listed exhibits, they have largely been removed to avoid duplication and to lessen the size of the filing.

2

as <u>Excelsior Media Corp. et al. v. Randazza</u>, Case No. A-15-719901-C (the "<u>State Court Action</u>"), thereby seeking to confirm the IAA and to have judgment entered in their favor and against Defendant (the "<u>Motion to Confirm</u>"). A true and correct copy of the Motion to Confirm is attached hereto as **Exhibit 4.** The Motion to Confirm has previously been attached to another document filed by the Plaintiffs in the Defendant's underlying bankruptcy case [ECF No. 60-6, Ex. 2].

5. On August 7, 2015, Defendant filed his *Opposition to Motion to Confirm Arbitration Award and Counter-Motion to Vacate and/or Modify the Interim Arbitration Award* in the State Court Action, a true and correct copy of which is attached to hereto as **Exhibit 5**.

6. The IAA was an interim award only, and has never been reviewed or confirmed by any court, and no judgment has ever been entered thereon. A true and correct copy of the docket in the State Court Action is attached to hereto as **Exhibit 6**.

**B.    Events Occurring From and After Defendant's Bankruptcy Filing.**

7. On August 28, 2015 (the "<u>Petition Date</u>"), the Defendant filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), thereby commencing his bankruptcy case (the "<u>Chapter 11 Case</u>"). The filing of the Chapter 11 Case acted to stay the State Court Action by operation of the automatic stay.

8. On October 28, 2015, the Plaintiffs filed their *Motion to Modify the Automatic Stay to Allow a Pre-Petition Arbitration to Proceed to Judgment* (the "<u>Stay Relief Motion</u>") [ECF No. 60], which the Court denied by order entered on December 18, 2015 [ECF No. 93].

9. On November 30, 2015, the Plaintiffs filed their original complaint (the "<u>Original Complaint</u>") [ECF No. 83] against the Defendant asserting claims for nondischargeability pursuant to sections 523(a)(2) and (a)(4) of the Bankruptcy Code, but never served it.

10. On December 29, 2015, Excelsior filed a *Proof of Claim* (the "<u>Proof of Claim</u>") in the stated amount of "in excess of $1,552,614.29," being Claim No. 8. Liberty did not file its own separate proof of claim, but is listed as "another name the creditor used with the debtor" in Excelsior's Proof of Claim.

11. On January 22, 2016, the Plaintiffs filed a *Notice of Appeal* [ECF No. 99] from

3

this Court's Denial of Stay Relief Order, however, the appeal was dismissed by order entered on February 24, 2016 [ECF No. 122].

12. On February 10, 2016, Plaintiffs filed their *First Amended Complaint* (the "Complaint") [ECF No. 120], thereby asserting claims pursuant to not only sections 523(a)(2) and (a)(4), but also pursuant to section 523(a)(6) of the Bankruptcy Code.

Dated: March 16, 2016.

LARSON & ZIRZOW, LLC

By: /s/ Zachariah Larson
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Defendant

4