_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
June 16, 2016

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case No. 15-14956-abl |
| MARC JOHN RANDAZZA, | Chapter 11 |
| Debtor. | |
| LIBERTY MEDIA HOLDINGS, LLC, et al., | Adv. Proc. No. 15-01193-abl |
| Plaintiffs, | |
| vs. | |
| MARC JOHN RANDAZZA, | |
| Defendant. | Hearing Date: June 10, 2016 |
| | Hearing Time: 10:00 a.m. |

**ORDER ON MOTION TO DISMISS**

On June 10, 2016, the Court issued its oral ruling on a contested Motion to Dismiss, Or In the Alternative, For Partial Summary Judgment ("Motion") (ECF No. 19).[1]  The Motion was filed on behalf of defendant Marc John Randazza ("Defendant").  The Motion seeks dismissal of the complaint[2] filed in the adversary proceeding captioned above.

---

[1] In this Order, unless otherwise specified all references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned adversary proceeding as they appear on the docket maintained by the Clerk of the Court.

[2] ECF No. 1; as amended, ECF No. 11 (collectively, the "Complaint").

1

At the June 10, 2016, oral ruling, attorney Matthew C. Zirzow appeared on behalf of Defendant. Attorney James D. Greene appeared telephonically on behalf of plaintiffs Liberty Media Holdings, LLC and Excelsior Media Corp. (collectively, "Plaintiffs"). Attorney Timothy R. Wheeler appeared telephonically on behalf of Bank of America, N.A.

To the extent that the Court made findings of fact and conclusions of law in the course of its oral ruling on June 10, 2016, those findings of fact and conclusions of law are incorporated into this Order by this reference pursuant to FED. R. CIV. P. 52(a)(1), made applicable in this contested matter pursuant to FED. R. BANKR. P. 9014(a) and (c) and 7052.

For the reasons stated on the record:

**IT IS HEREBY ORDERED** that the Motion is **GRANTED in part and DENIED in part as follows**:

- To the extent the Motion seeks dismissal of the non-enumerated request for relief set forth in the prayer of the Complaint ("Prayer"),[3] for relief in the form of a jury trial, the Motion is **GRANTED**.

- To the extent the Motion seeks dismissal of the non-enumerated request for relief set forth in the Prayer of the Complaint for disgorgement of monies paid by Plaintiffs to Defendant, the Motion is **GRANTED to the extent** Plaintiffs seek disgorgement as a separate remedy via only the Prayer.

- To the extent the Motion seeks dismissal of the non-enumerated request for relief set forth in the Prayer of the Complaint for attorney fees and costs, the Motion is **GRANTED only to the extent** Plaintiffs seek attorney fees and costs incurred in their pursuit of this instant adversary proceeding.

---

[3] See ECF No. 11 at pp. 20-21 of 21.

2

- To the extent the Motion seeks dismissal of the non-enumerated request for relief set forth in the Prayer of the Complaint for attorney fees and costs incurred prior to commencement of Defendant's bankruptcy case[4] as part of Plaintiffs' claims for nondischargeable monetary damages, the Motion is **DENIED**, as the Court finds Plaintiffs' claims for nondischargeable monetary damages appropriate under <u>Wilshire Boulevard</u>.[5]

- To the extent the Motion seeks dismissal of Claim for Relief 1 from the Complaint, the Motion is **GRANTED**.

- To the extent the Motion seeks dismissal of Claim for Relief 2 from the Complaint, the Motion is **GRANTED**.

- To the extent the Motion seeks dismissal of Claim for Relief 3 from the Complaint, the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that all other relief requested in the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent this Order dismisses the non-enumerated requests for relief contained in the Prayer of the Complaint,[6] such dismissal is **with prejudice**, as the Court finds that amendment of those requests for relief would be futile.

**IT IS FURTHER ORDERED** that, to the extent this Order dismisses enumerated Claims for Relief 1, 2, and 3 of the Complaint, such dismissal is **without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have **21 days from the date of entry of this Order on the Court's docket** to file an amended complaint alleging sufficient

---

[4] Voluntary chapter 11 petition for relief filed in the United States Bankruptcy Court for the District of Nevada on August 28, 2015, as Case No. 15-14956-abl (the "Main Case"). <u>See</u> Main Case ECF No. 1.

[5] <u>The 3250 Wilshire Boulevard Bldg. v. W.R. Grace & Co.</u>, 990 F.2d 487 (9th Cir. 1993).

[6] <u>See</u> 2:12-24 of this Order.

3

facts to make out prima facie dischargeability objections under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and/or (a)(6).

**IT IS FURTHER ORDERED** that, in the event Plaintiffs fail to file an amended complaint within the time set forth in this Order, judgment will be entered dismissing this adversary proceeding on the merits without notice or further opportunity for hearing.

Notice and copies sent to:

    ALL PARTIES VIA BNC.

# # #