_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
October 19, 2016

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re:<br><br>MARC JOHN RANDAZZA,<br><br>Debtor.<br>_____<br>LIBERTY MEDIA HOLDINGS, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MARC JOHN RANDAZZA,<br><br>Defendant.<br>_____ | Case No. 15-14956-abl<br><br>Chapter 11<br><br><br><br>Adv. Proc. No. 15-01193-abl<br><br><br><br><br><br><br><br><br>Hearing Date: October 18, 2016<br>Hearing Time: 3:00 p.m. |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

On October 18, 2016, the Court issued its oral ruling regarding a contested Motion to Dismiss Plaintiffs' Second Amended Complaint ("Motion") (ECF No. 75).[1] The Motion was filed on behalf of defendant Marc John Randazza ("Defendant"). The Motion seeks dismissal of the Second Amended Complaint By Creditors Excelsior Media Corp., and Liberty Media Holdings, LLC to Determine Non-dischargeability of Debts ("Second Amended Complaint")

---

[1] In this Order all references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned adversary proceeding as they appear on the docket maintained by the Clerk of the Court.

1

(ECF No. 58).

At the October 18, 2016, oral ruling, attorney Matthew C. Zirzow appeared on behalf of Defendant. Attorney James D. Greene appeared on behalf of plaintiffs Liberty Media Holdings, LLC and Excelsior Media Corp. (collectively, "Plaintiffs"). Other appearances were noted on the record.

To the extent that the Court made findings of fact and conclusions of law in the course of its oral ruling on October 18, 2016, those findings of fact and conclusions of law are incorporated into this Order by this reference pursuant to FED. R. CIV. P. 52, made applicable in this adversary proceeding pursuant to FED. R. BANKR. P. 7052.

For the reasons stated on the record:

**IT IS ORDERED** that the Motion is **GRANTED in part and DENIED in part as follows:**

- To the extent the Motion seeks dismissal of the first claim for relief set forth in the Second Amended Complaint,[2] the Motion is **GRANTED**, and the First Claim for Relief is **dismissed with prejudice**.
- To the extent the Motion seeks dismissal of the second claim for relief set forth in the Second Amended Complaint,[3] the Motion is **DENIED**, and the Second Claim for Relief is **not dismissed**.
- To the extent the Motion seeks dismissal of the third claim for relief set forth in the Second Amended Complaint,[4] the Motion is **DENIED**, and the

---

[2] For determination of non-dischargeability of debt under 11 U.S.C. § 523(a)(2)(A) (the "First Claim for Relief").

[3] For determination of non-dischargeability of debt under 11 U.S.C. § 523(a)(4) (the "Second Claim for Relief").

[4] For determination of non-dischargeability of debt under 11 U.S.C. § 523(a)(6) (the "Third Claim for Relief").

2

Third Claim for Relief is **not dismissed**.

**IT IS FURTHER ORDERED** that leave to amend the Second Amended Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that all other relief requested in the Motion is **DENIED**.

Notice and copies sent to:

ALL PARTIES VIA BNC.

# # #