LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br><br> MARC JOHN RANDAZZA, <br><br> Debtor. | Case No.: BK-S-15-14956-abl <br> Chapter 11 |
| EXCELSIOR MEDIA CORP., a Nevada corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> MARC JOHN RANDAZZA, an individual, <br><br> Defendant. | Adv. No. 15-01193-abl <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION FOR ORDER CONFIRMING INTERIM ARBITRATION AWARD** |
| AND RELATED COUNTERCLAIMS. | Date: April 18, 2017 <br> Time: 1:30 p.m. |

Defendant, Marc John Randazza (the "Defendant"), hereby respectfully requests that the Court take judicial notice pursuant to Fed. R. Evid. 201 of the following facts in support of his *Opposition to Motion for Order Confirming Interim Arbitration Award* (the "Motion") [ECF

No. 125],[1] and such other matters as may be filed in the above-referenced adversary proceeding:

1. The $55,000 awarded to MJRPA in the Righthaven litigation was not awarded for that law firm's representation of Wayne Hoehn, as a defendant, but rather was a distribution for administrative expenses to the law firm on behalf of the Court-appointed receiver over Righthaven. Attached hereto as **Exhibit 1** and **Exhibit 2**, respectively, are true and correct copies of the following filings in that case: Righthaven, LLC v. Hoehn, 2:11-cv-00050 (D. Nev. Mar. 15, 2013) (report of receiver), and Righthaven, LLC v. Hoehn, 2:11-cv-00050 (D. Nev. Jun. 6, 2013) (order adopting report of receiver)). It was not Randazza individually, but rather his law firm, MJRPA, that received the distribution, and the distribution occurred nine (9) months after Randazza's employment with Excelsior terminated.

2. During the course of his work, Randazza found himself facing repeat opposing counsel, notably Valentin Gurvits. Esq. ("Gurvits"), when he dealt with TNAFlix and FF Magnat Ltd., d/b/a Oron.com ("Oron") on LMH's behalf. Additionally, attached hereto as **Exhibit 3** is true and correct copy of Datatech Enters. LLC v. FF Magnat Ltd., No. 3:12-cv-4500, 2013 WL 1007360 (N.D. Cal. Mar. 13, 2013), wherein Mr. Gurvits also participated in the represented of Oron, just as he had been in the representation of TNAFlix and Oron.

3. On June 15, 2015, Excelsior, LMH, and Gibson filed a motion (the "Motion to Confirm") in the Eighth Judicial District Court, Clark County, Nevada (the "Nevada State Court"), thereby commencing Case No. A-15-719901-C (the "State Court Action"), which sought to confirm the IAA and have formal judgment entered against Randazza. A true and correct copy of the Motion to Confirm is attached hereto as **Exhibit 4**. Randazza opposed the Motion to Confirm and also sought to vacate or modify the IAA in the State Court Action, a true and correct copy of which opposition is attached hereto as **Exhibit 5**.

4. Excelsior argued at the Arbitration that the bonuses owed to Randazza were not wages within the meaning of NRS 608.050, citing to NRS 608.012, including as set forth on page 15 of its Post-Arbitration Brief, a true and correct copy of which brief is attached hereto as

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Opposition.

**Exhibit 6**.

Dated: March 16, 2017.

By:  /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Defendant
