# EXHIBIT "16"

EXHIBIT "16"

| | |
|---|---|
| 1 | Hon. Stephen E. Haberfeld |
| 2 | JAMS<br>707 Wilshire Blvd., 46th Fl.<br>Los Angeles, CA 90007 |
| 3 | (213)253-9704 |
| 4 | Arbitrator |

## JAMS

| | |
|---|---|
| MARC J. RANDAZZA, | JAMS Ref. No.1260002283 |
| Claimant, | |
| v. | ORDER RE CLAIMANT'S RENEWED MOTION TO COMPEL |
| EXCELSIOR MEDIA CORPORATION AND LIBERTY MEDIA HOLDINGS, | |
| Respondents. | |

Claimant and Cross-Respondent Marc Randazza's ("Randazza's") renewed motion to compel discovery from Respondents and Cross-Complainants Excelsior Media Corporation and Liberty Media Holdings' (collectively, "Respondents") came on for hearing on March 12, 2014.

//

//

The matter having been heard and carefully considered by the Arbitrator, and good cause appearing, IT IS HEREBY ORDERED as follows:

(1) Regarding Respondents' Allegations of Conflict of Interest:

Respondents' Requests for Production ("Requests") Nos. 5, 33, 34, 35, 36, and 44 and Interrogatories Nos. 5, 19, 20, 21, and 22 relate to Respondents' allegations of conflict of interest and/or breach of contract arising from Randazza's representing or having other clients during his employment and/or the contract term in suit in this arbitration. Pursuant to the Arbitrator's January 30, 2014 Order, Respondents sent a letter identifying the clients or possible clients they claim created a conflict of interest, and describing the basis of their assertion they created a conflict. Because the parties disagreed as to whether Respondents' letter satisfied the terms of the Arbitrator's Order, the Arbitrator has revisited and resolved the issue as follows:

  a. Respondents' letter identifies many potential clients of Randazza's and describes the purported conflict of interest as "Competitor." Similarly, Respondents' letter identifies many potential clients and states that Randazza represented them in litigation, without specifying the alleged conflict of interest created or any alleged resulting harm from the creation of an alleged conflict of interest. Unless and until Respondents supplement their entries and provide greater detail supporting their allegations of conflict of interest, including particularizing the harm allegedly caused by the conflict, Randazza need not respond to these entries.

  b. Randazza is ordered to respond to Respondents' letter as to the following potential clients: Titan Men, Kink, Porn Guardian, Xbiz, BoyProfits, PrideTube, Expensify, XVideos, and MoJo Host.

/////

specifying the alleged conflicts of interest by March 20, 2014.

(2) <u>Regarding Randazza's Motion to Compel:</u>

In the January 30, 2014 Order the Judge ordered Randazza and Respondents to meet and confer further regarding Randazza's Requests for Production of Documents. The parties have met and conferred and narrowed the issues requiring the Arbitrator's resolution. The Arbitrator rules as follows:

a. Randazza's Request for Production No. 3 seeks the bar complaints that Respondents submitted to various state bars regarding Randazza. The Arbitrator grants Randazza's Motion to Compel as to this request.

b. Randazza's Request for Production Nos. 25 and 26 seek the communications related to the recent re-settlement of the Oron Litigation and the settlement agreement itself. Respondents object that the communications contain material protected by the Attorney-Client Privilege and the Work Product Doctrine and that the settlement agreement contains a confidentiality provision. The Arbitrator suggested that Respondents promptly seek permission from Oron to disclose the new settlement agreement in discovery in this arbitration, subject to a protective order and JAMS Comprehensive Arbitration Rule 26, as a way to avoid further proceedings in this arbitration concerning disclosure of the new settlement agreement. If Oron does not consent, Respondents are ordered to promptly provide the confidentiality provision in the new settlement agreement to the Arbitrator and opposing counsel. Further, Respondents are ordered to promptly provide Claimant and the Arbitrator with a written privilege log, meeting the requirements of the California Code of Civil Procedure, as to any and all communications related to the recent re-settlement of the Oron

3

1  Litigation and, if applicable, the settlement agreement itself, which
2  Respondents reasonably believe and contend are privileged from
3  disclosure under any cognizable privilege asserted and to assemble all
4  such documents for in camera review.
5  The Arbitrator reserves ruling on Requests Nos. 25 and 26, pending
6  Oron's prompt agreement to permit production of the settlement
7  agreement or Respondents' prompt disclosure of the confidentiality
8  provision and, further, pending the parties promptly submitting best
9  available authority, if any, concerning or bearing on whether or not the
10 Arbitrator may compel Respondents to disclose the settlement agreement
11 under any conditions and/or circumstances.
12 c. Randazza's Request No. 27 seeks communications that post-date
13 Randazza's termination. Randazza has proposed narrowing this
14 request to the same categories of communications that Respondents
15 agreed to provide for the period in which Randazza was employed by
16 Respondents. Respondents object that communications that post-date
17 Randazza's termination are irrelevant. The Arbitrator grants
18 Randazza's motion to compel as to this request as narrowed in
19 Randazza's proposal, which is set forth in footnotes 2 and 4 of
20 Randazza's February 12, 2014 letter to the Arbitrator.
21 d. Randazza's Request No. 28 seeks Respondents' payment records to
22 the Randazza Legal Group. Respondents object that these documents
23 are not relevant to the parties' dispute, as Respndents do not intend to
24 raise the issue of Respondents' payments to the Randazza Legal
25 Group. The Arbitrator hereby orders the parties to meet and confer
26 and prepare a stipulation that satisfies all parties' concerns. In the
27 event the parties are not able to agree on a stipulation, the Arbitrator
28 will revisit and resolve this issue at a later date.

(3) Regarding Scheduling:

The parties agree that discovery has taken longer than originally anticipated and that they are unlikely to complete discovery, depositions, and dispositive motion practice prior to the Arbitration Hearing evidentiary sessions previously scheduled for May 2014. Pursuant to the parties' agreement, the Arbitrator orders that the evidentiary sessions of the Arbitration Hearing be continued to September 29, 2014 through October 3, 2014, inclusive. The parties shall meet and confer and prepare an amended schedule, including discovery, deposition, and dispositive motion deadlines, and send that schedule to the Arbitrator on or before Wednesday March 19, 2014.

IT IS SO ORDERED.

DATED: March 31, 2014

_____
STEPHEN E. HABERFELD
Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Randazza, Marc J. vs. Excelsior Media Corp., Liberty Media Holdings LLC, Jason Gibson
Reference No. 1260002283

I, NICK SMITH, not a party to the within action, hereby declare that on March 31, 2014 I served the attached ORDER RE: CLAIMANT'S RENEWED MOTION TO COMPEL on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Los Angeles, CALIFORNIA, addressed as follows:

Wendy M. Krincek Esq.
Littler Mendelson
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89109
Phone: 702-862-8800
wkrincek@littler.com
    Parties Represented:
    Excelsior Media Corp.
    Jason Gibson
    Liberty Media Holdings

Kenneth P. White Esq.
Nannina L. Angioni Esq.
Henry L. Whitehead Esq.
Brown, White & Newhouse, LLP
333 South Hope St.
40th Floor
Los Angeles, CA  90071-1406
Phone: 213-613-0500
kwhite@brownwhitelaw.com
nangioni@brownwhitelaw.com
hwhitehead@brownwhitelaw.com
    Parties Represented:
    Marc J. Randazza

Mishell Taylor Esq.
Littler Mendelson
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
Phone: 619-232-0441
mtaylor@littler.com
    Parties Represented:
    Excelsior Media Corp.

I declare under penalty of perjury the foregoing to be true and correct. Executed at Los Angeles, CALIFORNIA on March 31, 2014.

*(signature)*
NICK SMITH
nsmith@jamsadr.com