# EXHIBIT "17"

EXHIBIT "17"

JAMS ARBITRATION No. 1260002283

MARK J. RANDAZZA,

      Claimant,

vs.

EXCELSIOR MEDIA CORP., a Nevada Corporation;
LIBERTY MEDIA HOLDINGS, LLC, a California limited
-liability company and JASON GIBSON, individually,

      Respondents.

## ORDER OF AUGUST 28, 2014

Upon careful review and consideration of the papers, authorities and proofs and arguments of counsel, including after telephonic hearing --- at which time all tendered matters were submitted for resolution by the Arbitrator --- IT IS HEREBY ORDERED as follows:

A) Respondents shall electronically produce to Claimant's counsel by September 4, 2014, 4:00 p.m. (PT) all emails and other documents not heretofore produced by them --- which were in their possession, custody or control prior to any document production by Claimant --- which (1) are referenced in the written report of Respondents' expert Dennis Kennedy or (ii) are at variance with and/or are not consistent with any documents which are referenced in Mr. Kennedy's written report.

B) Respondents shall identify with particularity and in writing by September 4, 2014 --- in a letter to Claimant's counsel from Respondents' counsel, signed by Respondent's attorney most knowledgeable --- all files and information, if any, which Respondents contend or believe was/were lost as a direct and proximate result of Claimant's having deleted ("wiped clean") data from his laptop computer.

C) Counsel for the parties are ordered to immediately commence and to diligently conduct and conclude by September 4, 2014 meet-and-confer communications concerning eDiscovery (e.g., "search terms" and other parameters) re a non-destructive electronic search for and retrieval and production to Claimant of all responsive post-termination communications which (in shorthand, for convenience only) refer to or concern the 12 categories of documents set out in footnote 1 of Respondents' Opposition to Claimant's Motion to Compel, at p.2 of that Opposition, and/or resettlement of the Oron litigation. As part of the ordered meet-and-confer communications ordered in the immediately preceding sentence of this subparagraph of Par. C of this Order, Respondents' counsel will provide Claimant's counsel, at the commencement of the ordered communications, a written letter, specifying all "search terms," if any, which were used to identify, locate and produce responsive documents to Claimant earlier. That letter is to be signed by Respondents' counsel, who was principally responsible for and has knowledge of the actual

1

prior electronic search conducted, if any. The eDiscovery search ordered in this Par. C of this Order shall be conducted and completed by September 30, 2014. Provisionally --- and subject to later allocation --- Claimant shall advance the costs and expenses of eDiscovery, which is the subject of the first sentence in this subparagraph of Par. C of this Order.

As indicated during the hearing on the discovery cross-motions, documents in the possession, custody and/or control of current attorneys or other agents of any of the Respondents, such as the Brownstein Hyatt law firm, are deemed to be under Respondents' control for purposes of resolution of this issue. Samuels v. Adame, 2011 WL 456772 (CD Cal. 2011) ("Samuels") and cited cases. Respondents' attempt to distinguish Samuels from the facts of this case --- on the basis that an admitted and acknowledged (at hearing) attorney-client agency relationship which is exists in another pending case, as opposed to the instant case, is beyond the scope of Fed.R. Civ. P. 34 --- is not persuasive. As stated in Allen v. Woodford, 2007, US Dist. LEXIS 11026, *4-6, 2007 WL 309945,*2 (ED Cal. 2007), relied upon and quoted at length in Samuels, "Control [under Rule 34] need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand." A principal's right to demand documents from its current attorney/agent in the same case and/or in a different case is the same in either situation. The other case law cited and discussed by the parties, and also independently reviewed and considered by the Arbitrator, are not to the contrary of the Arbitrator's immediately foregoing ruling, determinations and reasoning.

If relevant communications and other responsive documents are located, which have not been produced to Claimant or previously listed in a CCP-compliant privilege log provided to Claimant's counsel, the Arbitrator intends to conduct an in camera review of all post-termination communications, withheld from production to Claimant by October 1, 2014, which Respondents identify and contend in a new CCP-compliant privilege log to be provided to Claimant's counsel and the Arbitrator are exempt from production as privileged. By October 1, 2014, 4:00 p.m. (PT), the Arbitrator shall receive best and unmasked copies of all documents, withheld on the ground(s) of claimed privilege, accompanied by a privilege log prepared by the attorney who is principally responsible for complying with overseeing eDiscovery compliance with this paragraph of this Order.

D) The Aribtrator hereby includes as part of this Order an order to show cause ("OSC") why the Oron settlement funds should not be ordered transferred to a third-party account under the supervision and jurisdiction of the Arbitrator, pending entry of the Final Arbitration Award or an earlier order determining to whom the Oron settlement funds should be released and, if and as applicable, in what amount(s).

Counsel for the parties are ordered to immediately commence and to diligently conduct and conclude by September 4, 2014 meet-and-confer communications concerning resolution of the issue(s) set forth in the immediately preceding subparagraph of this Par. D of this Order and to (preferably jointly) report to the Arbitrator by September 5, 2014, 4:00 p.m. (PT) the results of the ordered meet-and-confer efforts and their respective position(s) and, absent a stipulated resolution, the supporting bases therefor.

If the parties do not reach a definitive, specific and practical resolution of the issue(s) set forth in this Par. D of this Order, the parties shall include in their report to the Arbitrator ordered in the immediately preceding subparagraph of this Par. D of this Order a (preferably jointly) proposed briefing and hearing schedule for the OSC hearing.

E) Claimant shall produce all retention agreements and billing records for all of the following clients, which/who Claimant represented during any time of his employment by Respondent Excelsior as its in-house general counsel. Specifically the following entities: Kink, Porn Guardian, Xbiz, Expensify, XVideos, Bang Bros, IO Group,

The retention agreements and billing records are discovery-relevant and unprivileged (including not invasive of rights of privacy). Respondent's expert witness report does not limit the scope of discovery applicable to the subject retention agreements and billing records.

F) Claimant shall fully respond to Respondents' Interrogatory No. 24.

G) Issues of concerning requested attorneys' fees and/or any other form of discovery sanctions are reserved until the time of the Final Arbitration Award or earlier, upon good cause shown

H) Except as expressly stated in this Order, all requests for any further or other relief are denied without prejudice.

Dated: August 28, 2014

_____
STEPHEN E. HABERFELD
     Arbitrator

3

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Randazza, Marc J. vs. Excelsior Media Corp., Liberty Media Holdings LLC, Jason Gibson
Reference No. 1260002283

I, Katie Gordon, not a party to the within action, hereby declare that on August 28, 2014 I served the attached ORDER OF AUGUST 28, 2014 on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Los Angeles, CALIFORNIA, addressed as follows:

Wendy M. Krincek Esq.
Littler Mendelson
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89109
Phone: 702-862-8800
wkrincek@littler.com
   Parties Represented:
   Excelsior Media Corp.
   Jason Gibson
   Liberty Media Holdings

Kenneth P. White Esq.
Nannina L. Angioni Esq.
Henry L. Whitehead Esq.
Brown & White, LLP
333 South Hope St.
36th Floor
Los Angeles, CA  90071-1406
Phone: 213-613-0500
kwhite@brownwhitelaw.com
nangioni@brownwhitelaw.com
hwhitehead@brownwhitelaw.com
   Parties Represented:
   Marc J. Randazza

Mishell Taylor Esq.
Littler Mendelson
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
Phone: 619-232-0441
mtaylor@littler.com
   Parties Represented:
   Excelsior Media Corp.

I declare under penalty of perjury the foregoing to be true and correct. Executed at Los Angeles, CALIFORNIA on August 28, 2014.

_____
Katie Gordon
kgordon@jamsadr.com