remedies are the return of the payment Oron made to Liberty pursuant to the Agreement and

indemnification by Liberty for the legal fees Oron has paid (and will continue to pay) in its

appeal of the NV Litigation, the Hong Kong action and the *Datatech* action.  Furthermore, Oron

must be indemnified for the loss of business it sustained as a direct result of the shutdown of its

business and Liberty's disparaging statements about it made to the public.


### Remedies

For the reasons outlined herein, Claimant Oron respectfully requests that the arbitrator:

(1)     Find that Liberty has breached the terms of the Agreement;

(2)     Order that Liberty return to Oron the $550,000 that Oron paid to Liberty pursuant to the
Agreement;

(3)     Order that Liberty return to Oron the $131,797.50 that Oron was ordered to pay to
Liberty in contravention of the Agreement for Liberty's legal fees;

(4)     Order that Liberty indemnify Oron for all legal fees paid, and all legal fees to be paid, by
Oron in connection with the appeal of the judgment for legal fees in the NV Litigation;

(5)     Order that Liberty indemnify Oron for all legal fees paid, and all legal fees to be paid, by
Oron in connection with the Hong Kong action, currently amounting to over $150.000;

(6)     Order that Liberty indemnify Oron for all legal fees paid, and all legal fees to be paid, by
Oron in connection with the *Datatech* litigation, currently amounting to over $150,000;[3]

(7)     Order that Liberty pay Oron for lost revenues arising out of or relating to Liberty's
breaches of the agreement, which have resulted in Oron's inability to resume business
operations, estimated to be over $20,000,000;

---

[3] The *Datatech* court issued an order for partial relief from its injunction freezing Oron's assets and allowed Oron to
pay its legal fees of up to $125,000.  The funds released by the court were completely consumed and Oron has
continued to accrue significant legal expenses since that time.

EMC000744
002025

(8)    Order Liberty to pay Oron the legal costs and expenses incurred by Oron in prosecuting

the present arbitration; and

(9)    Order Liberty to indemnify Oron for all other costs and expenses related to Liberty's

breach of the Agreement and any and all other losses and damages as may be determined

by the arbitrator.

Oron reserves the right to supplement this notice in accordance with the JAMS

Comprehensive Arbitration Rules and Procedures.

Dated: November 16, 2012

Respectfully submitted,
FF Magnat Limited ("Oron")
By its attorneys,


Valentin Gurvits, Esq.
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Center, MA 02459
Tel: 617-928-1804 / Fax: 617-928-1802
vgurvits@bostonlawgroup.com
Massachusetts BBO# 643572

12

EMC000745
002026

# Arbitration Exhibit

# 345

002027

# GREENBERG & LIEBERMAN LLC

*PATENTS • TRADEMARKS • COPYRIGHTS • DOMAIN NAMES*
*PROSECUTION • LITIGATION • ARBITRATION • LICENSING*

Steven H. Lieberman – MD, DC
Michael L. Greenberg – MD
Debora J. McCormick – DC

Of Counsel:
Honorable John Anderson

July 1, 2012

Randazza Legal Group
Marc Randazza
6525 W. Warm Springs Rd.
Suite 100
Las Vegas, NV 89118

By Email: mjr@randazza.com

Re:    Liberty Media v. FF Magnat
       Potential Settlement
       Our Matter #: 5001-3

Dear Marc,

This letter is to memorialize what I believe is the settlement terms we are currently at for Liberty Media Holdings (LMH)

## I. MONETARY TERMS (ALL AMOUNTS IN US DOLLARS)

1      Oron pays Liberty Media $550,000.

2      This will be paid as follows: The parties will stipulate that $550,000 of the frozen funds will be transferred immediately to Randazza trust account, but will not be disbursed until settlement is final, and if Randazza transfer them before settlement is final and Randazza shall be personally liable for the funds plus a 10% penalty.

## II. NON MONETARY TERMS FOR LMH:

3      Oron will take both strong and bold measures to keep Liberty Media content off of its servers.

4      Oron will assist Liberty in identification and civil prosecution of any parties who have been using Oron to distribute Liberty's copyrighted material, including but not limited to, full disclosure of IP addresses, banking information, emails and any other information that may assist in Liberty in such prosecution. This will not include Oron paying any legal costs for such prosecution however; it may require Oron to sign statements authenticating the information.

5      Liberty will have unfettered access to takedown / delete any of Liberty's material that are being distributed through Oron.com, through Oron.com's online access so long as Liberty reasonably believes the content is infringing content owned by LMH. LMH may delegate this to PSH or other third-party takedown services. Liberty acknowledges that any such takedowns will automatically include an email notice to the

2141 Wisconsin Avenue, N.W., Suite C-2 • Washington DC 20007 • Toll-Free: 888-275-2757
Phone: 202-625-7000 • Fax: 202-625-7001 • www.APLegal.com • info@APLegal.com

CONFIDENTIAL                                                      EMC001028

DEFENDANT'S EXHIBIT 345

**GREENBERG & LIEBERMAN LLC**

account holder's email telling them that the material has been taken down through the auspices of a DMCA filed by Liberty and providing Liberty's contact information.

6       Any payment due to anyone who has been distributing Liberty materials will be frozen, and an accounting therof will be provided to Liberty.

7       Oron will permanently ban, by email address, PayPal account, IP address or any other reasonable and robust metric, any user who is the subject of even a single Liberty Media takedown notice. Any user account that has a takedown by Liberty will automatically be banned by these terms. Liberty agrees not to abuse this unfettered access.

## IV. IN EXCHANGE

8.      Once payment is received by both parties, both proceedings in NV and HK will be dismissed with prejudice, and in the event that Oron breaks any part of the deal, the claims may be reinstated via arbitration after a 30 day "notice and cure" period.

9       Liberty will agree to privately arbitrate any future disputes with Oron based on facts that occur after the date of the agreement. If there is arbitration, no in-person hearings for the parties shall be required. Arbitrator shall be stipulated to have injunctive powers equivalent with that of a Federal Judge. Arbitrator shall have the power to grant equitable relief. Any party may attend arbitration telephonically if they wish, and/or arbitration is not required to take place in the United States. For example, WIPO or ICC in Stockholm, or others that the parties shall mutually agree to.

10      Liberty will agree to dissuade others from bringing suit against Oron.

11.     Randazza and Liberty will actively assist Oron in sending letters and doing everything else necessary to convince Paypal and the other payment processors to allow Oron to accept payments through their service. No dishonest statements will be required.

12.     Liberty agree to announce publically that after a careful review of the facts they believe Oron is protected by the DMCA safe harbor and that a review of the actual files shows that there never was any child porn on Oron's site.

13.     The parties will craft a joint letter for publications stating that the parties are joining together in the fight against child porn and copyright infringement.

14.     Liberty will immediately, once the terms of this agreement are agreed to issue a letter asking that the HK bank accounts be unfrozen allowing the payment to Leaseweb as well as send a letter to Leaseweb asking them to allow Oron ten (10) days to pay as the settlement of the matter is imminent.

## V. GENERAL TERMS

15      All parties mutually release

GREENBERG & LIEBERMAN LLC

16      Terms are confidential, except for some non-monetary terms, such as Oron implementing new anti-piracy measures (to Oron's benefit in order to dissuade other suits).

17      Arbitration of all disputes arising after date of this letter. All arbitrations shall be done telephonically only. Nevada Law applies to future arbitration disputes, but both parties stipulate that this is not a "contact" with the United States.

18      Although Nevada law applies to the agreement, nothing herein shall be deemed to bring Oron into the US for purposes of Jurisdiction or otherwise.

19      If you agree to these terms for your client please sign on the line below and return.


Sincerely,

Stevan Lieberman


_____
Marc Randazza for Liberty Media Holdings

EMC001416
002030

# Arbitration Exhibit

# 346

002031

Print  |  Close Window

**Subject:** Re: Oron PLeadings
**From:** "Jason A. Fischer" <jaf@randazza.com>
**Date:** Thu, Aug 23, 2012 9:15 am
**To:** "D. Gill Sperlein" <gill@sperleinlaw.com>
**Cc:** "'Erika Dillon'" <erika@excelsiormedia.com>, <mjr@randazza.com>

Gill,

To access our entire Oron file, you'll need to install and configure a Jungle Disk client. Not knowing what OS you're on, I've provided below download links for the most likely candidates for you to choose from:

Windows 32-bit:  http://fileshar.es/Yn8p5QN

Windows 64-bit:  http://fileshar.es/z5K6Jgc

Mac OSX:  http://fileshar.es/Ao7q9X3

You'll need the following information during the install:

Domain:  randazzalegal.myjungledisk.com

Username:  oronuser

User Password:  (to be emailed separately)

Disk Name:  cforonlitigation

Disk Password:  (to be emailed separately)

Once you're installed, you should be able to access the Oron drive as if it were a shared folder on your network. Please feel free to give me a call (321-356-0766) if you get stuck at any point.

———————————————————

Jason A. Fischer*
**Randazza Legal Group**

2 South Biscayne Boulevard, Suite 2600
Miami, Florida 33131
Toll Free:  888.667.1113
email:  jaf (at) randazza (dot) com
eFax:  305.397.2772

Other Offices:  Las Vegas, Phoenix, Toronto
http://www.randazza.com

———————————————————

The information contained in this message may be privileged, confidential and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any use, dissemination,

EMC001165
002032



distribution or reproduction of any information contained herein or attached to this message is strictly prohibited. If you have received this email in error, please immediately notify the sender and destroy the original transmission and its attachments in their entirety, whether in electronic or hard copy format, without reading them. Thank you.

---

* Licensed in FL and CA only.

On Aug 23, 2012, at 12:01 PM, "D. Gill Sperlein" <gill@sperleinlaw.com> wrote:

> thanks
>
> ---
> D. GILL SPERLEIN
>
> **From:** Erika Dillon [mailto:erika@excelsiormedia.com]
> **Sent:** Thursday, August 23, 2012 8:44 AM
> **To:** mjr@randazza.com; gill@sperleinlaw.com
> **Cc:** jaf@randazza.com
> **Subject:** RE: Oron PLeadings
>
> Gill -
>
> Attached is a .zip file. In it you will find PDFs of the original order along with folders for the Complaint, TRO and Supplement to the TRO. Each of these folders contains Word versions along with the final versions as they were filed (so you have exhibits without the Court's filed header). Please do not hesitate to let me know if you need anything else.
>
> Thank you,
>
> Erika
>
> > -------- Original Message --------
> > Subject: RE: Oron PLeadings
> > From: mjr@randazza.com
> > Date: Wed, August 22, 2012 7:57 pm
> > To: gill@sperleinlaw.com
> > Cc: erika@excelsiormedia.com, jaf@randazza.com

CONFIDENTIAL

Erika, hook him up with word versions.

Jason, can you give him access to the Oron server, so he can lift anything he wants?

-------- Original Message--------
Subject:: Oron PLeadings
From: "D. Gill Sperlein" &lt;Gill@SperleinLaw.com&gt;
Date: Aug 22, 2012 6:56 PM
To:: "'Erika Dillon'" <erika@excelsiormedia.com>
CC: "'Marc J. Randazza'" <mjr@randazza.com>

Erika - Marc said you could get me some filings from the Oron case. Please send all the opening documents and the Judge's rulings on the TRO and attachment ( I think it was modified once)

Also if you have copies of similar filings for the Hong Kong case, I would like those.

Thanks.

Gill

Confidentiality Notice: This electronic transmission (and any documents accompanying it) may contain confidential information belonging to the Sender and protected by the attorney-client privilege. This transmission is intended only for the use of the individual or entity named above. Disclosure, copying, distributing, or taking any action in reliance on the contents of this transmittal by anyone other than the intended recipient is strictly prohibited. If you have received this transmission in error, please contact the Sender immediately to arrange for its return.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

Copyright © 2003-2013. All rights reserved.

CONFIDENTIAL

# Arbitration Exhibit

# 349

002035

Print  |  Close Window

Subject:  **Motion to Stay in Oron**
    From:  mjr@randazza.com
    Date:  Wed, Aug 29, 2012 7:04 am
      To:  "Erika CF" <erika@corbinfisher.com>
      Cc:  "J. DeVoy" <jmd@randazza.com>

Erika,

Despite Gill's good fortune, I think we should file a half-hearted Motion to Stay -- asking the court to please keep the PayPal funds frozen pending the appeal deadline or FF Magnat's stipulation that it will not appeal.

1) It can't hurt
2) It will be grounds to continue the Mareva in HK
3) It will help us with our mask that we are not helping Gill (and BTW, we CANT help Gill until the appeal deadline passes).

Please whip up a draft for me.  JMD may assist once we're done with it.

It should be SHORT.  The theme is just that they should not be able to flush the funds until their appeal deadline passes.  The arguments have been made in a couple prior filings - so nothing to reinvent here.

Copyright © 2003-2013. All rights reserved.



**DEFENDANT'S EXHIBIT 349**

CONFIDENTIAL

EMC001182
002036

# Arbitration Exhibit

# 350

Print | Close Window

Subject: **Re: Settlement**
From:   **"Marc John Randazza"** <mjr@randazza.com>
Date:   **Tue, Dec 07, 2010 2:59 pm**
To:   Val Gurvits <vgurvits@bostonlawgroup.com>
Cc:   Evan Fray-Witzer <Evan@Fray-Witzer.com>, Oleg Cross <cross@crosslawgroup.com>

Val,

Thank you for the reply.  Please note that this was, in our evaluation, a low settlement demand -- not a high one.

As far as a) goes, if we agreed on that, this case would not be moving forward.  So, I will neither belittle that position nor accept it.

As far as b) goes, I actually could largely prevent other plaintiffs from entering the fray -- not all possible plaintiffs, but a large portion of the adult entertainment industry could have been held back.  Nevertheless, TNA's position on the merits makes this an unnecessary point for discussion.

Marc John Randazza
**Randazza Legal Group**

3969 Fourth Avenue, Suite 204
San Diego, California 92103
Toll Free: 888-667-1113
email:  mjr (at) randazza (dot) com
eFax:  305.437.7662

Other Offices:  Miami, Las Vegas, Toronto, San Francisco
http://www.randazza.com

On Dec 7, 2010, at 2:50 PM, Val Gurvits wrote:

**SETTLEMENT PRIVILEGED COMMUNICATION - ALL RIGHTS RESERVED**

Dear Marc,

I did discuss your settlement offer with my client.  I am always appreciative of a high settlement demand - it helps a client to justify my legal fees and the cost of defense.  so from that point of view, thank you for my new car :)

Predictably, Youngtek rejected your settlement offer in its entirety.  Youngtek does not want to settle and is prepared to go to trial because (a) we believe that we will win at trial and (b) there is no way to prevent others from suing once this action is settled.

Best,

DEFENDANT'S
EXHIBIT
350

Val Gurvits
Boston Law Group, LLP
825 Beacon Street, Suite 20
Newton Centre, MA 02459
(617) 928-1804 direct
(617) 928-1800 main
(617) 928-1802 fax
vgurvits@bostonlawgroup.com

--------------------------------------------------------------------

The contents of this message and any attachments are confidential and intended only for the
addressee(s). This message may also be subject to attorney-client privilege. If you received this
message in error, please notify Boston Law Group, LLP immediately and destroy the original
message.
Boston Law Group, LLP

tel: 617/928-1800
e-mail: info@bostonlawgroup.com

Copyright © 2003-2013. All rights reserved.

EMC001301
002039

# Arbitration Exhibit

# 352

Print  |  Close Window

**Subject:** Your Counteroffer, our counter-counter offer
**From:** "Marc John Randazza" <mjr@randazza.com>
**Date:** Wed, Dec 22, 2010 9:54 am
**To:** Val Gurvits <vgurvits@bostonlawgroup.com>

Val,

Thanks for the call today. My client surprised me and was far more receptive than I thought.

Counter-Counter Offer.

1. **$50,000** - and funds must clear my trust account quickly enough to be in client's account by end of year.

2. **Other terms of the offer apply regarding future banning of content and TNA being pro-active, not just re-active regarding taking down CF content.**
They were adamant about this - but I think that the time frames and monetary terms could be tweaked. The only un-bendable requirement is that they want TNA to be motivated by more than simple DMCA notices to take down their content.

As far as conflicting me out of future cases, that will require significantly more than $5,000. In fact, I have someone waiting in the wings with a $50K retainer right now.

Naturally, I'm in a strange ethical bind, as your offer to conflict me out of future cases against your client is something that would benefit my current client. Accordingly, I would be willing to be conflicted out of cases against TNA, but that $5K figure has to come up. Either that, or you can give Corbin Fisher what they asked for, and I'll conflict myself out for a token payment.

Finally, with respect to conflicting me out, TNA would have to agree that they would waive any such conflict for future disputes with Corbin Fisher, but Corbin Fisher only.

Marc John Randazza
**Randazza Legal Group**

3969 Fourth Avenue, Suite 204
San Diego, California 92103
Toll Free: 888-667-1113
email: mjr (at) randazza (dot) com
eFax: 305.437.7662

Other Offices: Miami, Las Vegas, Toronto, San Francisco
http://www.randazza.com

Copyright © 2003-2013. All rights reserved.



002041
EMC001331

# Arbitration Exhibit

# 353

002042

<u>Print</u>  |  <u>Close Window</u>

**Subject:** A strange development
**From:** "Marc John Randazza" <mjr@randazza.com>
**Date:** Thu, Dec 30, 2010 8:35 am
**To:** Val Gurvits <vgurvits@bostonlawgroup.com>

Val,

I have a strange development in the TNA matter. It is actually tangential to it. Another client of mine asked me if I knew anyone at TNA, because they want to purchase the site. I think they are talking about mid seven figures.

This puts me in a weird position, I think. But, I believe that if TNA is interested in such discussions, that I can orchestrate an ethical way for us to manage that. May as well ask them if they would have any interest. If so, you and I can figure out how to ethically work on such a transaction. I'd imagine that you personally could earn a shitload more money for a broker fee than you'd earn litigating this case (and me as well).

Copyright © 2003-2013. All rights reserved.



EMC001348 002043

# Arbitration Exhibit

# 354

Print  |  Close Window

Subject: **Re: A strange development**
From: "Marc John Randazza" <mjr@randazza.com>
Date: Thu, Dec 30, 2010 9:55 am
To: Val Gurvits <vgurvits@bostonlawgroup.com>

Bizarre to say the least. Happy new year to you too!

Here's how I think we could do it -- and I think that I have more ethical pitfalls than you. I'd have to reveal to Liberty that this was going on, and I think that a settlement with CF would have to be part of the deal. But, I think that we could do it so that the settlement would be paid only after the sale - so that there was no suspicion on youngtek's part that this was any sleight of hand on my part to just get Liberty a settlement.


On Dec 30, 2010, at 9:49 AM, Val Gurvits wrote:

> That is an interesting development. I will email my client.
>
> Happy New Year to you and yours.
>
> Val Gurvits
> Boston Law Group, LLP
> 825 Beacon Street, Suite 20
> Newton Centre, MA 02459
> (617) 928-1804 direct
> (617) 928-1800 main
> (617) 928-1802 fax
> vgurvits@bostonlawgroup.com
>
> _____
> The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may
also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, LLP
immediately and destroy the original message.
>
> Boston Law Group, LLP
> tel: 617/928-1800
> e-mail: info@bostonlawgroup.com
>
> -----Original Message-----
> From: Marc John Randazza [mailto:mjr@randazza.com]
> Sent: Thursday, December 30, 2010 11:36 AM
> To: Val Gurvits
> Subject: A strange development
>
> Val,
>
> I have a strange development in the TNA matter. It is actually tangential to it. Another client of mine asked me if I knew anyone
at TNA, because they want to purchase the site. I think they are talking about mid seven figures.
>
> This puts me in a weird position, I think. But, I believe that if TNA is interested in such discussions, that I can orchestrate an
ethical way for us to manage that. May as well ask them if they would have any interest. If so, you and I can figure out how to
ethically work on such a transaction. I'd imagine that you personally could earn a shitload more money for a broker fee than you'd
earn litigating this case (and me as well).
>
>

Copyright © 2003-2013. All rights reserved.



DEFENDANT'S
EXHIBIT
354

EMC0013002045

# Arbitration Exhibit

# 356

Print | Close Window

Subject: Re: A strange development
From: "Marc John Randazza" <mjr@randazza.com>
Date: Tue, Jan 11, 2011 8:08 pm
To: Val Gurvits <vgurvits@bostonlawgroup.com>
Cc: "evan@fray-witzer.com" <evan@fray-witzer.com>

The number was transmitted on the condition that it was done before a certain date. That date passed.

Also, while at the Adult Entertainment Expo, I heard a rumor that TNAflix is installing Vobile.

1) You confirm the rumor,
2) TNA pays $50K,
3) TNA agrees that we get the IPs for each infringement we DMCA,
4) Any work product produced for corbin fisher in this litigation remains confidential, and will not be shared with other companies.

Keeping me completely out of the TNA game is a little more complicated.

If your client wants to keep me personally out of the TNA game, then I think that there needs to be a little gravy for me. And it has to be more than the $5K you were talking about before. I'm looking at the cost of at least a new Carrera in retainer deposits after circulating around the adult entertainment expo this week. I'm gonna want at least used BMW money.

In order to conflict me out of future matters, I suggest this:

Your firm retains me as "of counsel" to you. I'd get $5K per month (for six months) paid to me, from you (TNA will reimburse you, I presume). I will render advice on TNA and TNA only, and I'll be chinese walled from your other clients so that other conflicts are not created.

If TNA is sold, and we're the brokers, the payments stop.

Also, I get a conflict waiver so that I can represent the buyer in the sale, and I'm not conflicted out of it.

That way, I'm adequately compensated for my loss of major potential work, and I'm conflicted out of acting adversely to TNA.


On Jan 11, 2011, at 7:29 PM, Val Gurvits wrote:

> I don't want to muddy the waters with the possible sale. If the case can be settled, we should settle it without reference to the sale.
>
> Marc, we are not going above $50K. If that number was ok before xmass and is not ok now, so be it. I am not going to play that game. In fact, the more time a bill to TNA on this, the less will be left for Liberty. I am sure we can agree to share IP addresses of Liberty infringers (I need to confirm with TNA, but I like your idea - it makes sense). And finally we need to make sure you don't assist anyone else against TNA.
>
> Val Gurvits
> Boston Law Group, LLP
> 825 Beacon Street, Suite 20
> Newton Centre, MA 02459
> (617) 928-1804 direct
> (617) 928-1800 main
> (617) 928-1802 fax
> vgurvits@bostonlawgroup.com
>
> ───────────────────────────────
>
> The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, LLP immediately and destroy the original message.
> Boston Law Group, LLP
>

DEFENDANT'S
EXHIBIT
356

EMC001360 002047

> tel: 617/928-1800
> e-mail: info@bostonlawgroup.com
>
> -----Original Message-----
> From: Marc John Randazza [mailto:mjr@randazza.com]
> Sent: Tuesday, January 11, 2011 10:23 PM
> To: Val Gurvits
> Cc: evan@fray-witzer.com
> Subject: Re: A strange development
>
> Of course it is! And I presume that your client doesn't mind paying out 15% to us to put the deal together.
>
> And, to make the deal go smoothly - we are going to need to kill off the case. If we put together a $2mil to $5 mil deal, or even a $1 mil deal, the money we are talking is on the toilet seat, and we shouldn't let that queer the deal. And, the non-monetary conditions would be the buyer's problem.
>
> How about we agree to this:
>
> TNA puts $100k in your trust account for settlement. If a sale goes through, Corbin Fisher gets it all. If the sale does not go through, CF gets $65K.
>
>
> On Jan 11, 2011, at 7:13 PM, Val Gurvits wrote:
>
>> ok. I will ask TNA. I am sure they will want to start high (doesn't everyone?)
>>
>> Will let you know. 7.5% of anything in that ballpark is just fine with me.
>>
>> Val Gurvits
>> Boston Law Group, LLP
>> 825 Beacon Street, Suite 20
>> Newton Centre, MA 02459
>> (617) 928-1804 direct
>> (617) 928-1800 main
>> (617) 928-1802 fax
>> vgurvits@bostonlawgroup.com
>>
>> _____
>>
>> The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, LLP immediately and destroy the original message.
>> Boston Law Group, LLP
>>
>> tel: 617/928-1800
>> e-mail: info@bostonlawgroup.com
>>
>> -----Original Message-----
>> From: mjr@randazza.com [mailto:mjr@randazza.com]
>> Sent: Tuesday, January 11, 2011 10:12 PM
>> To: Val Gurvits
>> Cc: evan@fray-witzer.com
>> Subject: Re: A strange development
>>
>> I can ask, if that's a real number. If I ask the seller and tna comes back saying 6 mil, the buyer will tell me to screw off.
>> Sent via BlackBerry by AT&T
>>
>> -----Original Message-----
>> From: Val Gurvits <vgurvits@bostonlawgroup.com>
>> Date: Tue, 11 Jan 2011 22:10:24
>> To: mjr@randazza.com<mjr@randazza.com>
>> Cc: evan@fray-witzer.com<evan@fray-witzer.com>
>> Subject: RE: A strange development
>>
>> I will ask, but without having some indication of what the buyer is thinking I suspect the asking price will be a gazillion dollars.

You mentioned mid 7 digits. Do you think the buyer will pay $5MM?
>>
>> Val Gurvits
>> Boston Law Group, LLP
>> 825 Beacon Street, Suite 20
>> Newton Centre, MA 02459
>> (617) 928-1804 direct
>> (617) 928-1800 main
>> (617) 928-1802 fax
>> vgurvits@bostonlawgroup.com
>>
>> —————————————————————————————
>>
>> The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, LLP immediately and destroy the original message.
>> Boston Law Group, LLP
>>
>> tel: 617/928-1800
>> e-mail: info@bostonlawgroup.com
>>
>> ——Original Message——
>> From: mjr@randazza.com [mailto:mjr@randazza.com]
>> Sent: Tuesday, January 11, 2011 10:08 PM
>> To: Val Gurvits
>> Subject: Re: A strange development
>>
>> Name price. Lawyers split a 15 percent broker fee. Ill call potential buyer.
>> Sent via BlackBerry by AT&T
>>
>> ——Original Message——
>> From: Val Gurvits <vgurvits@bostonlawgroup.com>
>> Date: Tue, 11 Jan 2011 22:06:12
>> To: Marc John Randazza<mjr@randazza.com>
>> Subject: RE: A strange development
>>
>> By the way, there seems to be a lot of interest on my client's side to sell. How do we explore this possibility?
>>
>> Val Gurvits
>> Boston Law Group, LLP
>> 825 Beacon Street, Suite 20
>> Newton Centre, MA 02459
>> (617) 928-1804 direct
>> (617) 928-1800 main
>> (617) 928-1802 fax
>> vgurvits@bostonlawgroup.com
>>
>> —————————————————————————————
>>
>> The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, LLP immediately and destroy the original message.
>> Boston Law Group, LLP
>>
>> tel: 617/928-1800
>> e-mail: info@bostonlawgroup.com
>> ——Original Message——
>> From: Marc John Randazza [mailto:mjr@randazza.com]
>> Sent: Thursday, December 30, 2010 12:56 PM
>> To: Val Gurvits
>> Subject: Re: A strange development
>>
>> Bizarre to say the least. Happy new year to you too!
>>
>> Here's how I think we could do it -- and I think that I have more ethical pitfalls than you. I'd have to reveal to Liberty that this

was going on, and I think that a settlement with CF would have to be part of the deal. But, I think that we could do it so that the settlement would be paid only after the sale - so that there was no suspicion on youngtek's part that this was any sleight of hand on my part to just get Liberty a settlement.
>>
>>
>>
>>
>> On Dec 30, 2010, at 9:49 AM, Val Gurvits wrote:
>>
>>> That is an interesting development. I will email my client.
>>>
>>> Happy New Year to you and yours.
>>>
>>> Val Gurvits
>>> Boston Law Group, LLP
>>> 825 Beacon Street, Suite 20
>>> Newton Centre, MA 02459
>>> (617) 928-1804 direct
>>> (617) 928-1800 main
>>> (617) 928-1802 fax
>>> vgurvits@bostonlawgroup.com
>>>
>>> ———————————————————————————
>>> The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, LLP immediately and destroy the original message.
>>>
>>> Boston Law Group, LLP
>>> tel: 617/928-1800
>>> e-mail: info@bostonlawgroup.com
>>>
>>> -----Original Message-----
>>> From: Marc John Randazza [mailto:mjr@randazza.com]
>>> Sent: Thursday, December 30, 2010 11:36 AM
>>> To: Val Gurvits
>>> Subject: A strange development
>>>
>>> Val,
>>>
>>> I have a strange development in the TNA matter. It is actually tangential to it. Another client of mine asked me if I knew anyone at TNA, because they want to purchase the site. I think they are talking about mid seven figures.
>>>
>>> This puts me in a weird position, I think. But, I believe that if TNA is interested in such discussions, that I can orchestrate an ethical way for us to manage that. May as well ask them if they would have any interest. If so, you and I can figure out how to ethically work on such a transaction. I'd imagine that you personally could earn a shitload more money for a broker fee than you'd earn litigating this case (and me as well).
>>>
>>>
>>
>

Copyright © 2003-2013. All rights reserved.

# Arbitration Exhibit

# 357

<u>Print</u>  |  <u>Close Window</u>

**Subject:** **Re: Restriction on Right to Practice**
   **From:** "Marc John Randazza" <mjr@randazza.com>
    **Date:** **Wed, Jan 12, 2011 12:16 am**
      **To:** Val Gurvits <vgurvits@bostonlawgroup.com>
      **Cc:** "evan@fray-witzer.com Fray-Witzer" <evan@fray-witzer.com>, Oleg Cross <cross@crosslawgroup.com>

Here is more research on it:
http://www.wc.com/assets/attachments/practice_restrictions_in_settlement_agreements.pdf

Sorry man. I have never really given this much thought. But, I'm certain now that such an arrangement is unethical, in the terms we've been discussing it.

Like I said below, if TNA wants to hire me *after* settlement, on terms that we discuss *after* settlement, then my phone line will be open. However, it seems that if we place any part of a "buyoff" as a condition of settlement, then all four of us could wind up in bar trouble. I'm certainly not risking it.

Furthermore, consider the implications of this for the other lawyers who work for me. You couldn't very well expect that I would restrict *their* right to practice, would you?

Zealous representation has its limits. This seems to be one of them.


On Jan 12, 2011, at 12:08 AM, Marc John Randazza wrote:

> Val,
>
> I did a little research, and I'm sorry, but I can't see (in light of this research) how I can ethically enter into an agreement to limit my right to practice.
>
> http://www.abanet.org/media/youraba/201001/article11.html
>
> Tell Daniel and Avihai that they'll need some other way of addressing their interests.
>
> Here's how I think it needs to go down:
>
> 1. We settle with CF
> 2. They can find a way *afterward* to engage me.
>
> Any further discussion of me simply agreeing to not represent other clients in similar situations is, I think, per se unethical. I don't think it was unethical of us to consider it previously, but I can't see any way that this can be part of any further settlement discussions.
>
> ————————————————————
>
> Marc John Randazza
> **Randazza Legal Group**
>
> 3969 Fourth Avenue, Suite 204
> San Diego, California 92103
> Toll Free: 888-667-1113
> email: mjr (at) randazza (dot) com
> eFax: 305.437.7662
>
> Other Offices: Miami, Las Vegas, Toronto, San Francisco
> http://www.randazza.com



DEFENDANT'S EXHIBIT 357

002052

Copyright © 2003–2013. All rights reserved.

EMC002053



## COLLATERAL

Ethics & Privilege | Business Ethics
Tips & Insights | Practice Resources

The chief legal officer calls you in to his office. "Good news, Chuck ... We have settled the new case with the aggressive DC lawyers. Now tell our defense team to draft a settlement agreement that ties up that DC firm tight as a drum. I don't want to see those guys on the other side from us ... period!! Is that clear? Put in the agreement that they can never represent anyone against us ever again, understand?" But, you gasp, "That's prohibited by the ethics rules." He groans. "What has this world come to? Okay, make the settlement confidential, the documents confidential, hire them as our lawyers... I don't care how much extra you need to pay the attorneys, keep them off of our backs." You walk out with a bad feeling.

# Practice Restrictions in Settlement Agreements

BY JOHN K. VILLA

You were right to have a bad feeling as these indirect practice limitations, as prevalent as they are, are subject to challenge in many jurisdictions. While it has historically been relatively common to demand settlement terms that have the effect of limiting a lawyer's ability to represent other litigants, [1] most litigators now realize that an express restriction on future representations included as part of a settlement agreement is prohibited by the ethical rules[2] and could subject participating counsel to disciplinary sanctions.[3]

But what about other types of agreements within a settlement package that may achieve a similar result. For example, is it ethical to ask plaintiff's counsel to promise not to *use* certain information learned during the course of the representation in any future litigation involving the company, or to agree to *represent* or *consult* for the opposing party as a consultant or as counsel after settlement of the existing claim? The short and somewhat surprising answer: maybe not. To

answer this question, we must examine the ethical rules and their interpretation by both courts and ethics' commissions. This, as you should be warned, is an area where ethics theory may depart substantially from practice.

**Rule 5.6: Limitations on Practice**

Our focal point is Rule 5.6 of the *Model Rules of Professional Conduct*,[4] which provides, in pertinent part:

A lawyer shall not participate in offering or making:

(b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy.[5]

The rule is premised on three public policy rationales. As explained by the American Bar Association (ABA):

*The rationale of Model Rule 5.6 is clear. First, permitting such agreements restricts the access of the public to lawyers who, by virtue of their background and experience, might be the very best available talent to represent these individu-*

*als. Second, the use of such agreements may provide clients with rewards that bear less relationship to the merits of their claims than they do to the desire of the defendant to "buy off" plaintiff's counsel. Third, the offering of such restrictive agreements places the plaintiff's lawyer in a situation where there is conflict between the interests of present clients and those of potential future clients. While the Model Rules generally require that the client's interests be put first, forcing a lawyer to give up future representations may be asking too much, particularly in light of the strong countervailing policy favoring the public's unfettered choice of counsel.[6]*

Thus, even though a client may be delighted to accept a limitation on her lawyers' future right to represent other similar clients in exchange for receiving herself a larger settlement, and might readily direct her lawyer to enter into that settlement, and Rule 1.2 would normally require a lawyer to follow the client's instructions to accept a settlement agreement,[7] the lawyer's ability to do so is limited by Rule 5.6(b).[8]

According to the comment to Rule 5.6, subdivision (b) "prohibits a lawyer from agreeing not to represent other persons in connection with settling a claim on behalf of a client."[9] While an explicit limitation on a lawyer's right to represent other clients with similar claims against the same opposing party is "[t]he most obvious example of an ethically impermissible settlement provision" under the rule,[10] the ABA has opined that the rule applies not only to such an explicit limitation,[11] but also to other limitations that indirectly restricts a lawyer's right to practice.[12]

JOHN K. VILLA is a partner with Williams & Connolly LLP in Washington, DC. He specializes in corporate litigation (civil and criminal) involving financial services, directors', officers', and lawyers' liabilities, securities, and related issues. He is an adjunct professor at Georgetown Law School and a regular lecturer for ACC. He is also the author of *Corporate Counsel Guidelines*, published by ACC and West. He can be reached at jvilla@wc.com.

EMC00197070

002054



**COLLATERAL** | Ethics & Privilege | Business Ethics
| Tips & Insights | Practice Resources

### Indirect Limitations and ABA Opinion 00-417

In *Formal Opinion No.* 00-417, the ABA Standing Committee on Ethics and Professional Responsibility addressed the application of Rule 5.6(b) to a settlement agreement that prohibited counsel from using information learned during the existing representation in any future representation against the same opponent. Finding that the restriction was impermissible under Rule 5.6(b), the committee explained that, even though it was not a direct ban on any future representation, "[a]s a practical matter . . . [it] effectively would bar the lawyer from future representations because the lawyer's inability to use certain information may materially limit his representation of the future client and, further, may adversely affect that representation." [13] In addition, such a provision would undermine an important policy rationale underlying Rule 5.6(b)—by preventing the use of information learned during the prior representation, the provision would restrict the public's access to the services of a lawyer who, "by virtue of [his] background and experience, might be the most qualified lawyer available to represent future clients against the same opposing party."[14]

In reaching its determination, the committee was careful to distinguish between a restriction against the *use* of information learned during the representation and a restriction against the *disclosure* of confidential information, such as the terms of the settlement, noting that the latter type of restriction merely comports with the requirements of Rule 1.6 and "does not necessarily limit the lawyer's future practice in the manner accomplished by a restriction on the use of information relating to the opposing party."[15] And, while acknowledging that Rule 1.9(c) precludes a lawyer from subsequently using information relating to a prior representation,[16] the committee noted that the restraint imposed under that rule does not extend to

the subsequent use of information that is not adverse to the interests of the former client or that is publicly known.[17]

Many jurisdictions concur with the ABA that settlement agreements containing indirect restrictions on the lawyer's right to practice violate those jurisdictions' respective equivalents of Rule 5.6(b). Examples of similar provisions found to constitute unethical restrictions under the rule include those that require counsel to keep confidential public information concerning the case, such as the identity of the defendant, the allegations of the complaint, and the fact of settlement;[18] those that prohibit counsel from disclosing information concerning the business or operations of the opposing party;[19] those that require counsel to turn over her work product to opposing counsel;[20] and, those that bar counsel from subpoenaing certain records or fact witnesses, or from using certain expert witnesses in future actions against the opponent.[21]

### ABA's Ethical Guidelines for Settlement Negotiations

Limitations in settlement agreements that affect the use or disclosure of information are not the only types of limitations found to violate Rule 5.6(b) as indirect restrictions on the right to practice. In its *Ethical Guidelines for Settlement Negotiations*, the ABA's Section on Litigation proscribes as unethical, settlement provisions in which a plaintiff's attorney agrees to become a consultant for, or be retained as an attorney by, the opponent.[22] Such a provision may be regarded as a "buy off" of plaintiff's attorney, since "conflict of interest rules will prevent the plaintiff's lawyer from representing future plaintiffs against the defendant without the defendant's consent."[23] Some courts have agreed with this analysis.[24]

In *Adams v. BellSouth Telecomm., Inc.*,[25] for example, a federal district court concurred with the findings of the magistrate that the defendant's

counsel violated Florida Bar Rule 4-5.6(b) by conditioning settlement of the underlying action on the inclusion of a consulting agreement. Under this agreement, which was not made known to the plaintiffs, counsel for both parties agreed that plaintiffs' counsel would be hired as a consultant for the defendant upon settlement of the existing case.[26] The agreement further provided that consideration for the consulting arrangement would be taken from the total amount of the settlement.[27]

According to the court, the record disclosed that defense counsel aggressively negotiated for inclusion of the consulting arrangement in the settlement: Due to questionable litigation tactics on the part of plaintiffs' counsel, defense counsel "sought 'finality' for their client by preventing the filing of similar future suits by Plaintiffs' counsel."[28] Although noting that this motive was neither disreputable nor detrimental to the interests of the defendant,[29] the court held that the consulting agreement constituted a clear practice restriction that violated Rule 4-5.6(b) for several public policy reasons: not only was the agreement "a payoff to Plaintiffs' counsel to make them go away and never come back[,]"[30] but it created a direct conflict of interest between plaintiffs' counsel and their clients.[31]

Rule 5.6(b) is not without its critics,[32] and courts have not always been willing to invalidate restrictive settlement agreements that violate the rule.[33] Indeed, you can question whether it is consistent with zealous advocacy for your client to forego an advantageous bargaining chip in settlement negotiations to preserve the rights of non-clients who have chosen to sit out the battle on the sidelines. The rule remains, however, and counsel who offer or accept practice restrictions in settlement agreements must examine the extent to which they commit an ethical violation for which disciplinary sanctions may be imposed.[34]



EMC001371

002055



COLLATERAL | Ethics & Privilege | Business Ethics
Tips & Insights | Practice Resources

What is our hapless young lawyer to do?

- Review the ethics rules and, particularly, the decisions in the state whose law will govern the settlement agreement *and* counsel's conduct. Remember, the enforceability of the provision is one issue; the ethical propriety of the lawyer's conduct under governing law is another.
- A carefully written settlement agreement limiting disclosure of confidential materials, and requiring advance notice of potential disclosures, may nonetheless cause opposing counsel to review with great care the wisdom of proceeding against your client again.
- Severability in settlement agreements may be important to make sure that even if some provisions are stricken, others may survive

While the likelihood of ethical sanctions remains low, these rules are important as they may prove to be the undoing of provisions of agreements that are the very reasons for some settlements. Figure them out now. ▟

*Have a comment on this article?
Email editorinchief@acc.com.*

NOTES

1  *See* David A. Dana and Susan P. Koniak, *Secret Settlements and Practice Restrictions Aid Lawyer Cartels and Cause Other Harms,* 2003 U. Ill. L. Rev. 1217 (2003) (noting that the inclusion of restrictions on future legal representation and on the publication of the fact of a settlement is a "thriving" settlement practice); Yvette Golan, *Restrictive Settlement Agreements: A Critique of Model Rule 5.6(b),* 33 S.W. U. L. Rev. 1, 4 (2003) (stating that "a startling number of lawyers . . . offer and accept restrictive settlement agreements.").

2  *See ABA Model Rules of Professional Conduct,* Rule 5.6(b) (2006); *ABA Formal Op.* 93-371 (1993).

3  *See In re* Zaruba, 832 A.2d 317 (N.J. 2003); *In re* Hager, 812 A.2d 904 (D.C. 2002).

4  While all jurisdictions prohibit settlement agreements that include direct restrictions on future adverse litigation,

most jurisdictions have adopted a rule fashioned on Model Rule 5.6(b). *See* Golan, *supra* n. 1, at 3 n. 7.

5  *ABA Model Rules of Professional Conduct,* Rule 5.6(b).

6  *ABA Formal Op.* 93-371, at 2.

7  *See ABA Model Rules of Professional Conduct,* Rule 1.2(a) (providing, in part, that "[a] lawyer shall abide by a client's decision whether to settle a matter.")

8  *ABA Formal Op.* 93-371, at 2.

9  *ABA Model Rules of Professional Conduct,* Rule 5.6(b), cmt. 2.

10  ABA, Section of Litigation, *Ethical Guidelines for Settlement Negotiations,* § 4.2.1, at 40 (Aug. 2002); *see, e.g., In re* Hager, 812 A.2d at 919 (finding that a settlement provision precluding plaintiffs' counsel from representing future consumers against the defendant manufacturer on similar claims involving defendant's shampoo directly contravened D.C. Bar Rule 5.6(b)).

11  *ABA Formal Op.* 93-371, at 3; *see also ABA Informal Op.* 1039 (1968).

12  *ABA Formal Op.* 00-417 (2000).

13  *Id.* at 2.

14  *Id.* at 2-3. As noted by one state ethic's commission, such a restriction on use would also defeat another policy underlying the rule, since it would create a conflict between the present client's interests and those of the lawyer and any future clients. *N.Y. Ethics Op.* 730 (2000) (construing N.Y. Code of Professional Responsibility DR 2-108(B), New York's version of Rule 5.6(b)).

15  *ABA Formal Op.* 00-417, at 2.

16  Model Rule 1.9(c) provides, in pertinent part: "A lawyer who has formerly represented a client in a matter or whose present or former firm has represented a client in a matter shall not thereafter . . . use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 [Candor Towards the Tribunal] would permit or require with respect to a client, or when the information has become generally known[.]" *ABA Model Rules of Professional Conduct,* Rule 1.9(c)(1) (2006).

17  *ABA Formal Op.* 00-417, at 2. As further noted by the Committee, "[t]he former client's disadvantage does not . . . encompass any detriment that might result when a client does not receive a monetary enhancement to a settlement conditioned on his lawyer's agreement not to use information relating to the representation against the opposing party in future representations." *Id.* at n. 15.

18  *See* D.C. Bar Legal Ethics Comm., *Op.* 335 (2006).

19  *See* N.Y. State Bar Ass'n Comm. on Prof'l Ethics, *Formal Op.* 730 (2000); *see also* Tenn. Bd. Of Prof'l Resp., *Formal Op.* 98-F-141 (1998) (provision prohibited plaintiff's counsel from using case information to assist other litigants).

20  *See* N.M. Bar Ethics Adv. Op. Comm., *Adv. Op.* 1985-5 (1985).

21  *See* Colo. Bar Ass'n Ethics Comm., *Formal Op.* 92 (1993).

22  *Ethical Guidelines for Settlement Negotiations, supra,* n. 10.

23  *Id.* at 40-41.

24  *See* Adams v. BellSouth Telecomm., Inc., No. 96-2473-CIV, 2001 WL 34032759 (S.D. Fla. Jan. 29, 2001); *In re Conduct of Brandt,* 331 Or. 113, 10 P.3d 906 (2000).

25  No. 96-2473-CIV, 2001 WL 34032759 (S.D. Fla. Jan. 29, 2001).

26  2001 WL 34032759, at *1.

27  *Id.* The plaintiffs were never told the total amount of the settlement, but only the specific amount that each would receive, and were never given a breakdown of the attorneys' fees or costs. *Id.*

28  *Id.* at *3.

29  *Id.*

30  *Id.* at *6-*7.

31  *Id.* at *8.

32  *See, e.g.,* Stephen Gillers, *A Rule Without a Reason,* 79-Oct A.B.A. J. 118 (1993) ("Rule 5.6(b) is an anachronism, illogical and bad policy."); *see also* Golan, *supra,* n. 1 (critiquing the policy arguments in support of Rule 5.6(b)).

33  *See Feldman v. Minars,* 230 A.D.2d 356, 658 N.Y.S.2d 614, 617 (App. Div. 1st Dept. 1997) ("[W]e would conclude that an agreement by counsel not to represent similar plaintiffs in similar actions against a contracting party is not against the public policy of the State of New York. At the least failure to enforce a freely entered into agreement would appear unseemly, and the "clean hands" doctrine would preclude the offending attorneys from using their *own* ethical violations as a basis for avoiding obligations undertaken by them. Even if it is against the public policy of this State, the "violation" can be addressed by the appropriate disciplinary authorities.") (emphasis in original).

34  *See, e.g., In re*Hager, 812 A.2d at 921-924 (imposing a one-year suspension, with reinstatement conditioned upon proof of rehabilitation "with inquiry thereunder primarily directed to" his plans to disgorge his fees).



EMC001372
002056

# Arbitration Exhibit

# 360

002057

Print | Close Window

Subject: **Signed Sealed Delivered**
From: **"Marc John Randazza" <mjr@randazza.com>**
Date: **Tue, Feb 01, 2011 4:52 pm**
To: **Val Gurvits <vgurvits@bostonlawgroup.com>**
Attach: **Liberty-Tnaflix - Settlement (EG signed).pdf**

Copyright © 2003-2013. All rights reserved.



EMC00002058

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

THIS Settlement Agreement (the "Agreement") dated as of February 1, 2011 by and among Youngtek Solutions Ltd., d/b/a Website, a corporation organized under the laws of the Republic of Cyprus ("Youngtek"), and Liberty Media Holdings, LLC, a California limited liability company ("Liberty" and, together with Youngtek, the "Parties", and each individually, a "Party").

WHEREAS, Youngtek operates an internet website www.tnaflix.com (the "Website");

WHEREAS, Liberty has asserted that it is the owner of certain copyrighted material;

WHEREAS, Liberty filed a lawsuit against Youngtek, CASE NO. 10-CV-1972-JAH-(POR) which is presently pending in the U.S. District Court, Southern District of California (the "Lawsuit"), alleging, among other things, that Youngtek infringed Liberty's copyrighted materials;

WHEREAS, Youngtek has denied the allegations of the Lawsuit, including (but not limited to) the jurisdiction of the California courts over the present action and defendant;

WHEREAS, the Parties wish to resolve their dispute without further expense of litigation;

NOW THEREFORE, in consideration of these premises, the mutual promises set forth below, and such other good and valuable consideration, the sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    **Settlement Payment** – Immediately upon the execution of this Settlement Agreement, Youngtek shall pay Liberty the sum of Fifty Thousand and 00/100 Dollars ($50,000) (the "Settlement Payment") as full and final settlement of the Lawsuit.

2.    **General Release**

Upon receipt by Liberty of the Settlement Payment and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each Party (the "Releasor") releases and forever discharges the other Party, and each of the other Party's past and present subsidiaries, parent corporations, and each of their respective officers, directors, shareholders, attorneys, agents, employees, contractors, and assigns (collectively, the "Releasees") from any and all debts, claims, demands, actions, causes of action, controversies, attorney's fees, omissions, damages, and liabilities of every description, at law or in equity, whether known or unknown, that the Releasor had, now has, or may have against the Releasees, including, without implied limitation, all claims which were raised or could have been raised in the Lawsuit. For that reason, the parties hereby waive any and all rights or benefits, which they may have under the terms of any applicable statute excluding unknown claims from general releases.

3.    **Dismissal of Lawsuit**

Upon Youngtek's payment of the Settlement Payment to Liberty, Liberty will execute the Joint Motion for Order Dismissing Complaint without Prejudice with Respect to Youngtek Solutions d/b/a Tnaflix.com and "Frank" attached hereto as Exhibit A, dismissing the Lawsuit without prejudice with respect to Youngtek and "Frank" and promptly file the Joint Motion for Order Dismissing Complaint without Prejudice with Respect to Youngtek Solutions d/b/a Tnaflix.com and "Frank" with the court.

4.    **Covenants of Youngtek**

Youngtek further agrees and covenants as follows:

a.    Upon receipt of a take-down notice sent by Liberty to Youngtek pursuant to the DMCA ("DMCA Notice"), Youngtek shall provide to Liberty via email the IP addresses, and log date and time (including time zone) of the Website user who is the subject of the DMCA Notice.

b.    As soon as reasonably possible after the execution of this Agreement, but without fail within 120 days, Youngtek shall provide to Liberty a DMCA take-down interface, enabling Liberty to take down material on the Website that infringes its copyrights.

c.    Youngtek shall appoint and maintain a DMCA agent in compliance with the DMCA, so as to enable Liberty to send DMCA Notices.

d.    As soon as reasonably possible after the execution of this Agreement, but without fail within 120 days, Youngtek will implement a filtering system via www.freespeechcoalition.com on the Website.  Notwithstanding the foregoing, in the event of any implementation delays resulting from events that are outside of Youngtek's control (including without limitation delays caused by www.freespeechcoaltion.com), the above-referenced implementation time will automatically extend until such delays are resolved.

e.    As soon as reasonably possible after the execution of this Agreement, Youngtek will use commercially reasonable efforts to proactively screen infringing content uploaded to the Website by users.

g.    As soon as reasonably possible after the execution of this Agreement, Youngtek will implement key word blocking functionality in the Website website, enabling the blocking of actor names that are exclusive to Liberty and other Liberty trademarks, so that those words cannot be tagged or searched on the Website.

EMC001002060

5.    <u>No Admission of Liability</u>

Nothing contained within this Settlement Agreement shall be construed or interpreted as an admission of liability by either Party.  It is expressly understood that the payment being made hereunder is in compromise of disputed claims to avoid the cost, inconvenience, and time of litigation.

6.    <u>Confidentiality</u>

Liberty agrees to keep confidential and not to allow any other party to use any work product obtained, created or developed by or on behalf of Liberty in connection with the Lawsuit.  Additionally, the Parties agree to keep the existence, terms and negotiations of this Agreement strictly confidential and shall not disclose these matters to anyone, in words or in substance, except:  (a) to their attorneys and accountants, provided that they first agree to keep all such matters confidential; (b) to any taxing authority; and (c) to the extent required by law or to the extent necessary to enforce rights under this Agreement; *provided however* that if a Party anticipates or is required to make disclosure pursuant to this subsection, it shall inform the other Party in advance of any disclosure at least ten (10) days prior to such disclosure whenever possible, and where not possible, it shall provide as much advance notice as possible.  Nothing in this Agreement shall limit the rights of any government agency or any party's right of access to, participation or cooperation with any government agency.

7.    <u>Non-disparagement</u>

Each Party agrees that it will not make, or allow or instruct any other party to make, whether in oral, print, electronic or other form, any false, disparaging or derogatory remarks about, or refer negatively to, the other Party, its officers, directors, shareholders, employees or any other Releasee (as defined in Section 2).

8.    <u>Nature of Agreement</u>

This Agreement is the product of arms-length negotiations of disputed claims.  It shall not be construed as an admission of any sort by Youngtek, it shall not constitute precedent, nor shall it be used for any purpose in any subsequent proceeding except one in which a party alleges a breach of the terms of this Agreement or one in which a party elects to use this Agreement as a defense to any claim.

9.    <u>Successors and Assigns</u>

This Agreement shall be binding upon the Parties, and their representatives, successors, and assigns, and shall inure to the benefit of the Parties and their respective representatives, successors, and assigns.

10.    <u>Entire Agreement</u>

This Agreement and the exhibits hereto constitute a single, integrated contract expressing the entire agreement between the parties and terminates and supersedes all other agreements or

3

arrangements between the Parties, whether oral or written, formal or informal. No covenants, agreements, representations or warranties of any kind whatsoever have been made by any party, except as specifically set forth in this Agreement. This Agreement may be modified only by a writing signed by all parties. The parties represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any promise, inducement, representation or statement, whether oral or in writing, made by the other or by the other's agents, representatives, or attorneys with regard to the subject matter, basis or effect of this Agreement, except as expressly set forth in this Agreement.

11. **Severability**

Should any portion, term or provision of this Agreement be declared or determined by any court to be illegal, invalid or unenforceable, the validity of the remaining portions, terms and provisions shall not be affected thereby, and the illegal, invalid or enforceable portion, term or provision shall be deemed not to be part of this Agreement.

12. **Waiver**

The parties agree that the failure of a party at any time to require performance of any provision of this Agreement shall not affect, diminish, obviate or void in any way any party's full right or ability to require performance of the same, or any other provisions of this Agreement, at any time thereafter.

13. **Execution of Counterparts**

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures shall be considered as originals.

14. **Joint Negotiations**

This Agreement is the product of joint negotiations between the parties and neither party shall be considered the "drafter" of the present Agreement, nor entitled to any presumption based on the identity of the drafter of the Agreement.

15. **Breach**

In the event of a breach of this Agreement by Youngtek, as determined by a court of competent jurisdiction, Liberty shall have the right to reinstate any and all Lawsuit claims against Youngtek for a period of 24 months.

16. **Headings**

The headings of the paragraphs of this Agreement are for convenience only and are not binding on any interpretation of this Agreement.

4

EMC00002062

17.    **Jurisdiction and Notice**

Nothing contained herein shall be interpreted as Youngtek's consent to the jurisdiction of California or Massachusetts courts and Youngtek specifically disclaims such jurisdiction. Liberty agrees not to use the terms of this Agreement or its existence as the basis for arguing that Youngtek is subject to the jurisdiction of California or Massachusetts.

All notices, requests, consents, and other communications required or permitted to be given hereunder shall be in writing and delivered personally or sent by certified or registered mail, postage prepaid, or by telefax with proof of receipt, or via email as follows:

(a)    If to Defendant:        Care of:
                                Tnaflix
                                dmca@tnaflix.com

       With a copy to:         Val Gurvits
                                Boston Law Group, PC
                                825 Beacon Street, Suite 20
                                Newton Centre, MA 02459

(b)    If to Plaintiffs:       Care of:
                                Marc J. Randazza
                                Randazza Legal Group
                                3969 Fourth Ave., Suite 204
                                San Diego, CA 92103
                                888-667-1113, 305-437-7662 (fax)
                                MJR@randazza.com

17.    **Youngtek's Representation**

Youngtek represents to Liberty that it did not knowingly direct users to upload Liberty's copyrighted materials to the Tnaflix.com website (it being understood that the advertising of, the contents, instructions, software or mechanism contained on the Website shall not be considered Youngtek's direction of users to upload materials and shall not constitute a breach of this Section 17). If it is determined by a court of competent jurisdiction that that Youngtek is in breach of this Section 17, than the Plaintiff shall have the right to reinstate the Lawsuit claims against Youngtek in accordance with Section 15 hereof.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by duly authorized representatives, in counterpart originals as of the date first written above.

Youngtek Solutions Ltd.                Liberty Media Holdings, LLC

_____                _____
By:                                    By: Eric Gapp
Its:                                   Its: Vice President of Intellectual Property
                                            Management

5

EMC00002063

**Exhibit A**

Joint Motion for Order Dismissing Complaint with Respect to Defendants Youngtek Solutions
d/b/a Tnaflix.com and "Frank" without Prejudice

Marc J. Randazza, Esq., SBN 269535
RANDAZZA LEGAL GROUP
3969 4th Avenue, Suite 204
San Diego, CA 92103
(888) 667-1113
 (305) 437-7662 fax
mjr@randazza.com

*Attorney for Plaintiff Liberty Media Holdings, LLC*

Boston Law Group, LLP
VALENTIN GURVITS (BBO# 643572) (*Pro Hac
Vice* to be Submitted)
EVAN FRAY-WITZER (BBO# 564349) (*Pro Hac
Vice* to be Submitted)
825 Beacon Street
Suite 20
Newton Centre, MA 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802

CROSS LAW GROUP
OLEG CROSS (SB# 246680)
4370 La Jolla Village Dr., Suite 655
San Diego, California  92122
Telephone:  (619) 623-2120
Facsimile:  (619) 819-7346

*Attorneys for Defendant Youngtek Solutions Ltd.
dba Tnaflix.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LIBERTY MEDIA HOLDINGS, LLC,

Plaintiff,

v.

YOUNGTEK SOLUTIONS LTD. D/B/A
TNAFLIX.COM, *et al.*,

Defendants.

CASE NO. 10-CV-1972-JHA-(POR)

**JOINT MOTION FOR ORDER
DISMISSING COMPLAINT WITH
RESPECT TO DEFENDANTS YOUNGTEK
SOLUTONS LTD. D/B/A TNAFLIX.COM
AND "FRANK" WITHOUT PREJUDICE**

6

Plaintiff Liberty Media Holdings, LLC and Defendant Youngtek Solutions Ltd. (collectively "the Parties") have reached a settlement of all claims including the pending litigation between them.

Pursuant to the Parties' settlement agreement and Federal Rules of Civil Procedure 41(a), the Parties hereby stipulate to the dismissal without prejudice of the Complaint in this action, Case No. 10-CV-1972-JHA-(POR), as follows:

1.      The Complaint including all claims therein pending against Youngtek Solutions Ltd., d/b/a Tnaflix.com and "Frank" in the above-captioned action, Case No. 10-CV-1972-JHA-(POR), shall be dismissed without prejudice as to these defendants only;

2.      Each of the Parties will bear her/its own attorneys' fees, costs, and other expenses incurred in the above-captioned action.

3.      The case shall continue with respect to the other Defendants in the action.

Respectfully submitted,

Dated: January __, 2011                    Marc J. Randazza, Esq., SBN 269535
                                           RANDAZZA LEGAL GROUP

                                           */s/ Marc J. Randazza*_____
                                           3969 4ᵗʰ Avenue, Suite 204
                                           San Diego, CA 92103
                                           (888) 667-1113
                                           (305) 437-7662 fax
                                           mjr@randazza.com
                                           *Attorneys for Plaintiff Liberty Media Holdings, LLC*

January __, 2011

                                           CROSS LAW GROUP
                                           OLEG CROSS ( SB# 246680)

                                           */s/ Oleg Cross*_____
                                           OLEG CROSS (SB # 246680)
                                           4370 La Jolla Village Dr., Suite 655
                                           San Diego, California 92122
                                           Telephone: (619) 623-2120
                                           Facsimile: (619) 819-7346
                                           *Attorneys for Defendant Youngtek Solutions Ltd.*
                                           *dba Tnaflix.com*

EMC001002065

# Arbitration Exhibit

# 361

002066

Print  |  Close Window

**Subject:** Re: TNA
**From:** "Marc John Randazza" <mjr@randazza.com>
**Date:** Wed, Feb 02, 2011 5:04 pm
**To:** Val Gurvits <vgurvits@bostonlawgroup.com>

Ok, and you're working on a broker agreement that reflects you and me as the brokers for sale - 15% commission split 7.5% for each of us?


On Feb 2, 2011, at 4:58 PM, Val Gurvits wrote:

> I think so. I will email them and confirm.
>
>
>
> Val
>
> Sent from my BlackBerry.
>
> ----- Original Message -----
> From: Marc John Randazza <mjr@randazza.com>
> To: Val Gurvits
> Sent: Wed Feb 02 19:54:29 2011
> Subject: TNA
>
>
> So how should we proceed? Do they want a retainer letter from me?
>
>

Copyright © 2003-2013. All rights reserved.



EMC0016002067

Print  |  Close Window

Subject: **TNA**
From: **"Marc John Randazza" <mjr@randazza.com>**
Date: **Mon, Feb 07, 2011 9:47 am**
To: **Val Gurvits <vgurvits@bostonlawgroup.com>**

Someone just asked me if I am now representing TNA.

Two problems with this:

1) I don't know if I am.
2) What would give anyone that idea? Has TNA told anyone that?

Copyright © 2003-2013. All rights reserved.

EMC001002068

Print  |  Close Window

**Subject:** TNA sale
**From:** "Marc John Randazza" <mjr@randazza.com>
**Date:** Fri, Feb 11, 2011 10:21 am
**To:** Val Gurvits <vgurvits@bostonlawgroup.com>

Val,

There is a hot iron that can be struck if we move fast.

Copyright © 2003-2013. All rights reserved.

# Arbitration Exhibit

# 362

Print  |  Close Window

Subject: RLG Engagement Letter
From: "Marc John Randazza" <mjr@randazza.com>
Date: Fri, Feb 11, 2011 11:24 am
To: Val Gurvits <vgurvits@bostonlawgroup.com>
Attach: Microsoft Word - Youngtek Retainer Draft.docx.pdf
ATT00001.htm

Val,

Can you get this executed?

Copyright © 2003-2013. All rights reserved.



EMC00102071

**RANDAZZA** | **LEGAL GROUP**

## LEGAL SERVICES FEE AGREEMENT

This is the written fee agreement ("Agreement") that California law requires attorneys to have with their clients. MARC J. RANDAZZA, P.A. d/b/a **RANDAZZA LEGAL GROUP** ("Attorneys") will provide legal services to Youngtek Solutions and its holdings (referred to collectively as "Client") on the terms set forth below.

**1. CONDITIONS.** This Agreement will not take effect, and Attorneys will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the initial retainer fee, if any, called for under paragraph 5.

**2. SCOPE OF SERVICES.** Client hires Attorneys to represent Client with respect to telephonic legal, intellectual property and business advice, rendered to Client or Client's other counsel, written documents or other submissions concerning the same, and sale of Client's company and/or internet properties. Representation of Client in any other matters or beyond this scope must be separately agreed to in writing and a separate retainer will be required.

This Agreement does not include, unless otherwise specified in paragraph 2 above, representing Client in any state or federal court litigation, writ, cross-claim, appeal or retrial of Client's claim, or for any separate claim or matter not described in this Agreement.

You should be aware that we cannot, and will not, provide advice regarding any state's laws outside of the jurisdiction where our attorneys are admitted to practice. If you require advice on matters in states other than those in which we are licensed, we have a number of other lawyers upon whose expertise we can, and will, draw. In the event that you require state law advice in a jurisdiction in which Attorneys are not licensed, the attorney licensed in that jurisdiction will be the supervising attorney on that matter, and you may need to sign a separate engagement letter with that attorney, or we may require that you provide us with a retainer deposit, pursuant to that attorney's (or law firm's) requirements.

**3. RESPONSIBILITIES OF THE PARTIES.** Attorneys will provide those legal services reasonably required to represent Client in the matter(s) described in paragraph 2 and will take reasonable steps to keep Client informed of progress and developments, and to respond promptly to inquiries and communications. Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills for fees and/or costs on time and to keep Attorney advised of Client's address, telephone number and whereabouts. Client agrees to appear at all legal proceedings when Attorney deems it necessary, and to generally cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims.

**4. LEGAL FEES.** Attorney's fee shall be calculated as follows for the following forms of representation:

Legal Services Fee Agreement
February 11, 2011
Page 2 of 6

## TELEPHONIC LEGAL ADVICE

For a term of one (1) year, Client shall receive telephone legal counsel from Attorneys, whether for Client's own use or to advise Client's other legal counsel.

This representation shall be paid for by an initial retainer of **$36,000.00**; which the parties agree is earned upon receipt.

## WRITTEN ADVICE AND OTHER REPRESENTATION

Any written submissions requested by Client, or other representation agreed to by Client and Attorneys, will be billed at the following hourly rates unless otherwise specified in writing:

| | |
|---|---|
| Marc J. Randazza – Partner | $425 / hr |
| Jessica S. Christensen – Partner | $425 / hr |
| Jonathane Ricci – Of Counsel | $400 / hr |
| Junior Attorneys | $275-325 / hr |
| Law Clerks | $125 / hr |
| Legal Assistants | $50-75 / hr |

Client expressly acknowledges that rates set forth above are not set by law, but are negotiated between Attorneys and Client.

Hard costs (as defined in Paragraph 5, below) will be not be advanced by Attorneys.

## SALE OF ASSETS

Client agrees to give Attorneys, in conjunction with Boston Legal Group, the exclusive right to sell Youngtek Solutions and any of its online assets, including TNAflix.com, EMPflix.com, and/or any other online properties owned by Client, for one (1) year. This sale shall entitle Randazza Legal and Boston Law to 10% of the sale price, and shall be governed by the terms and conditions of a separate exclusive sale agreement.

**5. HARD COSTS AND TRUST ACCOUNTS.** Attorney will incur various costs and expenses ("hard costs") in performing legal services under this Agreement, such as the cost of mediation fees, filing fees, and other similar out of pocket expenses. Client agrees to pay all such costs incurred on Client's behalf. The pre and post-litigation costs and expenses commonly include: notary fees, deposition costs, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, professional, mediator, arbitrator and/or special master fees and other similar items.

As you may know, a law firm's trust account is a special bank account in which funds are deposited which do not belong to the firm. These include, for example, monies belonging to a client which are earmarked for payment of fees or hard costs, along with any other funds, which partially or entirely belong to the client. This is an interest-bearing trust account. However, any interest earned from any trust account deposit will be paid, as required by law,

Legal Services Fee Agreement
February 11, 2011
Page 3 of 6

directly by the bank to the Florida Bar Association to fund legal services for indigent persons. In the event that you provide funds to us for costs, these funds will be retained in my trust account, and they will be disbursed from the trust account to my operating account as costs are incurred. Additionally, in the event that you receive an award or payment in any matter for which Attorneys represent you, your funds will be placed in this trust account until they are divided and disbursed.

Attorney agrees to provide a monthly itemization of the costs incurred, if any, to client.

**6. ORDER OR AGREEMENT FOR PAYMENT OF ATTORNEYS' FEES OR COSTS BY ANOTHER PARTY.** The court may order, or the parties to the dispute may agree, that another party (such as an insurer or the defendant) will pay some or all of the Client's fees, costs or both. Should that occur, Attorney shall receive as Attorney's fee the amount of the award of attorneys' fees and costs as made by the Court or by agreement of the parties to the dispute, less any fees or costs already paid by Client to Attorneys.

**7. APPROVAL NECESSARY FOR SETTLEMENT.** Attorney will not make any settlement or compromise of any nature of any claim for which Attorneys represent Client without Client's prior approval. Client retains the absolute right to accept or reject any settlement. Client agrees to seriously consider any settlement offer Attorney recommends before making a decision to accept to reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to Attorney.

**8. FEES IN THE EVENT OF DISCHARGE OR WITHDRAWAL.** In the event of Attorney's discharge or withdrawal as provided in Paragraph 9, Client agrees that, upon payment of the settlement, arbitration award or judgment in Client's favor in this matter, Attorney shall be entitled to be paid by Client a reasonable fee for the legal services provided. Such fee shall be determined by considering the following factors:

A. The actual number of hours expended by Attorney in performing legal services for Client;

B. Attorney's hourly rates;

C. The extent to which Attorney's services have contributed to result obtained;

D. The amount of the fee in proportion to the value of the services performed;

E. The amount of recovery obtained;

F. Time limitations imposed on Attorney by Client or by the circumstances; and

G. The experience, reputation and ability of personnel performing the services.

Client agrees that the non-discount market value for Attorney services are the rates set in Paragraph 4 of this Agreement.

Legal Services Fee Agreement
February 11, 2011
Page 4 of 6

**9. ATTORNEY DISCHARGE AND WITHDRAWAL.** The attorney-client relationship is one of mutual trust and confidence. Client may discharge Attorney at any time. Attorney may withdraw with Client's consent, or for good cause. Good cause includes Client's (1) breach of this Agreement, including failure to pay Attorney's fees and costs; (2) refusal or failure to be candid and truthful with Attorneys or to cooperate or to follow Attorneys' advice on a material matter or any fact or circumstance that would render Attorneys' continuing representation unlawful or unethical; and (3) if Attorneys are required to withdraw by law or by the rules of ethics governing attorneys.

**10. DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this agreement and nothing in Attorneys' statements to Client will be construed as a promise or guarantee about the outcome of any matter for which Client has retained Attorneys. Attorney makes no such promises or guarantees. Attorney comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorneys shall not be a guarantee. Actual fees may vary from estimates given.

**11. CONCLUSION OF SERVICES.** When Attorneys' services conclude, all unpaid charges will immediately become due and payable. Attorneys are authorized to use any funds held in Attorney's trust account as a deposit against costs to apply to such unpaid charges. After Attorneys' services conclude, upon request, Client's file and property will be delivered to Client whether or not Client has paid any fees and/or costs owed to Attorneys. Client understands that Attorneys will retain a copy of her file at the Client's expense if the file is returned to Client.

**12. ENTIRE AGREEMENT.** This Agreement contains the entire Agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

**13. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be binding on the parties.

**14. MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

**15. GOVERNING LAW AND DISPUTE RESOLUTION.** This agreement is governed by the laws of the State of Florida with venue limited to any court in Miami-Dade County having jurisdiction; however, any judgment or arbitration award is enforceable in any court having jurisdiction. You agree to submit to binding arbitration in connection with any attorneys' fee dispute arising out of this agreement. Such arbitration shall be conducted in accordance with the Rules Regulating the Florida Bar.

**16. EFFECTIVE DATE.** The effective date of this Agreement will be the date when, having been executed by Client, it is received by Attorneys and the retainer fee, if any, described in Paragraph 4 is received. This Agreement will govern all legal services performed by Attorneys on behalf of Client commencing with the date Attorneys first performed services. The date at

Legal Services Fee Agreement
February 11, 2011
Page 5 of 6

the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorneys the reasonable value of any services Attorneys may have performed for Client.

**17. CONSULTATION WITH SEPARATE ATTORNEY.** Client acknowledges that she/he has read and fully understands all of the terms and conditions of this Agreement before signing it, and has been given ten (10) days to contact another attorney to review this fee agreement. Client acknowledges that MARC J. RANDAZZA, P.A., d/b/a RANDAZZA LEGAL GROUP has recommended to Client that Client seek the services of a separate attorney to review this fee agreement. Client further acknowledges that he/she is able to request, in writing, more time to accomplish the review, should ten days not be adequate.

_____ (Client's initials)

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS CONTAINED IN THESE SEVEN PAGES, AND AGREE TO THEM AS OF THE DATE ATTORNEYS FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.**

DATED: _____          By: _____
                                              Youngtek Solutions

DATED: February 11, 2011                   RANDAZZA LEGAL GROUP

                                       By: _____
                                              Marc J. Randazza, Esq.

Legal Services Fee Agreement
February 11, 2011
Page 6 of 6

## CLIENT CONTACT INFORMATION

CLIENT NAME: _____

COMPANY NAME: _____

MAILING ADDRESS: _____

_____

_____

_____

CELL PHONE: _____

ALTERNATE PHONE: _____

EMAIL ADDRESS: _____

WEBSITES(S): _____

_____

_____

PERSONS AUTHORIZED TO DISCUSS LEGAL MATTERS
FOR COMPANY OR ORGANIZATION:

_____

_____

NOTES: _____

_____

_____

# Arbitration Exhibit

# 363

002078

Print | Close Window

Subject: **Re: RLG Engagement Letter**
   From: "Marc John Randazza" <mjr@randazza.com>
   Date: Fri, Feb 11, 2011 3:28 pm
     To: Val Gurvits <vgurvits@bostonlawgroup.com>

please prevail upon them that time is of the essence.

On Feb 11, 2011, at 3:15 PM, Val Gurvits wrote:

I forwarded it to my client. Will let you know what they say.

Val Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
(617) 928-1804 direct
(617) 928-1800 main
(617) 928-1802 fax
vgurvits@bostonlawgroup.com

-----------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, LLP immediately and destroy the original message.

Boston Law Group, PC
tel: 617/928-1800
e-mail: info@bostonlawgroup.com

**From:** Marc John Randazza [mailto:mjr@randazza.com]
**Sent:** Friday, February 11, 2011 2:25 PM
**To:** Val Gurvits
**Subject:** RLG Engagement Letter

Val,

Can you get this executed?

Copyright © 2003-2013. All rights reserved.

DEFENDANT'S
EXHIBIT
363

Print  |  Close Window

Subject: **Re: TNA**
   From: **"Marc John Randazza" <mjr@randazza.com>**
   Date: **Sun, Feb 13, 2011 12:44 pm**
      To: **Val Gurvits <vgurvits@bostonlawgroup.com>**

ugh... this thing is going to fall apart.

On Feb 13, 2011, at 12:34 PM, Val Gurvits wrote:

> They are not getting back to me.
>
> Val
>
> Sent from my BlackBerry.
>
> ----- Original Message -----
> From: Marc John Randazza <mjr@randazza.com>
> To: Val Gurvits
> Sent: Sun Feb 13 15:14:24 2011
> Subject: TNA
>
> Val,
>
> They need to make a move. There are other things moving around and shifting right now, and by tomorrow, this may all be
moot.
>
>

Copyright © 2003–2013. All rights reserved.

Print  |  Close Window

**Subject:** TNA
**From:** "Marc John Randazza" <randazza@me.com>
**Date:** Mon, Feb 14, 2011 9:07 pm
**To:** Val Gurvits <vgurvits@bostonlawgroup.com>

Val,

Tell them this: That Liberty settled this thing super cheap, and that I honestly think this was a $750K case if we went all the way. But, we do what our clients tell us to.

The next company lining up has a big litigation plan, and I can assure you, they won't settle cheap.

I am close friends with them -- but did not encourage them to get in this thing. They sent me a draft complaint today, and they have only held off on filing it because I begged them to wait.

If TNA can't shit or get off the pot, I can't hold these guys back any longer.

I'm not holding them back out of christian charity. I'm holding them back, because I can probably broker a deal where they get a little something out of the sale, and save the sale.

But, if we don't have our broker agreement in place, I can't blow my wad holding this suit back. And this suit will make them worht about 10% of what they are worth now.

I realize they are probably not the best communicators -- I have similar clients. But, if you've got a way to shake them up, please do so... you and me stand to lose a fat commission.

Marc John Randazza

Copyright © 2003-2013. All rights reserved.

# Arbitration Exhibit

# 364

002082

Print  |  Close Window

Subject: broker agreement
From: "Marc John Randazza" <mjr@randazza.com>
Date: Tue, Feb 15, 2011 6:55 am
To: Val Gurvits <vgurvits@bostonlawgroup.com>
Attach: Microsoft Word - Exclusive Business Broker Agreement.doc.pdf
ATT00001.c

Copyright © 2003–2013. All rights reserved.



DEFENDANT'S
EXHIBIT
364

EMC001002083

## EXCLUSIVE BUSINESS BROKER AGREEMENT

This Exclusive Business Broker Agreement (the "Agreement") made between Youngtek Solutions Ltd., d/b/a tnaflix.com, a corporation organized under the laws of the Republic of Cyprus (the "Company") on the one hand and Boston Law Group, PC, a Massachusetts corporation ("BLG") and Randazza Legal Group, a Florida Professional Association ("RLG", and together with BLG, the "Brokers" and each individually the "Broker").

## RECITALS

**WHEREAS,** Company operates the internet websites www.tnaflix.com and empflix.com (the "Websites");

**WHEREAS,** RLG has indicated that it is aware of certain prospective buyers who may be interested in purchasing the assets or stock of the Company;

**WHEREAS,** Company wishes to engage the Brokers to solicit offers for the purchase of the assets or stock of the Company and Brokers have agreed to perform said services, all on the terms set forth herein;

**NOW THEREFORE, INTENDING TO BE LEGALLY BOUND,** in consideration of the mutual promises set forth herein and for other valuable consideration the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.      <u>Obligation of Brokers</u>. Brokers shall solicit offers from prospective buyers for the purchase of substantially all assets or stock of the Company (the "Services").

2.      <u>Commission</u>. The Company shall pay a commission of ten percent (10%), five percent (5%) to each Broker, of the selling price (the aggregate value of all cash, securities, notes, and any and all other properties received by Seller in connection with the Sale) received by the Company in connection with a Sale (as defined below) if: (1) during the Term a buyer is procured who is ready, willing, and able to purchase stock or assets of the Company in a Sale transaction on terms deemed acceptable by the Company in its reasonable discretion; and (2) a Sale transaction occurs with a buyer procured during the Term of this Agreement or if, at any time after the termination of this Agreement, a Sale transaction occurs with buyer who was first submitted to the Company by a Broker. A "Sale" of the Company shall mean any transaction or event or series or combination thereof, other than in the ordinary course of trade or business, whereby directly or indirectly, control of (a) its tnaflix.com business or (b) a majority interest in the Company's share capital, or its businesses or assets is transferred; such transactions or events to include without limitation a sale or exchange of capital stock or assets (whether in a leveraged acquisition or otherwise), a merger or consolidation, the formation of a joint venture or partnership, or any similar transaction or event.

3.      <u>Expenses</u>. The Company and the Brokers shall each pay their own respective expenses involved in performance of their respective duties under this Agreement.

1

EMC0015002084

Notwithstanding the foregoing, the Company shall reimburse the Brokers for any expense which the Company approves in advance in writing.

4.    Exclusive Relationship.  The Brokers' right to procure a buyer for the Company and the Brokers' right to receive the Commission shall be exclusive from the date first set forth above and continue for one (1) year thereafter (the "Term").  After the initial Term, the Term shall automatically extend in sixty (60) day increments until either party gives at least sixty (60) days written notice of termination to the other party.  During the Term, the Company shall not attempt to sell its assets or stock except through the Brokers and shall promptly inform the Brokers in writing of any inquiries received by the Company regarding a potential sale of the Company's assets or stock.

5.    Confidential Information.  It is anticipated that the Brokers and its employees and agents shall be privy to sensitive and confidential trade information including customer lists, pricing, reimbursement information and other documents, procedures and methods used by the Company all of which are valuable and have been developed by the Company at great expense. Confidential information of any nature that the Brokers acquire regarding any aspect of the Company's business shall be treated in strict confidence. Information so obtained shall not be divulged, furnished or made accessible to third parties without the written permission of the Company. Upon termination of this Agreement, the terms of this paragraph shall remain in effect.

6.    Independent Contractors.  In rendering Services hereunder, the Brokers shall be acting as an independent contractors and not as an employees or agents of the Company.  As independent contractors, neither the Brokers nor the Company shall have any authority, express or implied, to commit or obligate the other in any manner whatsoever, except as specifically authorized form time to time in writing by an authorized representative of the Company, which authorization may be general or specific.   Nothing contained in this Agreement shall be construed or applied to create a partnership, joint venture of other form of business enterprise between the Brokers nor the Company.  Each Broker shall be solely responsible for the payment of its respective federal, state and local taxes with respect to all amounts paid to said Broker under this Agreement.

7.    Assignability.  Neither party shall have the right to assign this Agreement without the written consent of each of the other parties and any unauthorized assignment shall be null and void.

8.    Miscellaneous.

(a)    Entire Agreement. This Agreement (including the exhibits, schedules and other documents referred therein) constitutes the entire agreement between the parties with respect to the subject matter hereof. This Agreement supersedes any and all prior agreements, oral or written, between the parties with respect to the subject matter hereof.

(b)    Severability. If any provision of this Agreement is for any reason declared to be invalid or unenforceable, the validity and enforceability of the remaining provisions shall

2

not be affected thereby. Such invalid or unenforceable provision shall be deemed modified to the extent necessary to render it valid and enforceable, and if no modification shall render it valid and enforceable, this Agreement shall be construed as if not containing such provision and the rights and obligations of the parties shall be construed and enforced accordingly.

      (c)    Amendment, Waiver, Modification or Termination. No amendment, waiver or termination or modification of this Agreement shall be binding unless it is in writing and signed by the Company and the Brokers and dated subsequent to the date hereof.

      **IN WITNESS WHEREOF**, the Company and the Brokers have place their hand and seal on this Agreement:

**COMPANY:**

Youngtek Solutions Ltd.

By: _____
Its:

**BROKERS:**

Boston Law Group, PC

By: Val Gurvits
Its: President


Randazza Legal Group


By: Marc Randazza
Its: President

3

EMC0016002086

# Arbitration Exhibit

# 366

002087

**From:** mjr@randazza.com [mailto:mjr@randazza.com]
**Sent:** Tuesday, August 07, 2012 8:43 PM
**To:** Stevan Lieberman
**Subject:** Hong Kong

I just got a call from our HK counsel.

1)   They spent $80K so far in USD.  Liberty's going to want a little more than $25K to satisfy them on that.  Do what you can.

2)   It seems that we could get this resolved without filing anything in the USA except a joint notice to release the paypal funds, if you want to get on the tel to your HK counsel and have the HK counsel stipulate that say $650K in USD can be transferred from the HSBC account to our attorneys' account in Hong Kong.

3) Then, whatever you guy pay me to retain me would come from your paypal account, and would have no real relevance to that.  I spoke to my partner, who was adamant that we should earn $100K if we're to never be able to sue FF Magnat, Bochenko, Novafile.com, oron.com, etc.  forever and ever.  I got him to go with $75K.  But, for that, we'll provide some really great value -- including a jurisdiction derailing plan that you'll drool over.

What do you think ?



DEFENDANT'S
EXHIBIT
366

EMC003088

# Arbitration Exhibit

# 367

002089

**From:** mjr@randazza.com [mailto:mjr@randazza.com]
**Sent:** Tuesday, August 07, 2012 8:47 PM
**To:** Stevan Lieberman
**Subject:** Retainer

get this back to me asap.  as soon as I get it back, I'll start moving everything else around.



EMC001552
002090

**RANDAZZA** | **LEGAL GROUP**

## LEGAL SERVICES FEE AGREEMENT

This is the written fee agreement ("Agreement") that Florida law requires attorneys to have with their clients. MARC J. RANDAZZA, P.A. d/b/a **RANDAZZA LEGAL GROUP** ("Attorneys") will provide legal services to FF Magnat Limited (referred to collectively as "Client") on the terms set forth below.

1. **CONDITIONS.** This Agreement will not take effect, Attorneys will have no obligation to provide legal services, and absolutely no attorney-client relationship will exist until all of the following conditions are satisfied:
    a. Client returns a signed copy of this Agreement;
    b. Client pays the initial retainer fee, of $75,000.00 called for under paragraph 5, and it is received in Attorneys' trust account;
    c. Client fully resolves all matters, without limitation, with respect to Liberty Media Holdings, LLC, including without limitation performance of the settlement agreement ordered to be enforced by the U.S. District Court for the District of Nevada in Case No. 2:12-cv-01057.

2. **SCOPE OF SERVICES.** Client hires Attorneys to represent Client with respect to general U.S. intellectual property advice and counsel, and general legal advice about Internet law and intellectual property enforcement within the United States. The initial retainer will give client advice and counsel for a period of thirty (30) days immediately following the execution of this agreement. Subsequent representation will be provided on a billed-hourly basis. Representation of Client in any litigation matters or matters beyond this scope must be separately agreed to in writing and a separate retainer will be required. However, even if

This Agreement does not include, unless otherwise specified in paragraph 2 above, representing Client in any state or federal court litigation, writ, cross-claim, appeal or retrial of Client's claim, or for any separate claim or matter not described in this Agreement.

We are deeply committed to the U.S. Constitution, and we will not take any steps in your representation that could directly bring harm to the First Amendment, nor through inaction will we allow harm to come to the First Amendment. In the event that there is a point where First Amendment conflicts with your direct legal interests, we will advise you of this fact and give you the choice of avoiding that conflict or we will allow you to retain alternate counsel.

3. **RESPONSIBILITIES OF THE PARTIES.** Attorneys will provide those legal services reasonably required to represent Client in the matter(s) described in paragraph 2 and will take reasonable steps to keep Client informed of progress and developments, and to respond promptly to inquiries and communications. Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to timely respond to e-mails and phone calls seeking information, to abide by this Agreement, to pay Attorney's bills for fees and/or costs on time, subject to conditions detailed in Paragraph 6, and to keep Attorneys advised of Client's address, telephone number and

Client's initials

EMC001959
002091

Legal Services Fee Agreement
August 7, 2012
Page 2 of 7

whereabouts. Client agrees to appear at all legal proceedings when Attorney deems it necessary, and to generally cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims.

Failure to adhere to these terms, or to make satisfactory payments towards Attorneys' invoices for fees and/or costs, as determined by Attorneys, within 30 days of issuance, will constitute Client's consent to Attorneys' withdrawal from representation.

**4. LEGAL STRATEGY.** Some law firms represent their clients in what can be described as a "scorched earth" manner – pressing any advantage at any time without regard to the consequences. We do not litigate that way. It is our belief that our clients are better served by lawyers who practice law the right way, not the way that some television shows portray the practice of law. Accordingly, you must understand that sometimes litigation is a slow process. There may be weeks, and even months, in which nothing happens in your case. There may also be opportunities for us to take steps that may press a tiny advantage for you in the short term, but in the long term may be harmful to your interests. For example, if the other side requests an extension on a deadline, it is our policy to be courteous and gracious in granting such extensions. You should not interpret this as us "giving in" to the other side; our sense of professionalism and ethics demands it, and ultimately it will serve your interests better in the long run if your attorneys are well respected by the court and by their adversaries. In addition, you acknowledge that attorneys are bound by professional ethical standards and standards of conduct, and that as your Attorneys we fully intend to comply with such standards.

**5. LEGAL FEES.** Attorney's fee shall be calculated as:

    A. An initial retainer of **$75,000.00**; which the parties agree is non-refundable and earned upon receipt.

    B. Hard costs (as defined in Paragraph 6, below) will be not be advanced by Attorneys.

    C. Client agrees to pay Attorneys at the following hourly rates for all representation provided following the thirtieth (30th) day after this Agreement is executed:

| | |
|---|---|
| Marc J. Randazza – Partner | $550 / hr |
| Ronald D. Green - Partner | $400 / hr |
| Jonathane Ricci – Of Counsel | $400 / hr |
| Beth A. Hutchens – Of Counsel | $300 / hr |
| Jason A. Fischer | $350 / hr |
| J. Malcolm DeVoy | $325 / hr |
| Law Clerks and Paralegals | $125 / hr |

Client expressly acknowledges that rates set forth above are not set by law, but are negotiated between Attorneys and Client.[1]

---

[1] We reserve the right to raise these rates periodically.

Client's initials

Legal Services Fee Agreement
August 7, 2012
Page 3 of 7

**Value Billing:** We reserve the right to "Value Bill." Value Billing is a two-way street. Occasionally, if we bill straight-hourly for a matter, the bill may exceed the value of the services rendered. In that case, you may find an entry on your bill where the billable time is less than the actual time spent. On the other hand, we may render services that, if billed hourly, would not compensate us for the value of the services. In cases like that, you may sometimes find a billing entry noted as "value billed" or "flat fee" where we will bill you for the value and not the time.

**Split Billing:** We occasionally have parallel projects for two or more clients, where we can split the billing among multiple clients. We endeavor to do this so that we can save both clients some costs and billing. When we do a split bill, it will be noted on your bill. If the split results in excessive value for the services rendered, we may value bill your portion.

**Our invoices are "net 7." This means that we expect payment to be made within 7 days of the bill being rendered. We will, upon reasonable request, extend this period. However, any extension must be requested via email and must be agreed to via email in less than 7 days from the bill being rendered. Any invoice that is unpaid for 30 days will incur a late fee.**

**BILLING DISPUTES: Client agrees to bring any billing dispute to Attorneys' attention within 14 calendar days of the bill being rendered. This is because as time goes on, memories fade and it may be difficult to recall all details that may go into a billing dispute. If Client disagrees with any billing entry or any particular bill, Attorneys will endeavor to resolve it with you informally. Client agrees that if Client has not raised a concern after 14 days, Client waives the right to challenge the bill in whole or in part. Client further agrees that any bill that is reduced or adjusted pursuant to Client's request or Attorneys' decision to compromise the bill will be from that point forward, unchallengeable, as Attorneys and Client stipulate that Client's payment of a compromised amount will be deemed to be a stipulation that the compromised amount is fair, reasonable, and the result of a settled dispute.**

**Credit Card Payments:** Client agrees that Client waives the right to any charge-back on any credit card payment. In the event that Client makes a payment that Client wishes to reverse, Client must dispute the payment with Attorneys directly, and if this dispute is not resolved to Client's satisfaction, through fee arbitration as provided for elsewhere in this agreement. In any event, all payments are subject to the 14-day dispute period discussed above. Therefore, any chargeback made more than 14 days after the bill is rendered is deemed to be null and void and Client authorizes Attorneys to instruct their credit card company that the chargeback is contractually void.

**6. HARD COSTS AND TRUST ACCOUNTS.** Attorney will incur various costs and expenses ("hard costs") in performing legal services under this Agreement, such as the cost of mediation fees, filing fees, and other similar out of pocket expenses. Client agrees to pay all such costs incurred on Client's behalf. The pre- and post-litigation costs and expenses commonly include: notary fees, deposition costs, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, professional, mediator, arbitrator and/or special master fees and other similar items. With respect to transportation, Attorneys reserve the right to fly in business-class accommodations when traveling to and from client matters, and Client agrees to pay such costs.

Client's initials

Legal Services Fee Agreement
August 7, 2012
Page 4 of 7

As you may know, a law firm's trust account is a special bank account in which funds are deposited which do not belong to the firm. These include, for example, monies belonging to a client which are earmarked for payment of fees or hard costs, along with any other funds, which partially or entirely belong to the client. This is an interest-bearing trust account. However, any interest earned from any trust account deposit will be paid, as required by law, directly by the bank to the Bar Association to fund legal services for indigent persons. In the event that you provide funds to us for costs and fees, these funds will be retained in my trust account, and they will be disbursed from the trust account to our operating account as costs are incurred. Additionally, in the event that you receive an award or payment in any matter for which Attorneys represent you, your funds will be placed in this trust account until they are divided and disbursed. This firm's trust account is maintained in Gloucester, Massachusetts at Bank Gloucester.

**7. ORDER OR AGREEMENT FOR PAYMENT OF ATTORNEYS' FEES OR COSTS BY ANOTHER PARTY.** The court may order, or the parties to the dispute may agree, that another party (such as an insurer or the defendant) will pay some or all of the Client's fees, costs or both. Should that occur, Attorney shall receive as Attorney's fee the amount of the award of attorneys' fees and costs as made by the Court or by agreement of the parties to the dispute, less any fees or costs already paid by Client to Attorneys.

**8. APPROVAL NECESSARY FOR SETTLEMENT.** Attorney will not make any settlement or compromise of any nature of any claim for which Attorneys represent Client without Client's prior approval. Client retains the absolute right to accept or reject any settlement. Client agrees to seriously consider any settlement offer Attorney recommends before making a decision to accept to reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to Attorney.

**9. FEES IN THE EVENT OF DISCHARGE OR WITHDRAWAL.** In the event of Attorney's discharge or withdrawal as provided in Paragraph 10, Client agrees that, upon payment of the settlement, arbitration award or judgment in Client's favor in this matter, Attorney shall be entitled to be paid by Client a reasonable fee for the legal services provided. Such fee shall be determined by considering the following factors:

    A. The actual number of hours expended by Attorney in performing legal services for Client;

    B. Attorney's hourly rates;

    C. The extent to which Attorney's services have contributed to result obtained;

    D. The amount of the fee in proportion to the value of the services performed;

    E. The amount of recovery obtained;

    F. Time limitations imposed on Attorney by Client or by the circumstances; and

    G. The experience, reputation and ability of personnel performing the services.

Client agrees that the non-discount market value for Attorney services are the rates set in Paragraph 5.C of this Agreement.

**10.   ATTORNEY DISCHARGE AND WITHDRAWAL.**  The attorney-client relationship is one of mutual trust and confidence. Client may discharge Attorney at any time.  Attorney may withdraw with Client's consent, or for good cause.  Good cause includes Client's (1) breach of this Agreement, including failure to pay Attorney's fees and costs; (2) refusal or failure to be candid and truthful with Attorneys or to cooperate or to follow Attorneys' advice on a material matter or any fact or circumstance that would render Attorneys' continuing representation unlawful or unethical; and (3) if Attorneys are required to withdraw by law or by the rules of ethics governing attorneys.

**11.   DISCLAIMER OF GUARANTEE AND ESTIMATES.**  Nothing in this agreement and nothing in Attorneys' statements to Client will be construed as a promise or guarantee about the outcome of any matter for which Client has retained Attorneys. Attorney makes no such promises or guarantees.   Attorney comments about the outcome of the matter are expressions of opinion only.  Any estimate of fees given by Attorneys shall not be a guarantee or enforceable promise of fees to be incurred.  Actual fees may vary from estimates given.

**12.   CONCLUSION OF SERVICES.**  When Attorneys' services conclude, all unpaid charges will immediately become due and payable.  Attorneys are authorized to use any funds held in Attorney's trust account as a deposit against costs to apply to such unpaid charges.  After Attorneys' services conclude, upon request, Client's file and property will be delivered to Client whether or not Client has paid any fees and/or costs owed to Attorneys.   Client understands that Attorneys will retain a copy of her file at the Client's expense if the file is returned to Client.

**13.   ENTIRE AGREEMENT.**  This Agreement contains the entire Agreement of the parties.  No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

**14.  SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**.  If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be binding on the parties.

**15.   MODIFICATION BY SUBSEQUENT AGREEMENT**.   This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

**16.   GOVERNING LAW AND DISPUTE RESOLUTION.**    As our firm is headquartered in Miami, Florida, this agreement is governed by the laws of the State of Florida with venue limited to any court in Miami-Dade County having jurisdiction; however, any judgment or arbitration award is enforceable in any court having jurisdiction.   You agree to submit to binding arbitration in connection with any attorneys' fee dispute arising out of this agreement.  Such arbitration shall be conducted in accordance with the Rules Regulating the Florida Bar.

**\*\*\*NOTICE: This agreement contains provisions requiring arbitration of fee disputes. Before you sign this agreement you should consider consulting with another lawyer about the advisability**

Client's initials

002095

Legal Services Fee Agreement
August 7, 2012
Page 6 of 7

of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.***

**17. LIEN AND GUARANTEE.** Client hereby grants Attorneys a lien on any and all claims or causes of action that are the subject of this engagement. The lien will be for any sums owing to Attorneys at the conclusion of services performed. The lien will attach to any recovery you may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorneys may be able to compel payment of fees and costs from any such funds recovered on your behalf even if Attorneys have been discharged before the end of the case. **Because a lien may affect your property rights, you may seek the advice of an independent lawyer of your choice before agreeing to such a lien. By signing this letter, you represent and agree that you have had a reasonable opportunity to consult such an independent lawyer and—whether or not you have chosen to consult such an independent lawyer— you agree that Attorneys will have a lien as specified above.**

The Client's signatory to this document personally guarantees Client's legal fees, and further agrees to joint and several liability for all legal fees incurred by Client in the event of non-payment. The foregoing section thus may affect the rights of the individual signatory, and all disclaimers therein apply to the signatory as well as the Client.

**18. EFFECTIVE DATE.** The effective date of this Agreement will be the date when, having been executed by Client, it is received by Attorneys and the retainer fee, if any, described in Paragraph 5 is received. This Agreement will govern all legal services performed by Attorneys on behalf of Client commencing with the date Attorneys first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorneys the reasonable value of any services Attorneys may have performed for Client.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

Client's initials

002096

Legal Services Fee Agreement
August 6, 2012
Page 7 of 7

**19. CONSULTATION WITH SEPARATE ATTORNEY.** Client acknowledges that she/he has read and fully understands all of the terms and conditions of this Agreement before signing it, and has been given ten (10) days to contact another attorney to review this fee agreement. Client acknowledges that MARC J. RANDAZZA, P.A., d/b/a RANDAZZA LEGAL GROUP has recommended to Client that Client seek the services of a separate attorney to review this fee agreement. Client further acknowledges that he/she is able to request, in writing, more time to accomplish the review, should ten days not be adequate.

_____ (Client's initials)

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS CONTAINED IN THESE SEVEN (7) PAGES, AND AGREE TO THEM AS OF THE DATE ATTORNEYS FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.**

DATED: _____          By: _____

                                            FF Magnat Limited


DATED: August 6, 2012                 RANDAZZA LEGAL GROUP

                                      By: _____
                                            Marc J. Randazza, Esq.

EMC001959
002097

## AUTHORIZED CLIENT CONTACT INFORMATION

CLIENT NAME: _____

COMPANY NAME: _____

MAILING ADDRESS: _____

_____

_____

_____

CELL PHONE: _____

ALTERNATE PHONE: _____

EMAIL ADDRESS: _____

WEBSITES(S): _____

_____

_____

PERSONS AUTHORIZED TO DISCUSS LEGAL MATTERS
FOR COMPANY OR ORGANIZATION:

_____

_____

NOTES: _____

_____

_____

# Arbitration Exhibit

# 368

From: mjr@randazza.com [mailto:mjr@randazza.com]
Sent: Friday, August 10, 2012 5:16 PM
To: Val Gurvits
Subject: Re: Agreement (oron)

ok. Write up the stip (I'm driving back from Phoenix).

We move $675,000.

I think we can deal with the other thing by saying the $75k is released to my trust for a settlement with me personally.
It's not a retainer for services, but rather a settlement    That might work.


-------- Original Message--------
Subject:: Re: Agreement (oron)
From: Val Gurvits &lt;gurvits@bostonlawgroup.com&gt;
Date: Aug 10, 2012 1:51 PM
To:: "mjr@randazza.com" <mjr@randazza.com>
CC:


That works for Oron.


Val
Sent from my iPhone

On Aug 10, 2012, at 11:16 AM, "mjr@randazza.com" <mjr@randazza.com> wrote:

> deposit funds with the court.
>
> -------- Original Message--------
> Subject:: Re: Agreement (oron)
> From: Val Gurvits &lt;gurvits@bostonlawgroup.com&gt;
> Date: Aug 9, 2012 6:43 PM
> To:: "mjr@randazza.com" <mjr@randazza.com>
> CC:
>
>
> Nah. I am trying to tell you that you can trust ME. let me bat this issue around. I am sure we can agree on a work around.
>
>
> Val
> Sent from my iPhone

1

DEFENDANT'S
EXHIBIT
368

>
> On Aug 9, 2012, at 9:34 PM, "mjr@randazza.com" <mjr@randazza.com> wrote:
>
>> There isn't the slightest chance that we will agree to be funds being put in your trust account.
>>
>> I could agree that the funds may be deposited with the court. That way, the court will hold them until we feel that we've gotten to a point where things are proper for disbursement.
>>
>> However, the amount must be a $550,000 plus any anticipated attorneys fees. I would say it should be the full amount of our fees, with the remainder over and above anything that is really do to us in this first right back to your trust account as soon as we wrap things up.
>>
>> Realistically, if the funds going to your trust account, I would bet my children's lives that you would (for the right amount of money) convert them into gold bars and deliver them to Moldova yourself.
>>
>> These guys fucked up. They made a deal, they fucked around, and now they want me to trust that putting the funds into their attorney's account will not present any difficulties?
>>
>> I appreciate that you entered into negotiations with me in order to buy them some time. I'm not sure what they were doing with that time but every step of the way they have tried to screw us.
>>
>> First, we were trying to set up a mediation. However, during that time they were trying to explore options to file a declaratory judgment action against us in Hong Kong or Germany.
>>
> Then they made a settlement agreement which they refused to perform under.
>>
>> But now, after all that, I should trust them. Is that what you're trying to tell me?
>>
>>
>>
>>
>>
>> -------- Original Message--------
>> Subject:: RE: Agreement (oron)
>> From: Val Gurvits &lt;gurvits@bostonlawgroup.com&gt;
>> Date: Aug 9, 2012 5:28 PM
>> To:: "mjr@randazza.com" <mjr@randazza.com>
>> CC:
>>
>>
>> Yeah, but I am assuming that I can convince the court that the frozen funds constitute good bond, or I can get an order releasing enough $ to place into a bond.
>>
>> Val Gurvits
>> Boston Law Group, PC
>> 825 Beacon Street, Suite 20
>> Newton Centre, MA 02459
>> (617) 928-1804 direct
>> (617) 928-1800 main
>> (617) 928-1802 fax
>> vgurvits@bostonlawgroup.com
>>

2

>> -------------------------------------------------------------------
>> ------ The contents of this message and any attachments are
>> confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.
>>
>> Boston Law Group, PC
>> tel: 617/928-1800
>> e-mail: info@bostonlawgroup.com
>>
>> -----Original Message-----
>> From: mjr@randazza.com [mailto:mjr@randazza.com]
>> Sent: Thursday, August 09, 2012 8:20 PM
>> To: Val Gurvits
>> Subject: RE: Agreement (oron)
>>
>> A notice of appeal stays nothing without a bond, you know.
>>
>> -------- Original Message--------
>> Subject:: RE: Agreement (oron)
>> From: Val Gurvits &lt;gurvits@bostonlawgroup.com&gt;
>> Date:: Aug 9, 2012 4:28 PM
>> To:: "mjr@randazza.com" <mjr@randazza.com>
>> CC: "Evan Fray-Witzer" <Evan@CFWLegal.com>
>>
>> Marc,
>>
>> Here's my current draft of the Settlement Agreement.  Note that the payment terms of Section 1 reflect that I hold the escrowed funds - which is not what and I discussed yesterday, but which Oron requested (lack of trust :).  I put some pretty stern conditions on my actions in that regard with which I hope you will be satisfied - take a look.
>>
>> Although it goes without saying, this is only a working draft and no agreement will be in effect until it is signed by both parties.
>>
>> Lastly, I will likely have to file a Notice of Appeal in order to save Oron's rights (given that it has to be filed within 10 days of the order).  Will you agree not to enforce the execution while we are papering this.  If you do agree, I can then skip asking to stay the execution while the appeal is pending.
>>
>> Best,
>>
>> Val Gurvits
>> Boston Law Group, PC
>> 825 Beacon Street, Suite 20
>> Newton Centre, MA 02459
>> (617) 928-1804 direct
>> (617) 928-1800 main
>> (617) 928-1802 fax
>> vgurvits@bostonlawgroup.com
>>
>> -------------------------------------------------------------------
>> ------ The contents of this message and any attachments are
>> confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.

EMC002102

>>
>> Boston Law Group, PC
>> tel: 617/928-1800
>> e-mail: info@bostonlawgroup.com
>>
>> -----Original Message-----
>> From: mjr@randazza.com [mailto:mjr@randazza.com]
>> Sent: Thursday, August 09, 2012 6:44 PM
>> To: Val Gurvits
>> Subject: RE: Agreement (oron)
>>
>> Ok.  I'm driving to Phoenix in a few hrs.
>>
>> -------- Original Message--------
>> Subject:: RE: Agreement (oron)
>> From: Val Gurvits &lt;gurvits@bostonlawgroup.com&gt;
>> Date: Aug 9, 2012 2:57 PM
>> To:: "mjr@randazza.com" <mjr@randazza.com>
>> CC:
>>
>>
>> In the office working on it feverishly... (got sidetracked in court this morning on some unrelated bs).
>>
>> Val Gurvits
>> Boston Law Group, PC
>> 825 Beacon Street, Suite 20
>> Newton Centre, MA 02459
>> (617) 928-1804 direct
>> (617) 928-1800 main
>> (617) 928-1802 fax
>> vgurvits@bostonlawgroup.com
>>
>> ----------------------------------------------------------------
>> ------ The contents of this message and any attachments are
>> confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.
>>
>> Boston Law Group, PC
>> tel: 617/928-1800
>> e-mail: info@bostonlawgroup.com
>>
>> -----Original Message-----
>> From: mjr@randazza.com [mailto:mjr@randazza.com]
>> Sent: Thursday, August 09, 2012 5:56 PM
>> To: Val Gurvits
>> Subject: Agreement (oron)
>>
>> Val, you have something for me?  Day is getting old....
>>
>>
>>
>

4

# Arbitration Exhibit

# 372



## TANNEBAUM
## WEISS
ATTORNEYS AT LAW

June 13, 2013

Ms. Annemarie Craft
Attorney Consumer Assistance Program
The Florida Bar
651 East Jefferson Street
Tallahassee, Florida 32399

RE: Marc J. Randazza 2013-00,882(2B)

Dear Ms. Craft:

Below is Mr. Randazza's response to the above-mentioned inquiry. The Certificate of Disclosure will arrive under separate cover as Mr. Randazza is currently out of the country and we are awaiting a signed copy.

### INTRODUCTION

Mr. Gibson seeks Bar Discipline of his former General Counsel, Marc J. Randazza. This complaint is made in Florida simply because Mr. Randazza is a Member in Good Standing of The Florida Bar, but Mr. Randazza understands that Mr. Gibson wishes to seek discipline in every state in which Mr. Randazza is admitted.

Mr. Gibson, claims that "writing this complaint is not empowering or cathartic," and that he "has not composed or submitted this complaint out of anger or spite." That being the case, undersigned counsel will refrain from addressing the comments about Mr. Randazza failing a part of the Nevada Bar or the specious backhanded innuendo about him possibly cheating on his wife. Perhaps though, Mr. Gibson's "disappointed circumstances" "that have left me feeling compelled to do so" include the circumstance that Mr. Gibson is in the middle of arbitration with Mr. Randazza.

None of Mr. Gibson's allegations warrant a serious look, as the explanations below will dispel any notion that Mr. Randazza engaged in any, much less a "host of questionable activities" or "unethical actions unbefitting a licensed attorney."

### RANDAZZA'S "TERMINATION"

Contrary to Mr. Gibson's assertion that Mr. Randazza ("RANDAZZA") ended his relationship with Mr. GIBSON ("GIBSON") by his abrupt resignation, he was actually terminated. RANDAZZA sent GIBSON, an e-mail stating that he would be forced to withdraw from representing Liberty Media Holdings LLC in active litigation if their relationship, which

Museum Tower
150 West Flagler Stree
Penthous
Miami, Florida 3313
Telephone: (305) 374-785
Telefax: (305) 374-008
Toll Free: (866) 374-785
info@tannebaumweiss.con
www.tannebaumweiss.con



DEFENDANT'S
EXHIBIT
372

EMC001605
002105

GIBSON had made openly hostile, did not improve, and that he had a suggestion for improving that relationship. GIBSON told RANDAZZA that he "accepted my resignation" and terminated RANDAZZA'S employment in his response. RANDAZZA'S e-mail in response stated that he did not resign, nor was it his intention to do so. See Exhibit A.

RANDAZZA did not inquire about a full time job, GIBSON initially reached out and solicited RANDAZZA. (See Exhibit B.) RANDAZZA reached out to GIBSON to see if his companies were still looking for in-house counsel. RANDAZZA initially inquired about what he could do to retain them and move on from his firm, which evolved into a discussion as to whether RANDAZZA should move in-house with them – a discussion they initiated.

### THE $75,000 "BRIBE."

RANDAZZA used the term "bribe" for the $75,000 payment in the same sense as someone frustrated with their child says "I am going to kill you." It was not a bribe, it was a term.

"Oron" was a file-sharing website run by FF Magnat Limited, a Hong Kong limited company run by Russians living in Europe and the US. Liberty Media Holdings, LLC, Excelsior's alter-ego that owns all of the intellectual property for the "Corbin Fisher" brand, sued the site for approximately $34 million in copyright infringement damages. Liberty filed suit in mid-June; Oron settled in early July for $550,000. Part of the reason for this early success was Liberty's decision (at RANDAZZA'S urging) to seek a Mareva injunction in Hong Kong, as much of Oron's money was held in banks outside the United States.

From July through August 2012, Liberty and Oron litigated over whether the settlement agreement was actually a binding settlement agreement. In early August, the Court held that the settlement agreement was valid and entered judgment in Liberty's favor, which was collected from Oron's PayPal account (and remains in RANDAZZA'S trust account today).

Oron appealed this decision. As part of a blanket resolution of the whole matter, Oron's successor counsel suggested a payment that would include $75,000 for RANDAZZA to not represent others against the site. RANDAZZA did not seek or solicit this payment; it was offered by Oron's counsel. In fact, this is a frequent issue in litigation involving Liberty.

In RANDAZZA'S first interaction with this attorney, Valentin Gurvits, Mr. Gurvits offered RANDAZZA a similar payment. RANDAZZA informed Mr. Gibson that Gurvits had offered RANDAZZA that payment and Gibson asked what it meant. RANDAZZA explained to him that essentially he wanted to "bribe" RANDAZZA to never sue his client again. (This is in a case against TNAflix.com) GIBSON actually encouraged RANDAZZA to take it if this would facilitate the settlement with TNAflix. However, RANDAZZA explained to both Mr. Gurvits and GIBSON that RANDAZZA would not accept payment in exchange for a limitation on who RANDAZZA could represent or not represent in the future. No payment in the TNAflix case was made to RANDAZZA.

Subsequently, RANDAZZA had a case involving Liberty Media and Megaupload. In that case, the attorney on the other side made a similar overture. He wanted to pay RANDAZZA an



TANNEBAUM
TW WEISS
ATTORNEYS AT LAW

undisclosed sum in order to never sue his client again. RANDAZZA explained to him that he did not feel comfortable taking that offer. GIBSON was well aware that this had been offered and tried to encourage RANDAZZA to take it in order to facilitate settlement.  Ultimately, it was taken off the table by the time the final settlement was made because RANDAZZA insisted upon a provision in the settlement agreement that nothing in the agreement would be construed to benefit RANDAZZA, or any party other than Liberty.  (See Exhibit C)

When Mr. Gurvits reappeared in the Oron matter, one of his initial overtures was to attempt to find a way to keep RANDAZZA from being opposing counsel against this client in the future. When Mr. Gurvits made this offer, RANDAZZA reminded him that this was not something with which he was comfortable. Mr. Gurvits then suggested that he would get $75,000 from the Oron frozen funds (note: this was $75,000 over and above the $550,000 settlement, therefore no money came from Liberty) and Mr. Gurvits stated that it was his intention to use those funds to retain RANDAZZA as his co-counsel after the matter was settled.

RANDAZZA explained to him that he would need to disclose this to his client, and that, if he were to do so, it could not be used to conflict RANDAZZA out of a future dispute between his client and Liberty Media. At that point, Mr. Gurvits provided RANDAZZA with a draft settlement agreement that called for $75,000 to be transferred from his client's account to his trust account. Based on prior dealings with Mr. Gurvits, RANDAZZA never expected to see the $75,000.

The $75,000 was to be paid to Gurvits' trust account.  RANDAZZA explained to GIBSON that, if possible and if the money was ever actually paid, it would be given to Liberty as the proceeds of the settlement. RANDAZZA did explain to GIBSON that if it were given to RANDAZZA as attorney's fees, there may be an ethical issue with sharing fees with a non-lawyer and that he would need to research this issue. Provided that it could be shared though, RANDAZZA'S only interest in the $75,000 would have been the 25% non-discretionary bonus RANDAZZA would receive from any such distribution. This payment and other consideration was contemplated to satisfy Liberty's judgment against Oron and conclude litigation pending in Hong Kong, Nevada, and the U.S. Court of Appeals for the Ninth Circuit.

Whenever such an offer was made to RANDAZZA, it was never included as a factor in any settlement agreement, nor did RANDAZZA ever accept funds under those conditions.

Every time one of these arrangements came up, GIBSON encouraged RANDAZZA to take the money if it meant that GIBSON would get his settlement more quickly.  At the time, all that had occurred were negotiations and discussions.  RANDAZZA had not accepted any offer from Val Gurvits. RANDAZZA'S communications with GIBSON were made to satisfy RANDAZZA'S ethical duties to apprise his client of all settlement offers.

### ALL FEE MOTIONS WERE PROPER AND AUTHORIZED

GIBSON was aware of RANDAZZA'S fee motions. See Exhibit D, where GIBSON acknowledges the need for a law firm to ensure he receives an award of attorneys' fees. RANDAZZA'S fee motion and affidavit were supported by existing federal law concerning the



calculation of "reasonable" attorneys' fees under a lodestar analysis of the kind used in their fee motion.

Courts have held that attempts to restrict "reasonable attorney fees incurred" to "reasonable attorney fees actually incurred" constitute an impermissible "legislative rewrite" of such laws. Raney v. Fed. Bureau of Prisons, 222 F.3d 927, 934 (Fed. Cir. 2000). When reasonable attorney's fees, the Federal Circuit noted that: "the courts have neither interpreted the 'incurred' term in these statutes to restrict or limit the payment of fees to those actually incurred, nor prevented market-rate fees from being awarded." Raney, 222 F.3d at 934.

What Liberty and/or Excelsior paid, agreed to pay, thought it agreed to pay, or did not yet pay, for RLG's services does not affect the request for reasonable attorney's fees. "[T]he fact that a client paid the bills does not determine reasonableness" Catapult Comm's Corp. v. Foster, Case No. 06 C 6112, 2010 WL 659072 at *3 (N.D. Ill. Feb. 19, 2010). The fact that a client "did not actually pay attorneys' fees out of pocket" cannot "preclude an award of reasonable attorneys' fees." Deininger & Wingfield, P.A. v. IRS, Case No. 4:08-cv-00500-JLH, 2009 WL 3047576 at *2 (E.D. Ark. Sept. 18, 2009). Courts award fees at the market rate – not the rate a client actually paid. Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix, Corp., 73 F.3d 150, 153 (7th Cir. 1996); see Medcom Holding Co. v. Baxter Travenol Labs., Inc., 200 F.3d 518, 520 (7th Cir. 1999) (analyzing reasonableness using the market's mechanisms).

RANDAZZA researched this many times over the years and made sure to specifically contact the State Bar of Nevada's ethics hotline after GIBSON started making it an issue. When provided with the information underlying this dispute, the bar ethics attorney concluded there was no issue. The memorandum concerning this phone call is attached as Exhibit E.

## USE OF RANDAZZA LEGAL GROUP ATTORNEYS

Randazza Legal Group (RLG) was formed December 30, 2008 – four months before contacting Excelsior about whether they were still seeking an in-house attorney. See Exhibit F; compare to Exhibit B. RANDAZZA did not assign Liberty or Excelsior's work to RLG attorneys without the expectation of payment. The relationship between Liberty, Excelsior and RLG was always one of symbiotic benefit. RANDAZZA explained to GIBSON early on that one attorney could not handle all of the litigation for his companies. GIBSON frequently had matters in states where RANDAZZA was not licensed. For example, one of RANDAZZA'S partners in RLG, was licensed in California before RANDAZZA was licensed in California. Accordingly, the partner had to work on California matters. Prior to RANDAZZA'S admission in Nevada, and associate of RLG was the only RLG attorney licensed in Nevada and handled Nevada matters.

RANDAZZA did not wish to make a profit on any RLG attorneys. Therefore, he would calculate (to the best of his ability) what his actual costs for each person was and would discount the bills accordingly. If RANDAZZA had hired outside counsel, it would have been at market rates. Because of the RLG relationship, GIBSON and his companies enjoyed a massive discount (usually about 75%) of market rates. There is an invoice attached as Exhibit G, which acknowledges the relationship. From that point forward, this was always how things worked. There was never an objection nor request that the RLG attorneys work for Liberty for free.



## CONFLICTS OF INTEREST

GIBSON'S complaint generalizes that RANDAZZA'S representation of other clients created a conflict of interest without stating one specific instance where there a. was a conflict of interest, b. that was not disclosed or discussed, or c. resulted in any prejudice to GIBSON.

Specifically:

## BANGBROS

RANDAZZA was never asked to do legal work to resolve the presence of Liberty's content on BangBros tube sites. Prior to RANDAZZA'S termination from Liberty/Excelsior he was not even aware that any company with any common interest owned tube sites. To RANDAZZA'S knowledge, they don't own tube sites.

In the spring or summer of 2012, GIBSON entered into discussions to potentially purchase Sean Cody, a rival company.  During a meeting, it was revealed to RANDAZZA that the company was considering using a funding source that was going to charge approximately 30% interest. RANDAZZA was aware that BangBros and its principals were frequently willing to finance projects of this nature and given his relationship with their general counsel, he asked him what type of financing deal he could give to Corbin Fisher in order to do a favor for RANDAZZA'S client. Their general counsel's answer was that Corbin Fisher should find the best rate possible and then present it to BangBros and BangBros would then beat this figure. The interest rate they discussed was 20%, lower than the 30% they were considering. During these discussions, RANDAZZA did disclose to Corbin Fisher that he did work for BangBros. RANDAZZA disclosed this to GIBSON, Brian Dunlap, Aaron Anderson, and Brian Lowderman. RANDAZZA recalls saying "I do work for their general counsel, who never makes a move when it comes to intellectual property matters without calling me."

There were weekly executive meetings in which RANDAZZA discussed this possible financing source.  RANDAZZA recalls telephoning BangBros' general counsel at one point during a meeting and putting him on speakerphone to discuss the deal. The deal never went past discussions, but RANDAZZA considered it to be a success on behalf of Corbin Fisher that he was able to find a source of funding who was going to guarantee that they could beat any other rate. BangBros was willing to do this because they were grateful to RANDAZZA for services he had provided to their general counsel in the past.

Note that RANDAZZA was asked to waive his customary finder's fee. Normally if RANDAZZA were to find someone funding at a low interest rate, he would expect to be compensated. During the meetings, RANDAZZA learned that there was a finder's fee for the 30% financing rates, and Henry Leonard, the CFO of the company, also confirmed that there is usually a finder's fee for the person that finds financing.  RANDAZZA explained in the meetings that he would waive any "finder's" fee for his part in securing financing as his sole interest was the financial wellbeing of Corbin Fisher, as that was a key element of RANDAZZA'S income



and if GIBSON had a savings of hundreds of thousands of dollars in interest because of RANDAZZA'S work he would expect that GIBSON would appreciate it.

BangBros has outside counsel and uses attorneys from different law firms. RANDAZZA'S relationship with BangBros is not limited to one case, but he is not involved with all of their affairs. The only contact RANDAZZA has is with one of their other lawyers who asks RANDAZZA questions and asks for assistance on his matters involving BangBros. RANDAZZA has never had a direct conversation with anyone at BangBros about representation. This is a relationship that was disclosed to GIBSON and the rest of the executive team on multiple occasions.

Regarding the BangBros financing of Excelsior's buyout of Cody Media, there never was an agreement.

<div align="center">XVIDEOS</div>

RANDAZZA initially represented XVideos when a dispute arose between them and clients of a friend of RANDAZZA. That friend sent a threat to another adult industry lawyer who responded negatively. RANDAZZA had met XVideos' French attorneys at some point in 2009. When the plaintiff's attorney contacted RANDAZZA and asked if he knew anything about XVideos, RANDAZZA called their French attorney and he told them to talk to RANDAZZA. At that point, RANDAZZA agreed to assist with resolving the dispute. He specifically stated that if litigation ensued, he would not continue representing them. Most of the negotiations were done by one of RANDAZZA'S partners, although RANDAZZA did have a role in the matter. After that, RANDAZZA did not do any work for XVideos. RANDAZZA maintained communication with them and utilized the fact that he had a direct line of communication to their CEO to continually forward CF takedown requests to that company, which were acted on much more quickly and much more thoroughly because of RANDAZZA'S prior relationship with XVideos.

In 2010, RANDAZZA influenced XVideos to sign on to a project involving the entire adult entertainment industry. A company known as Vobile created a digital fingerprinting system. Vobile, through RANDAZZA'S efforts, signed up XVideos as the first tube site to participate in its program. By participating in the program, XVideos agreed to fingerprint every single bit of content that anyone sent them and to actively and passively remove that content from their servers. This created an automated system that would detect videos and then allow the content owner to control what happened to those videos. Therefore, if a third party uploaded a Corbin Fisher video to XVideos, XVideos would automatically detect it and then transform it either into a blank page or into even an advertisement for Corbin Fisher. Corbin Fisher was able to participate in the program for free and all it had to do was have someone upload its videos to the fingerprinting site so that the videos could be detected. This created a symbiotic and cooperative relationship between Corbin Fisher and XVideos. Throughout the next few months, GIBSON refused to assign anyone to upload the videos. However, he was getting a great benefit from Vobile and XVideos was doing what it could in order to police its content. The problem was that anytime GIBSON brought an issue to RANDAZZA about XVideos, which was infrequent and informal, RANDAZZA would address it directly with XVideos' management who would inform



<div align="center">TANNEBAUM WEISS<br/>ATTORNEYS AT LAW</div>

EMC001610<br/>002110

RANDAZZA that if the content had been properly fingerprinted it never would have appeared on the site in the first place. Then PornGuardian would manually add it to the fingerprint database.

The one incident in which GIBSON brought up a fair use issue was regarding a compilation video where it was clearly fair use. A case, Lenz v. Universal, had come out recently in which Universal Music was held to be potentially liable for sending a DMCA takedown notice when something was fair use. RANDAZZA'S argument that it was fair use was not to protect XVideos. It could not have been to protect XVideos, because XVideos did not originate the content. RANDAZZA'S advice that it was fair us was to protect Corbin Fisher from a Lenz v. Universal type lawsuit, which would have subjected his client to the opponent's attorney's fees under 17 U.S.C. § 512(f).

### TITAN MEN AND KINK.COM

RANDAZZA represented Kink.com before he started working for Corbin Fisher and did not do much for them thereafter. He has been counsel of record with them on matters of public record for many years. With respect to TitanMen, the only case in which he had any representation of them was where he signed a pro hac vice motion for another lawyer who was TitanMen's general counsel.

### PORN GUARDIAN

RANDAZZA and RLG have represented PornGuardian since January 2011, providing intellectual property advice and counsel with respect to analyzing various websites' DMCA compliance, advising PornGuardian on how to comply with the DMCA in providing its services to clients, and attempting to identify an individual who hacked into PornGuardian's website. The relationship between PornGuardian and Corbin Fisher was merely one of a vendor of services. PornGuardian provides a flat fee service of $800.00 per month to take down infringing videos.

### BOYPROFITS / PRIDETUBE

BoyProfits / PrideTube is operated by a client or RANDAZZA, SSC Group LLC, as one of its many product lines. To the best of RANDAZZA'S knowledge, PrideTube and Excelsior/Liberty never consummated a business relationship.

### EXPENSIFY

RANDAZZA represented Expensify pro bono in the registration of its trademark with the U.S. Patent and Trademark office. Expensify paid only the fee for its trademark registration application. RANDAZZA has not done any other work for Expensify.

### ALLEGED DISPUTES BETWEEN EXCELSIOR AND OTHER ENTITIES

There were no disputes between Excelsior and Titan Men, BoyProfits/PrideTube, or Kink. PornGuardian provided automated piracy removal services for Excelsior and Liberty, and although GIBSON often ruminated about firing them for reasons unclear to RANDAZZA,



TANNEBAUM
WEISS
ATTORNEYS AT LAW

EMC001611
002111

Excelsior never considered legal action against them. RANDAZZA was not aware that Excelsior was seriously considering legal action against XVideos, but did know that they wanted their content removed from that site.

There was one time that GIBSON called RANDAZZA into his office and told him that he wanted to file a lawsuit against XVideos. RANDAZZA contacted Larry Walters and XVideos and told them he could not represent XVideos in an upcoming dispute and that Corbin Fisher wanted to sue them. XVideos expressed shock at this as they were a signatory to the Vobile agreement and thus believed themselves to be immunized from suit from other Vobile members, including Corbin Fisher. RANDAZZA explained this didn't matter and that GIBSON wanted to sue them, RANDAZZA was going to have to do that. XVideos understood and retained Larry Walters. Inexplicably, a few hours later, GIBSON called RANDAZZA into his office and told him "Never mind." At that point, RANDAZZA believed any conflict was dispelled. Nevertheless, Larry Walters remained as counsel.

### ATTORNEY JASON FISHER

Jason Fisher is of counsel to the firm. His time and pay are divided between RANDAZZA and a lawyer for BangBros, not BangBros the company as alleged. Mr. Fisher has worked on a number of Excelsior matters, but mostly copyright enforcement issues. He has done work for BangBros under one of their lawyers.

### THERE WAS NO DESTRUCTION OR REMOVAL OF FILES

No legal files were removed, only personal property. No company files were deleted. All of Excelsior's files, and files for its related companies, were kept in cloud storage within RLG's control. Any files that were wiped from the employer-issued laptop were personal files that may have temporarily resided on the machine due to incidental e-mail use, ranging from personal tax information to family photographs. Because of GIBSON'S hostile behavior towards RANDAZZA, RANDAZZA deleted these files so GIBSON could not use them against RANDAZZA to harass his family (or provide them to people who would, such as Crystal Cox – against whom RANDAZZA'S family and RANDAZZA have had to commence litigation due to her stalking and harassment – and whom RANDAZZA believes GIBSON has contacted in the past) or steal RANDAZZA'S identity – something GIBSON has partially done in the past without RANDAZZA'S knowledge.

Nevada, the center of this civil dispute, recognizes a strong common law retaining lien on client files when the attorneys' bills are unpaid. This retaining lien is a common law lien, and may be waived, in whole or in part, by turning over the client's files while an unpaid balance remains due. Figliuzzi v. Eighth Judicial Dist. Ct., 111 Nev. 338, 890 P.2d 798 (1995); see In re Kaufman, 93 Nev. 452, 567 P.2d 957, 960 (1977); Morse v. Eighth Judicial Dist. Ct., 65 Nev. 275, 281, 286, 195 P.2d 199, 202, 204 (1948). RLG is currently engaged in litigation against Excelsior regarding its unpaid fees of between $21,000 and $81,000, and is following Nevada Rule of Professional Conduct 7(d), which allows RLG to retain the client's file "to the extent permitted by other law."



TANNEBAUM WEISS
ATTORNEYS AT LAW

EMC001612
002112

RANDAZZA'S company iPhone will not be returned to Excelsior for the same reasons explained above. His phone contains files and data that are personal, and not work-related and which are even more private than those deleted from his work laptop. RANDAZZA has already agreed to allow Excelsior an offset for the value of the phone against any award he may obtain against the company during arbitration.

## DISBURSEMENT OF TRUST ACCOUNT FUNDS

As to the entire collected $550,000 in RANDAZZA'S trust account, these are disputed funds because of RANDAZZA'S unpaid, non-discretionary bonuses arising from the $550,000, the $131,797.50 fee award, and unpaid wages, severance, and reimbursements. The value of those clear contractual obligations amounts to all, substantially all, or more than this fee award. Additionally, Randazza Legal Group has a claim to upwards of $81,000 of these funds as payment for services in the Oron litigation. As a result, these funds are disputed.

As to Excelsior's entitlement to the $30,000.00 minus RANDAZZA'S 25% non-discretionary bonus, this is not in dispute. (Pursuant to Section 3(C) of RANDAZZA'S employment contract, Exhibit H.) However, the ongoing arbitration between RANDAZZA and Excelsior, and RLG's litigation against Liberty, renders these funds in dispute. There are other claims to this money arising from RANDAZZA'S and RLG's relationship with Excelsior and Liberty that creates a dispute. Under the Rules, it must be held in trust.

## RANDAZZA DID NOT "GUARANTEE" ANY RECOVERY

RANDAZZA did not guarantee any recovery of funds. "Guarantee" is taken out of context, just like the "bribe." The use of Hong Kong counsel to secure a Mareva injunction in the Oron case was essential to its success. Without a worldwide injunction on its funds, its money outside of the U.S. would be spirited away and the litigation would have resulted in little gain. In a contingency-type arrangement, GIBSON required RANDAZZA to commit $25,000 in personal funds to this effort for it to proceed. RANDAZZA did so, and has not been paid back. GIBSON fails to mention that the promissory note was last left in his possession and in Excelsior's offices when RANDAZZA, while traveling in Massachusetts, was terminated from the company.

## CONCLUSION

This is an active civil dispute between former attorney and client. While there are multiple issues, they are not ethical issues. The Bar discipline system exists to resolve ethical issues of lawyers, not referee an arbitration. The purpose of this complaint is not to report an unethical lawyer, but a lawyer of which the client is currently in arbitration over large amounts of funds, all being properly kept as disputed funds in trust. In fact, the complainant refuses to resolve any of these disputed funds issues because RANDAZZA is due monies.

Two things are clear, Mr. Gibson is unhappy with Mr. Randazza, personally and professionally, and while there are disputes over monies owed, Mr. Randazza has maintained the highest ethics while representing Mr. Gibson.



TANNEBAUM
TW WEISS
ATTORNEYS AT LAW

I ask that this file be closed.

Very truly yours,

Brian L. Tannebaum
Counsel to Marc J. Randazza

cc: Jason Gibson

Enclosures



TANNEBAUM
TW WEISS
ATTORNEYS AT LAW

EMC001614
002114

# EXHIBIT A

EMC001615
002115

5/3/13                                          Workspace Webmail :: Print

Print  |  Close Window

Subject:  **My continued representation of the company**
   From:  "Marc J. Randazza" <mjr@randazza.com>
   Date:  Wed, Aug 29, 2012 3:10 pm
     To:  Jason Gibson <jason@excelsiormedia.com>
     Cc:  Henry Leonard <henry@excelsiormedia.com>, Brian Lowderman <brian@excelsiormedia.com>

Given our now openly adversarial relationship, it seems appropriate that I withdraw from representing Liberty in any further
matters. There might be a way I can continue to wind down existing matters, but it's going to require a call to discuss it.

When are you free?

Marc John Randazza

Copyright © 2003-2013. All rights reserved.

EMC001616
002116

10/10/12                                Workspace Webmail :: Print

Print  |  Close Window

Subject:  RE: My continued representation of the company
   From:  mjr@randazza.com
   Date:  Wed, Aug 29, 2012 4:44 pm
     To:  wkrincek@littler.com, phicks@littler.com
     Cc:  Veronica.Hall@jacksonlewis.com, "Allan Rubin" <rubina@jacksonlewis.com>, "Clyde DeWitt"
          <ClydeDeWitt@earthlink.net>
    Bcc:  "Mark Bryn" <mark@markbryn.com>, "Brian Tannebaum" <btannebaum@tannebaumweiss.com>,
          rlgall@randazza.com

Patrick, Wendy, that was not a resignation, as much as Mr. Gibson would like it to be so that he
can try and evade payment of my severance.  However, I do agree that I have been terminated
or, if it was a "resignation," I have been constructively discharged.  I will provide you with
documentation of the reasons why after my sister's wedding.

I am represented by Veronica Hall and Allan Rubin of Jackson Lewis as well as Clyde DeWitt, of
The Law Offices of Clyde DeWitt - copied on this email.  However, as I am an attorney, you may
communicate with me directly for the time being, provided you copy my attorneys on any
correspondence.

––––––––––––––––––––––––––––––––––––––––––––––

Marc John Randazza*
Randazza Legal Group

6525 West Warm Springs Rd. Ste. 100
Las Vegas, Nevada 89118
Toll Free: 888-667-1113
email: mjr (at) randazza (dot) com
eFax: 305.437.7662

Other Offices: Miami, Phoenix & Toronto
http://www.randazza.com

––––––––––––––––––––––––––––––––––––––––––––––

* Licensed in AZ, CA, FL, MA, and NV

––––––– Original Message –––––––
Subject: RE: My continued representation of the company
From: "Jason Gibson" <jason@excelsiormedia.com>
Date: Wed, August 29, 2012 4:04 pm
To: "Marc J. Randazza" <mjr@randazza.com>
Cc: phicks@littler.com, wkrincek@littler.com

Marc,

It is unfortunate matters have come to this.  We construe your email as a
resignation of your employment and accept your resignation effective

EMC001617
002117

immediately.  As previously communicated, neither yourself, nor
Randazza Legal Group should make any distributions from the Oron
settlement funds being held in trust or any other company funds being
held in trust.  In any event, we understand that a Motion to Disburse
Funds was filed in the Oron matter today acknowledging that neither
yourself or Randazza Legal Group may touch those funds.

We have retained and are currently working with outside counsel who will
assist us with the process of resolving all outstanding issues with you.
Our counsel is:

Patrick H. Hicks
Wendy M. Krincek
Littler Mendelson
3960 Howard Hughes Parkway, Suite 300
Las Vegas, Nevada 89169
(702)862-8800

They are copied on this email.  We will also be immediately working on
finding substitute counsel on the Oron matter & other litigation and will be
in touch in that regard.  Please retain all Company property in your
possession for the time being.  We will make arrangements to have it
returned to us.

We hope to be able to resolve all outstanding issues with you as amicably
as possible, but that will not be possible if you respond rashly or
inappropriately.  Our attorneys will be in touch with you to discuss this
matter further.

Please direct all communications to them.

Jason

> -------- Original Message --------
> Subject: My continued representation of the company
> From: "Marc J. Randazza" <mjr@randazza.com>
> Date: Wed, August 29, 2012 3:10 pm
> To: Jason Gibson <jason@excelsiormedia.com>
> Cc: Henry Leonard <henry@excelsiormedia.com>, Brian Lowderman
> <brian@excelsiormedia.com>
>
>
> Given our now openly adversarial relationship, it seems appropriate that I
> withdraw from representing Liberty in any further matters. There might be a
> way I can continue to wind down existing matters, but it's going to require a call
> to discuss it.
>
> When are you free?
>
> Marc John Randazza

EMC001618
002118

10/10/12

Workspace Webmail :: Print

Copyright © 2003-2012. All rights reserved.

EMC001619
002119

# EXHIBIT B

EMC001620
002120

From: "Marc J. Randazza, Esq" <mjrwgwm@me.com>
Subject: **Re: Employment Offer**
Date: May 15, 2009 1:49:54 PM PDT
To: Excelsior Media <webmaster@excelsiormedia.com>

Got it. I'm on my way to Seattle for the International Trademark Lawyers Conference, but I'll give this a read on the plane and discuss with the family when I get back.

On May 15, 2009, at 4:28 PM, Excelsior Media wrote:

Hi Marc,

Thank you for your patience. Please find attached our offer to you for employment with Excelsior Media Corp as our new full-time salaried General Counsel. Please review it and contact me back with your thoughts. We are open to you doing some pro-bono work to help keep your skills sharpened and your contacts good with the legal community, as long as the company remains the first work priority.

In addition to the offer letter, I have included the following:
· General Counsel Job Description
· Employment-Confidential-Invention Assignment Agreement
· Employee Handbook
· 2009 Federal W-4
· 2009 I9 Work Eligibility Form
· Direct Deposit Signup
· Emergency Contact Worksheet
· Employment Application
· Background Authorization Form
· Fair Credit Reporting Act Disclosure

If you accept our offer, I would need a copy of the signed offer letter, a completed Employment Application, the signed Background Authorization Form, the signed Fair Credit Reporting Act Disclosure and the signed Employment-Confidential-Invention Assignment agreement faxed to me at 888.701.3086. The hard copies would need to be mailed within 5 days to:

Excelsior Media Corp.
Attn: Jason Gibson
302 Washington Street #321
San Diego, CA 92103

The other items (the 2009 W-4, the 2009 I9 Form, Direct Deposit Signup, and the Emergency Contacts) I would need from you on your first day of employment. I would also need to get a photocopy of your Driver's License or US Passport and your Social Security Card on your first day of employment.

The company health, vision, dental and life insurance would start from your first date of employment for you and your family. We have a very robust health plan through UnitedHealthCare (the best plan they offer) that would be a $1480 per month ($17,760 annually) value to you and your family -- all of this is company paid. We also offer a 401(k) plan with a 100% company match on the first 3% of your income and a 50% match up to 6% of your income. You would be immediately vested in any company match.

Our company is a laid-back but professional operation and we are very excited at the prospect of having you as a full-time member of our team! We hope that with your experience and background, we can take our company to an even higher level in our industry.

Best Regards,

Jason Gibson
CEO
Excelsior Media Corp

-------- Original Message --------
Subject: Fw: In House
From: "Marco Randazza " <marco@randazza.com>
Date: Fri, May 01, 2009 1:39 pm
To: webmaster@excelsiormedia.com

Well, at this point, before I make any moves, I'm surveying the landscape. I have a handful of clients (including you) that I would take with me if I started my own practice or joined another firm.

However, ever since you suggested the in-house idea, I have been interested in at least exploring that.

Although my rate is high and evens out to an unmanageable salary in the half a mil range, there is something to be said for the predictability and steadiness that comes from an in house position - which is why they typically do pay less than the lawyer could earn for the same hours on his own.

So, if by "six figures" you mean 100k, I probably couldn't support my family on that. But, if you are talking about 250k or so, then it might work. I'd like to have the opportunity to do one or two things on the side occasionally - and mostly on a pro bono basis. I'd, of course, use any proposed pro bono projects a public relations opportunities for you. For example, taking a free speech case, but you would announce that you are funding the effort or "lending" your lawyer to the cause. Benefits: keeps my litigation knives sharpened, keeps me in front of judges so that when I'm there on your direct behalf, I'm not a stranger to them, keeps me flowing with other lawyers, and it is great PR.

I'd be open to either location, but as cost of living and housing is higher in SD, I'd want that taken into account. I'm not yet licensed in calif, but there is an "in house rule" there that I could take advantage of while waiting to take the bar (and attorneys with my experience only need to take an abbreviated bar exam).

As far as an assistant goes, I wouldn't anticipate needing one. It might come to pass that one will be necessary, but I use my assistants so that I can juggle multiple clients at once. At some point, it may be needed, but I think we could safely say no right now.

As far as timing goes, there isn't a rush. But, I'd like to get down to it sooner than later.

If this seems like what you might have in mind, let's talk more. If it seems like it won't work, no hard feelings. Like I said, I'm surveying my options. And, I definitely want to keep you as a client no matter what the arrangement.
Sent via BlackBerry

From: Excelsior Media
Date: Fri, 01 May 2009 09:52:17 -0700
To: Marc J. Randazza,Esq<mjrwgwm@me.com>
Subject: RE: In House

Hi Marc,

Yes, we are interested in having you continue representing our company on legal matters.   We are familiar with you and feel comfortable having you handle our issues.   Are you interested in a full-time salaried position, or are you looking to have us as a client for your own practice?

Obviously a full-time salaried position would not pay any where near your current hourly billing rate (Andrew, Brian and I don't even pay ourselves that much and we own the company :-) but it would be a stable six figure income with full benefits & bonus potential.

Keeping that in mind, if you are interested in an in-house position (probably based in Florida, but San Diego is definitely an option and yes we would cover reasonable moving expenses), what would your salary expectations be?   Assuming we were able to come up with an agreeable employment arrangement, would it be necessary for us to hire a legal assistant?

If you are instead looking to have us as a client at your own practice based in Florida, what sort of arrangement are you looking for?   Do you have other potential clients lined up yet?

What sort of timing are you looking at for this change?

EMC001622
002122

-Jason
-------- Original Message --------
Subject: In House
From: "Marc J. Randazza, Esq" <mjrwgwm@me.com>
Date: Thu, April 30, 2009 4:26 pm
To: Excelsior Media <webmaster@excelsiormedia.com>

Gentlemen,

Are you still looking for an in house guy? I'm gearing up to depart
from here for the reasons we discussed in the past. I'm weighing my
options with respect to opening up my own practice, and talking to a
few potential partners. Before I make any concrete decisions on that
front, I would like to explore your in house position if a) you think
you'd want to consider me for it, and b) if you think that we could
come to terms.
<Marc Randazza Offer Letter.pdf><General Counsel Job Description.pdf><Employment-Confidential-Invention Assignment
Agreement.pdf><Employee Handbook.pdf><2009 Federal Withholding.pdf><2009 I9 Form.pdf><Direct Deposit Signup.pdf>
<Emergency Contacts.pdf><Employment Application.pdf><Background Authorization.pdf><Fair Credit Reporting Act
Disclosure.pdf>

EMC001623
002123

# EXHIBIT C

EMC001624
002124

From: J. Malcolm DeVoy IV <jmd@randazza.com>
Subject: Fwd: [FWD: RE: Oron]
Date: May 11, 2013 3:40:14 PM PDT

-------- Original Message --------
Subject: RE: Oron
From: Val Gurvits <gurvits@bostonlawgroup.com>
Date: Tue, August 14, 2012 8:44 am
To: "mjr@randazza.com" <mjr@randazza.com>

Liberty has another problem. It's past Monday. That ship has sailed.

Val Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
(617) 928-1804 direct
(617) 928-1800 main
(617) 928-1802 fax
vgurvits@bostonlawgroup.com

------------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the
addressee(s). This message may also be subject to attorney-client privilege. If you received this
message in error, please notify Boston Law Group, PC immediately and destroy the original message.

Boston Law Group, PC
tel: 617/928-1800
e-mail: info@bostonlawgroup.com

-----Original Message-----
From: mjr@randazza.com [mailto:mjr@randazza.com]
Sent: Tuesday, August 14, 2012 11:43 AM
To: Val Gurvits
Subject: Oron

I have a new ethical problem. Trying to resolve it.

Short version: liberty feels entitled to any extra: so the $75k goes to them.

I can't simply give it to them, as that is illegal fee sharing.

EMC001625
002125

# EXHIBIT D

EMC001626

002126



## [SPAM] RE: Filed today

**Jason Gibson** <jason@excelsiormedia.com>                    Tue, Aug 31, 2010 at 4:36 PM
To: Marc John Randazza <mjr@randazza.com>

ok thanks!  -J

-------- Original Message --------
Subject: Filed today
From: Marc John Randazza <mjr@randazza.com>
Date: Tue, August 31, 2010 4:20 pm
To: Jason Gibson <jason@excelsiormedia.com>
Cc: Eric Gapp <eric@excelsiormedia.com>

Jason,

Cybersquatting complaint as filed. Note that I am using the RLG
information so that we dont run into a situation like we did with
Sprinkle -- some asswipe defense attorney trying to pry into the
internal records of Liberty and its communications with its attorney.
It is to create the appearance of actual legal separation.

Also, I saw a case recently where a judge discounted an attorney's
fees award because the guy was in house. This way, I can submit the
bills to the court for the full $400 per hour and not risk that.

Eric,

Start mirror image of docket.

EMC001627
002127

# Arbitration Exhibit

# 373

## PROMISSORY NOTE

| Borrower Information: | |
|---|---|
| Name:<br>Liberty Media Holdings, LLC | Date:<br>August 21, 2012 |
| Street Address:<br>4262 Blue Diamond Road, 102-377 | City/State/Zip:<br>Las Vegas, NV 89139 |

| Lenders Information: | |
|---|---|
| Name:<br>Marc J. Randazza | |
| Street Address:<br>10620 Southern Highlands Parkway #110-454 | City/State/Zip:<br>Las Vegas, NV 89141 |

| Loan Information: | |
|---|---|
| Loan Amount: $25,000 USD<br>    (payment to Gall HK) | Loan Period:<br><br>T.B.D. |
| Interest Rate: N/A | Payment Schedule:<br><br>Borrower will repay Lender either a) upon collection of funds from FF Magnat, Ltd. or b) within seven (7) days of cessation of Lender's employment with Borrower |

DEFENDANT'S
EXHIBIT
373

1. **Promise to Pay.** For value received ($25,000 USD payment to Hong Kong attorneys at Gall HK), Liberty Media Holdings, LLC (Borrower) promises to pay Marc J. Randazza (Lender) $25,000 USD as specified below.

2. **Payment Timeline.** Borrower will pay the entire sum to Lender either a) upon Borrower collecting funds from FF Magnat Ltd. or b) within seven (7) days of the employee/employer relationship between Borrower and Lender ending.

3. **Prevailing Party Fees.** If Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's costs and lawyer's fees in an amount the court finds to be reasonable.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of Nevada.

Lender: _____   Date: _____

Borrower: _____   Date: 8/21/12

# Arbitration Exhibit

# 374

002131

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/08/2009 TO 12/31/2009
PERIOD BEGIN 12/28/2008 PERIOD END 12/26/2009

09/27/2013
PAGE   1

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX FL FL FL 52 M0/M0 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR | | | | 23200 | 10948000 | C1 CHECKING 1 | 30847 | 2888104 | FEDERAL | 104230 | 2949230 | 000 DIRDEP |
| | B BONUS | | | | | 725000 | R1 REIMBURSMEN | -61695 | -4726537 | OASDI | 28520 | 662160 | |
| | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 30848 | 9955659 | MEDICARE | 6670 | 183934 | |
| | P PAID TIM | | | | 5600 | 644000 | | | | STATE | | 772450 | 06/25/2009 |
| | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | | 460000 | 32000 | 12685000 | | 320580 | 8117226 | | 139420 | 4567774 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX FL FL FL 52 M0/M0 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR | | | | 23200 | 10948000 | C1 CHECKING 1 | 258804 | 2888104 | FEDERAL | 104230 | 2949230 | 000 DIRDEP |
| | B BONUS | | | | | 725000 | R1 REIMBURSMEN | -197029 | -4726537 | OASDI | 28520 | 662160 | |
| | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 258805 | 9955659 | MEDICARE | 6670 | 183934 | |
| | P PAID TIM | | | | 5600 | 644000 | | | | STATE | | 772450 | 07/09/2009 |
| | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | | 460000 | 32000 | 12685000 | | 320580 | 8117226 | | 139420 | 4567774 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX FL FL FL 52 M0/M0 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR | | | | 23200 | 10948000 | C1 CHECKING 1 | 320548 | 2888104 | FEDERAL | 104230 | 2949230 | 000 DIRDEP |
| | B BONUS | | | | | 725000 | R1 REIMBURSMEN | | -4726537 | OASDI | 28520 | 662160 | |
| | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 032 | 9955659 | MEDICARE | 6670 | 183934 | |
| | P PAID TIM | | | | 5600 | 644000 | | | | STATE | | 772450 | 07/16/2009 |
| | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | | 460000 | 32000 | 12685000 | | 320580 | 8117226 | | 139420 | 4567774 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX FL FL FL 52 M0/M0 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR | | | | 23200 | 10948000 | C1 CHECKING 1 | 320580 | 2888104 | FEDERAL | 104230 | 2949230 | 000 DIRDEP |
| | B BONUS | | | | | 725000 | R1 REIMBURSMEN | 2231597 | -4726537 | OASDI | 28520 | 662160 | |
| | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 2231597 | 9955659 | MEDICARE | 6670 | 183934 | |
| | P PAID TIM | | | | 5600 | 644000 | | | | STATE | | 772450 | 07/23/2009 |
| | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | | 460000 | 32000 | 12685000 | | 320580 | 8117226 | | 139420 | 4567774 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX FL FL FL 52 M0/M0 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR | | | | 23200 | 10948000 | C1 CHECKING 1 | | 2888104 | FEDERAL | 104230 | 2949230 | 000 DIRDEP |
| | B BONUS | | | | | 725000 | R1 REIMBURSMEN | -9800 | -4726537 | OASDI | 28520 | 662160 | |
| | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 330380 | 9955659 | MEDICARE | 6670 | 183934 | |
| | P PAID TIM | | | | 5600 | 644000 | | | | STATE | | 772450 | 07/30/2009 |
| | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | | 460000 | 32000 | 12685000 | | 320580 | 8117226 | | 139420 | 4567774 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX FL FL FL 52 M0/M0 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR | | | | 23200 | 10948000 | C1 CHECKING 1 | 320580 | 2888104 | FEDERAL | 104230 | 2949230 | 000 DIRDEP |
| | B BONUS | | | | | 725000 | R1 REIMBURSMEN | -1761900 | -4726537 | OASDI | 28520 | 662160 | |
| | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 1761900 | 9955659 | MEDICARE | 6670 | 183934 | |
| | P PAID TIM | | | | 5600 | 644000 | | | | STATE | | 772450 | 08/06/2009 |
| | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | | 460000 | 32000 | 12685000 | | 320580 | 8117226 | | 139420 | 4567774 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX FL FL FL 52 M0/M0 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR | | | | 23200 | 10948000 | C1 CHECKING 1 | 320580 | 2888104 | FEDERAL | 104230 | 2949230 | |
| | B BONUS | | | | | 725000 | R1 REIMBURSMEN | | -4726537 | OASDI | 28520 | 662160 | |
| | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | | 9955659 | MEDICARE | 6670 | 183934 | |
| | P PAID TIM | | | | 5600 | 644000 | | | | STATE | | 772450 | |
| | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | | 460000 | 32000 | 12685000 | | 320580 | 8117226 | | 139420 | 4567774 | |

PAYCHEX INC

PHONE (727)579-4700        FAX (727)579-4519

DEFENDANT'S EXHIBIT 374

EMCC001982

002132

# PAYROLL REGISTER WITH YTD

**EXCELSIOR MEDIA CORP -T564**
**COMPANY TOTALS**

CHECK DATES 01/08/2009 TO 12/31/2009
PERIOD BEGIN 12/28/2008 PERIOD END 12/26/2009

09/27/2013
PAGE 2

---

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION**

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX FL FL FL — 52 MO/MO 100 — 4600.00 Salary — Last Check Date 12/31/2009

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amount | Taxes Descr | Taxes YTD | Taxes Cur | YTD Amount | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 431861 | FEDERAL | 2888104 | 166105 | 2949230 | 000 |
| B BONUS | | | 187500 | | 725000 | R1 REIMBURSMEN | | OASDI | -4726537 | 40145 | 662160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | | MEDICARE | 9955659 | 9389 | 183934 | |
| P PAID TIM | | | | 5600 | 644000 | | | STATE | | | 77245 | 08/13/2009 |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 647500 | 32000 | 12685000 | | 431861 | | 8117226 | 215639 | 4567774 | |

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 MO/MO 100 — 4600.00 Salary — Last Check Date 12/31/2009

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amount | Taxes Descr | Taxes YTD | Taxes Cur | YTD Amount | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 71548 | FEDERAL | 2888104 | 104230 | 2949230 | 000 |
| B BONUS | | | | | 725000 | R1 REIMBURSMEN | | OASDI | -4726537 | 28520 | 662160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 214643 | MEDICARE | 9955659 | 6670 | 183934 | |
| P PAID TIM | | | | 5600 | 644000 | | | STATE | | 34389 | 77245 | 08/20/2009 |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 460000 | 32000 | 12685000 | | 286191 | | 8117226 | 173809 | 4567774 | |

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 MO/MO 100 — 4600.00 Salary — Last Check Date 12/31/2009

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amount | Taxes Descr | Taxes YTD | Taxes Cur | YTD Amount | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 71548 | FEDERAL | 2888104 | 104230 | 2949230 | 000 |
| B BONUS | | | | | 725000 | R1 REIMBURSMEN | | OASDI | -4726537 | 28520 | 662160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 214643 | MEDICARE | 9955659 | 6670 | 183934 | |
| P PAID TIM | | | | 5600 | 644000 | | | STATE | | 34389 | 77245 | 08/27/2009 |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 460000 | 32000 | 12685000 | | 286191 | | 8117226 | 173809 | 4567774 | |

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 MO/MO 100 — 4600.00 Salary — Last Check Date 12/31/2009

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amount | Taxes Descr | Taxes YTD | Taxes Cur | YTD Amount | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 97170 | FEDERAL | 2888104 | 116605 | 2949230 | 000 |
| B BONUS | | | 37500 | | 725000 | R1 REIMBURSMEN | -83815 | OASDI | -4726537 | 30845 | 662160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 291511 | MEDICARE | 9955659 | 7214 | 183934 | |
| P PAID TIM | | | | 5600 | 644000 | | | STATE | | 37970 | 77245 | 09/03/2009 |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 497500 | 32000 | 12685000 | | 304866 | | 8117226 | 192634 | 4567774 | |

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 MO/MO 100 — 4600.00 Salary — Last Check Date 12/31/2009

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amount | Taxes Descr | Taxes YTD | Taxes Cur | YTD Amount | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 3200 | 368000 | 23200 | 10948000 | C1 CHECKING 1 | 71548 | FEDERAL | 2888104 | 104230 | 2949230 | 000 |
| B BONUS | | | | | 725000 | R1 REIMBURSMEN | | OASDI | -4726537 | 28520 | 662160 | DIRDEP |
| H HOLIDAY | | 800 | 92000 | 2400 | 276000 | S1 SAVINGS 1 | 214643 | MEDICARE | 9955659 | 6670 | 183934 | |
| P PAID TIM | | | | 5600 | 644000 | | | STATE | | 34389 | 77245 | 09/10/2009 |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | 4000 | 460000 | 32000 | 12685000 | | 286191 | | 8117226 | 173809 | 4567774 | |

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 MO/MO 100 — 4600.00 Salary — Last Check Date 12/31/2009

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amount | Taxes Descr | Taxes YTD | Taxes Cur | YTD Amount | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 3200 | 368000 | 23200 | 10948000 | C1 CHECKING 1 | 71548 | FEDERAL | 2888104 | 104230 | 2949230 | 000 |
| B BONUS | | | | | 725000 | R1 REIMBURSMEN | | OASDI | -4726537 | 28520 | 662160 | DIRDEP |
| H HOLIDAY | | 800 | 92000 | 2400 | 276000 | S1 SAVINGS 1 | 214643 | MEDICARE | 9955659 | 6670 | 183934 | |
| P PAID TIM | | | | 5600 | 644000 | | | STATE | | 34389 | 77245 | 09/17/2009 |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | 4000 | 460000 | 32000 | 12685000 | | 286191 | | 8117226 | 173809 | 4567774 | |

---

PAYCHEX INC

PHONE (727)579-4700     FAX (727)579-4519

EMC001983

002133

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

09/27/2013
PAGE 3

CHECK DATES 01/08/2009 TO 12/31/2009
PERIOD BEGIN 12/28/2008 PERIOD END 12/26/2009

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION:** RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 MO/MO 100 — 4600.00 Salary — Last Check Date 12/31/2009 (repeated for each block below)

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Block 1** | | | | | | | | | | | | |
| 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 71548 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| B BONUS | | | | | 725000 | R1 REIMBURSMEN | | -4726537 | OASDI | 28520 | 6621160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 214643 | 9955659 | MEDICARE | 6670 | 183934 | 09/24/2009 |
| P PAID TIM | | | | 5600 | 644000 | | | | STATE | 34389 | 772450 | |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 460000 | 32000 | 12685000 | | 286191 | 8117226 | | 173809 | 4567774 | 4567774 |
| **Block 2** | | | | | | | | | | | | |
| 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 138376 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| B BONUS | | | 125000 | | 725000 | R1 REIMBURSMEN | -267315 | -4726537 | OASDI | 28520 | 6621160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 415130 | 9955659 | MEDICARE | 6670 | 183934 | 10/01/2009 |
| P PAID TIM | | | | 5600 | 644000 | | | | STATE | 34389 | 772450 | |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 585000 | 32000 | 12685000 | | 286191 | 8117226 | | 173809 | 4567774 | 4567774 |
| **Block 3** | | | | | | | | | | | | |
| 1 REGULAR | | 3200 | 368000 | 23200 | 10948000 | C1 CHECKING 1 | 87110 | 2888104 | FEDERAL | 145480 | 2949230 | 000 |
| B BONUS | | | 125000 | | 725000 | R1 REIMBURSMEN | | -4726537 | OASDI | 36270 | 6621160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 261330 | 9955659 | MEDICARE | 8483 | 183934 | 10/08/2009 |
| P PAID TIM | | | | 5600 | 644000 | | | | STATE | 46327 | 772450 | |
| FH FLOATING | | 800 | 92000 | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | 4000 | 585000 | 32000 | 12685000 | | 348440 | 8117226 | | 236560 | 4567774 | 4567774 |
| **Block 4** | | | | | | | | | | | | |
| 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 87110 | 2888104 | FEDERAL | 145480 | 2949230 | 000 |
| B BONUS | | | | | 725000 | R1 REIMBURSMEN | | -4726537 | OASDI | 36270 | 6621160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 261330 | 9955659 | MEDICARE | 8483 | 183934 | 10/15/2009 |
| P PAID TIM | | | | 5600 | 644000 | | | | STATE | 46327 | 772450 | |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 460000 | 32000 | 12685000 | | 348440 | 8117226 | | 236560 | 4567774 | 4567774 |
| **Block 5** | | | | | | | | | | | | |
| 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 71548 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| B BONUS | | | | | 725000 | R1 REIMBURSMEN | | -4726537 | OASDI | 28520 | 6621160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 214643 | 9955659 | MEDICARE | 6670 | 183934 | 10/22/2009 |
| P PAID TIM | | | | 5600 | 644000 | | | | STATE | 34389 | 772450 | |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 460000 | 32000 | 12685000 | | 286191 | 8117226 | | 173809 | 4567774 | 4567774 |
| **Block 6** | | | | | | | | | | | | |
| 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 71548 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| B BONUS | | | | | 725000 | R1 REIMBURSMEN | | -4726537 | OASDI | 28520 | 6621160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 214643 | 9955659 | MEDICARE | 6670 | 183934 | 10/29/2009 |
| P PAID TIM | | | | 5600 | 644000 | | | | STATE | 34389 | 772450 | |
| FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 460000 | 32000 | 12685000 | | 286191 | 8117226 | | 173809 | 4567774 | 4567774 |

002134

# PAYROLL REGISTER WITH YTD
### EXCELSIOR MEDIA CORP - T564
### COMPANY TOTALS

CHECK DATES 01/08/2009 TO 12/31/2009
PERIOD BEGIN 12/28/2008 PERIOD END 12/26/2009

09/27/2013
PAGE  4

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 99034 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | | | 725000 | R1 REIMBURSEMEN | -113386 | -4726537 | OASDI | 28520 | 662160 | DIRDEP |
| 52 M0/M0 100 | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 237104 | 9955659 | MEDICARE | 6670 | 183934 | |
| 4600.00 Salary | P PAID TIM | | | | 5600 | 644000 | | | | STATE | 37828 | 772450 | 11/05/2009 |
| Last Check Date 12/31/2009 | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 460000 | 32000 | 12685000 | | 282752 | 8117226 | | 177248 | 4567774 | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 460000 | 23200 | 10948000 | C1 CHECKING 1 | 70688 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | | | 725000 | R1 REIMBURSEMEN | | -4726537 | OASDI | 28520 | 662160 | DIRDEP |
| 52 M0/M0 100 | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 212064 | 9955659 | MEDICARE | 6670 | 183934 | |
| 4600.00 Salary | P PAID TIM | | | | 5600 | 644000 | | | | STATE | 37828 | 772450 | 11/12/2009 |
| Last Check Date 12/31/2009 | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 460000 | 32000 | 12685000 | | 282752 | 8117226 | | 177248 | 4567774 | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | 2400 | 276000 | 23200 | 10948000 | C1 CHECKING 1 | 70688 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | | | 725000 | R1 REIMBURSEMEN | | -4726537 | OASDI | 28520 | 662160 | DIRDEP |
| 52 M0/M0 100 | H HOLIDAY | | 1600 | 184000 | 2400 | 276000 | S1 SAVINGS 1 | 212064 | 9955659 | MEDICARE | 6670 | 183934 | |
| 4600.00 Salary | P PAID TIM | | | | 5600 | 644000 | | | | STATE | 37828 | 772450 | 11/19/2009 |
| Last Check Date 12/31/2009 | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 460000 | 32000 | 12685000 | | 282752 | 8117226 | | 177248 | 4567774 | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | 2400 | 276000 | 23200 | 10948000 | C1 CHECKING 1 | 70688 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | | | 725000 | R1 REIMBURSEMEN | | -4726537 | OASDI | 28520 | 662160 | DIRDEP |
| 52 M0/M0 100 | H HOLIDAY | | 1600 | 184000 | 2400 | 276000 | S1 SAVINGS 1 | 212064 | 9955659 | MEDICARE | 6670 | 183934 | |
| 4600.00 Salary | P PAID TIM | | | | 5600 | 644000 | | | | STATE | 37828 | 772450 | 11/25/2009 |
| Last Check Date 12/31/2009 | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 460000 | 32000 | 12685000 | | 282752 | 8117226 | | 177248 | 4567774 | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | 3200 | 368000 | 23200 | 10948000 | C1 CHECKING 1 | 70688 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | | | 725000 | R1 REIMBURSEMEN | | -4726537 | OASDI | 28520 | 662160 | DIRDEP |
| 52 M0/M0 100 | H HOLIDAY | | | | 2400 | 276000 | S1 SAVINGS 1 | 212064 | 9955659 | MEDICARE | 6670 | 183934 | |
| 4600.00 Salary | P PAID TIM | | | | 5600 | 644000 | | | | STATE | 37828 | 772450 | 12/03/2009 |
| Last Check Date 12/31/2009 | FH FLOATING | | 800 | 92000 | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 460000 | 32000 | 12685000 | | 282752 | 8117226 | | 177248 | 4567774 | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | 3200 | 368000 | 23200 | 10948000 | C1 CHECKING 1 | 76500 | 2888104 | FEDERAL | 104230 | 2949230 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | | | 725000 | R1 REIMBURSEMEN | | -4726537 | OASDI | 5270 | 662160 | DIRDEP |
| 52 M0/M0 100 | H HOLIDAY | | 800 | 92000 | 2400 | 276000 | S1 SAVINGS 1 | 229502 | 9955659 | MEDICARE | 6670 | 183934 | |
| 4600.00 Salary | P PAID TIM | | | | 5600 | 644000 | | | | STATE | 37828 | 772450 | 12/10/2009 |
| Last Check Date 12/31/2009 | FH FLOATING | | | | 800 | 92000 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 460000 | 32000 | 12685000 | | 306002 | 8117226 | | 153398 | 4567774 | |

PAYCHEX INC

PHONE (727)579-4700          FAX (727)579-4519

EMC001985

002135

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/08/2009 TO 12/31/2009
PERIOD BEGIN 12/28/2008 PERIOD END 12/26/2009

09/27/2013
PAGE 5

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 MO/MO 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING | | 23200 | 460000 | 23200 | 10940000 725000 276000 644000 920000 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 77818 233454 | 2888104 -4726537 9955659 | FEDERAL OASDI MEDICARE STATE | 104230 6670 37828 | 2949230 662160 183934 772450 | 000 DIRDEP DIRDEP 12/17/2009 |
| EMPLOYEE TOTAL | | | 32000 | 460000 | 32000 | 12685000 | | 311272 | 8117226 | | 148728 | 4567774 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 MO/MO 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING | | 23200 2400 5600 800 | 460000 250000 92000 64000 92000 | 23200 2400 5600 800 | 10940000 725000 276000 644000 920000 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 112221 336664 | 2888104 -4726537 9955659 | FEDERAL OASDI MEDICARE STATE | 186730 10295 64090 | 2949230 662160 183934 772450 | 000 DIRDEP DIRDEP 12/24/2009 |
| EMPLOYEE TOTAL | | | 32000 | 710000 | 32000 | 12685000 | | 448885 | 8117226 | | 261115 | 4567774 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 MO/MO 100 4600.00 Salary Last Check Date 12/31/2009 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING | | 2400 800 800 4000 | 276000 92000 92000 460000 | 2400 800 800 32000 | 10940000 725000 276000 644000 920000 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 77818 233454 | 2888104 -4726537 9955659 | FEDERAL OASDI MEDICARE STATE | 104230 6670 37828 | 2949230 662160 183934 772450 | 000 DIRDEP DIRDEP 12/31/2009 |
| EMPLOYEE TOTAL | | | | 460000 | | 12685000 | | 311272 | 8117226 | | 148728 | 4567774 | |
| **ADMINISTRATION** DEPARTMENT TOTALS 1 EMPLOYEES 27 CHECKS | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING | | 23200 2400 5600 800 | 10940000 725000 276000 644000 92000 | 23200 2400 5600 800 | 10940000 725000 276000 644000 92000 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 2888104 -4726537 9955659 | 2888104 -4726537 9955659 | FEDERAL OASDI MEDICARE STATE ER OASDI ER MEDCR ER FUI ER SUI | 2949230 6621 60 183934 772450 6621 60 183933 5600 18900 | 2949230 6621 60 183934 772450 6621 60 183933 5600 18900 | |
| DEPARTMENT TOTAL | | | 32000 | 12685000 | 32000 | 12685000 | | 8117226 | 8117226 | | 45677774 870593 | 45677774 870593 | |
| **EXCELSIOR MEDIA CORP** COMPANY TOTALS 1 EMPLOYEES 27 CHECKS | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING | | 23200 2400 5600 800 | 10940000 725000 276000 644000 92000 | 23200 2400 5600 800 | 10940000 725000 276000 644000 92000 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 2888104 -4726537 9955659 | 2888104 -4726537 9955659 | FEDERAL OASDI MEDICARE STATE ER OASDI ER MEDCR ER FUI ER SUI | 2949230 6621 60 183934 772450 45677774 | 2949230 6621 60 183934 772450 45677774 6621 60 183933 5600 18900 870593 | 000 |

PAYCHEX INC

PHONE (727)579-4700        FAX (727)579-4519

EMC001986

002136

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/08/2009 TO 12/31/2009
PERIOD BEGIN 12/28/2008 PERIOD END 12/26/2009

09/27/2013
PAGE  6

| EMPLOYEE NAME<br>ID SSN STATE/FRQ STS LOCATION | EARNINGS<br>DESCR | PAY<br>RATE | CURRENT<br>HOURS | AMOUNT | YTD<br>HOURS | AMOUNT | DEDUCTIONS<br>DESCR | CURRENT<br>AMOUNT | YTD<br>AMOUNT | TAXES<br>DESCR | CURRENT<br>AMOUNT | YTD<br>AMOUNT | NET PAY<br>CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| COMPANY TOTAL | | | 32000 | 12685000 | 32000 | 12685000 | | 8117226 | 8117226 | | 4567774 | 5438367 | |

PAYCHEX INC

PHONE (727)579-4700

FAX (727)579-4519

EMC001987

002137

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE 1

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

**Earnings**

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 3200 | 368000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | 1150000 | 800 | 92000 | 2400 | 2806000 |
| P PAID TIM | | | | 5600 | 671600 |
| K1 401K EE | 1150000 | | -32200 | | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| EMPLOYEE TOTAL | | 4000 | 427800 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

**Deductions / Taxes**

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| C1 CHECKING 1 | 66159 | 5301876 | FEDERAL | 93527 | 6513693 |
| R1 REIMBURSEMEN | 198479 | -3973259 | OASDI | 28520 | 662160 |
| S1 SAVINGS 1 | | 15708319 | MEDICARE | 6670 | 417474 |
| | 264638 | 17036936 | STATE | 34445 | 2313447 |
| | | | | 163162 | 9906774 |

NET PAY / CHECK NO: 000  DIRDEP  1/07/2010

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

**Earnings**

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | | | 2400 | 2806000 |
| P PAID TIM | | | | 5600 | 671600 |
| K1 401K EE | 1150000 | | -32200 | | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| EMPLOYEE TOTAL | | | 427800 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

**Deductions / Taxes**

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| C1 CHECKING 1 | 98645 | 5301876 | FEDERAL | 93527 | 6513693 |
| R1 REIMBURSEMEN | -130100 | -3973259 | OASDI | 28520 | 662160 |
| S1 SAVINGS 1 | 98645 | 15708319 | MEDICARE | 6670 | 417474 |
| | 67190 | 17036936 | STATE | 34603 | 2313447 |
| | | | | 163320 | 9906774 |

NET PAY / CHECK NO: 197290  10064  DIRDEP  1/14/2010

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

**Earnings**

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | | | 2400 | 2806000 |
| P PAID TIM | | | | 5600 | 671600 |
| K1 401K EE | 1150000 | | -32200 | | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| EMPLOYEE TOTAL | | | 427800 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

**Deductions / Taxes**

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| C1 CHECKING 1 | 66120 | 5301876 | FEDERAL | 93527 | 6513693 |
| R1 REIMBURSEMEN | 198360 | -3973259 | OASDI | 28520 | 662160 |
| S1 SAVINGS 1 | | 15708319 | MEDICARE | 6670 | 417474 |
| | 264480 | 17036936 | STATE | 34603 | 2313447 |
| | | | | 163320 | 9906774 |

NET PAY / CHECK NO: 000  DIRDEP  1/21/2010

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

**Earnings**

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 |
| B BONUS | 1150000 | | 750000 | | 4250000 |
| H HOLIDAY | | | | 2400 | 2806000 |
| P PAID TIM | | | | 5600 | 671600 |
| K1 401K EE | 1150000 | | -84700 | | -1650000 |
| K2 401K E-M | 1150000 | | 48400 | | 809840 |
| EMPLOYEE TOTAL | | | 1125300 | 28000 | 27141000 |
| | | | 1210000 | | 28791000 |

**Deductions / Taxes**

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| C1 CHECKING 1 | 164702 | 5301876 | FEDERAL | 311539 | 6513693 |
| R1 REIMBURSEMEN | -65488 | -3973259 | OASDI | 75020 | 662160 |
| S1 SAVINGS 1 | 494107 | 15708319 | MEDICARE | 17545 | 417474 |
| | 593321 | 17036936 | STATE | 107895 | 2313447 |
| | | | | 531979 | 9906774 |

NET PAY / CHECK NO: DIRDEP  1/28/2010

PAYCHEX INC

PHONE (727)579-4700          FAX (727)579-4519

EMC001988

002138

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP - T564
### COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE 2

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION**

---

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 M0/M0 600 — 4830.00 Salary — Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 200000 | 460000 | 200000 | 23588800 |
| B BONUS | 1150000 | | 225000 | | 42500000 |
| H HOLIDAY | | | | | 2800600 |
| P PAID TIM | | | -47950 | 2400 | 6716000 |
| K1 401K EE | 1150000 | | 27400 | 5600 | -16500000 |
| K2 401K E-M | 1150000 | | 637050 | | 809840 |
| | | | 685000 | 28000 | 27141000 |
| EMPLOYEE TOTAL | | | | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|
| C1 CHECKING 1 | 1363371 | 27141000 | FEDERAL | 162579 | 5301876 | 6513693 |
| R1 REIMBURSEMEN | -1800000 | 28791000 | OASDI | 42470 | -3973259 | 662160 |
| S1 SAVINGS 1 | 4093113 | | MEDICARE | 9993 | 15708319 | 417474 |
| | 365484 | | STATE | 56584 | | 2313447 12/04/2010 DIRDEP 000 |
| | | | | 271566 | 17036936 | 9906774 |

---

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 M0/M0 600 — 4830.00 Salary — Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 200000 | 460000 | 200000 | 23588800 |
| B BONUS | 1150000 | | 75000 | | 42500000 |
| H HOLIDAY | | | | | 2800600 |
| P PAID TIM | | | -37450 | 2400 | 6716000 |
| K1 401K EE | 1150000 | | 21400 | 5600 | -16500000 |
| K2 401K E-M | 1150000 | | 497550 | | 809840 |
| | | | 535000 | 28000 | 27141000 |
| EMPLOYEE TOTAL | | | | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|
| C1 CHECKING 1 | 74537 | 27141000 | FEDERAL | 116544 | 5301876 | 6513693 |
| R1 REIMBURSEMEN | | 28791000 | OASDI | 33170 | -3973259 | 662160 |
| S1 SAVINGS 1 | 223611 | | MEDICARE | 7758 | 15708319 | 417474 |
| | 298148 | | STATE | 41930 | | 2313447 12/11/2010 DIRDEP 000 |
| | | | | 199402 | 17036936 | 9906774 |

---

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 M0/M0 600 — 4830.00 Salary — Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 200000 | 460000 | 200000 | 23588800 |
| B BONUS | | | | | 42500000 |
| H HOLIDAY | | | | | 2800600 |
| P PAID TIM | | | -32200 | 2400 | 6716000 |
| K1 401K EE | 1150000 | | 18400 | 5600 | -16500000 |
| K2 401K E-M | 1150000 | | 427800 | | 809840 |
| | | | 460000 | 28000 | 27141000 |
| EMPLOYEE TOTAL | | | | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|
| C1 CHECKING 1 | 66120 | 27141000 | FEDERAL | 93527 | 5301876 | 6513693 |
| R1 REIMBURSEMEN | | 28791000 | OASDI | 28520 | -3973259 | 662160 |
| S1 SAVINGS 1 | 198360 | | MEDICARE | 6670 | 15708319 | 417474 |
| | 264480 | | STATE | 34603 | | 2313447 12/18/2010 DIRDEP 000 |
| | | | | 163320 | 17036936 | 9906774 |

---

### RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 M0/M0 600 — 4830.00 Salary — Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 200000 | 460000 | 200000 | 23588800 |
| B BONUS | | | | | 42500000 |
| H HOLIDAY | | | | | 2800600 |
| P PAID TIM | | | -32200 | 2400 | 6716000 |
| K1 401K EE | 1150000 | | 18400 | 5600 | -16500000 |
| K2 401K E-M | 1150000 | | 427800 | | 809840 |
| | | | 460000 | 28000 | 27141000 |
| EMPLOYEE TOTAL | | | | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|
| C1 CHECKING 1 | 66120 | 27141000 | FEDERAL | 93527 | 5301876 | 6513693 |
| R1 REIMBURSEMEN | | 28791000 | OASDI | 28520 | -3973259 | 662160 |
| S1 SAVINGS 1 | 198360 | | MEDICARE | 6670 | 15708319 | 417474 |
| | 264480 | | STATE | 34603 | | 2313447 12/25/2010 DIRDEP 000 |
| | | | | 163320 | 17036936 | 9906774 |

---

**PAYCHEX INC**    PHONE (727)579-4700    FAX (727)579-4519

EMC001989

002139

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP -T564
COMPANY TOTALS

CHECK DATES 01/07/2010  TO  12/30/2010
PERIOD BEGIN 12/27/2009  PERIOD END 12/25/2010

09/27/2013
PAGE   3

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 M0/M0 600 4830.00 Salary Last Check Date 12/30/2010 | 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 | C1 CHECKING 1 | 130877 | | FEDERAL | 93527 | 6513693 | 000 |
| | B BONUS | | | | | 4250000 | R1 REIMBURSMEN | -259028 | | OASDI | 28520 | 662160 | DIRDEP |
| | H HOLIDAY 600 | | | | | 280600 | S1 SAVINGS 1 | 392631 | | MEDICARE | 6670 | 417474 | |
| | P PAID TIM | | | | | 671600 | | | | STATE | 34603 | 2313447 03/04/2010 | |
| | K1 401K EE | 1150000 | | -32200 | 2400 | -1650000 | | | | | | | |
| | K2 401K E-M | 1150000 | | 18400 | 5600 | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | | | 427800 / 460000 | 28000 | 27141000 / 28791000 | | 264480 | | | 163320 | 9906774 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 M0/M0 600 4830.00 Salary Last Check Date 12/30/2010 | 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 | C1 CHECKING 1 | 66120 | | FEDERAL | 93527 | 6513693 | 000 |
| | B BONUS | | | | | 4250000 | R1 REIMBURSMEN | | | OASDI | 28520 | 662160 | DIRDEP |
| | H HOLIDAY 600 | | | | | 280600 | S1 SAVINGS 1 | 198360 | | MEDICARE | 6670 | 417474 | |
| | P PAID TIM | | | | | 671600 | | | | STATE | 34603 | 2313447 03/11/2010 | |
| | K1 401K EE | 1150000 | | -32200 | 2400 | -1650000 | | | | | | | |
| | K2 401K E-M | 1150000 | | 18400 | 5600 | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | | | 427800 / 460000 | 28000 | 27141000 / 28791000 | | 264480 | | | 163320 | 9906774 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 M0/M0 600 4830.00 Salary Last Check Date 12/30/2010 | 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 | C1 CHECKING 1 | 66120 | | FEDERAL | 93527 | 6513693 | 000 |
| | B BONUS | | | | | 4250000 | R1 REIMBURSMEN | | | OASDI | 28520 | 662160 | DIRDEP |
| | H HOLIDAY 600 | | | | | 280600 | S1 SAVINGS 1 | 198360 | | MEDICARE | 6670 | 417474 | |
| | P PAID TIM | | | | | 671600 | | | | STATE | 34603 | 2313447 03/18/2010 | |
| | K1 401K EE | 1150000 | | -32200 | 2400 | -1650000 | | | | | | | |
| | K2 401K E-M | 1150000 | | 18400 | 5600 | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | | | 427800 / 460000 | 28000 | 27141000 / 28791000 | | 264480 | | | 163320 | 9906774 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 M0/M0 600 4830.00 Salary Last Check Date 12/30/2010 | 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 | C1 CHECKING 1 | 66120 | | FEDERAL | 93527 | 6513693 | 000 |
| | B BONUS | | | | | 4250000 | R1 REIMBURSMEN | | | OASDI | 28520 | 662160 | DIRDEP |
| | H HOLIDAY 600 | | | | | 280600 | S1 SAVINGS 1 | 198360 | | MEDICARE | 6670 | 417474 | |
| | P PAID TIM | | | | | 671600 | | | | STATE | 34603 | 2313447 03/25/2010 | |
| | K1 401K EE | 1150000 | | -32200 | 2400 | -1650000 | | | | | | | |
| | K2 401K E-M | 1150000 | | 18400 | 5600 | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | | | 427800 / 460000 | 28000 | 27141000 / 28791000 | | 264480 | | | 163320 | 9906774 | |

PAYCHEX INC

PHONE (727)579-4700          FAX (727)579-4519

EMCC001990

002140

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

09/27/2013  
PAGE 4

CHECK DATES 01/07/2010 TO 12/30/2010  
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

---

## RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600  
4830.00 Salary  
Last Check Date 12/30/2010

**Earnings**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | 2400 | | 2400 | 280600 |
| P PAID TIM | | 5600 | | 5600 | 671600 |
| K1 401K EE | 1150000 | | -32200 | | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| | | | 427800 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

**Deductions**

| DESCR | CURRENT AMOUNT |
|---|---|
| C1 CHECKING 1 | 66120 |
| R1 REIMBURSMEN | 198360 |
| S1 SAVINGS 1 | |
| | 264480 |

**Taxes**

| DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|
| FEDERAL | 5301876 | 93527 | 6513693 |
| OASDI | -3973259 | 28520 | 662160 |
| MEDICARE | 15708319 | 6670 | 417474 |
| STATE | | 34603 | 2313447 |
| | 17036936 | 163320 | 9906774 |

NET PAY / CHECK NO: 000 DIRDEP 04/01/2010

EMPLOYEE TOTAL

---

## RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600  
4830.00 Salary  
Last Check Date 12/30/2010

**Earnings**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | 2400 | | 2400 | 280600 |
| P PAID TIM | | 5600 | | 5600 | 671600 |
| K1 401K EE | 1150000 | | -32200 | | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| | | | 427800 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

**Deductions**

| DESCR | CURRENT AMOUNT |
|---|---|
| C1 CHECKING 1 | 77386 |
| R1 REIMBURSMEN | -45063 |
| S1 SAVINGS 1 | 232157 |
| | 264480 |

**Taxes**

| DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|
| FEDERAL | 5301876 | 89138 | 6513693 |
| OASDI | -3973259 | 28520 | 662160 |
| MEDICARE | 15708319 | 6670 | 417474 |
| STATE | | 33153 | 2313447 |
| | 17036936 | 163320 | 9906774 |

NET PAY / CHECK NO: 000 DIRDEP 04/08/2010

EMPLOYEE TOTAL

---

## RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600  
4830.00 Salary  
Last Check Date 12/30/2010

**Earnings**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | 2400 | | 2400 | 280600 |
| P PAID TIM | | 5600 | | 5600 | 671600 |
| K1 401K EE | 1150000 | | -46000 | | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| | | | 414000 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

**Deductions**

| DESCR | CURRENT AMOUNT |
|---|---|
| C1 CHECKING 1 | 64130 |
| R1 REIMBURSMEN | 192389 |
| S1 SAVINGS 1 | |
| | 256519 |

**Taxes**

| DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|
| FEDERAL | 5301876 | 89138 | 6513693 |
| OASDI | -3973259 | 28520 | 662160 |
| MEDICARE | 15708319 | 6670 | 417474 |
| STATE | | 33153 | 2313447 |
| | 17036936 | 157481 | 9906774 |

NET PAY / CHECK NO: 000 DIRDEP 04/15/2010

EMPLOYEE TOTAL

---

## RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600  
4830.00 Salary  
Last Check Date 12/30/2010

**Earnings**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | 2400 | | 2400 | 280600 |
| P PAID TIM | | 5600 | | 5600 | 671600 |
| K1 401K EE | 1150000 | | -46000 | | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| | | | 414000 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

**Deductions**

| DESCR | CURRENT AMOUNT |
|---|---|
| C1 CHECKING 1 | 112529 |
| R1 REIMBURSMEN | -193598 |
| S1 SAVINGS 1 | 337588 |
| | 256519 |

**Taxes**

| DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|
| FEDERAL | 5301876 | 89138 | 6513693 |
| OASDI | -3973259 | 28520 | 662160 |
| MEDICARE | 15708319 | 6670 | 417474 |
| STATE | | 33153 | 2313447 |
| | 17036936 | 157481 | 9906774 |

NET PAY / CHECK NO: 000 DIRDEP 04/22/2010

EMPLOYEE TOTAL

---

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP -T564
COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE 5

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 20000 | 4600000 | 20000 | 23588800 | C1 CHECKING 1 | 1699887 | 5301876 | FEDERAL | 1817785 | 6513693 | 000 |
| B BONUS | 1150000 | | 3125000 | | 4250000 | R1 REIMBURSMEN | -2878875 | -3973259 | OASDI | 47895 | 662160 | DIRDEP |
| H HOLIDAY | | 2400 | | 2400 | 2806000 | S1 SAVINGS 1 | 5096959 | 15708319 | MEDICARE | 11201 | 417474 | |
| P PAID TIM | | 5600 | | 5600 | 671600 | | | | STATE | 62698 | 2313447 | 14/29/2010 |
| K1 401K EE | 1150000 | | -772500 | | -1650000 | | 391671 | 17036936 | | 3035579 | 9906774 | |
| K2 401K E-M | 1150000 | | 309000 | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | 28000 | 6952500 | 28000 | 27141000 | | | | | | | |
| | | | 7725000 | | 28791000 | | | | | | | |

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 20000 | 4600000 | 20000 | 23588800 | C1 CHECKING 1 | 64130 | 5301876 | FEDERAL | 89138 | 6513693 | 000 |
| B BONUS | | | | | 4250000 | R1 REIMBURSMEN | | -3973259 | OASDI | 28520 | 662160 | DIRDEP |
| H HOLIDAY | | 2400 | | 2400 | 2806000 | S1 SAVINGS 1 | 192389 | 15708319 | MEDICARE | 6670 | 417474 | |
| P PAID TIM | | 5600 | | 5600 | 671600 | | | | STATE | 33153 | 2313447 | 15/06/2010 |
| K1 401K EE | 1150000 | | -460000 | | -1650000 | | 256519 | 17036936 | | 157481 | 9906774 | |
| K2 401K E-M | 1150000 | | 184000 | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | 28000 | 4140000 | 28000 | 27141000 | | | | | | | |
| | | | 4600000 | | 28791000 | | | | | | | |

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 20000 | 4600000 | 20000 | 23588800 | C1 CHECKING 1 | 64130 | 5301876 | FEDERAL | 89138 | 6513693 | 000 |
| B BONUS | | | | | 4250000 | R1 REIMBURSMEN | | -3973259 | OASDI | 28520 | 662160 | DIRDEP |
| H HOLIDAY | | 2400 | | 2400 | 2806000 | S1 SAVINGS 1 | 192389 | 15708319 | MEDICARE | 6670 | 417474 | |
| P PAID TIM | | 5600 | | 5600 | 671600 | | | | STATE | 33153 | 2313447 | 15/13/2010 |
| K1 401K EE | 1150000 | | -460000 | | -1650000 | | 256519 | 17036936 | | 157481 | 9906774 | |
| K2 401K E-M | 1150000 | | 184000 | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | 28000 | 4140000 | 28000 | 27141000 | | | | | | | |
| | | | 4600000 | | 28791000 | | | | | | | |

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 20000 | 4600000 | 20000 | 23588800 | C1 CHECKING 1 | 64130 | 5301876 | FEDERAL | 89138 | 6513693 | 000 |
| B BONUS | | | | | 4250000 | R1 REIMBURSMEN | | -3973259 | OASDI | 28520 | 662160 | DIRDEP |
| H HOLIDAY | | 2400 | | 2400 | 2806000 | S1 SAVINGS 1 | 192389 | 15708319 | MEDICARE | 6670 | 417474 | |
| P PAID TIM | | 5600 | | 5600 | 671600 | | | | STATE | 33153 | 2313447 | 15/20/2010 |
| K1 401K EE | 1150000 | | -460000 | | -1650000 | | 256519 | 17036936 | | 157481 | 9906774 | |
| K2 401K E-M | 1150000 | | 184000 | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | 28000 | 4140000 | 28000 | 27141000 | | | | | | | |
| | | | 4600000 | | 28791000 | | | | | | | |

PAYCHEX INC

PHONE (727)579-4700          FAX (727)579-4519

EMCC001992

002142

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE 6

## EMPLOYEE: RANDAZZA, MARC JOHN — 1424 XXX-XX-XXXX CA FL FL — 52 MO/MO 600 — 4830.00 Salary — Last Check Date 12/30/2010

### Check 1 — DIRDEP 000 — 05/27/2010

| EARNINGS DESCR | PAY RATE | HOURS (CUR) | CURRENT AMOUNT | HOURS (YTD) | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | 600 | | | | 280600 |
| P PAID TIM | 1150000 | | | 2400 | 671600 |
| K1 401K EE | 1150000 | | -46000 | 5600 | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| | | 4000 | 414000 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| C1 CHECKING 1 | 69439 | FEDERAL | 5301876 | 89138 | 6513693 |
| R1 REIMBURSMEN | 208315 | OASDI | -3973259 | 7285 | 662160 |
| S1 SAVINGS 1 | | MEDICARE | 15708319 | 6670 | 417474 |
| | | STATE | | 33153 | 2313447 |
| EMPLOYEE TOTAL | 277754 | EMPLOYEE TOTAL | 17036936 | 136246 | 9906774 |

### Check 2 — DIRDEP 000 — 06/03/2010

| EARNINGS DESCR | PAY RATE | HOURS (CUR) | CURRENT AMOUNT | HOURS (YTD) | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 3200 | 368000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | 600 | | | | 280600 |
| P PAID TIM | 1150000 | 800 | 92000 | 2400 | 671600 |
| K1 401K EE | 1150000 | | -46000 | 5600 | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| | | 4000 | 414000 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| C1 CHECKING 1 | 71260 | FEDERAL | 5301876 | 89138 | 6513693 |
| R1 REIMBURSMEN | | OASDI | -3973259 | | 662160 |
| S1 SAVINGS 1 | 213779 | MEDICARE | 15708319 | 6670 | 417474 |
| | | STATE | | 33153 | 2313447 |
| EMPLOYEE TOTAL | 285039 | EMPLOYEE TOTAL | 17036936 | 128961 | 9906774 |

### Check 3 — DIRDEP 000 — 06/10/2010

| EARNINGS DESCR | PAY RATE | HOURS (CUR) | CURRENT AMOUNT | HOURS (YTD) | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 3200 | 368000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | 600 | | | | 280600 |
| P PAID TIM | 1150000 | 800 | 92000 | 2400 | 671600 |
| K1 401K EE | 1150000 | | -46000 | 5600 | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| | | 4000 | 414000 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| C1 CHECKING 1 | 131923 | FEDERAL | 5301876 | 89138 | 6513693 |
| R1 REIMBURSMEN | -242652 | OASDI | -3973259 | | 662160 |
| S1 SAVINGS 1 | 395768 | MEDICARE | 15708319 | 6670 | 417474 |
| | | STATE | | 33153 | 2313447 |
| EMPLOYEE TOTAL | 285039 | EMPLOYEE TOTAL | 17036936 | 128961 | 9906774 |

### Check 4 — DIRDEP 000 — 06/17/2010

| EARNINGS DESCR | PAY RATE | HOURS (CUR) | CURRENT AMOUNT | HOURS (YTD) | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | 3200 | 368000 | 20000 | 23588800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | 600 | | | | 280600 |
| P PAID TIM | 1150000 | 800 | 92000 | 2400 | 671600 |
| K1 401K EE | 1150000 | | -46000 | 5600 | -1650000 |
| K2 401K E-M | 1150000 | | 18400 | | 809840 |
| | | 4000 | 414000 | 28000 | 27141000 |
| | | | 460000 | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|
| C1 CHECKING 1 | 131923 | FEDERAL | 5301876 | 89138 | 6513693 |
| R1 REIMBURSMEN | -242652 | OASDI | -3973259 | | 662160 |
| S1 SAVINGS 1 | 395768 | MEDICARE | 15708319 | 6670 | 417474 |
| | | STATE | | 33153 | 2313447 |
| EMPLOYEE TOTAL | 285039 | EMPLOYEE TOTAL | 17036936 | 128961 | 9906774 |

NET PAY / CHECK NO

**PAYCHEX INC**

PHONE (727)579-4700    FAX (727)579-4519

EMC001993

002143

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP -T564
## COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE 7

---

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 200000 | 2358800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | | | | 2806000 |
| P PAID TIM | | | | 2400 | 280600 |
| K1 401K EE | 1150000 | | -46000 | 5600 | 671600 |
| K2 401K E-M | 1150000 | | 18400 | | -1650000 |
| | | | 414000 | | 809840 |
| | | | 460000 | 28000 | 27141000 |
| | | | | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 71260 | 5301876 |
| R1 REIMBURSMEN | | -3973259 |
| S1 SAVINGS 1 | 213779 | 15708319 |
| | 285039 | 17036936 |

| TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 89138 | 6513693 |
| OASDI | | 662160 |
| MEDICARE | 6670 | 417474 |
| STATE | 33153 | 2313447 |
| | 128961 | 9906774 |

NET PAY / CHECK NO: 000 DIRDEP 06/24/2010

EMPLOYEE TOTAL

---

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | 1150000 | | 460000 | 200000 | 2358800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | | | | 2806000 |
| P PAID TIM | | | | 2400 | 280600 |
| K1 401K EE | 1150000 | | -46000 | 5600 | 671600 |
| K2 401K E-M | 1150000 | | 18400 | | -1650000 |
| | | | 414000 | | 809840 |
| | | | 460000 | 28000 | 27141000 |
| | | | | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 102626 | 5301876 |
| R1 REIMBURSMEN | -125466 | -3973259 |
| S1 SAVINGS 1 | 307879 | 15708319 |
| | 285039 | 17036936 |

| TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 89138 | 6513693 |
| OASDI | | 662160 |
| MEDICARE | 6670 | 417474 |
| STATE | 33153 | 2313447 |
| | 128961 | 9906774 |

NET PAY / CHECK NO: 000 DIRDEP 07/01/2010

EMPLOYEE TOTAL

---

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | | 506000 | 200000 | 2358800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | | | | 2806000 |
| P PAID TIM | | | | 2400 | 280600 |
| K1 401K EE | | | -50600 | 5600 | 671600 |
| K2 401K E-M | | | 20240 | | -1650000 |
| | | | 455400 | | 809840 |
| | | | 506000 | 28000 | 27141000 |
| | | | | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 76982 | 5301876 |
| R1 REIMBURSMEN | | -3973259 |
| S1 SAVINGS 1 | 230944 | 15708319 |
| | 307926 | 17036936 |

| TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 102635 | 6513693 |
| OASDI | | 662160 |
| MEDICARE | 7337 | 417474 |
| STATE | 37502 | 2313447 |
| | 147474 | 9906774 |

NET PAY / CHECK NO: 000 DIRDEP 07/08/2010

EMPLOYEE TOTAL

---

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | 3200 | 386400 | 200000 | 2358800 |
| B BONUS | | | | | 4250000 |
| H HOLIDAY | | 800 | 96600 | | 2806000 |
| P PAID TIM | | | | 2400 | 280600 |
| K1 401K EE | | | -48300 | 5600 | 671600 |
| K2 401K E-M | | | 19320 | | -1650000 |
| | | | 434700 | | 809840 |
| | | 4000 | 483000 | 28000 | 27141000 |
| | | | | | 28791000 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 74141 | 5301876 |
| R1 REIMBURSMEN | | -3973259 |
| S1 SAVINGS 1 | 222423 | 15708319 |
| | 296564 | 17036936 |

| TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 95404 | 6513693 |
| OASDI | | 662160 |
| MEDICARE | 7004 | 417474 |
| STATE | 35328 | 2313447 |
| | 138136 | 9906774 |

NET PAY / CHECK NO: 000 DIRDEP 07/15/2010

EMPLOYEE TOTAL

---

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP -T564
COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE   8

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

**EARNINGS**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 |
| B BONUS | | | | 2400 | 4250000 |
| H HOLIDAY | | | | 5600 | 280600 |
| P PAID TIM | | | | | 671600 |
| K1 401K EE | | | -48300 | | -1650000 |
| K2 401K E-M | | | 19320 | | 809840 |
| | | | 434700 | 28000 | 27141000 |
| | | | 483000 | | 28791000 |

**DEDUCTIONS**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 102654 | 5301876 |
| R1 REIMBURSMEN | -114053 | -3973259 |
| S1 SAVINGS 1 | 307963 | 15708319 |
| | 296564 | 17036936 |

**TAXES**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 95804 | 6513693 |
| OASDI | 7004 | 662160 |
| MEDICARE | 35328 | 417474 |
| STATE | | 2313447 |
| | 138136 | 9906774 |

**EMPLOYEE TOTAL** — NET PAY 000 / CHECK NO DIRDEP 07/22/2010

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

**EARNINGS**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 |
| B BONUS | | | | 2400 | 4250000 |
| H HOLIDAY | | | | 5600 | 280600 |
| P PAID TIM | | | | | 671600 |
| K1 401K EE | | | -48300 | | -1650000 |
| K2 401K E-M | | | 19320 | | 809840 |
| | | | 434700 | 28000 | 27141000 |
| | | | 483000 | | 28791000 |

**DEDUCTIONS**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 74141 | 5301876 |
| R1 REIMBURSMEN | | -3973259 |
| S1 SAVINGS 1 | 222423 | 15708319 |
| | 296564 | 17036936 |

**TAXES**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 95804 | 6513693 |
| OASDI | 7004 | 662160 |
| MEDICARE | 35328 | 417474 |
| STATE | | 2313447 |
| | 138136 | 9906774 |

**EMPLOYEE TOTAL** — NET PAY 000 / CHECK NO DIRDEP 07/29/2010

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

**EARNINGS**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 |
| B BONUS | | | | 2400 | 4250000 |
| H HOLIDAY | | | | 5600 | 280600 |
| P PAID TIM | | | | | 671600 |
| K1 401K EE | | | -48300 | | -1650000 |
| K2 401K E-M | | | 19320 | | 809840 |
| | | | 434700 | 28000 | 27141000 |
| | | | 483000 | | 28791000 |

**DEDUCTIONS**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 97641 | 5301876 |
| R1 REIMBURSMEN | -94000 | -3973259 |
| S1 SAVINGS 1 | 292923 | 15708319 |
| | 296564 | 17036936 |

**TAXES**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 95804 | 6513693 |
| OASDI | 7004 | 662160 |
| MEDICARE | 35328 | 417474 |
| STATE | | 2313447 |
| | 138136 | 9906774 |

**EMPLOYEE TOTAL** — NET PAY 000 / CHECK NO DIRDEP 08/05/2010

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

**EARNINGS**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | 800 | 96600 | 20000 | 23588800 |
| B BONUS | | | | 2400 | 4250000 |
| H HOLIDAY | | 3200 | 386400 | 5600 | 280600 |
| P PAID TIM | | | | | 671600 |
| K1 401K EE | | | -48300 | | -1650000 |
| K2 401K E-M | | | 19320 | | 809840 |
| | | 4000 | 434700 | 28000 | 27141000 |
| | | | 483000 | | 28791000 |

**DEDUCTIONS**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 123855 | 5301876 |
| R1 REIMBURSMEN | -198854 | -3973259 |
| S1 SAVINGS 1 | 371563 | 15708319 |
| | 296564 | 17036936 |

**TAXES**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 95804 | 6513693 |
| OASDI | 7004 | 662160 |
| MEDICARE | 35328 | 417474 |
| STATE | | 2313447 |
| | 138136 | 9906774 |

**EMPLOYEE TOTAL** — NET PAY 000 / CHECK NO DIRDEP 08/12/2010

---

PAYCHEX INC

PHONE (727)579-4700       FAX (727)579-4519

EMCC001995

002145

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP -T564
COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE 9

| EMPLOYEE NAME / ID SSN STATE/FRG STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 M0/M0 600 4830.00 Salary Last Check Date 12/30/2010 | 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 74141 | 23588800 | FEDERAL | 95804 | 6513693 | DIRDEP 000 |
| | B BONUS | | | | | 42500000 | R1 REIMBURSMEN | | 42500000 | OASDI | 7004 | 662160 | |
| | H HOLIDAY | | | | 2400 | 2806000 | S1 SAVINGS 1 | 222423 | 2806000 | MEDICARE | 35328 | 417474 | 08/19/2010 |
| | P PAID TIM | | | | 5600 | 671600 | | | 671600 | STATE | | 2313447 | |
| | K1 401K EE | | | -48300 | | -1650000 | | | -1650000 | | | | |
| | K2 401K E-M | | | 19320 | | 809840 | | | 809840 | | | | |
| EMPLOYEE TOTAL | | | | 434700 483000 | 28000 | 27141000 28791000 | | 296564 | 27141000 28791000 | | 138136 | 9906774 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 M0/M0 600 4830.00 Salary Last Check Date 12/30/2010 | 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 74141 | 23588800 | FEDERAL | 95804 | 6513693 | DIRDEP 000 |
| | B BONUS | | | | | 42500000 | R1 REIMBURSMEN | | 42500000 | OASDI | 7004 | 662160 | |
| | H HOLIDAY | | | | 2400 | 2806000 | S1 SAVINGS 1 | 222423 | 2806000 | MEDICARE | 35328 | 417474 | 08/26/2010 |
| | P PAID TIM | | | | 5600 | 671600 | | | 671600 | STATE | | 2313447 | |
| | K1 401K EE | | | -48300 | | -1650000 | | | -1650000 | | | | |
| | K2 401K E-M | | | 19320 | | 809840 | | | 809840 | | | | |
| EMPLOYEE TOTAL | | | | 434700 483000 | 28000 | 27141000 28791000 | | 296564 | 27141000 28791000 | | 138136 | 9906774 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 M0/M0 600 4830.00 Salary Last Check Date 12/30/2010 | 1 REGULAR | | 3200 | 366400 | 20000 | 23588800 | C1 CHECKING 1 | 349465 | 23588800 | FEDERAL | 564796 | 6513693 | DIRDEP 000 |
| | B BONUS | | | 1462500 | | 42500000 | R1 REIMBURSMEN | -377000 | 42500000 | OASDI | 28210 | 662160 | |
| | H HOLIDAY | | | | 2400 | 2806000 | S1 SAVINGS 1 | 1048393 | 2806000 | MEDICARE | 177886 | 417474 | 09/02/2010 |
| | P PAID TIM | | 800 | 96600 | 5600 | 671600 | | | 671600 | STATE | | 2313447 | |
| | K1 401K EE | | | -153750 | | -1650000 | | | -1650000 | | | | |
| | K2 401K E-M | | | 77282 | | 809840 | | | 809840 | | | | |
| EMPLOYEE TOTAL | | | 4000 | 1791750 1945500 | 28000 | 27141000 28791000 | | 1020858 | 27141000 28791000 | | 770892 | 9906774 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 M0/M0 600 4830.00 Salary Last Check Date 12/30/2010 | 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 131589 | 23588800 | FEDERAL | 111743 | 6513693 | DIRDEP 000 |
| | B BONUS | | | | | 42500000 | R1 REIMBURSMEN | -202500 | 42500000 | OASDI | 6999 | 662160 | |
| | H HOLIDAY | | | | 2400 | 2806000 | S1 SAVINGS 1 | 394768 | 2806000 | MEDICARE | 40401 | 417474 | 09/09/2010 |
| | P PAID TIM | | | | 5600 | 671600 | | | 671600 | STATE | | 2313447 | |
| | K1 401K EE | | | | | -1650000 | | | -1650000 | | | | |
| | K2 401K E-M | | | | | 809840 | | | 809840 | | | | |
| EMPLOYEE TOTAL | | | | 483000 | 28000 | 27141000 28791000 | | 323857 | 27141000 28791000 | | 159143 | 9906774 | |

PAYCHEX INC

PHONE (727)579-4700

FAX (727)579-4519

EMCC001996

002146

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP -T564
COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE 10

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 80963 | 5301876 | FEDERAL | 111743 | 6513693 | 000 |
| B BONUS | | | | | 42500000 | R1 REIMBURSMEN | | -3973259 | OASDI | | 662160 | DIRDEP |
| H HOLIDAY | | | | | 280600 | S1 SAVINGS 1 | 242889 | 15708319 | MEDICARE | 7004 | 417474 | |
| P PAID TIM | | | | 5600 | 671600 | | | | STATE | 40401 | 23134479/16/2010 | |
| K1 401K EE | | | | | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | | 483000 | 28000 | 27141000 / 28791000 | | 323852 | 17036936 | | 159148 | 9906774 | |

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 80963 | 5301876 | FEDERAL | 111743 | 6513693 | 000 |
| B BONUS | | | | | 4250000 | R1 REIMBURSMEN | | -3973259 | OASDI | | 662160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 280600 | S1 SAVINGS 1 | 242889 | 15708319 | MEDICARE | 7004 | 417474 | |
| P PAID TIM | | | | 5600 | 671600 | | | | STATE | 40401 | 23134479/23/2010 | |
| K1 401K EE | | | | | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | | 483000 | 28000 | 27141000 / 28791000 | | 323852 | 17036936 | | 159148 | 9906774 | |

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 98165 | 5301876 | FEDERAL | 152993 | 6513693 | 000 |
| B BONUS | | | 125000 | | 42500000 | R1 REIMBURSMEN | | -3973259 | OASDI | | 662160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 280600 | S1 SAVINGS 1 | 294493 | 15708319 | MEDICARE | 8816 | 417474 | |
| P PAID TIM | | | | 5600 | 671600 | | | | STATE | 53533 | 23134479/30/2010 | |
| K1 401K EE | | | 24320 | | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | | 608000 | 28000 | 27141000 / 28791000 | | 392658 | 17036936 | | 215342 | 9906774 | |

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 80963 | 5301876 | FEDERAL | 111743 | 6513693 | 000 |
| B BONUS | | | | | 4250000 | R1 REIMBURSMEN | | -3973259 | OASDI | | 662160 | DIRDEP |
| H HOLIDAY | | | | 2400 | 280600 | S1 SAVINGS 1 | 242889 | 15708319 | MEDICARE | 7004 | 417474 | |
| P PAID TIM | | | | 5600 | 671600 | | | | STATE | 40401 | 23134479/07/2010 | |
| K1 401K EE | | | | | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | | 483000 | 28000 | 27141000 / 28791000 | | 323852 | 17036936 | | 159148 | 9906774 | |

PAYCHEX INC

PHONE (727)579-4700    FAX (727)579-4519

EMC001997

002147

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP -T564
### COMPANY TOTALS

09/27/2013  PAGE  11

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 4830000 | 200000 | 23588800 | C1 CHECKING 1 | 91284 | 5301876 | FEDERAL | 136493 | 6513693 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | 750000 | | 42500000 | R1 REIMBURSMEN | | -3973259 | OASDI | | 662160 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | | | 24000 | 2806000 | S1 SAVINGS 1 | 273852 | 15708319 | MEDICARE | 8091 | 417474 | |
| 4830.00 Salary | P PAID TIM | | | | 56000 | 671600 | | | | STATE | 482800 | 2313447 10/14/2010 | |
| Last Check Date 12/30/2010 | K1 401K EE | | | | | -1650000 | | | | | | | |
| | K2 401K E-M | | | | | 8099840 | | | | | | | |
| EMPLOYEE TOTAL | | | | 5580000 | 280000 | 27141000 | | 365136 | 17036936 | | 192864 | 9906774 | |
| | | | | | | 28791000 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | 32000 | 3864000 | 200000 | 23588800 | C1 CHECKING 1 | 84403 | 5301876 | FEDERAL | 119993 | 6513693 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | 250000 | | 42500000 | R1 REIMBURSMEN | | -3973259 | OASDI | | 662160 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | 8000 | 966000 | 24000 | 2806000 | S1 SAVINGS 1 | 253210 | 15708319 | MEDICARE | 7366 | 417474 | |
| 4830.00 Salary | P PAID TIM | | | | 56000 | 671600 | | | | STATE | 43028 | 2313447 10/21/2010 | |
| Last Check Date 12/30/2010 | K1 401K EE | | | | | -1650000 | | | | | | | |
| | K2 401K E-M | | | | | 8099840 | | | | | | | |
| EMPLOYEE TOTAL | | | 40000 | 5080000 | 280000 | 27141000 | | 337613 | 17036936 | | 170387 | 9906774 | |
| | | | | | | 28791000 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 4830000 | 200000 | 23588800 | C1 CHECKING 1 | 80963 | 5301876 | FEDERAL | 111743 | 6513693 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | | | 42500000 | R1 REIMBURSMEN | | -3973259 | OASDI | | 662160 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | | | 24000 | 2806000 | S1 SAVINGS 1 | 242889 | 15708319 | MEDICARE | 7004 | 417474 | |
| 4830.00 Salary | P PAID TIM | | | | 56000 | 671600 | | | | STATE | 40401 | 2313447 10/28/2010 | |
| Last Check Date 12/30/2010 | K1 401K EE | | | | | -1650000 | | | | | | | |
| | K2 401K E-M | | | | | 8099840 | | | | | | | |
| EMPLOYEE TOTAL | | | | 4830000 | 280000 | 27141000 | | 323852 | 17036936 | | 159148 | 9906774 | |
| | | | | | | 28791000 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 4830000 | 200000 | 23588800 | C1 CHECKING 1 | 149608 | 5301876 | FEDERAL | 111743 | 6513693 | 000 |
| 1424 XXX-XX-XXXX CA FL FL | B BONUS | | | | | 42500000 | R1 REIMBURSMEN | -274580 | -3973259 | OASDI | | 662160 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | | | 24000 | 2806000 | S1 SAVINGS 1 | 448824 | 15708319 | MEDICARE | 7004 | 417474 | |
| 4830.00 Salary | P PAID TIM | | | | 56000 | 671600 | | | | STATE | 40401 | 2313447 11/04/2010 | |
| Last Check Date 12/30/2010 | K1 401K EE | | | | | -1650000 | | | | | | | |
| | K2 401K E-M | | | | | 8099840 | | | | | | | |
| EMPLOYEE TOTAL | | | | 4830000 | 280000 | 27141000 | | 323852 | 17036936 | | 159148 | 9906774 | |
| | | | | | | 28791000 | | | | | | | |

PAYCHEX INC                    PHONE (727)579-4700          FAX (727)579-4519

EMC001998

002148

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP -T564
### COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013 — PAGE 12

---

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION**

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 96280 | 5301876 | FEDERAL | 111743 | 6513693 |
| B BONUS | | | | | 42500000 | R1 REIMBURSEMEN | -61267 | -3973259 | OASDI | | 662160 |
| H HOLIDAY | | | | 2400 | 2806500 | S1 SAVINGS 1 | 288839 | 15708319 | MEDICARE | 7004 | 417474 |
| P PAID TIM | | | | 5600 | 671600 | | | | STATE | 40401 | 2313447 |
| K1 401K EE | | | | | -1650000 | | | | | | |
| K2 401K E-M | | | 19320 | | 809840 | | | | | | |
| **EMPLOYEE TOTAL** | | | 483000 | 28000 | 27141000 / 28791000 | | 323852 | 17036936 | | 159148 | 9906774 |

NET PAY / CHECK NO: 000  DIRDEP  11/10/2010

---

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 98165 | 5301876 | FEDERAL | 152993 | 6513693 |
| B BONUS | | | 125000 | | 42500000 | R1 REIMBURSEMEN | | -3973259 | OASDI | | 662160 |
| H HOLIDAY | | | | 2400 | 2806500 | S1 SAVINGS 1 | 294493 | 15708319 | MEDICARE | 8816 | 417474 |
| P PAID TIM | | | | 5600 | 671600 | | | | STATE | 53533 | 2313447 |
| K1 401K EE | | | | | -1650000 | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | |
| **EMPLOYEE TOTAL** | | | 608000 | 28000 | 27141000 / 28791000 | | 392658 | 17036936 | | 215342 | 9906774 |

NET PAY / CHECK NO: 000  DIRDEP  11/18/2010

---

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 141891 | 5301876 | FEDERAL | 264234 | 6513693 |
| B BONUS | | | 450000 | | 42500000 | R1 REIMBURSEMEN | | -3973259 | OASDI | | 662160 |
| H HOLIDAY | | | | 2400 | 2806500 | S1 SAVINGS 1 | 425672 | 15708319 | MEDICARE | 13529 | 417474 |
| P PAID TIM | | | | 5600 | 671600 | | | | STATE | 87674 | 2313447 |
| K1 401K EE | | | | | -1650000 | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | |
| **EMPLOYEE TOTAL** | | | 933000 | 28000 | 27141000 / 28791000 | | 567563 | 17036936 | | 365437 | 9906774 |

NET PAY / CHECK NO: 000  DIRDEP  11/24/2010

---

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 483000 | 20000 | 23588800 | C1 CHECKING 1 | 89364 | 5301876 | FEDERAL | 132368 | 6513693 |
| B BONUS | | | 62500 | | 42500000 | R1 REIMBURSEMEN | | -3973259 | OASDI | | 662160 |
| H HOLIDAY | | | | 2400 | 2806500 | S1 SAVINGS 1 | 268691 | 15708319 | MEDICARE | 7910 | 417474 |
| P PAID TIM | | | | 5600 | 671600 | | | | STATE | 46967 | 2313447 |
| K1 401K EE | | | | | -1650000 | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | |
| **EMPLOYEE TOTAL** | | | 545500 | 28000 | 27141000 / 28791000 | | 358255 | 17036936 | | 187245 | 9906774 |

NET PAY / CHECK NO: 000  DIRDEP  12/05/2010

---

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE 13

---

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION**

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 20000 | 4830000 | 20000 | 23588800 | C1 CHECKING 1 | 80963 | 5301876 | FEDERAL | 111743 | 6513693 | 000 |
| B BONUS | | | | | 42500000 | R1 REIMBURSMEN | 242889 | -3973259 | OASDI | 7004 | 662160 | DIRDEP |
| H HOLIDAY | | | | | 2806800 | S1 SAVINGS 1 | | 15708319 | MEDICARE | 40401 | 417474 | 12/09/2010 |
| P PAID TIM | | 2400 | | 2400 | 671600 | | | | STATE | | 2313447 | |
| K1 401K EE | | 5600 | | 5600 | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | 28000 | 4830000 | 28000 | 27141000 / 28791000 | | 323852 | 17036936 | | 159148 | 9906774 | |

---

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 20000 | 4830000 | 20000 | 23588800 | C1 CHECKING 1 | 174078 | 5301876 | FEDERAL | 173618 | 6513693 | 000 |
| B BONUS | | | 1875000 | | 42500000 | R1 REIMBURSMEN | -269249 | -3973259 | OASDI | 9722 | 662160 | DIRDEP |
| H HOLIDAY | | | | | 2806800 | S1 SAVINGS 1 | 522233 | 15708319 | MEDICARE | 60098 | 417474 | 12/16/2010 |
| P PAID TIM | | 2400 | | 2400 | 671600 | | | | STATE | | 2313447 | |
| K1 401K EE | | 5600 | | 5600 | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | 28000 | 6705000 | 28000 | 27141000 / 28791000 | | 427062 | 17036936 | | 243438 | 9906774 | |

---

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 20000 | 4830000 | 20000 | 23588800 | C1 CHECKING 1 | 250623 | 5301876 | FEDERAL | 152993 | 6513693 | 000 |
| B BONUS | | | 1250000 | | 42500000 | R1 REIMBURSMEN | -609834 | -3973259 | OASDI | 8816 | 662160 | DIRDEP |
| H HOLIDAY | | | | | 2806800 | S1 SAVINGS 1 | 751869 | 15708319 | MEDICARE | 53533 | 417474 | 12/23/2010 |
| P PAID TIM | | 2400 | | 2400 | 671600 | | | | STATE | | 2313447 | |
| K1 401K EE | | 5600 | | 5600 | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | 28000 | 6080000 | 28000 | 27141000 / 28791000 | | 392658 | 17036936 | | 215342 | 9906774 | |

---

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
4830.00 Salary
Last Check Date 12/30/2010

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 20000 | 4830000 | 20000 | 23588800 | C1 CHECKING 1 | 115366 | 5301876 | FEDERAL | 194243 | 6513693 | 000 |
| B BONUS | | | 2500000 | | 42500000 | R1 REIMBURSMEN | 346098 | -3973259 | OASDI | 10629 | 662160 | DIRDEP |
| H HOLIDAY | | | | | 2806800 | S1 SAVINGS 1 | | 15708319 | MEDICARE | 66664 | 417474 | 12/30/2010 |
| P PAID TIM | | 2400 | | 2400 | 671600 | | | | STATE | | 2313447 | |
| K1 401K EE | | 5600 | | 5600 | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 809840 | | | | | | | |
| EMPLOYEE TOTAL | | 28000 | 7330000 | 28000 | 27141000 / 28791000 | | 461464 | 17036936 | | 271536 | 9906774 | |

---

PAYCHEX INC   PHONE (727)579-4700   FAX (727)579-4519

EMC002000

002150

# PAYROLL REGISTER WITH YTD
### EXCELSIOR MEDIA CORP - T564
### COMPANY TOTALS

CHECK DATES 01/07/2010 TO 12/30/2010
PERIOD BEGIN 12/27/2009 PERIOD END 12/25/2010

09/27/2013
PAGE 14

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **LEGAL** | | | | | | | | | | | | | |
| **DEPARTMENT TOTALS** | | | | | | | | | | | | | |
| 1 EMPLOYEES   52 CHECKS | 1 REGULAR | | 20000 | 23588800 | 20000 | 23588800 | C1 CHECKING 1 | 5301876 | 5301876 | FEDERAL | 6513693 | 6513693 | 197290 |
| | B BONUS | | | 42500000 | | 42500000 | R1 REIMBURSMEN | -3973259 | -3973259 | OASDI | 662160 | 662160 | |
| | H HOLIDAY | | 2400 | 2806000 | 2400 | 2806000 | S1 SAVINGS 1 | 15708319 | 15708319 | MEDICARE | 417474 | 417474 | |
| | P PAID TIM | | 5600 | 671600 | 5600 | 671600 | | | | STATE | 2313447 | 2313447 | |
| | | | | | | | | | | | 9906774 | 9906774 | |
| | K1 401K EE | | | -1650000 | | -1650000 | | | | ER OASDI | | 662160 | |
| | K2 401K E-M | | | 809840 | | 809840 | | | | ER MEDCR | | 417470 | |
| | | | | | | | | | | ER FUI | | 5600 | |
| | | | | | | | | | | ER SUI | | 8260 | |
| | | | | | | | | | | | | 1093490 | |
| | | | 28000 | 27141000 | 28000 | 27141000 | | 17036936 | 17036936 | | 9906774 | 11000264 | |
| **DEPARTMENT TOTAL** | | | | 28791000 | | 28791000 | | | | | | | |
| **EXCELSIOR MEDIA CORP** | | | | | | | | | | | | | |
| **COMPANY TOTALS** | | | | | | | | | | | | | |
| 1 EMPLOYEES   52 CHECKS | 1 REGULAR | | 20000 | 23588800 | 20000 | 23588800 | C1 CHECKING 1 | 5301876 | 5301876 | FEDERAL | 6513693 | 6513693 | 197290 |
| | B BONUS | | | 42500000 | | 42500000 | R1 REIMBURSMEN | -3973259 | -3973259 | OASDI | 662160 | 662160 | |
| | H HOLIDAY | | 2400 | 2806000 | 2400 | 2806000 | S1 SAVINGS 1 | 15708319 | 15708319 | MEDICARE | 417474 | 417474 | |
| | P PAID TIM | | 5600 | 671600 | 5600 | 671600 | | | | STATE | 2313447 | 2313447 | |
| | | | | | | | | | | | 9906774 | 9906774 | |
| | K1 401K EE | | | -1650000 | | -1650000 | | | | ER OASDI | | 662160 | |
| | K2 401K E-M | | | 809840 | | 809840 | | | | ER MEDCR | | 417470 | |
| | | | | | | | | | | ER FUI | | 5600 | |
| | | | | | | | | | | ER SUI | | 8260 | |
| | | | | | | | | | | | | 1093490 | |
| **COMPANY TOTAL** | | | 28000 | 27141000 | 28000 | 27141000 | | 17036936 | 17036936 | | 9906774 | 11000264 | |
| | | | | 28791000 | | 28791000 | | | | | | | |

PAYCHEX INC

PHONE (727)579-4700     FAX (727)579-4519

EMC002001

# PAYROLL REGISTER WITH YTD
**EXCELSIOR MEDIA CORP - T564**
**COMPANY TOTALS**

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 1

### EMPLOYEE NAME — RANDAZZA, MARC JOHN
ID SSN STATE/FRQ STS LOCATION: 1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT | NET PAY | CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | 2400 | 289800 | 34800 | 23386986 | C1 CHECKING 1 | 78014 | 4315254 | FEDERAL | 124781 | 18005772 | 000 | DIRDEP |
| B BONUS | 1207500 | | 100000 | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | 36146 | 448560 | | 01/06/2011 |
| H HOLIDAY | 1207500 | 800 | 96600 | 4000 | 502320 | S1 SAVINGS 1 | 234040 | 45728267 | MEDICARE | 8454 | 914728 | | |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | 43265 | 675806 | | |
| FH FLOATING | 1207500 | 800 | 96600 | 800 | 96600 | | | | | | | | |
| K1 401K EE | 1207500 | | -58300 | | -1650000 | | | | | | | | |
| K2 401K E-M | 1207500 | | 23320 | | 2406495 | | | | | | | | |
| | | 4000 | 524700 | 56000 | 61434532 | | | | | | | | |
| | | | 583000 | | 63084532 | | | | | | | | |
| **EMPLOYEE TOTAL** | | | 583000 | 56000 | 63084532 | | 312054 | 41389666 | | 212646 | 20044866 | | |

### EMPLOYEE NAME — RANDAZZA, MARC JOHN
ID SSN STATE/FRQ STS LOCATION: 1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT | NET PAY | CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 72483 | 4315254 | FEDERAL | 95081 | 18005772 | 000 | DIRDEP |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | 8626 | 448560 | | 01/13/2011 |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 217448 | 45728267 | MEDICARE | 7004 | 914728 | | |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | 34058 | 675806 | | |
| FH FLOATING | | | | 800 | 96600 | | | | | | | | |
| K1 401K EE | 1207500 | | -48300 | | -1650000 | | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | | |
| | | | 434700 | 56000 | 61434532 | | | | | | | | |
| | | | 483000 | | 63084532 | | | | | | | | |
| **EMPLOYEE TOTAL** | | | 483000 | 56000 | 63084532 | | 289931 | 41389666 | | 144769 | 20044866 | | |

### EMPLOYEE NAME — RANDAZZA, MARC JOHN
ID SSN STATE/FRQ STS LOCATION: 1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT | NET PAY | CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 141230 | 4315254 | FEDERAL | 74233 | 18005772 | 000 | DIRDEP |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | -330840 | -8653855 | OASDI | 20286 | 448560 | | 01/20/2011 |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 423690 | 45728267 | MEDICARE | 7004 | 914728 | | |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | 26647 | 675806 | | |
| FH FLOATING | | | | 800 | 96600 | | | | | | | | |
| K1 401K EE | 1207500 | | -120750 | | -1650000 | | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | | |
| | | | 362250 | 56000 | 61434532 | | | | | | | | |
| | | | 483000 | | 63084532 | | | | | | | | |
| **EMPLOYEE TOTAL** | | | 483000 | 56000 | 63084532 | | 234080 | 41389666 | | 128170 | 20044866 | | |

### EMPLOYEE NAME — RANDAZZA, MARC JOHN
ID SSN STATE/FRQ STS LOCATION: 1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT | NET PAY | CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 68517 | 4315254 | FEDERAL | 95922 | 18005772 | 000 | DIRDEP |
| B BONUS | 1207500 | | 100000 | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | 24486 | 448560 | | 01/27/2011 |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 205552 | 45728267 | MEDICARE | 8454 | 914728 | | |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | 34319 | 675806 | | |
| FH FLOATING | | | | 800 | 96600 | | | | | | | | |
| K1 401K EE | 1207500 | | -145750 | | -1650000 | | | | | | | | |
| K2 401K E-M | 1207500 | | 23320 | | 2406495 | | | | | | | | |
| | | | 437250 | 56000 | 61434532 | | | | | | | | |
| | | | 583000 | | 63084532 | | | | | | | | |
| **EMPLOYEE TOTAL** | | | 583000 | 56000 | 63084532 | | 274069 | 41389666 | | 163181 | 20044866 | | |

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP -T564
### COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 2

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | AMOUNT | YTD HOURS | AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 MO/MO 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | 1207500 1207500 1207500 | -120750 | 483000 4000 16400 800 19320 483000 | 34800 4000 16400 800 | 23386986 370531.21 502320 2045505 96600 -1650000 2406495 | C1 CHECKING 1 R1 REIMBURSEMEN S1 SAVINGS 1 | 191366 -531384 5740098 | | FEDERAL OASDI MEDICARE STATE | 4315254 -8653855 45728267 | 74233 20286 7004 26647 | 18005772 448560 914728 6758061 | 000 DIRDEP 12/03/2011 |
| EMPLOYEE TOTAL | | | | 362250 483000 | 56000 | 61434532 63084532 | | 234080 | | | 41389666 | 1281170 | 20044866 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 MO/MO 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | 1207500 1207500 1207500 | -48300 | 483000 4000 16400 800 19320 483000 | 34800 4000 16400 800 | 23386986 370531.21 502320 2045505 96600 -1650000 2406495 | C1 CHECKING 1 R1 REIMBURSEMEN S1 SAVINGS 1 | 69568 208703 | | FEDERAL OASDI MEDICARE STATE | 4315254 -8653855 45728267 | 95081 20286 7004 34058 | 18005772 448560 914728 6758061 | 000 DIRDEP 12/10/2011 |
| EMPLOYEE TOTAL | | | | 434700 483000 | 56000 | 61434532 63084532 | | 278271 | | | 41389666 | 156429 | 20044866 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 MO/MO 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | 1207500 1207500 1207500 | -48300 | 483000 4000 16400 800 19320 483000 | 34800 4000 16400 800 | 23386986 370531.21 502320 2045505 96600 -1650000 2406495 | C1 CHECKING 1 R1 REIMBURSEMEN S1 SAVINGS 1 | 69568 208703 | | FEDERAL OASDI MEDICARE STATE | 4315254 -8653855 45728267 | 95081 20286 7004 34058 | 18005772 448560 914728 6758061 | 000 DIRDEP 12/17/2011 |
| EMPLOYEE TOTAL | | | | 434700 483000 | 56000 | 61434532 63084532 | | 278271 | | | 41389666 | 156429 | 20044866 | |
| **RANDAZZA, MARC JOHN** 1424 XXX-XX-XXXX CA FL FL 52 MO/MO 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | 1207500 1207500 1207500 | -48300 | 483000 4000 16400 800 19320 483000 | 34800 4000 16400 800 | 23386986 370531.21 502320 2045505 96600 -1650000 2406495 | C1 CHECKING 1 R1 REIMBURSEMEN S1 SAVINGS 1 | 69568 208703 | | FEDERAL OASDI MEDICARE STATE | 4315254 -8653855 45728267 | 95081 20286 7004 34058 | 18005772 448560 914728 6758061 | 000 DIRDEP 12/24/2011 |
| EMPLOYEE TOTAL | | | | 434700 483000 | 56000 | 61434532 63084532 | | 278271 | | | 41389666 | 156429 | 20044866 | |

EMC002003

PAYCHEX INC

PHONE (727)579-4700     FAX (727)579-4519

002153

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 3

---

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 69568 | 4315254 | FEDERAL | 95081 | 18005772 | 000 |
| B BONUS | | | | 37051321 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | DIRDEP |
| H HOLIDAY | | | 4000 | 502320 | S1 SAVINGS 1 | 208703 | 45728267 | MEDICARE | 7004 | 914728 | |
| P PAID TIM | | | 16400 | 2045505 | | | | STATE | 34058 | 6758006 | 03/03/2011 |
| FH FLOATING | | | 800 | 96000 | | | | | | | |
| K1 401K EE | 1207500 | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | 19320 | | 2406495 | | | | | | | |
| | | 434700 | 56000 | 61434532 | | | | | | | |
| | | 483000 | | 63084532 | | | | | | | |
| EMPLOYEE TOTAL | | | | | | 278271 | 41389666 | | 156429 | 20044866 | |

---

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 69569 | 4315254 | FEDERAL | 95081 | 18005772 | 000 |
| B BONUS | | | | 37051321 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | DIRDEP |
| H HOLIDAY | | | 4000 | 502320 | S1 SAVINGS 1 | 208707 | 45728267 | MEDICARE | 6999 | 914728 | |
| P PAID TIM | | | 16400 | 2045505 | | | | STATE | 34058 | 6758006 | 03/10/2011 |
| FH FLOATING | | | 800 | 96000 | | | | | | | |
| K1 401K EE | 1207500 | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | 19320 | | 2406495 | | | | | | | |
| | | 434700 | 56000 | 61434532 | | | | | | | |
| | | 483000 | | 63084532 | | | | | | | |
| EMPLOYEE TOTAL | | | | | | 278276 | 41389666 | | 156424 | 20044866 | |

---

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 259360 | 4315254 | FEDERAL | 95081 | 18005772 | 000 |
| B BONUS | | | | 37051321 | R1 REIMBURSMEN | -759168 | -8653855 | OASDI | 20286 | 448560 | DIRDEP |
| H HOLIDAY | | | 4000 | 502320 | S1 SAVINGS 1 | 778079 | 45728267 | MEDICARE | 7004 | 914728 | |
| P PAID TIM | | | 16400 | 2045505 | | | | STATE | 34058 | 6758006 | 03/17/2011 |
| FH FLOATING | | | 800 | 96000 | | | | | | | |
| K1 401K EE | 1207500 | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | 19320 | | 2406495 | | | | | | | |
| | | 434700 | 56000 | 61434532 | | | | | | | |
| | | 483000 | | 63084532 | | | | | | | |
| EMPLOYEE TOTAL | | | | | | 278271 | 41389666 | | 156429 | 20044866 | |

---

**RANDAZZA, MARC JOHN**
1424 XXX-XX-XXXX CA FL FL
52 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 69568 | 4315254 | FEDERAL | 95081 | 18005772 | 000 |
| B BONUS | | | | 37051321 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | DIRDEP |
| H HOLIDAY | | | 4000 | 502320 | S1 SAVINGS 1 | 208703 | 45728267 | MEDICARE | 7004 | 914728 | |
| P PAID TIM | | | 16400 | 2045505 | | | | STATE | 34058 | 6758006 | 03/24/2011 |
| FH FLOATING | | | 800 | 96000 | | | | | | | |
| K1 401K EE | 1207500 | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | 19320 | | 2406495 | | | | | | | |
| | | 434700 | 56000 | 61434532 | | | | | | | |
| | | 483000 | | 63084532 | | | | | | | |
| EMPLOYEE TOTAL | | | | | | 278271 | 41389666 | | 156429 | 20044866 | |

---

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP - T564
### COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013  PAGE 4

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION**

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
S2 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amt | Ded YTD Amt | Taxes Descr | Tax Cur Amt | Tax YTD Amt | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 69568 | 4315254 | FEDERAL | 95081 | 18005772 | 000 |
| B BONUS | | | | | 37051121 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | DIRDEP |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 208703 | 45728267 | MEDICARE | 7004 | 914728 | 03/31/2011 |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | 34058 | 67580 | |
| FH FLOATING | | | | 800 | 96000 | | | | | | | |
| K1 401K EE | 1207500 | | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | |
| **Total** | | | 4347000 | 56000 | 61434532 | | 278271 | 41389666 | | 156429 | 20044866 | |
| | | | 4830000 | | 63084532 | | | | | | | |

EMPLOYEE TOTAL

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
S2 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amt | Ded YTD Amt | Taxes Descr | Tax Cur Amt | Tax YTD Amt | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 282987 | 4315254 | FEDERAL | 95081 | 18005772 | 000 |
| B BONUS | | | | | 37051121 | R1 REIMBURSMEN | -853675 | -8653855 | OASDI | 20286 | 448560 | DIRDEP |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 848959 | 45728267 | MEDICARE | 7004 | 914728 | 04/07/2011 |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | 34058 | 67580 | |
| FH FLOATING | | | | 800 | 96000 | | | | | | | |
| K1 401K EE | 1207500 | | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | |
| **Total** | | | 4347000 | 56000 | 61434532 | | 278271 | 41389666 | | 156429 | 20044866 | |
| | | | 4830000 | | 63084532 | | | | | | | |

EMPLOYEE TOTAL

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
S2 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amt | Ded YTD Amt | Taxes Descr | Tax Cur Amt | Tax YTD Amt | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 69568 | 4315254 | FEDERAL | 95081 | 18005772 | 000 |
| B BONUS | | | | | 37051121 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | DIRDEP |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 208703 | 45728267 | MEDICARE | 7004 | 914728 | 06/14/2011 |
| P PAID TIM | | | 16400 | 16400 | 2045505 | | | | STATE | 34058 | 67580 | |
| FH FLOATING | | | | 800 | 96000 | | | | | | | |
| K1 401K EE | 1207500 | | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | |
| **Total** | | | 4347000 | 56000 | 61434532 | | 278271 | 41389666 | | 156429 | 20044866 | |
| | | | 4830000 | | 63084532 | | | | | | | |

EMPLOYEE TOTAL

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
S2 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| Earnings Descr | Pay Rate | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Descr | Ded Cur Amt | Ded YTD Amt | Taxes Descr | Tax Cur Amt | Tax YTD Amt | Net Pay / Check No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 69568 | 4315254 | FEDERAL | 95081 | 18005772 | 000 |
| B BONUS | | | | | 37051121 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | DIRDEP |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 208703 | 45728267 | MEDICARE | 7004 | 914728 | 04/21/2011 |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | 34058 | 67580 | |
| FH FLOATING | | | | 800 | 96000 | | | | | | | |
| K1 401K EE | 1207500 | | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | |
| **Total** | | | 4347000 | 56000 | 61434532 | | 278271 | 41389666 | | 156429 | 20044866 | |
| | | | 4830000 | | 63084532 | | | | | | | |

EMPLOYEE TOTAL

PAYCHEX INC    PHONE (727)579-4700    FAX (727)579-4519

EMCC002005

# PAYROLL REGISTER WITH YTD
**EXCELSIOR MEDIA CORP - T564**
**COMPANY TOTALS**

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 5

## EMPLOYEE NAME — ID SSN STATE/FRQ STS LOCATION

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | 2400 | 289800 | 34800 | 23386986 | C1 CHECKING 1 | 69568 | 4315254 | FEDERAL | 95081 | 18005772 | 000 DIRDEP |
| B BONUS | | | | | 3705312 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | 04/28/2011 |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 208703 | 45728267 | MEDICARE | 7004 | 914728 | |
| P PAID TIM | 1207500 | 1600 | 193200 | 16400 | 2045505 | | | | STATE | 34058 | 6758006 | |
| FH FLOATING | | | | 800 | 96600 | | | | | | | |
| K1 401K EE | 1207500 | | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | |
| **EMPLOYEE TOTAL** | | 4000 | 434700 | 56000 | 61434532 | | 278271 | 41389666 | | 156429 | 20044866 | |
| | | | 483000 | | 63084532 | | | | | | | |

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 69568 | 4315254 | FEDERAL | 95081 | 18005772 | 000 DIRDEP |
| B BONUS | | | | | 3705312 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | 05/05/2011 |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 208703 | 45728267 | MEDICARE | 7004 | 914728 | |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | 34058 | 6758006 | |
| FH FLOATING | | | | 800 | 96600 | | | | | | | |
| K1 401K EE | 1207500 | | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 434700 | 56000 | 61434532 | | 278271 | 41389666 | | 156429 | 20044866 | |
| | | | 483000 | | 63084532 | | | | | | | |

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | 2400 | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 69568 | 4315254 | FEDERAL | 95081 | 18005772 | 000 DIRDEP |
| B BONUS | | | | | 3705312 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | 05/12/2011 |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 208703 | 45728267 | MEDICARE | 7004 | 914728 | |
| P PAID TIM | | 1600 | | 16400 | 2045505 | | | | STATE | 34058 | 6758006 | |
| FH FLOATING | | | | 800 | 96600 | | | | | | | |
| K1 401K EE | 1207500 | | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 434700 | 56000 | 61434532 | | 278271 | 41389666 | | 156429 | 20044866 | |
| | | | 483000 | | 63084532 | | | | | | | |

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX CA FL FL
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 1207500 | 2400 | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 69569 | 4315254 | FEDERAL | 95081 | 18005772 | 000 DIRDEP |
| B BONUS | | | | | 3705312 | R1 REIMBURSMEN | | -8653855 | OASDI | 20286 | 448560 | 05/19/2011 |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 208707 | 45728267 | MEDICARE | 6999 | 914728 | |
| P PAID TIM | | 16400 | | 16400 | 2045505 | | | | STATE | 34058 | 6758006 | |
| FH FLOATING | | 800 | | 800 | 96600 | | | | | | | |
| K1 401K EE | 1207500 | | -48300 | | -1650000 | | | | | | | |
| K2 401K E-M | 1207500 | | 19320 | | 2406495 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 434700 | 56000 | 61434532 | | 278276 | 41389666 | | 156424 | 20044866 | |
| | | | 483000 | | 63084532 | | | | | | | |

PAYCHEX INC     PHONE (727)579-4700     FAX (727)579-4519     EMCC002006

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE    6

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN | 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 73007 | 4315254 | FEDERAL | 86404 | 18005772 | .000 |
| 1424 XXX-XX-XXXX NV FL FL | B BONUS | | | | | 37053121 | R1 REIMBURSEMEN | | -8653855 | OASDI | 20286 | 448560 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | | | | 502320 | S1 SAVINGS 1 | 219019 | 45728267 | MEDICARE | 7004 | 914728 | |
| 5071.50 Salary | P PAID TIM | | | | 4000 | 2045505 | | | | STATE | | 6758066 | 05/26/2011 |
| Last Check Date 12/29/2011 | FH FLOATING | | | -77280 | 16400 | 96600 | | | | | | | |
| | K1 401K EE | | | 19320 | 800 | -1650000 | | | | | | | |
| | K2 401K E-M | 1207500 | | 4052700 | | 2406495 | | | | | | | |
| | | 1207500 | | 4830000 | | | | | | | | | |
| EMPLOYEE TOTAL | | | | 4052700 | 56000 | 61434532 | | 292026 | 41389666 | | 113694 | 20044866 | |
| | | | | 4830000 | | 63084532 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | 1207500 | | 483000 | 34800 | 23386986 | C1 CHECKING 1 | 36498 | 4315254 | FEDERAL | 111020 | 18005772 | .000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 37053121 | R1 REIMBURSEMEN | | -8653855 | OASDI | | 448560 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | | | | 502320 | S1 SAVINGS 1 | 328478 | 45728267 | MEDICARE | 7004 | 914728 | |
| 5071.50 Salary | P PAID TIM | | | | 4000 | 2045505 | | | | STATE | | 6758066 | 06/02/2011 |
| Last Check Date 12/29/2011 | FH FLOATING | | | | 16400 | 96600 | | | | | | | |
| | K1 401K EE | | | | 800 | -1650000 | | | | | | | |
| | K2 401K E-M | 1207500 | | | | 2406495 | | | | | | | |
| EMPLOYEE TOTAL | | | | 4830000 | 56000 | 61434532 | | 364976 | 41389666 | | 118024 | 20044866 | |
| | | | | | | 63084532 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | 1207500 | | 12000000 | 34800 | 23386986 | C1 CHECKING 1 | 744476 | 4315254 | FEDERAL | 4012714 | 18005772 | .000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 37053121 | R1 REIMBURSEMEN | | -8653855 | OASDI | 14154 | 448560 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | | | | 502320 | S1 SAVINGS 1 | 6700286 | 45728267 | MEDICARE | 174000 | 914728 | |
| 5071.50 Salary | P PAID TIM | 1207500 | | -354370 | 4000 | 2045505 | | | | STATE | | 6758066 | 06/02/2011 |
| Last Check Date 12/29/2011 | FH FLOATING | | | 480000 | 16400 | 96600 | | | | | | | |
| | K1 401K EE | | | 11645630 | 800 | -1650000 | | | | | | | |
| | K2 401K E-M | 1207500 | | 12000000 | | 2406495 | | | | | | | |
| EMPLOYEE TOTAL | | | | 11645630 | 56000 | 61434532 | | 7444762 | 41389666 | | 4200868 | 20044866 | |
| | | | | 12000000 | | 63084532 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | 1207500 | 1600 | 193200 | 34800 | 23386986 | C1 CHECKING 1 | 36498 | 4315254 | FEDERAL | 111020 | 18005772 | .000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 37053121 | R1 REIMBURSEMEN | | -8653855 | OASDI | | 448560 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | 2400 | 289800 | | 502320 | S1 SAVINGS 1 | 328478 | 45728267 | MEDICARE | 7004 | 914728 | |
| 5071.50 Salary | P PAID TIM | 1207500 | | | 4000 | 2045505 | | | | STATE | | 6758066 | 06/09/2011 |
| Last Check Date 12/29/2011 | FH FLOATING | | | | 16400 | 96600 | | | | | | | |
| | K1 401K EE | | | | 800 | -1650000 | | | | | | | |
| | K2 401K E-M | | | | | 2406495 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 483000 | 56000 | 61434532 | | 364976 | 41389666 | | 118024 | 20044866 | |
| | | | | | | 63084532 | | | | | | | |

## PAYCHEX INC

PHONE (727)579-4700          FAX (727)579-4519

EMC002007

002157

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE   7

| EMPLOYEE NAME ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | 1207500 1207500 | 2400 1600 | 289800 193200 | 34800 4000 16400 800 | 23386986 37053121 502320 2045505 96500 -1650000 2406495 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 364498 328478 | 4315254 -8653855 45728267 | FEDERAL OASDI MEDICARE STATE | 111020 7004 | 18005772 448560 914728 6758806 | 000 DIRDEP 06/16/2011 |
| EMPLOYEE TOTAL | | | 4000 | 483000 | 56000 | 61434532 63084532 | | 364976 | 41389666 | | 118024 | 20044866 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | 1207500 | | 483000 | 34800 4000 16400 800 | 23386986 37053121 502320 2045505 96600 -1650000 2406495 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 364498 328478 | 4315254 -8653855 45728267 | FEDERAL OASDI MEDICARE STATE | 111020 7004 | 18005772 448560 914728 6758806 | 000 DIRDEP 06/23/2011 |
| EMPLOYEE TOTAL | | | | 483000 | 56000 | 61434532 63084532 | | 364976 | 41389666 | | 118024 | 20044866 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | 1207500 | | 483000 | 34800 4000 16400 800 | 23386986 37053121 502320 2045505 96600 -1650000 2406495 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 364498 328478 | 4315254 -8653855 45728267 | FEDERAL OASDI MEDICARE STATE | 111020 7004 | 18005772 448560 914728 6758806 | 000 DIRDEP 06/30/2011 |
| EMPLOYEE TOTAL | | | | 483000 | 56000 | 61434532 63084532 | | 364976 | 41389666 | | 118024 | 20044866 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | 1207500 | | 507150 | 34800 4000 16400 800 | 23386986 37053121 502320 2045505 96600 -1650000 2406495 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 38081 342726 | 4315254 -8653855 45728267 | FEDERAL OASDI MEDICARE STATE | 118989 7354 | 18005772 448560 914728 6758806 | 000 DIRDEP 07/07/2011 |
| EMPLOYEE TOTAL | | | | 507150 | 56000 | 61434532 63084532 | | 380807 | 41389666 | | 126343 | 20044866 | |

PAYCHEX INC

PHONE (727)579-4700        FAX (727)579-4519

EMC002008

002158

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP -T564
## COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 8

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION**

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071 50 Salary
Last Check Date 12/29/2011

**Earnings**

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | 3200 | 405720 | 34800 | 23386986 |
| B BONUS | | | | | |
| H HOLIDAY | | 800 | 101430 | 4000 | 37053121 |
| P PAID TIM | | | | | 502320 |
| FH FLOATING | | | | 16400 | 2045505 |
| K1 401K EE | | | | 800 | 96600 |
| K2 401K E-M | | | 20286 | | -1650000 |
| | | | | | 2406495 |
| EMPLOYEE TOTAL | | 4000 | 507150 | 56000 | 61434532 |
| | | | | | 63084532 |

**Deductions**

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 294332 | 4315254 |
| R1 REIMBURSMEN | -2562517 | -8653855 |
| S1 SAVINGS 1 | 2648992 | 45728267 |
| | 380807 | 41389666 |

**Taxes**

| TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 118989 | 18005772 |
| OASDI | | 448560 |
| MEDICARE | 7354 | 914728 |
| STATE | | 675806 |
| | 126343 | 20044866 |

NET PAY / CHECK NO: 000 DIRDEP 07/14/2011

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071 50 Salary
Last Check Date 12/29/2011

**Earnings**

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | 3200 | 405720 | 34800 | 23386986 |
| B BONUS | | | 2500000 | | 37053121 |
| H HOLIDAY | | 800 | 101430 | 4000 | 502320 |
| P PAID TIM | | | | | 2045505 |
| FH FLOATING | | | | 16400 | 96600 |
| K1 401K EE | | | | 800 | -1650000 |
| K2 401K E-M | | | 120286 | | 2406495 |
| EMPLOYEE TOTAL | | 4000 | 3007150 | 56000 | 61434532 |
| | | | | | 63084532 |

**Deductions**

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 197430 | 4315254 |
| R1 REIMBURSMEN | | -8653855 |
| S1 SAVINGS 1 | 1776870 | 45728267 |
| | 1974300 | 41389666 |

**Taxes**

| TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 989246 | 18005772 |
| OASDI | | 448560 |
| MEDICARE | 43604 | 914728 |
| STATE | | 675806 |
| | 1032850 | 20044866 |

NET PAY / CHECK NO: 000 DIRDEP 07/21/2011

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071 50 Salary
Last Check Date 12/29/2011

**Earnings**

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | 3200 | 405720 | 34800 | 23386986 |
| B BONUS | | | | | 37053121 |
| H HOLIDAY | | 800 | 101430 | 4000 | 502320 |
| P PAID TIM | | | | | 2045505 |
| FH FLOATING | | | | 16400 | 96600 |
| K1 401K EE | | | | 800 | -1650000 |
| K2 401K E-M | | | 20286 | | 2406495 |
| EMPLOYEE TOTAL | | 4000 | 507150 | 56000 | 61434532 |
| | | | | | 63084532 |

**Deductions**

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 50655 | 4315254 |
| R1 REIMBURSMEN | -125740 | -8653855 |
| S1 SAVINGS 1 | 455892 | 45728267 |
| | 380807 | 41389666 |

**Taxes**

| TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 118989 | 18005772 |
| OASDI | | 448560 |
| MEDICARE | 7354 | 914728 |
| STATE | | 675806 |
| | 126343 | 20044866 |

NET PAY / CHECK NO: 000 DIRDEP 07/28/2011

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071 50 Salary
Last Check Date 12/29/2011

**Earnings**

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | 3200 | 405720 | 34800 | 23386986 |
| B BONUS | | | | | 37053121 |
| H HOLIDAY | | 800 | 101430 | 4000 | 502320 |
| P PAID TIM | | | | | 2045505 |
| FH FLOATING | | | | 16400 | 96600 |
| K1 401K EE | | | | 800 | -1650000 |
| K2 401K E-M | | | 20286 | | 2406495 |
| EMPLOYEE TOTAL | | 4000 | 507150 | 56000 | 61434532 |
| | | | | | 63084532 |

**Deductions**

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 80390 | 4315254 |
| R1 REIMBURSMEN | -423085 | -8653855 |
| S1 SAVINGS 1 | 723507 | 45728267 |
| | 380812 | 41389666 |

**Taxes**

| TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 118989 | 18005772 |
| OASDI | | 448560 |
| MEDICARE | 7349 | 914728 |
| STATE | | 675806 |
| | 126338 | 20044866 |

NET PAY / CHECK NO: 000 DIRDEP 08/04/2011

---

PAYCHEX INC

PHONE (727)579-4700    FAX (727)579-4519

EMC002009

002159

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE   9

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | | | 507150 1268755 | 34800 4000 16400 800 | 23386986 37053121 502320 2045505 966000 -1650000 24064995 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 119184 1072660 | 4315254 -8653855 45728267 | FEDERAL OASDI MEDICARE STATE | 558310 25751 | 18005772 448560 914728 6758061 8/11/2011 | 000 DIRDEP |
| EMPLOYEE TOTAL | | | 71036 1775905 | | 56000 | 61434532 63084532 | | 1191844 | 41389666 | | 594061 | 20044866 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | | | 507150 | 34800 4000 16400 800 | 23386986 37053121 502320 2045505 966000 -1650000 24064995 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 38081 342726 | 4315254 -8653855 45728267 | FEDERAL OASDI MEDICARE STATE | 118989 7354 | 18005772 448560 914728 6758061 8/18/2011 | 000 DIRDEP |
| EMPLOYEE TOTAL | | | 20286 507150 | | 56000 | 61434532 63084532 | | 380807 | 41389666 | | 126343 | 20044866 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | | | 1700000 | 34800 4000 16400 800 | 23386986 37053121 502320 2045505 966000 -1650000 24064995 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 114361 1029246 | 4315254 -8653855 45728267 | FEDERAL OASDI MEDICARE STATE | 531743 24650 | 18005772 448560 914728 6758061 8/18/2011 | 000 DIRDEP |
| EMPLOYEE TOTAL | | | 68000 1700000 | | 56000 | 61434532 63084532 | | 1143607 | 41389666 | | 556393 | 20044866 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | | | 507150 | 34800 4000 16400 800 | 23386986 37053121 502320 2045505 966000 -1650000 24064995 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 38081 342726 | 4315254 -8653855 45728267 | FEDERAL OASDI MEDICARE STATE | 118989 7354 | 18005772 448560 914728 6758061 8/25/2011 | 000 DIRDEP |
| EMPLOYEE TOTAL | | | 20286 507150 | | 56000 | 61434532 63084532 | | 380807 | 41389666 | | 126343 | 20044866 | |

PAYCHEX INC

PHONE (727)579-4700

FAX (727)579-4519

EMCC002010

002160

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP - T564
### COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 10

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION**

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMT | YTD AMT | TAXES DESCR | CUR AMT | YTD AMT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 34800 | 507150 | 34800 | 23386986 | C1 CHECKING 1 | 38081 | 4315254 | FEDERAL | 118989 | 18005772 | 000 DIRDEP |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | | 448560 | 09/01/2011 |
| H HOLIDAY | | 4000 | | 4000 | 500230 | S1 SAVINGS 1 | 342726 | 45728267 | MEDICARE | 7354 | 914728 | |
| P PAID TIM | | 16400 | | 16400 | 2045505 | | | | STATE | | 675806 | |
| FH FLOATING | | 800 | | 800 | 96600 | | | | | | | |
| K1 401K EE | | | | | -1650000 | | | | | | | |
| K2 401K E-M | | | 20286 | | 2406495 | | | 61434532 | | | | |
| | | | 507150 | 56000 | 63084532 | | | | | | | |

EMPLOYEE TOTAL

| | | | 131250 | 56000 | 61434532 | | 380907 | 41389666 | | 126343 | 20044866 | |

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMT | YTD AMT | TAXES DESCR | CUR AMT | YTD AMT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 34800 | 131250 | 34800 | 23386986 | C1 CHECKING 1 | 11357 | 4315254 | FEDERAL | 15774 | 18005772 | 000 DIRDEP |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | | 448560 | 09/01/2011 |
| H HOLIDAY | | 4000 | | 4000 | 502320 | S1 SAVINGS 1 | 102216 | 45728267 | MEDICARE | 1903 | 914728 | |
| P PAID TIM | | 16400 | | 16400 | 2045505 | | | | STATE | | 675806 | |
| FH FLOATING | | 800 | | 800 | 96600 | | | | | | | |
| K1 401K EE | | | | | -1650000 | | | | | | | |
| K2 401K E-M | | | 5250 | | 2406495 | | | 61434532 | | | | |
| | | | 131250 | 56000 | 63084532 | | | | | | | |

EMPLOYEE TOTAL

| | | | 131250 | 56000 | 61434532 | | 113573 | 41389666 | | 17677 | 20044866 | |

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMT | YTD AMT | TAXES DESCR | CUR AMT | YTD AMT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 34800 | 507150 | 34800 | 23386986 | C1 CHECKING 1 | 186905 | 4315254 | FEDERAL | 118989 | 18005772 | 000 DIRDEP |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | -1488244 | -8653855 | OASDI | | 448560 | 09/08/2011 |
| H HOLIDAY | | 4000 | | 4000 | 502320 | S1 SAVINGS 1 | 1682146 | 45728267 | MEDICARE | 7354 | 914728 | |
| P PAID TIM | | 16400 | | 16400 | 2045505 | | | | STATE | | 675806 | |
| FH FLOATING | | 800 | | 800 | 96600 | | | | | | | |
| K1 401K EE | | | | | -1650000 | | | | | | | |
| K2 401K E-M | | | 20286 | | 2406495 | | | 61434532 | | | | |
| | | | 507150 | 56000 | 63084532 | | | | | | | |

EMPLOYEE TOTAL

| | | | 507150 | 56000 | 61434532 | | 380807 | 41389666 | | 126343 | 20044866 | |

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 M0/M0 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMT | YTD AMT | TAXES DESCR | CUR AMT | YTD AMT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 2800 | | 355005 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | 4315254 | FEDERAL | 118989 | 18005772 | 000 DIRDEP |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | | 448560 | 09/15/2011 |
| H HOLIDAY | 800 | | 101430 | 4000 | 502320 | S1 SAVINGS 1 | 375807 | 45728267 | MEDICARE | 7354 | 914728 | |
| P PAID TIM | 400 | | 50715 | 16400 | 2045505 | | | | STATE | | 675806 | |
| FH FLOATING | | | | 800 | 96600 | | | | | | | |
| K1 401K EE | | | | | -1650000 | | | | | | | |
| K2 401K E-M | | | 20286 | | 2406495 | | | 61434532 | | | | |
| | 4000 | | 507150 | 56000 | 63084532 | | | | | | | |

EMPLOYEE TOTAL

| | | | 507150 | 56000 | 61434532 | | 380807 | 41389666 | | 126343 | 20044866 | |

---

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP -T564
COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 11

## Block 1

EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION:
RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 962500 | 34800 | 23386906 | C1 CHECKING 1 | 5000 | | FEDERAL | 4315254 | 273618 | 18005772 | 000 |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | 669926 | | OASDI | -8653855 | 13956 | 448560 | DIRDEP |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | | | MEDICARE | 45728267 | | 914728 | |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | | | 675806 | 09/15/2011 |
| FH FLOATING | | | | 800 | -96600 | | | | | | | | |
| K1 401K EE | | | 38500 | | -1650000 | | | | | | | | |
| K2 401K E-M | | | | | 2406495 | | | | | | | | |
| | | | 962500 | 56000 | 61434532 63084532 | | 674926 | | | 41389666 | 287574 | 20044866 | |

EMPLOYEE TOTAL

## Block 2

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 3200 | | 405720 | 34800 | 23386906 | C1 CHECKING 1 | 5000 | | FEDERAL | 4315254 | 118989 | 18005772 | 000 |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | | OASDI | -8653855 | 7354 | 448560 | DIRDEP |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 375807 | | MEDICARE | 45728267 | | 914728 | |
| P PAID TIM | 800 | | 101430 | 16400 | 2045505 | | | | STATE | | | 675806 | 09/22/2011 |
| FH FLOATING | | | | 800 | 96600 | | | | | | | | |
| K1 401K EE | | | 20286 | | -1650000 | | | | | | | | |
| K2 401K E-M | | | | | 2406495 | | | | | | | | |
| | | 4000 | 507150 | 56000 | 61434532 63084532 | | 380807 | | | 41389666 | 126343 | 20044866 | |

EMPLOYEE TOTAL

## Block 3

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 34800 | 23386906 | C1 CHECKING 1 | 5000 | | FEDERAL | 4315254 | 118989 | 18005772 | 000 |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | | OASDI | -8653855 | 7354 | 448560 | DIRDEP |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 375807 | | MEDICARE | 45728267 | | 914728 | |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | | | 675806 | 09/29/2011 |
| FH FLOATING | | | | 800 | 96600 | | | | | | | | |
| K1 401K EE | | | 20286 | | -1650000 | | | | | | | | |
| K2 401K E-M | | | | | 2406495 | | | | | | | | |
| | | 4000 | 507150 | 56000 | 61434532 63084532 | | 380807 | | | 41389666 | 126343 | 20044866 | |

EMPLOYEE TOTAL

## Block 4

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 2400 | | 304290 | 34800 | 23386906 | C1 CHECKING 1 | 5000 | | FEDERAL | 4315254 | 118989 | 18005772 | 000 |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | -133107 | | OASDI | -8653855 | 7354 | 448560 | DIRDEP |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 509914 | | MEDICARE | 45728267 | | 914728 | |
| P PAID TIM | 1600 | | 202860 | 16400 | 2045505 | | | | STATE | | | 675806 | 10/06/2011 |
| FH FLOATING | | | | 800 | 96600 | | | | | | | | |
| K1 401K EE | | | 20286 | | -1650000 | | | | | | | | |
| K2 401K E-M | | | | | 2406495 | | | | | | | | |
| | | 4000 | 507150 | 56000 | 61434532 63084532 | | 380807 | | | 41389666 | 126343 | 20044866 | |

EMPLOYEE TOTAL

PAYCHEX INC
PHONE (727)579-4700
FAX (727)579-4519
EMC002012

002162

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP - T564
### COMPANY TOTALS

09/27/2013  
PAGE  12

CHECK DATES 01/06/2011 TO 12/29/2011  
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

---

**EMPLOYEE NAME:** RANDAZZA, MARC JOHN  
**ID SSN STATE/FRQ STS LOCATION:** 1424 XXX-XX-XXXX NV NV NV  
52 MO/MO 600  
5071.50 Salary  
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | TAXES DESCR | YTD AMOUNT | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 16425000 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | FEDERAL | 4315254 | 5685493 | 18005772 | 000 |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | 10496344 | OASDI | -8653855 | | 448560 | DIRDEP |
| H HOLIDAY | | | | | 502320 | S1 SAVINGS 1 | | MEDICARE | 45728267 | 2381163 | 914728 | DIRDEP |
| P PAID TIM | | | | 4000 | 2045505 | | | STATE | | | 6758906 | 6758906 07/06/2011 |
| FH FLOATING | | | | 16400 | 96600 | | | | | | | |
| K1 401K EE | | | 6557000 | 800 | -1650000 | | | | | | | |
| K2 401K E-M | | | -1650000 | | 2406495 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 16425000 | 56000 | 63084532 | | 10501344 | | 41389666 | 5923656 | 20044866 | |

---

**EMPLOYEE NAME:** RANDAZZA, MARC JOHN  
**ID SSN STATE/FRQ STS LOCATION:** 1424 XXX-XX-XXXX NV NV NV  
52 MO/MO 600  
5071.50 Salary  
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | TAXES DESCR | YTD AMOUNT | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 2400 | 304290 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | FEDERAL | 4315254 | 118989 | 18005772 | 000 |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | 375807 | OASDI | -8653855 | | 448560 | DIRDEP |
| H HOLIDAY | | 1600 | 202860 | | 502320 | S1 SAVINGS 1 | | MEDICARE | 45728267 | 7354 | 914728 | DIRDEP |
| P PAID TIM | | | | 4000 | 2045505 | | | STATE | | | 6758906 | 6758906 10/13/2011 |
| FH FLOATING | | | | 16400 | 96600 | | | | | | | |
| K1 401K EE | | | 20286 | 800 | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 2406495 | | | | | | | |
| **EMPLOYEE TOTAL** | | 4000 | 507150 | 56000 | 63084532 | | 380807 | | 41389666 | 126343 | 20044866 | |

---

**EMPLOYEE NAME:** RANDAZZA, MARC JOHN  
**ID SSN STATE/FRQ STS LOCATION:** 1424 XXX-XX-XXXX NV NV NV  
52 MO/MO 600  
5071.50 Salary  
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | TAXES DESCR | YTD AMOUNT | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 287511 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | FEDERAL | 4315254 | 53306 | 18005772 | 000 |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | 225036 | OASDI | -8653855 | | 448560 | DIRDEP |
| H HOLIDAY | | | | | 502320 | S1 SAVINGS 1 | | MEDICARE | 45728267 | 4169 | 914728 | DIRDEP |
| P PAID TIM | | | | 4000 | 2045505 | | | STATE | | | 6758906 | 6758906 07/13/2011 |
| FH FLOATING | | | | 16400 | 96600 | | | | | | | |
| K1 401K EE | | | 11500 | 800 | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 2406495 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 287511 | 56000 | 63084532 | | 230036 | | 41389666 | 57475 | 20044866 | |

---

**EMPLOYEE NAME:** RANDAZZA, MARC JOHN  
**ID SSN STATE/FRQ STS LOCATION:** 1424 XXX-XX-XXXX NV NV NV  
52 MO/MO 600  
5071.50 Salary  
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | TAXES DESCR | YTD AMOUNT | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | FEDERAL | 4315254 | 118989 | 18005772 | 000 |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | 375807 | OASDI | -8653855 | | 448560 | DIRDEP |
| H HOLIDAY | | | | | 502320 | S1 SAVINGS 1 | | MEDICARE | 45728267 | 7354 | 914728 | DIRDEP |
| P PAID TIM | | | | 4000 | 2045505 | | | STATE | | | 6758906 | 6758906 10/20/2011 |
| FH FLOATING | | | | 16400 | 96600 | | | | | | | |
| K1 401K EE | | | 20286 | 800 | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 2406495 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 507150 | 56000 | 63084532 | | 380807 | | 41389666 | 126343 | 20044866 | |

---

PAYCHEX INC     PHONE (727)579-4700     FAX (727)579-4519

EMC002013

002163

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP -T564
## COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE   13

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 5071150 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | 4315254 | FEDERAL | 118989 | 18005772 | 000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | | 448560 | DIRDEP |
| 52 MO/Mo 600 | H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 375807 | 45728267 | MEDICARE | 7354 | 914728 | |
| 5071.50 Salary | P PAID TIM | | | | 16400 | 2045505 | | | | STATE | | 6758806 10/27/2011 |
| Last Check Date 12/29/2011 | FH FLOATING | | | | 800 | 96600 | | | | | | | |
| | K1 401K EE | | | | | -1650000 | | | | | | | |
| | K2 401K E-M | | | 20286 | | 2406495 | | | | | | | |
| EMPLOYEE TOTAL | | | | 5071150 | 56000 | 61434532 | | 380807 | 41389666 | | 126343 | 20044866 | |
| | | | | | | 63084532 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 5071150 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | 4315254 | FEDERAL | 118989 | 18005772 | 000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 37053121 | R1 REIMBURSMEN | -10310895 | -8653855 | OASDI | | 448560 | DIRDEP |
| 52 MO/Mo 600 | H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 14067002 | 45728267 | MEDICARE | 7354 | 914728 | |
| 5071.50 Salary | P PAID TIM | | | | 16400 | 2045505 | | | | STATE | | 6758806 11/03/2011 |
| Last Check Date 12/29/2011 | FH FLOATING | | | | 800 | 96600 | | | | | | | |
| | K1 401K EE | | | | | -1650000 | | | | | | | |
| | K2 401K E-M | | | 20286 | | 2406495 | | | | | | | |
| EMPLOYEE TOTAL | | | | 5071150 | 56000 | 61434532 | | 380807 | 41389666 | | 126343 | 20044866 | |
| | | | | | | 63084532 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 5071150 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | 4315254 | FEDERAL | 118989 | 18005772 | 000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | | 448560 | DIRDEP |
| 52 MO/Mo 600 | H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 375807 | 45728267 | MEDICARE | 7354 | 914728 | |
| 5071.50 Salary | P PAID TIM | | | | 16400 | 2045505 | | | | STATE | | 6758806 11/10/2011 |
| Last Check Date 12/29/2011 | FH FLOATING | | | | 800 | 96600 | | | | | | | |
| | K1 401K EE | | | | | -1650000 | | | | | | | |
| | K2 401K E-M | | | 20286 | | 2406495 | | | | | | | |
| EMPLOYEE TOTAL | | | | 5071150 | 56000 | 61434532 | | 380807 | 41389666 | | 126343 | 20044866 | |
| | | | | | | 63084532 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 6031116 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | 4315254 | FEDERAL | 150658 | 18005772 | 000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | | 448560 | DIRDEP |
| 52 MO/Mo 600 | H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 438713 | 45728267 | MEDICARE | 8745 | 914728 | |
| 5071.50 Salary | P PAID TIM | | | | 16400 | 2045505 | | | | STATE | | 6758806 11/10/2011 |
| Last Check Date 12/29/2011 | FH FLOATING | | | | 800 | 96600 | | | | | | | |
| | K1 401K EE | | | | | -1650000 | | | | | | | |
| | K2 401K E-M | | | 24125 | | 2406495 | | | | | | | |
| EMPLOYEE TOTAL | | | | 6031116 | 56000 | 61434532 | | 443713 | 41389666 | | 159403 | 20044866 | |
| | | | | | | 63084532 | | | | | | | |

PAYCHEX INC

PHONE (727)579-4700

FAX (727)579-4519

EMC002014

002164

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE  14

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT | NET PAY CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 MO/MO 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | | 2800 1200 4000 | 355005 152145 20286 507150 | 34800 4000 16400 800 56000 | 23386986 37053121 502320 2045505 96600 -16500000 2406495 61434532 63084532 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 5000 375812 380812 | 4315254 -8653855 45728267 41389666 | FEDERAL OASDI MEDICARE STATE | | 118989 7349 126338 | 18005772 448560 914728 675806 20044866 | 000 DIRDEP DIRDEP 11/17/2011 |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 MO/MO 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | | 3600 400 4000 | 456435 50715 20286 507150 | 34800 4000 16400 800 56000 | 23386986 37053121 502320 2045505 96600 -16500000 2406495 61434532 63084532 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 5000 375807 380807 | 4315254 -8653855 45728267 41389666 | FEDERAL OASDI MEDICARE STATE | | 118989 7354 126343 | 18005772 448560 914728 675806 20044866 | 000 DIRDEP DIRDEP 11/23/2011 |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 MO/MO 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | | 1200 1600 1200 4000 | 152145 202860 152145 20286 507150 | 34800 4000 16400 800 56000 | 23386986 37053121 502320 2045505 96600 -16500000 2406495 61434532 63084532 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 5000 -415200 791007 380807 | 4315254 -8653855 45728267 41389666 | FEDERAL OASDI MEDICARE STATE | | 118989 7354 126343 | 18005772 448560 914728 675806 20044866 | 000 DIRDEP DIRDEP 12/01/2011 |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 MO/MO 600 5071.50 Salary Last Check Date 12/29/2011 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM FH FLOATING K1 401K EE K2 401K E-M | | 4000 | 507150 20286 507150 | 34800 4000 16400 800 56000 | 23386986 37053121 502320 2045505 96600 -16500000 2406495 61434532 63084532 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 | 5000 375807 380807 | 4315254 -8653855 45728267 41389666 | FEDERAL OASDI MEDICARE STATE | | 118989 7354 126343 | 18005772 448560 914728 675806 20044866 | 000 DIRDEP DIRDEP 12/08/2011 |

EMPLOYEE TOTAL (appears after each block)

PAYCHEX INC

PHONE (727)579-4700        FAX (727)579-4519

EMCC002015

002165

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP -T564
COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 15

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 507150 | 34800 | 23386906 | C1 CHECKING 1 | 5000 | | FEDERAL | 118989 | 4315254 | 000 |
| B BONUS | | | | 37053121 | R1 REIMBURSMEN | 375807 | | OASDI | | -8653855 | DIRDEP |
| H HOLIDAY | | | 4000 | 502320 | S1 SAVINGS 1 | | | MEDICARE | 7354 | 45728267 | 18005772 |
| P PAID TIM | | | 16400 | 2045505 | | 380807 | | STATE | | | 448560 |
| FH FLOATING | | | 800 | 96600 | | | | | 126343 | 41389666 | 914728 |
| K1 401K EE | | | | -1650000 | | | | | | | 675806 12/15/2011 |
| K2 401K E-M | | 20286 | | 2406495 | | | | | | | |
| | | 507150 | 56000 | 61434532 | | | | | | | |
| | | | | 63084532 | | | | | | | |

**EMPLOYEE TOTAL:** HOURS 56000 | 507150 | 61434532 / 63084532 | 380807 | 126343 | 41389666 | NET PAY YTD 20044866

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 3600 | 456435 | 34800 | 23386906 | C1 CHECKING 1 | 5000 | | FEDERAL | 118989 | 4315254 | 000 |
| B BONUS | | | | 37053121 | R1 REIMBURSMEN | 375807 | | OASDI | | -8653855 | DIRDEP |
| H HOLIDAY | 400 | 50715 | 4000 | 502320 | S1 SAVINGS 1 | | | MEDICARE | 7354 | 45728267 | 18005772 |
| P PAID TIM | | | 16400 | 2045505 | | 380807 | | STATE | | | 448560 |
| FH FLOATING | | | 800 | 96600 | | | | | 126343 | 41389666 | 914728 |
| K1 401K EE | | | | -1650000 | | | | | | | 675806 12/22/2011 |
| K2 401K E-M | | 20286 | | 2406495 | | | | | | | |
| | 4000 | 507150 | 56000 | 61434532 | | | | | | | |
| | | | | 63084532 | | | | | | | |

**EMPLOYEE TOTAL:** HOURS 56000 | 507150 | 61434532 / 63084532 | 380807 | 126343 | 41389666 | NET PAY YTD 20044866

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 1125000 | 34800 | 23386906 | C1 CHECKING 1 | 5000 | | FEDERAL | 330493 | 4315254 | 000 |
| B BONUS | | | | 37053121 | R1 REIMBURSMEN | 773194 | | OASDI | | -8653855 | DIRDEP |
| H HOLIDAY | | | 4000 | 502320 | S1 SAVINGS 1 | | | MEDICARE | 16313 | 45728267 | 18005772 |
| P PAID TIM | | | 16400 | 2045505 | | 778194 | | STATE | | | 448560 |
| FH FLOATING | | | 800 | 96600 | | | | | 346806 | 41389666 | 914728 |
| K1 401K EE | | | | -1650000 | | | | | | | 675806 12/22/2011 |
| K2 401K E-M | | | | 2406495 | | | | | | | |
| | | 1125000 | 56000 | 61434532 | | | | | | | |
| | | | | 63084532 | | | | | | | |

**EMPLOYEE TOTAL:** HOURS 56000 | 1125000 | 61434532 / 63084532 | 778194 | 346806 | 41389666 | NET PAY YTD 20044866

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 507150 | 34800 | 23386906 | C1 CHECKING 1 | 5000 | | FEDERAL | 118989 | 4315254 | 000 |
| B BONUS | | | | 37053121 | R1 REIMBURSMEN | 375807 | | OASDI | | -8653855 | DIRDEP |
| H HOLIDAY | | | 4000 | 502320 | S1 SAVINGS 1 | | | MEDICARE | 7354 | 45728267 | 18005772 |
| P PAID TIM | | | 16400 | 2045505 | | 380807 | | STATE | | | 448560 |
| FH FLOATING | | | 800 | 96600 | | | | | 126343 | 41389666 | 914728 |
| K1 401K EE | | | | -1650000 | | | | | | | 675806 12/29/2011 |
| K2 401K E-M | | 20286 | | 2406495 | | | | | | | |
| | | 507150 | 56000 | 61434532 | | | | | | | |
| | | | | 63084532 | | | | | | | |

**EMPLOYEE TOTAL:** HOURS 56000 | 507150 | 61434532 / 63084532 | 380807 | 126343 | 41389666 | NET PAY YTD 20044866

PAYCHEX INC

PHONE (727)579-4700          FAX (727)579-4519

EMC002016

# PAYROLL REGISTER WITH YTD
**EXCELSIOR MEDIA CORP -T564**
**COMPANY TOTALS**

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 16

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary
Last Check Date 12/29/2011

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 137500 | 34800 | 23386986 | C1 CHECKING 1 | 5000 | 4315254 | FEDERAL | 16712 | 18005772 | 000 |
| B BONUS | | | | | 37053121 | R1 REIMBURSMEN | | -8653855 | OASDI | 1994 | 448560 | DIRDEP |
| H HOLIDAY | | | | 4000 | 502320 | S1 SAVINGS 1 | 113794 | 45728267 | MEDICARE | | 914728 | 12/29/2011 |
| P PAID TIM | | | | 16400 | 2045505 | | | | STATE | | 675806 | |
| FH FLOATING | | | | 800 | 96600 | | | | | | | |
| K1 401K EE | | | | | -1650000 | | | | | | | |
| K2 401K E-M | | | | | 2406495 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 137500 | 56000 | 61434532 / 63084532 | | 118794 | 41389666 | | 18706 | 20044866 | |

## LEGAL & ANTI-PIRACY — DEPARTMENT TOTALS
1 EMPLOYEES   61 CHECKS

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 34800 | 23386986 | 34800 | 23386986 | C1 CHECKING 1 | 4315254 | 4315254 | FEDERAL | 18005772 | 18005772 | 000 |
| B BONUS | | | 37053121 | | 37053121 | R1 REIMBURSMEN | -8653855 | -8653855 | OASDI | 448560 | 448560 | |
| H HOLIDAY | | 4000 | 502320 | 4000 | 502320 | S1 SAVINGS 1 | 45728267 | 45728267 | MEDICARE | 914728 | 914728 | |
| P PAID TIM | | 16400 | 2045505 | 16400 | 2045505 | | | | STATE | 675806 | 675806 | |
| FH FLOATING | | 800 | 96600 | 800 | 96600 | | | | | 20044866 | 20044866 | |
| K1 401K EE | | | -1650000 | | -1650000 | | | | ER OASDI | 11556623 | 662160 | |
| K2 401K E-M | | | 2406495 | | 2406495 | | | | ER MEDCR | 4240316 | 914726 | |
| | | | | | | | | | ER FUI | 1834899 | 5600 | |
| | | | | | | | | | ER SUI | 1853342 | 65030 | |
| | | | | | | | | | ER OTHER1 | 21218 | 980 | |
| | | | | | | | | | | 17857398 | 1648496 | |
| **DEPARTMENT TOTAL** | | 56000 | 61434532 / 63084532 | 56000 | 61434532 / 63084532 | | 41389666 | 41389666 | | 37902264 | 21693362 | |

## EXCELSIOR MEDIA CORP — COMPANY TOTALS
1 EMPLOYEES   61 CHECKS

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 34800 | 23386986 | 34800 | 23386986 | C1 CHECKING 1 | 4315254 | 4315254 | FEDERAL | 18005772 | 18005772 | 000 |
| B BONUS | | | 37053121 | | 37053121 | R1 REIMBURSMEN | -8653855 | -8653855 | OASDI | 448560 | 448560 | |
| H HOLIDAY | | 4000 | 502320 | 4000 | 502320 | S1 SAVINGS 1 | 45728267 | 45728267 | MEDICARE | 914728 | 914728 | |
| P PAID TIM | | 16400 | 2045505 | 16400 | 2045505 | | | | STATE | 675806 | 675806 | |
| FH FLOATING | | 800 | 96600 | 800 | 96600 | | | | | 20044866 | 20044866 | |
| K1 401K EE | | | -1650000 | | -1650000 | | | | ER OASDI | 11556623 | 662160 | |
| K2 401K E-M | | | 2406495 | | 2406495 | | | | ER MEDCR | 4240316 | 914726 | |
| | | | | | | | | | ER FUI | 1834899 | 5600 | |
| | | | | | | | | | ER SUI | 1853342 | 65030 | |
| | | | | | | | | | ER OTHER1 | 21218 | 980 | |
| | | | | | | | | | | 17857398 | 1648496 | |
| **COMPANY TOTAL** | | 56000 | 61434532 / 63084532 | 56000 | 61434532 / 63084532 | | 41389666 | 41389666 | | 37902264 | 21693362 | |

PAYCHEX INC       PHONE (727)579-4700       FAX (727)579-4519       EMC002017

# PAYROLL REGISTER WITH YTD

**EXCELSIOR MEDIA CORP - T564**
**COMPANY TOTALS**

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE   1

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RANDAZZA, MARC JOHN**  1424 XXX-XX-XXXX NV NV NV  52 MO/MO 600  5071.50 Salary TRM-08/29/2012  Last Check Date 08/30/2012 | 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 91418 | 4592452 | 000 |
| | B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | -363750 | -4303248 | OASDI | 21300 | 462420 | DIRDEP |
| | H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | | 18816964 | MEDICARE | 7354 | 319020 | 01/05/2012 |
| | P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | 6113969 | 88750 | | | | |
| | 2P PRE-TAX | | | -81144 | | -108775 | | | | | | | |
| | K1 401K EE | | | 20286 | | -1649285 | | | | | | | |
| | K2 401K E-M | | | | | 579688 | | | | | | | |
| | KR ROTH 401 | | | -50715 | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 375291  507150 | 40000 | 20301358  22110133 | | 255219 | 14927466 | | 120072 | 5373892 | |
| **RANDAZZA, MARC JOHN**  1424 XXX-XX-XXXX NV NV NV  52 MO/MO 600  5071.50 Salary TRM-08/29/2012  Last Check Date 08/30/2012 | 1 REGULAR | | 1600 | 202860 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 91418 | 4592452 | 000 |
| | B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | | -4303248 | OASDI | 21300 | 462420 | DIRDEP |
| | H HOLIDAY | | 800 | 101430 | 2400 | 304290 | S1 SAVINGS 1 | 300934 | 18816964 | MEDICARE | 7354 | 319020 | 01/12/2012 |
| | P PAID TIM | | 1600 | 202860 | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | |
| | 2P PRE-TAX | | | -81144 | | -108775 | | | | | | | |
| | K1 401K EE | | | 20286 | | -1649285 | | | | | | | |
| | K2 401K E-M | | | | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 426006  507150 | 40000 | 20301358  22110133 | | 305934 | 14927466 | | 120072 | 5373892 | |
| **RANDAZZA, MARC JOHN**  1424 XXX-XX-XXXX NV NV NV  52 MO/MO 600  5071.50 Salary TRM-08/29/2012  Last Check Date 08/30/2012 | 1 REGULAR | | 30000 | 750000 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 158349 | 4592452 | 000 |
| | B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | | -4303248 | OASDI | 31500 | 462420 | DIRDEP |
| | H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 304290 | 18816964 | MEDICARE | 10875 | 319020 | 01/12/2012 |
| | P PAID TIM | | 7600 | | 7600 | 1661881 | TR PERSONAL TR | 424276 | 88750 | | | | |
| | 2P PRE-TAX | | | -120000 | | -108775 | | | | | | | |
| | K1 401K EE | | | 30000 | | -1649285 | | | | | | | |
| | K2 401K E-M | | | | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 630000  750000 | 40000 | 20301358  22110133 | | 429276 | 14927466 | | 200724 | 5373892 | |
| **RANDAZZA, MARC JOHN**  1424 XXX-XX-XXXX NV NV NV  52 MO/MO 600  5071.50 Salary TRM-08/29/2012  Last Check Date 08/30/2012 | 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 91418 | 4592452 | 000 |
| | B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | | -4303248 | OASDI | 21300 | 462420 | DIRDEP |
| | H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 300934 | 18816964 | MEDICARE | 7354 | 319020 | 01/19/2012 |
| | P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | |
| | 2P PRE-TAX | | | -81144 | | -108775 | | | | | | | |
| | K1 401K EE | | | 20286 | | -1649285 | | | | | | | |
| | K2 401K E-M | | | | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 426006 | 40000 | 20301358 | | 305934 | 14927466 | | 120072 | 5373892 | |

**PAYCHEX INC**

PHONE (727)579-4700          FAX (727)579-4519

EMC002018

002168

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP - T564
### COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE   2

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/M0 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 507150 | | 22110133 | | | | | | | 000 |
| 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 91418 | 4592452 | DIRDEP |
| B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | | -4303248 | OASDI | 21300 | 462420 | |
| H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 300934 | 18816964 | MEDICARE | 7354 | 319020 | 01/26/2012 |
| P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | |
| 2P PRE-TAX | | | | | -108775 | | | | | | | |
| K1 401K EE | | | -81144 | | -1649285 | | | | | | | |
| K2 401K E-M | | | 20286 | | 5796800 | | | | | | | |
| KR ROTH 401 | | | | | -50715 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 426006 507150 | 40000 | 20301358 22110133 | | 305934 | 14927466 | | 120072 | 5373892 | |

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/M0 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 507150 | | 22110133 | | | | | | | 000 |
| 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 91418 | 4592452 | DIRDEP |
| B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | | -4303248 | OASDI | 21300 | 462420 | |
| H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 300934 | 18816964 | MEDICARE | 7354 | 319020 | 12/02/2012 |
| P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | |
| 2P PRE-TAX | | | | | -108775 | | | | | | | |
| K1 401K EE | | | -81144 | | -1649285 | | | | | | | |
| K2 401K E-M | | | 20286 | | 5796800 | | | | | | | |
| KR ROTH 401 | | | | | -50715 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 426006 507150 | 40000 | 20301358 22110133 | | 305934 | 14927466 | | 120072 | 5373892 | |

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/M0 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 507150 | | 22110133 | | | | | | | 000 |
| 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 91418 | 4592452 | DIRDEP |
| B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | | -4303248 | OASDI | 21300 | 462420 | |
| H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 300934 | 18816964 | MEDICARE | 7354 | 319020 | 02/09/2012 |
| P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | |
| 2P PRE-TAX | | | | | -108775 | | | | | | | |
| K1 401K EE | | | -81144 | | -1649285 | | | | | | | |
| K2 401K E-M | | | 20286 | | 5796800 | | | | | | | |
| KR ROTH 401 | | | | | -50715 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 426006 507150 | 40000 | 20301358 22110133 | | 305934 | 14927466 | | 120072 | 5373892 | |

002169

# PAYROLL REGISTER WITH YTD

EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE 3

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary TRM-08/29/2012 Last Check Date 08/30/2012 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM 2P PRE-TAX K1 401K EE K2 401K E-M KR ROTH 401 | | 3200 | 405720 250000 101430 -121144 30286 | 30000 2400 7600 | 16786665 3357297 304290 1661801 -108775 -1649285 5796088 -50715 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 TR PERSONAL TR | 5000 -991731 1407127 12500 | 325000 -4303248 18816964 88750 | FEDERAL OASDI MEDICARE | 160331 31800 10979 | 4592452 462420 319020 | 000 DIRDEP 02/16/2012 |
| EMPLOYEE TOTAL | | | 4000 | 636006 757150 | 40000 | 20301358 22110133 | | 432896 | 14927466 | | 203110 | 5373892 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary TRM-08/29/2012 Last Check Date 08/30/2012 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM 2P PRE-TAX K1 401K EE K2 401K E-M KR ROTH 401 | | | 507150 -81144 20286 | 30000 2400 7600 | 16786665 3357297 304290 1661801 -108775 -1649285 5796088 -50715 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 TR PERSONAL TR | 5000 -12000 309184 3750 | 325000 -4303248 18816964 88750 | FEDERAL OASDI MEDICARE | 91418 21300 7354 | 4592452 462420 319020 | 000 DIRDEP 02/23/2012 |
| EMPLOYEE TOTAL | | | 4000 | 426006 507150 | 40000 | 20301358 22110133 | | 305934 | 14927466 | | 120072 | 5373892 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary TRM-08/29/2012 Last Check Date 08/30/2012 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM 2P PRE-TAX K1 401K EE K2 401K E-M KR ROTH 401 | | | 507150 275000 -125144 31286 | 30000 2400 7600 | 16786665 3357297 304290 1661801 -108775 -1649285 5796088 -50715 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 TR PERSONAL TR | 5000 433054 7500 | 325000 -4303248 18816964 88750 | FEDERAL OASDI MEDICARE | 167261 32850 11341 | 4592452 462420 319020 | 000 DIRDEP 03/01/2012 |
| EMPLOYEE TOTAL | | | | 657006 782150 | 40000 | 20301358 22110133 | | 445554 | 14927466 | | 211452 | 5373892 | |
| RANDAZZA, MARC JOHN 1424 XXX-XX-XXXX NV NV NV 52 M0/M0 600 5071.50 Salary TRM-08/29/2012 Last Check Date 08/30/2012 | 1 REGULAR B BONUS H HOLIDAY P PAID TIM 2P PRE-TAX K1 401K EE K2 401K E-M KR ROTH 401 | | | 507150 125000 -101144 25286 | 30000 2400 7600 | 16786665 3357297 304290 1661801 -108775 -1649285 5796088 -50715 | C1 CHECKING 1 R1 REIMBURSMEN S1 SAVINGS 1 TR PERSONAL TR | 5000 360859 3750 | 325000 -4303248 18816964 88750 | FEDERAL OASDI MEDICARE | 125681 26550 9166 | 4592452 462420 319020 | 000 DIRDEP 03/08/2012 |
| EMPLOYEE TOTAL | | | | 531006 | 40000 | 20301358 | | 369609 | 14927466 | | 161397 | 5373892 | |

PAYCHEX INC

PHONE (727)579-4700          FAX (727)579-4519

EMC002020

002170

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP -T564
## COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE 4

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

**Earnings**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| | | | 632150 | | 22110133 |
| 1 REGULAR | | 3600 | 456435 | 30000 | 16786665 |
| B BONUS | | | | | 3357297 |
| H HOLIDAY | | | | | 304290 |
| P PAID TIM | | 400 | 50715 | 2400 | 1661891 |
| 2P PRE-TAX | | | | 7600 | -108775 |
| K1 401K EE | | | -81144 | | -1649285 |
| K2 401K E-M | | | 20286 | | 579688 |
| KR ROTH 401 | | | | | -50715 |
| EMPLOYEE TOTAL | | 4000 | 426006 / 507150 | 40000 | 20301358 / 22110133 |

**Deductions**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 5000 | 325000 |
| R1 REIMBURSMEN | | -4303248 |
| S1 SAVINGS 1 | 294684 | 18816964 |
| TR PERSONAL TR | 6250 | 88750 |
| | 305934 | 14927466 |

**Taxes**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 91418 | 4592452 |
| OASDI | 21300 | 462420 |
| MEDICARE | 7354 | 319020 |
| | 120072 | 5373892 |

NET PAY: 000
CHECK NO: DIRDEP
03/15/2012

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

**Earnings**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 30000 | 16786665 |
| B BONUS | | | | | 3357297 |
| H HOLIDAY | | | | | 304290 |
| P PAID TIM | | | | 2400 | 1661891 |
| 2P PRE-TAX | | | | 7600 | -108775 |
| K1 401K EE | | | -81144 | | -1649285 |
| K2 401K E-M | | | 20286 | | 579688 |
| KR ROTH 401 | | | | | -50715 |
| EMPLOYEE TOTAL | | | 426006 / 507150 | 40000 | 20301358 / 22110133 |

**Deductions**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 5000 | 325000 |
| R1 REIMBURSMEN | | -4303248 |
| S1 SAVINGS 1 | 293434 | 18816964 |
| TR PERSONAL TR | 7500 | 88750 |
| | 305934 | 14927466 |

**Taxes**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | 91418 | 4592452 |
| OASDI | 21300 | 462420 |
| MEDICARE | 7354 | 319020 |
| | 120072 | 5373892 |

NET PAY: 000
CHECK NO: DIRDEP
03/22/2012

---

### RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

**Earnings**

| DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | 2800 | 355005 | 30000 | 16786665 |
| B BONUS | | | | | 3357297 |
| H HOLIDAY | | | | | 304290 |
| P PAID TIM | | 1200 | 152145 | 2400 | 1661891 |
| 2P PRE-TAX | | | | 7600 | -108775 |
| K1 401K EE | | | -81144 | | -1649285 |
| K2 401K E-M | | | 20286 | | 579688 |
| KR ROTH 401 | | | | | -50715 |
| EMPLOYEE TOTAL | | 4000 | 426006 / 507150 | 40000 | 20301358 / 22110133 |

**Deductions**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| C1 CHECKING 1 | 5000 | 325000 |
| R1 REIMBURSMEN | | -4303248 |
| S1 SAVINGS 1 | 293434 | 18816964 |
| TR PERSONAL TR | 7500 | 88750 |
| | 305934 | 14927466 |

**Taxes**

| DESCR | CURRENT AMOUNT | YTD AMOUNT |
|---|---|---|
| FEDERAL | | 4592452 |
| OASDI | | 462420 |
| MEDICARE | | 319020 |
| | 120072 | 5373892 |

NET PAY: 000
CHECK NO: DIRDEP
03/29/2012

---

002171

# PAYROLL REGISTER WITH YTD

**EXCELSIOR MEDIA CORP -T564**
**COMPANY TOTALS**

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE 5

---

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

**Earnings**

| Descr | Current Hours | Current Amount | Hours (YTD) | YTD Amount |
|---|---|---|---|---|
| 1 REGULAR | | 507150 | 30000 | 16786665 |
| B BONUS | | | | 3357297 |
| H HOLIDAY | | | 2400 | 304290 |
| P PAID TIM | | | 7600 | 1661881 |
| 2P PRE-TAX | | -81144 | | -108775 |
| K1 401K EE | | 20286 | | -1649285 |
| K2 401K E-M | | | | 5796088 |
| KR ROTH 401 | | | | -507115 |
| EMPLOYEE TOTAL | | 426006 / 507150 | 40000 | 20301358 / 22110133 |

**Deductions**

| Descr | Current Amount | YTD Amount |
|---|---|---|
| C1 CHECKING 1 | 5000 | 325000 |
| R1 REIMBURSMEN | | -4303248 |
| S1 SAVINGS 1 | 297184 | 18816964 |
| TR PERSONAL TR | 3750 | 88750 |
| Total | 305934 | 14927466 |

**Taxes**

| Descr | Current Amount | YTD Amount |
|---|---|---|
| FEDERAL | 91418 | 4592452 |
| OASDI | 21300 | 462420 |
| MEDICARE | 7354 | 319020 |
| Total | 120072 | 5373892 |

NET PAY 000 — CHECK NO DIRDEP — 04/05/2012

---

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

**Earnings**

| Descr | Current Hours | Current Amount | Hours (YTD) | YTD Amount |
|---|---|---|---|---|
| 1 REGULAR | | 507150 | 30000 | 16786665 |
| B BONUS | | | | 3357297 |
| H HOLIDAY | | | 2400 | 304290 |
| P PAID TIM | | | 7600 | 1661881 |
| 2P PRE-TAX | | -81144 | | -108775 |
| K1 401K EE | | 20286 | | -1649285 |
| K2 401K E-M | | | | 5796088 |
| KR ROTH 401 | | | | -507115 |
| EMPLOYEE TOTAL | | 426006 / 507150 | 40000 | 20301358 / 22110133 |

**Deductions**

| Descr | Current Amount | YTD Amount |
|---|---|---|
| C1 CHECKING 1 | 5000 | 325000 |
| R1 REIMBURSMEN | | -4303248 |
| S1 SAVINGS 1 | 300929 | 18816964 |
| TR PERSONAL TR | | 88750 |
| Total | 305929 | 14927466 |

**Taxes**

| Descr | Current Amount | YTD Amount |
|---|---|---|
| FEDERAL | 91418 | 4592452 |
| OASDI | 21305 | 462420 |
| MEDICARE | 7354 | 319020 |
| Total | 120077 | 5373892 |

NET PAY 000 — CHECK NO DIRDEP — 04/12/2012

---

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

**Earnings**

| Descr | Current Hours | Current Amount | Hours (YTD) | YTD Amount |
|---|---|---|---|---|
| 1 REGULAR | | 425000 | 30000 | 16786665 |
| B BONUS | | | | 3357297 |
| H HOLIDAY | | | 2400 | 304290 |
| P PAID TIM | | | 7600 | 1661881 |
| 2P PRE-TAX | | -68000 | | -108775 |
| K1 401K EE | | 17000 | | -1649285 |
| K2 401K E-M | | | | 5796088 |
| KR ROTH 401 | | | | -507115 |
| EMPLOYEE TOTAL | | 357000 / 425000 | 40000 | 20301358 / 22110133 |

**Deductions**

| Descr | Current Amount | YTD Amount |
|---|---|---|
| C1 CHECKING 1 | 5000 | 325000 |
| R1 REIMBURSMEN | | -4303248 |
| S1 SAVINGS 1 | 255890 | 18816964 |
| TR PERSONAL TR | | 88750 |
| Total | 260890 | 14927466 |

**Taxes**

| Descr | Current Amount | YTD Amount |
|---|---|---|
| FEDERAL | 72097 | 4592452 |
| OASDI | 17850 | 462420 |
| MEDICARE | 6163 | 319020 |
| Total | 96110 | 5373892 |

---

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

**Earnings**

| Descr | Current Hours | Current Amount | Hours (YTD) | YTD Amount |
|---|---|---|---|---|
| 1 REGULAR | 3600 | 456435 | 30000 | 16786665 |
| B BONUS | | | | 3357297 |
| H HOLIDAY | | | 2400 | 304290 |
| P PAID TIM | 400 | 50715 | 7600 | 1661881 |
| 2P PRE-TAX | | -81144 | | -108775 |
| K1 401K EE | | 20286 | | -1649285 |
| K2 401K E-M | | | | 5796088 |
| KR ROTH 401 | | | | -507115 |
| EMPLOYEE TOTAL | 4000 | 426006 / 507150 | 40000 | 20301358 / 22110133 |

**Deductions**

| Descr | Current Amount | YTD Amount |
|---|---|---|
| C1 CHECKING 1 | 5000 | 325000 |
| R1 REIMBURSMEN | | -4303248 |
| S1 SAVINGS 1 | 300939 | 18816964 |
| TR PERSONAL TR | | 88750 |
| Total | 305939 | 14927466 |

**Taxes**

| Descr | Current Amount | YTD Amount |
|---|---|---|
| FEDERAL | 91418 | 4592452 |
| OASDI | 21300 | 462420 |
| MEDICARE | 7349 | 319020 |
| Total | 120067 | 5373892 |

NET PAY 000 — CHECK NO DIRDEP — 04/19/2012

---

**PAYCHEX INC**

PHONE (727)579-4700

FAX (727)579-4519

EMC002022

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP -T564
COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE 6

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 98345 | 4592452 | 000 |
| B BONUS | | | 3357297 | R1 REIMBURSMEN | | -4303248 | OASDI | 21300 | 462420 | DIRDEP |
| H HOLIDAY | | 2400 | 304290 | S1 SAVINGS 1 | 308670 | 18816964 | MEDICARE | 7354 | 319020 | 04/26/2012 |
| P PAID TIM | | 7600 | 1618881 | TR PERSONAL TR | 7500 | 88750 | | | | |
| 2P PRE-TAX | -58981 | | -108775 | | | | | | | |
| K1 401K EE | 20286 | | -1649285 | | | | | | | |
| K2 401K E-M | | | 579688 | | | | | | | |
| KR ROTH 401 | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | 448169 / 507150 | 40000 | 20301358 / 22110133 | | 321170 | 14927466 | | 126999 | 5373892 | 5373892 |

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 117809 | 4592452 | 000 |
| B BONUS | | | 3357297 | R1 REIMBURSMEN | | -4303248 | OASDI | 13165 | 462420 | DIRDEP |
| H HOLIDAY | | 2400 | 304290 | S1 SAVINGS 1 | 356322 | 18816964 | MEDICARE | 7354 | 319020 | 05/03/2012 |
| P PAID TIM | | 7600 | 1618881 | TR PERSONAL TR | 7500 | 88750 | | | | |
| 2P PRE-TAX | | | -108775 | | | | | | | |
| K1 401K EE | | | -1649285 | | | | | | | |
| K2 401K E-M | | | 579688 | | | | | | | |
| KR ROTH 401 | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | 507150 | 40000 | 20301358 / 22110133 | | 368822 | 14927466 | | 138328 | 5373892 | 5373892 |

## RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | 250000 | 30000 | 16786665 | C1 CHECKING 1 | 5000 | 325000 | FEDERAL | 43337 | 4592452 | 000 |
| B BONUS | | | 3357297 | R1 REIMBURSMEN | | -4303248 | OASDI | 10500 | 462420 | DIRDEP |
| H HOLIDAY | | 2400 | 304290 | S1 SAVINGS 1 | 187538 | 18816964 | MEDICARE | 3625 | 319020 | 05/03/2012 |
| P PAID TIM | | 7600 | 1618881 | TR PERSONAL TR | | 88750 | | | | |
| 2P PRE-TAX | | | -108775 | | | | | | | |
| K1 401K EE | | | -1649285 | | | | | | | |
| K2 401K E-M | | | 579688 | | | | | | | |
| KR ROTH 401 | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | 250000 | 40000 | 20301358 / 22110133 | | 192538 | 14927466 | | 57462 | 5373892 | 5373892 |

# PAYROLL REGISTER WITH YTD

**EXCELSIOR MEDIA CORP - T564**
**COMPANY TOTALS**

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE 7

---

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION:**
RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 30000 | C1 CHECKING 1 | 5000 | 16786665 | FEDERAL | 325000 | 117809 | 4592452 | 000 |
| B BONUS | | | | 2400 | R1 REIMBURSEMEN | 364482 | 3357297 | OASDI | -4303248 | 7354 | 462420 | DIRDEP |
| H HOLIDAY | | | | | S1 SAVINGS 1 | 7500 | 304290 | MEDICARE | 18816964 | | 319020 | 05/10/2012 |
| P PAID TIM | | | | 7600 | TR PERSONAL TR | | 1661801 | | 88750 | | | |
| 2P PRE-TAX | | | | | 2P PRE-TAX | | -108775 | | | | | |
| K1 401K EE | | | | | | | -1649285 | | | | | |
| K2 401K E-M | | | | | | | 579688 | | | | | |
| KR ROTH 401 | | | | | | | -50715 | | | | | |
| **EMPLOYEE TOTAL** | | | 507150 | 40000 | | 381987 | 20301358 / 22110133 | | 14927466 | 125163 | 5373892 | |

---

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 30000 | C1 CHECKING 1 | 5000 | 16786665 | FEDERAL | 325000 | 117809 | 4592452 | 000 |
| B BONUS | | | | 2400 | R1 REIMBURSEMEN | 370737 | 3357297 | OASDI | -4303248 | 7354 | 462420 | DIRDEP |
| H HOLIDAY | | | | | S1 SAVINGS 1 | 6250 | 304290 | MEDICARE | 18816964 | | 319020 | 05/17/2012 |
| P PAID TIM | | | | 7600 | TR PERSONAL TR | | 1661801 | | 88750 | | | |
| 2P PRE-TAX | | | | | 2P PRE-TAX | | -108775 | | | | | |
| K1 401K EE | | | | | | | -1649285 | | | | | |
| K2 401K E-M | | | | | | | 579688 | | | | | |
| KR ROTH 401 | | | | | | | -50715 | | | | | |
| **EMPLOYEE TOTAL** | | | 507150 | 40000 | | 381987 | 20301358 / 22110133 | | 14927466 | 125163 | 5373892 | |

---

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 2800 | 355005 | 30000 | C1 CHECKING 1 | 10000 | 16786665 | FEDERAL | 325000 | 117809 | 4592452 | 000 |
| B BONUS | | | | 2400 | R1 REIMBURSEMEN | | 3357297 | OASDI | -4303248 | 7354 | 462420 | DIRDEP |
| H HOLIDAY | | | | | S1 SAVINGS 1 | | 304290 | MEDICARE | 18816964 | | 319020 | 05/24/2012 |
| P PAID TIM | | 1200 | 152145 | 7600 | TR PERSONAL TR | 371987 | 1661801 | | 88750 | | | |
| 2P PRE-TAX | | | | | 2P PRE-TAX | | -108775 | | | | | |
| K1 401K EE | | | | | | | -1649285 | | | | | |
| K2 401K E-M | | | | | | | 579688 | | | | | |
| KR ROTH 401 | | | | | | | -50715 | | | | | |
| **EMPLOYEE TOTAL** | | 4000 | 507150 | 40000 | | 381987 | 20301358 / 22110133 | | 14927466 | 125163 | 5373892 | |

---

RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | YTD HOURS | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 30000 | C1 CHECKING 1 | 10000 | 16786665 | FEDERAL | 325000 | 117809 | 4592452 | 000 |
| B BONUS | | | | 2400 | R1 REIMBURSEMEN | | 3357297 | OASDI | -4303248 | 7354 | 462420 | DIRDEP |
| H HOLIDAY | | | | | S1 SAVINGS 1 | | 304290 | MEDICARE | 18816964 | | 319020 | 05/31/2012 |
| P PAID TIM | | | | 7600 | TR PERSONAL TR | 371987 | 1661801 | | 88750 | | | |
| 2P PRE-TAX | | | | | 2P PRE-TAX | | -108775 | | | | | |
| K1 401K EE | | | | | | | -1649285 | | | | | |
| K2 401K E-M | | | | | | | 579688 | | | | | |
| KR ROTH 401 | | | | | | | -50715 | | | | | |
| **EMPLOYEE TOTAL** | | | 507150 | 40000 | | 381987 | 20301358 / 22110133 | | 14927466 | 125163 | 5373892 | |

---

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP - T564
## COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013   PAGE   8

**EMPLOYEE NAME** — RANDAZZA, MARC JOHN
ID SSN STATE/FRQ STS LOCATION: 1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | 3200 | 405720 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 20301358 | FEDERAL | 117809 | 4592452 | 000 |
| B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | -990860 | | OASDI | | 462420 | DIRDEP |
| H HOLIDAY | | 800 | 101430 | 2400 | 304290 | S1 SAVINGS 1 | 1362847 | | MEDICARE | 7354 | 319020 | 06/07/2012 |
| P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 22110133 | | | | |
| 2P PRE-TAX | | | | | -108775 | | | | | | | |
| K1 401K EE | | | | | -1649285 | | | | | | | |
| K2 401K E-M | | | | | 579688 | | | | | | | |
| KR ROTH 401 | | | | | -50715 | | | | | | | |
| **EMPLOYEE TOTAL** | | 4000 | 507150 | 40000 | 20301358 / 22110133 | | 381987 | 14927466 | | 125163 | 5373892 | 125163 |

**EMPLOYEE NAME** — RANDAZZA, MARC JOHN
ID SSN STATE/FRQ STS LOCATION: 1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 275000 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 20301358 | FEDERAL | 49587 | 4592452 | 000 |
| B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | | | OASDI | 3988 | 462420 | DIRDEP |
| H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 211425 | | MEDICARE | | 319020 | 06/07/2012 |
| P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 22110133 | | | | |
| 2P PRE-TAX | | | | | -108775 | | | | | | | |
| K1 401K EE | | | | | -1649285 | | | | | | | |
| K2 401K E-M | | | | | 579688 | | | | | | | |
| KR ROTH 401 | | | | | -50715 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 275000 | 40000 | 20301358 / 22110133 | | 221425 | 14927466 | | 53575 | 5373892 | |

**EMPLOYEE NAME** — RANDAZZA, MARC JOHN
ID SSN STATE/FRQ STS LOCATION: 1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/30/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 20301358 | FEDERAL | 117809 | 4592452 | 000 |
| B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | -222312 | | OASDI | | 462420 | DIRDEP |
| H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 594299 | | MEDICARE | 7354 | 319020 | 06/14/2012 |
| P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 22110133 | | | | |
| 2P PRE-TAX | | | | | -108775 | | | | | | | |
| K1 401K EE | | | | | -1649285 | | | | | | | |
| K2 401K E-M | | | | | 579688 | | | | | | | |
| KR ROTH 401 | | | | | -50715 | | | | | | | |
| **EMPLOYEE TOTAL** | | | 507150 | 40000 | 20301358 / 22110133 | | 381987 | 14927466 | | 125163 | 5373892 | 125163 |

PAYCHEX INC        PHONE (727)579-4700        FAX (727)579-4519

EMC002025

002175

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP - T564
## COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE   9

| EMPLOYEE NAME<br>ID SSN STATE/FRQ STS LOCATION | EARNINGS<br>DESCR | PAY<br>RATE | CURRENT<br>HOURS | CURRENT<br>AMOUNT | HOURS | YTD<br>AMOUNT | DEDUCTIONS<br>DESCR | CURRENT<br>AMOUNT | YTD<br>AMOUNT | TAXES<br>DESCR | YTD<br>AMOUNT | CURRENT<br>AMOUNT | YTD<br>AMOUNT | NET PAY<br>CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN<br>1424 XXX-XX-XXXX NV NV NV<br>52 MO/MO 600<br>5071.50 Salary TRM-08/29/2012<br>Last Check Date 08/30/2012 | 1 REGULAR<br>B BONUS<br>H HOLIDAY<br>P PAID TIM<br>2P PRE-TAX<br>K1 401K EE<br>K2 401K E-M<br>KR ROTH 401 | | | 507150 | 30000<br><br>2400<br>7600 | 16786665<br>3357297<br>304290<br>1661881<br>-108775<br>-1649285<br>579688<br>-50715 | C1 CHECKING 1<br>R1 REIMBURSMEN<br>S1 SAVINGS 1<br>TR PERSONAL TR | 10000<br>-162496<br>534483 | 325000<br>-4303248<br>18816964<br>88750 | FEDERAL<br>OASDI<br>MEDICARE | | 117809<br><br>7354 | 4592452<br>4624420<br>3190020 | 000<br>DIRDEP<br><br>06/21/2012 |
| EMPLOYEE TOTAL | | | | 507150 | 40000 | 20301358<br>22110133 | | 381987 | 14927466 | | | 125163 | 5373892 | |
| RANDAZZA, MARC JOHN<br>1424 XXX-XX-XXXX NV NV NV<br>52 MO/MO 600<br>5071.50 Salary TRM-08/29/2012<br>Last Check Date 08/30/2012 | 1 REGULAR<br>B BONUS<br>H HOLIDAY<br>P PAID TIM<br>2P PRE-TAX<br>K1 401K EE<br>K2 401K E-M<br>KR ROTH 401 | | | 200000 | 30000<br><br>2400<br>7600 | 16786665<br>3357297<br>304290<br>1661881<br>-108775<br>-1649285<br>579688<br>-50715 | C1 CHECKING 1<br>R1 REIMBURSMEN<br>S1 SAVINGS 1<br>TR PERSONAL TR | 10000<br>-87040<br>459027 | 325000<br>-4303248<br>18816964<br>88750 | FEDERAL<br>OASDI<br>MEDICARE | | 30637<br><br>2900 | 4592452<br>4624420<br>3190020 | 000<br>DIRDEP<br><br>06/21/2012 |
| EMPLOYEE TOTAL | | | | 200000 | 40000 | 20301358<br>22110133 | | 166263 | 14927466 | | | 33737 | 5373892 | |
| RANDAZZA, MARC JOHN<br>1424 XXX-XX-XXXX NV NV NV<br>52 MO/MO 600<br>5071.50 Salary TRM-08/29/2012<br>Last Check Date 08/30/2012 | 1 REGULAR<br>B BONUS<br>H HOLIDAY<br>P PAID TIM<br>2P PRE-TAX<br>K1 401K EE<br>K2 401K E-M<br>KR ROTH 401 | | | 507150 | 30000<br><br>2400<br>7600 | 16786665<br>3357297<br>304290<br>1661881<br>-108775<br>-1649285<br>579688<br>-50715 | C1 CHECKING 1<br>R1 REIMBURSMEN<br>S1 SAVINGS 1<br>TR PERSONAL TR | 10000<br>-162496<br>534483 | 325000<br>-4303248<br>18816964<br>88750 | FEDERAL<br>OASDI<br>MEDICARE | | 117809<br><br>7354 | 4592452<br>4624420<br>3190020 | 000<br>DIRDEP<br><br>06/28/2012 |
| EMPLOYEE TOTAL | | | | 507150 | 40000 | 20301358<br>22110133 | | 381987 | 14927466 | | | 125163 | 5373892 | |
| RANDAZZA, MARC JOHN<br>1424 XXX-XX-XXXX NV NV NV<br>52 MO/MO 600<br>5071.50 Salary TRM-08/29/2012<br>Last Check Date 08/30/2012 | 1 REGULAR<br>B BONUS<br>H HOLIDAY<br>P PAID TIM<br>2P PRE-TAX<br>K1 401K EE<br>K2 401K E-M<br>KR ROTH 401 | | 2800<br><br>1200 | 355005<br><br>152145 | 30000<br><br>2400<br>7600 | 16786665<br>3357297<br>304290<br>1661881<br>-108775<br>-1649285<br>579688<br>-50715 | C1 CHECKING 1<br>R1 REIMBURSMEN<br>S1 SAVINGS 1<br>TR PERSONAL TR | 10000<br><br>371987 | 325000<br>-4303248<br>18816964<br>88750 | FEDERAL<br>OASDI<br>MEDICARE | | 117809<br><br>7354 | 4592452<br>4624420<br>3190020 | 000<br>DIRDEP<br><br>07/05/2012 |
| EMPLOYEE TOTAL | | | 4000 | 507150 | 40000 | 20301358 | | 381987 | 14927466 | | | 125163 | 5373892 | |

PAYCHEX INC

PHONE (727)579-4700        FAX (727)579-4519

EMC002026

002176

# PAYROLL REGISTER WITH YTD
### EXCELSIOR MEDIA CORP -T564
### COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE  10

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN<br>1424 XXX-XX-XXXX NV NV NV<br>52 MO/MO 600<br>5071.50 Salary TRM-08/29/2012<br>Last Check Date 08/30/2012 | 1 REGULAR | | | 300000 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 56137 | 4592452 | 000<br>DIRDEP<br>07/05/2012 |
| | B BONUS | | | | | 3357297 | R1 REIMBURSMEN | | -4303248 | OASDI | | 462420 | |
| | H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 229513 | 18816964 | MEDICARE | 4350 | 3190020 | |
| | P PAID TIM | | | | 7600 | 1661891 | TR PERSONAL TR | | 88750 | | | | |
| | 2P PRE-TAX | | | | | -108775 | | | | | | | |
| | K1 401K EE | | | | | -1649285 | | | | | | | |
| | K2 401K E-M | | | | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | | 300000 | 40000 | 20301358<br>22110133 | | 239513 | 14927466 | | 60487 | 5373892 | |
| RANDAZZA, MARC JOHN<br>1424 XXX-XX-XXXX NV NV NV<br>52 MO/MO 600<br>5071.50 Salary TRM-08/29/2012<br>Last Check Date 08/30/2012 | 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 117809 | 4592452 | 000<br>DIRDEP<br>07/12/2012 |
| | B BONUS | | | | | 3357297 | R1 REIMBURSMEN | | -4303248 | OASDI | | 462420 | |
| | H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 371987 | 18816964 | MEDICARE | 7354 | 3190020 | |
| | P PAID TIM | | | | 7600 | 1661891 | TR PERSONAL TR | | 88750 | | | | |
| | 2P PRE-TAX | | | | | -108775 | | | | | | | |
| | K1 401K EE | | | | | -1649285 | | | | | | | |
| | K2 401K E-M | | | | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | | 507150 | 40000 | 20301358<br>22110133 | | 381987 | 14927466 | | 125163 | 5373892 | |
| RANDAZZA, MARC JOHN<br>1424 XXX-XX-XXXX NV NV NV<br>52 MO/MO 600<br>5071.50 Salary TRM-08/29/2012<br>Last Check Date 08/30/2012 | 1 REGULAR | | 3200 | 405720 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 117809 | 4592452 | 000<br>DIRDEP<br>07/19/2012 |
| | B BONUS | | | | | 3357297 | R1 REIMBURSMEN | | -4303248 | OASDI | | 462420 | |
| | H HOLIDAY | | 800 | 101430 | 2400 | 304290 | S1 SAVINGS 1 | 371987 | 18816964 | MEDICARE | 7354 | 3190020 | |
| | P PAID TIM | | | | 7600 | 1661891 | TR PERSONAL TR | | 88750 | | | | |
| | 2P PRE-TAX | | | | | -108775 | | | | | | | |
| | K1 401K EE | | | | | -1649285 | | | | | | | |
| | K2 401K E-M | | | | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 507150 | 40000 | 20301358<br>22110133 | | 381987 | 14927466 | | 125163 | 5373892 | |

PAYCHEX INC

PHONE (727)579-4700          FAX (727)579-4519

EMC002027

002177

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE   11

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 117809 | 4592452 | 000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 3357297 | R1 REIMBURSMEN | | -4303248 | OASDI | | 462420 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 371992 | 18816964 | MEDICARE | 7349 | 319020 | |
| 5071.50 Salary TRM-08/29/2012 | P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | 07/26/2012 |
| Last Check Date 08/30/2012 | 2P PRE-TAX | | | | | -108775 | | | | | | | |
| | K1 401K EE | | | | | -1649285 | | | | | | | |
| | K2 401K E-M | | | | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | | 507150 | 40000 | 20301358 | | 381992 | 14927466 | | 125158 | 5373892 | |
| | | | | 507150 | | 22110133 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | 3200 | 405720 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 117809 | 4592452 | 000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 3357297 | R1 REIMBURSMEN | -382071 | -4303248 | OASDI | | 462420 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | 800 | 101430 | 2400 | 304290 | S1 SAVINGS 1 | 754058 | 18816964 | MEDICARE | 7354 | 319020 | |
| 5071.50 Salary TRM-08/29/2012 | P PAID TIM | | | 20286 | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | 08/02/2012 |
| Last Check Date 08/30/2012 | 2P PRE-TAX | | | | | -108775 | | | | | | | |
| | K1 401K EE | | | | | -1649285 | | | | | | | |
| | K2 401K E-M | | | 20286 | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | 4000 | 485395 | 40000 | 20301358 | | 381987 | 14927466 | | 125163 | 5373892 | |
| | | | | 507150 | | 22110133 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 110629 | 4592452 | 000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 3357297 | R1 REIMBURSMEN | | -4303248 | OASDI | | 462420 | DIRDEP |
| 54 MO/MO 600 | H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 357728 | 18816964 | MEDICARE | 7038 | 319020 | |
| 5071.50 Salary TRM-08/29/2012 | P PAID TIM | | | -21755 | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | 08/09/2012 |
| Last Check Date 08/30/2012 | 2P PRE-TAX | | | | | -108775 | | | | | | | |
| | K1 401K EE | | | | | -1649285 | | | | | | | |
| | K2 401K E-M | | | 20286 | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | | 507150 | 40000 | 20301358 | | 367728 | 14927466 | | 117667 | 5373892 | |
| | | | | | | 22110133 | | | | | | | |
| RANDAZZA, MARC JOHN | 1 REGULAR | | | 475000 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 107199 | 4592452 | 000 |
| 1424 XXX-XX-XXXX NV NV NV | B BONUS | | | | | 3357297 | R1 REIMBURSMEN | | -4303248 | OASDI | | 462420 | DIRDEP |
| 52 MO/MO 600 | H HOLIDAY | | | | 2400 | 304290 | S1 SAVINGS 1 | 350913 | 18816964 | MEDICARE | 6888 | 319020 | |
| 5071.50 Salary TRM-08/29/2012 | P PAID TIM | | | 19000 | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | 08/09/2012 |
| Last Check Date 08/30/2012 | 2P PRE-TAX | | | | | -108775 | | | | | | | |
| | K1 401K EE | | | | | -1649285 | | | | | | | |
| | K2 401K E-M | | | | | 579688 | | | | | | | |
| | KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | | 475000 | 40000 | 20301358 | | 360913 | 14927466 | | 114087 | 5373892 | |

PAYCHEX INC

PHONE (727)579-4700          FAX (727)579-4519

EMC002028

002178

# PAYROLL REGISTER WITH YTD

**EXCELSIOR MEDIA CORP -T564**
**COMPANY TOTALS**

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE 12

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION:**
RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 110629 | 4592452 | 000 |
| B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | | -4303248 | OASDI | | 462420 | DIRDEP |
| H HOLIDAY | | | | 2400 | 304299 | S1 SAVINGS 1 | 357728 | 18816964 | MEDICARE | 7038 | 3119020 | 08/16/2012 |
| P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | |
| 2P PRE-TAX | | | -21755 | | -108775 | | | | | | | |
| K1 401K EE | | | | | -1649285 | | | | | | | |
| K2 401K E-M | | | 20286 | | 579688 | | | | | | | |
| KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | 485395 | 40000 | 20301358 | | 367728 | 14927466 | | 117667 | 5373892 | |
| | | | 507150 | | 22110133 | | | | | | | |

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION:**
RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 121287 | 4592452 | 000 |
| B BONUS | | | 32297 | | 3357297 | R1 REIMBURSEMEN | -110370 | -4303248 | OASDI | | 462420 | DIRDEP |
| H HOLIDAY | | | | 2400 | 304299 | S1 SAVINGS 1 | 489268 | 18816964 | MEDICARE | 7507 | 3119020 | 08/23/2012 |
| P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | |
| 2P PRE-TAX | | | -21755 | | -108775 | | | | | | | |
| K1 401K EE | | | 21578 | | -1649285 | | | | | | | |
| K2 401K E-M | | | | | 579688 | | | | | | | |
| KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | 517692 | 40000 | 20301358 | | 388898 | 14927466 | | 128794 | 5373892 | |
| | | | 539447 | | 22110133 | | | | | | | |

**EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION:**
RANDAZZA, MARC JOHN
1424 XXX-XX-XXXX NV NV NV
52 MO/MO 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CUR HOURS | CUR AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CUR AMOUNT | YTD AMOUNT | TAXES DESCR | CUR AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 REGULAR | | | 507150 | 30000 | 16786665 | C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 110629 | 4592452 | 000 |
| B BONUS | | | | | 3357297 | R1 REIMBURSEMEN | | -4303248 | OASDI | | 462420 | DIRDEP |
| H HOLIDAY | | | | 2400 | 304299 | S1 SAVINGS 1 | 357728 | 18816964 | MEDICARE | 7038 | 3119020 | 08/30/2012 |
| P PAID TIM | | | | 7600 | 1661881 | TR PERSONAL TR | | 88750 | | | | |
| 2P PRE-TAX | | | -21755 | | -108775 | | | | | | | |
| K1 401K EE | | | | | -1649285 | | | | | | | |
| K2 401K E-M | | | 20286 | | 579688 | | | | | | | |
| KR ROTH 401 | | | | | -50715 | | | | | | | |
| EMPLOYEE TOTAL | | | 485395 | 40000 | 20301358 | | 367728 | 14927466 | | 117667 | 5373892 | |
| | | | 507150 | | 22110133 | | | | | | | |

**PAYCHEX INC**

PHONE (727)579-4700    FAX (727)579-4519

EMC002029

002179

# PAYROLL REGISTER WITH YTD
**EXCELSIOR MEDIA CORP - T564**
**COMPANY TOTALS**

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE 13

## RANDAZZA, MARC JOHN — EMPLOYEE TOTAL
1424 XXX-XX-XXXX NV NV NV
52 M0/M0 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | | 304290 | 30000 | 16786665 |
| B BONUS | | | | | 3357297 |
| H HOLIDAY | | | | 2400 | 304290 |
| P PAID TIM | | | | 7600 | 1661801 |
| 2P PRE-TAX | | | -21755 | | -108775 |
| K1 401K EE | | | | | -1649285 |
| K2 401K E-M | | | 12172 | | 579688 |
| KR ROTH 401 | | | | | -50715 |
| EMPLOYEE TOTAL | | | 282535 / 304290 | 40000 | 20301358 / 22110133 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|
| C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 51470 | 4592452 | 000 |
| R1 REIMBURSEMEN | | -4303248 | OASDI | 4097 | 462420 | DIRDEP |
| S1 SAVINGS 1 | 216968 | 18816964 | MEDICARE | | 319020 | 08/30/2012 |
| TR PERSONAL TR | | 88750 | | | | |
| **TOTAL** | 226968 | 14927466 | | 55567 | 5373892 | |

## RANDAZZA, MARC JOHN — EMPLOYER TOTAL
1424 XXX-XX-XXXX NV NV NV
52 M0/M0 600
5071.50 Salary TRM-08/29/2012
Last Check Date 08/30/2012

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | | | 30000 | 16786665 |
| B BONUS | | | | | 3357297 |
| H HOLIDAY | | | | 2400 | 304290 |
| P PAID TIM | | | 698296 | 7600 | 1661801 |
| 2P PRE-TAX | | | | | -108775 |
| K1 401K EE | | | | | -1649285 |
| K2 401K E-M | | | 27932 | | 579688 |
| KR ROTH 401 | | | | | -50715 |
| EMPLOYER TOTAL | | | 698296 | 40000 | 20301358 / 22110133 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|
| C1 CHECKING 1 | 10000 | 325000 | FEDERAL | 100887 | 4592452 | 000 |
| R1 REIMBURSEMEN | | -4303248 | OASDI | 10125 | 462420 | DIRDEP |
| S1 SAVINGS 1 | 497284 | 18816964 | MEDICARE | | 319020 | 08/30/2012 |
| TR PERSONAL TR | | 88750 | | | | |
| **TOTAL** | 507284 | 14927466 | | 191012 | 5373892 | |

## LEGAL & ANTI-PIRACY — DEPARTMENT TOTALS
1 EMPLOYEE   44 CHECKS

| EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT |
|---|---|---|---|---|---|
| 1 REGULAR | | | 16786665 | 30000 | 16786665 |
| B BONUS | | | 3357297 | | 3357297 |
| H HOLIDAY | | | 304290 | 2400 | 304290 |
| P PAID TIM | | | 1661801 | 7600 | 1661801 |
| 2P PRE-TAX | | | -108775 | | -108775 |
| K1 401K EE | | | -1649285 | | -1649285 |
| K2 401K E-M | | | 579688 | | 579688 |
| KR ROTH 401 | | | -50715 | | -50715 |
| DEPARTMENT TOTAL | | | 20301358 / 22110133 | 40000 | 20301358 / 22110133 |

| DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|
| C1 CHECKING 1 | 325000 | 325000 | FEDERAL | 4592452 | 4592452 | 000 |
| R1 REIMBURSEMEN | -4303248 | -4303248 | OASDI | 462420 | 462420 | |
| S1 SAVINGS 1 | 18816964 | 18816964 | MEDICARE | 319020 | 319020 | |
| TR PERSONAL TR | 88750 | 88750 | ER OASDI | 682620 | 682620 | |
| | | | ER MEDCR | 3318994 | 319020 | |
| | | | ER FUI | 305114 | 4200 | |
| | | | ER SUI | 2341458 | 77080 | |
| | | | ER OTHER1 | 37486 | 1320 | |
| **DEPARTMENT TOTAL** | 14927466 | 14927466 | | 17952060 | 6459932 | |

PAYCHEX INC

PHONE (727)579-4700     FAX (727)579-4519

EMC002030

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE 14

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION / EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **EXCELSIOR MEDIA CORP** | | | | | | | | | | | | |
| **COMPANY TOTALS** | | | | | | | | | | | | |
| 1 EMPLOYEES  44 CHECKS | | | | | | | | | | | | |
| 1 REGULAR | | 30000 | 16786665 | 30000 | 16786665 | C1 CHECKING 1 | 3250000 | 3250000 | FEDERAL | 4592452 | 4592452 | 000 |
| B BONUS | | | 3357297 | | 3357297 | R1 REIMBURSMEN | -4303248 | -4303248 | OASDI | 462420 | 462420 | |
| H HOLIDAY | | 2400 | 304290 | 2400 | 304290 | S1 SAVINGS 1 | 18816964 | 18816964 | MEDICARE | 319020 | 319020 | |
| P PAID TIM | | 7600 | 1661881 | 7600 | 1661881 | TR PERSONAL TR | 88750 | 88750 | ER OASDI | 5373892 | 5373892 | |
| 2P PRE-TAX | | | -108775 | | -108775 | | | | ER MEDCR | 11956008 | 6862620 | |
| K1 401X EE | | | -1649285 | | -1649285 | | | | ER FUI | 3338994 | 319020 | |
| K2 401X E-M | | | 579688 | | 579688 | | | | ER SUI | 305114 | 4200 | |
| KR ROTH 401 | | | -50715 | | -50715 | | | | ER OTHER1 | 2414458 | 77800 | |
| | | | | | | | | | | 37486 | 1320 | |
| COMPANY TOTAL | | 40000 | 20301358 | 40000 | 20301358 | | 14927466 | 14927466 | | 17992060 | 1285040 | |
| | | | 22110133 | | 22110133 | | | | | 233365952 | 64589932 | |

PAYCHEX INC

PHONE (727)579-4700

FAX (727)579-4519

EMC002031

002181

# PAYROLL REGISTER WITH YTD
## EXCELSIOR MEDIA CORP - T564
### COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE   1

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | YTD AMOUNT | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MARC J RANDAZZA, PA<br>1704 XXX-XX-XXXX FL FL FL<br>52 S1/S1 900<br>0.0000 Hourly<br>Last Check Date 12/01/2011<br>EMPLOYEE TOTAL | 4 1099 EAR | | | 642185<br><br>642185 | | 3286742<br><br>3286742 | C1 CHECKING 1 | 642185<br><br>642185 | 3286742<br><br>3286742 | | | | | 000<br>DIRDEP<br>03/24/2011 |
| MARC J RANDAZZA, PA<br>1704 XXX-XX-XXXX FL FL FL<br>52 S1/S1 900<br>0.0000 Hourly<br>Last Check Date 12/01/2011<br>EMPLOYEE TOTAL | 4 1099 EAR | | | 502832<br><br>502832 | | 3286742<br><br>3286742 | C1 CHECKING 1 | 502832<br><br>502832 | 3286742<br><br>3286742 | | | | | 000<br>DIRDEP<br>06/02/2011 |
| MARC J RANDAZZA, PA<br>1704 XXX-XX-XXXX FL FL FL<br>52 S1/S1 900<br>0.0000 Hourly<br>Last Check Date 12/01/2011<br>EMPLOYEE TOTAL | 4 1099 EAR | | | 1554657<br><br>1554657 | | 3286742<br><br>3286742 | C1 CHECKING 1 | 1554657<br><br>1554657 | 3286742<br><br>3286742 | | | | | 000<br>DIRDEP<br>08/04/2011 |
| MARC J RANDAZZA, PA<br>1704 XXX-XX-XXXX FL FL FL<br>52 S1/S1 900<br>0.0000 Hourly<br>Last Check Date 12/01/2011<br>EMPLOYEE TOTAL | 4 1099 EAR | | | 125190<br><br>125190 | | 3286742<br><br>3286742 | C1 CHECKING 1 | 125190<br><br>125190 | 3286742<br><br>3286742 | | | | | 000<br>DIRDEP<br>09/08/2011 |
| MARC J RANDAZZA, PA<br>1704 XXX-XX-XXXX FL FL FL<br>52 S1/S1 900<br>0.0000 Hourly<br>Last Check Date 12/01/2011<br>EMPLOYEE TOTAL | 4 1099 EAR | | | 61350<br><br>61350 | | 3286742<br><br>3286742 | C1 CHECKING 1 | 61350<br><br>61350 | 3286742<br><br>3286742 | | | | | 000<br>DIRDEP<br>10/06/2011 |
| MARC J RANDAZZA, PA<br>1704 XXX-XX-XXXX FL FL FL<br>52 S1/S1 900<br>0.0000 Hourly<br>Last Check Date 12/01/2011<br>EMPLOYEE TOTAL | 4 1099 EAR | | | 340678<br><br>340678 | | 3286742<br><br>3286742 | C1 CHECKING 1 | 340678<br><br>340678 | 3286742<br><br>3286742 | | | | | 000<br>DIRDEP<br>11/03/2011 |

PAYCHEX INC

PHONE (727)579-4700     FAX (727)579-4519

EMC002032

002182

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP - T564
COMPANY TOTALS

CHECK DATES 01/06/2011 TO 12/29/2011
PERIOD BEGIN 12/26/2010 PERIOD END 12/24/2011

09/27/2013
PAGE 2

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **MARC J RANDAZZA, PA**<br>1704 XXX-XX-XXXX FL FL FL<br>52 S1/S1 900<br>0.0000 Hourly<br>Last Check Date 12/01/2011 | 4 1099 EAR | | | 59850 | | 3286742 | C1 CHECKING 1 | 59850 | 3286742 | | | | 000<br>DIRDEP<br>12/01/2011 |
| EMPLOYEE TOTAL | | | | 59850 | | 3286742 | | 59850 | 3286742 | | | | |
| **NO DEPARTMENT**<br>DEPARTMENT TOTALS<br>1 EMPLOYEES   7 CHECKS | 4 1099 EAR | | | 3286742 | | 3286742 | C1 CHECKING 1 | 3286742 | 3286742 | ER OASDI<br>ER MEDCR<br>ER FUI<br>ER SUI<br>ER OTHER1 | 11556623<br>4240316<br>183899<br>1855342<br>21218<br>17857398<br>17857398 | | 000 |
| DEPARTMENT TOTAL | | | | 3286742 | | 3286742 | | | | | | | |
| **EXCELSIOR MEDIA CORP**<br>COMPANY TOTALS<br>1 EMPLOYEES   7 CHECKS | 4 1099 EAR | | | 3286742 | | 3286742 | C1 CHECKING 1 | 3286742 | 3286742 | ER OASDI<br>ER MEDCR<br>ER FUI<br>ER SUI<br>ER OTHER1 | 11556623<br>4240316<br>183899<br>1855342<br>21218<br>17857398<br>17857398 | | 000 |
| COMPANY TOTAL | | | | 3286742 | | 3286742 | | | | | | | |

# PAYROLL REGISTER WITH YTD
EXCELSIOR MEDIA CORP -T564
COMPANY TOTALS

CHECK DATES 01/05/2012 TO 12/31/2012
PERIOD BEGIN 12/25/2011 PERIOD END 12/22/2012

09/27/2013
PAGE 1

| EMPLOYEE NAME / ID SSN STATE/FRQ STS LOCATION | EARNINGS DESCR | PAY RATE | CURRENT HOURS | CURRENT AMOUNT | YTD HOURS | YTD AMOUNT | DEDUCTIONS DESCR | CURRENT AMOUNT | YTD AMOUNT | TAXES DESCR | CURRENT AMOUNT | YTD AMOUNT | NET PAY / CHECK NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MARC J RANDAZZA, PA 1704 XXX-XX-XXXX FL FL FL 52 S1/S1 900 0.0000 Hourly TRM-08/29/2012 Last Check Date 01/05/2012 | 4 1099 EAR | | | 321050 | | 321050 | C1 CHECKING 1 | 321050 | 321050 | | | | DIRDEP 000 01/05/2012 |
| EMPLOYEE TOTAL | | | | 321050 | | 321050 | | 321050 | 321050 | | | | |
| NO DEPARTMENT DEPARTMENT TOTALS 1 EMPLOYEES 1 CHECKS | 4 1099 EAR | | | 321050 | | 321050 | C1 CHECKING 1 | 321050 | 321050 | ER OASDI ER MEDCR ER FUI ER SUI ER OTHER1 | 11969908 33389994 305114 2341458 37486 17992060 | 17992060 | 000 |
| DEPARTMENT TOTAL | | | | 321050 | | 321050 | | 321050 | 321050 | | | | |
| EXCELSIOR MEDIA CORP COMPANY TOTALS 1 EMPLOYEES 1 CHECKS | 4 1099 EAR | | | 321050 | | 321050 | C1 CHECKING 1 | 321050 | 321050 | ER OASDI ER MEDCR ER FUI ER SUI ER OTHER1 | 11969908 33389994 305114 2341458 37486 17992060 | 17992060 | 000 |
| COMPANY TOTAL | 4 1099 EAR | | | 321050 | | 321050 | | | | | 17992060 | | |

PAYCHEX INC     PHONE (727)579-4700     FAX (727)579-4519

EMC002034

002184

# Arbitration Exhibit

# 375

002185

[8/28/12 3:11:09 PM] Marc J. Randazza: I figure we'll file a motion for leave to submit the over-sized brief, and stipulate that if the TTAB allows the 33 page brief (make sure that it is 33 pages of substance) we will waive the reply brief, resulting in X pages when Y were allowed int otal
[8/28/12 3:11:37 PM] Erika Dillon: ok
[8/28/12 4:13:31 PM] Marc J. Randazza: is devoy there?
[8/28/12 4:15:15 PM] Erika Dillon: Call ended – no answer
[8/28/12 4:15:15 PM] Marc J. Randazza: Call started
[8/28/12 4:17:22 PM] Erika Dillon: he's not at CF.
[8/28/12 4:17:25 PM] Erika Dillon: He was here earlier
[8/28/12 4:17:29 PM] Erika Dillon: Sorry. I was fighting with the scanner.
[8/29/12 8:44:28 AM] Marc J. Randazza: hey
[8/29/12 8:44:36 AM] Erika Dillon: hey
[8/29/12 9:02:52 AM] Marc J. Randazza: hows the stay motion looking?
[8/29/12 9:03:09 AM] Erika Dillon: Good. I'm just going through a few other things from the docket to make sure there isn't other language I should use.
[8/29/12 9:03:16 AM] Marc J. Randazza: ok
[8/29/12 9:04:18 AM] Marc J. Randazza: double check the date their appeal rights run out
[8/29/12 9:04:28 AM] Erika Dillon: will do.
[8/29/12 9:07:09 AM] Marc J. Randazza: ....
[8/29/12 9:09:23 AM] Erika Dillon: FRAP 4(a)(1)(A) - 30 days from the entry of judgment or Order appealed from; Order and Judgment were entered on Aug 7; 30 days from Aug 7 is Sept 6
[8/29/12 9:22:20 AM] Marc J. Randazza: hey
[8/29/12 9:22:23 AM] Marc J. Randazza: task ....
[8/29/12 9:22:28 AM] Erika Dillon: Okay
[8/29/12 9:22:32 AM] Marc J. Randazza: dop you have access to the RLG drive?
[8/29/12 9:22:37 AM] Marc J. Randazza: or just the shared admin one?
[8/29/12 9:22:41 AM] Erika Dillon: just shared admin
[8/29/12 9:22:57 AM] Marc J. Randazza: make a folder in the shared admin drive and move anything remotely personal from the CF drive into it
[8/29/12 9:23:06 AM] Marc J. Randazza: the Williams case, personal correspondence, etc.
[8/29/12 9:23:15 AM] Erika Dillon: your process server stuff, finances, travel info, bar admissions
[8/29/12 9:23:16 AM] Erika Dillon: sure
[8/29/12 9:23:21 AM] Marc J. Randazza: yes
[8/29/12 9:26:23 AM] Marc J. Randazza: today may be D-Day
[8/29/12 9:28:09 AM] Erika Dillon: it shall be done
[8/29/12 9:28:41 AM] Marc J. Randazza: what servers do you have on your computer?
[8/29/12 9:28:54 AM] Erika Dillon: Oron, CF and SharedAdmin
[8/29/12 9:28:56 AM] Marc J. Randazza: when you do quit, make sure you delete your jungle disk program
[8/29/12 9:29:54 AM] Erika Dillon: roger.
[8/29/12 10:00:59 AM] Erika Dillon: sent a file Motion for Stay.docx to this group
[8/29/12 10:13:18 AM] Marc J. Randazza: whole section missing
[8/29/12 10:13:29 AM] Marc J. Randazza: sent a file Motion for Stay.docx to this group
[8/29/12 10:13:43 AM] Marc J. Randazza: add in a section on reconsideration if they appeal, since that will potentially unwind everything
[8/29/12 10:13:49 AM] Marc J. Randazza: we have that argument in our existing pleadings
[8/29/12 10:13:55 AM] Marc J. Randazza: I think in our opposition to their motion to disburse
[8/29/12 10:14:28 AM] Erika Dillon: Oh the what if they win the appeal part, sure
[8/29/12 10:14:40 AM] Marc J. Randazza: yes

DEFENDANT'S EXHIBIT 376

EMC001979
002186

# Arbitration Exhibit

# 376

002187

**From:** mjr@randazza.com [mailto:mjr@randazza.com]
**Sent:** Tuesday, August 07, 2012 7:24 PM
**To:** Stevan Lieberman
**Subject:** Liberty / Oron post-judgment negotiations

Stevan,

Liberty smells blood now.

Liberty is not pleased with the amount of fees accrued since the settlement agreement. When I made my overture, I had not given them a report.

Since July 5, they expended $50,732 in my fees, and another $25K in Hong Kong.

I suggest that Oron makes an offer of **something** to cover the fees expended in the fight since the motion to enforce was filed. If it does that, I can expect this to go a LOT more smoothly. We're talking about a token, but a reasonably significant one. This is a psychological barrier, not a financial one.

I can't get past that with them. But, if I tell them that Oron offered it, a lot less will be accepted than if I make a demand.

If we press for fees, FYI, we are going to press for all of them. When a case is settled, there is no "prevailing party." But, I think that with a judgment in place, we've got fees under Title 17. Section 1927 and the Nevada fee statute are there too.

Tell Oron that they're going to have to extend an olive branch. I don't give a shit how much it is. I don't get paid more for it. But, I'd say that if Oron offers anywhere in the neighborhood of half, Liberty will react positively.



DEFENDANT'S EXHIBIT 376

EMC002036

002188

1

# Arbitration Exhibit

# 377

002189

**From:** mjr@randazza.com [mjr@randazza.com]
**Sent:** Tuesday, August 07, 2012 3:13 PM
**To:** Stevan Lieberman
**Subject:** offer

Steve,

If Oron would like to wire us the $550,000 within 24 hours, we will withdraw our motion for fees.

And both parties agree that this dispute is 100% over between them.

If your client agrees to these general terms, then we will gladly come up with more specifics.  No agreement is to be implied nor does it exist until we actually do settle on all terms of this particular offer.  This offer does not supersede any terms of the prior settlement.  The only purpose of this overture is to terminate the motion for fees and any other possible disputes between the parties having to do with this litigation.  Liberty doesn't bother Oron (or Bochenko, or Pornbb.org, or forumophilia, etc.) and we put each other in our rear view mirrors.

And, if Oron would like someone to show them how not to get sued in the future and would like to have some more of my play book, they are welcome to contact me directly, or through you.  I make a much better friend than enemy.



DEFENDANT'S EXHIBIT
377

EMC002037

002190

# Arbitration Exhibit

# 378

3/28/13                                           Workspace Webmail :: Print

<u>Print</u>  |  <u>Close Window</u>

Subject: [FWD: Re: xvideos.com]
   From: "Jason Gibson" <jason@excelsiormedia.com>
   Date: Tue, Feb 26, 2013 3:24 pm
     To: "Wendy Krincek" <wkrincek@littler.com>
     Cc: "Brian Dunlap" <bdunlap@excelsiormedia.com>, "Henry Leonard"
         <henry@excelsiormedia.com>

Oh, and it is also an ethical problem because Marc is the attorney for this *particular* tube site

-------- Original Message --------
Subject: Re: xvideos.com
From: General Counsel <marc@corbinfisher.com>
Date: Mon, January 17, 2011 8:05 pm
To: Andrew Rasmus <andrew@excelsiormedia.com>

Plus, there's a complication.  As an alternative avenue of trying to get tube sites to behave themselves (as opposed to suing every one of them), Jessica Christensen and I personally shoved Vobile down their throat for the Free Speech Coalition. Thus, making it an ethical problem if we sue this *particular* tube site.

If we hope to make a dent in the tube site scourge, Vobile has to succeed. Thus, they've been actually the poster child for tube sites that behave.

Naturally, there is this particular fuck up on their part.  But, lets set the ethical issue aside -- the fact that they have installed Vobile creates a strong defense on their part.

http://info.xvideos.com/content/contact/?title=Fingerprinting%20Protection%20Request

If you put links in that box, they actually *do* get effectively fingerprinted.

On Jan 17, 2011, at 5:09 PM, Andrew Rasmus wrote:

http://www.xvideos.com  --  Does not have a registered DMCA agent

http://www.xvideos.com/video781063/dawson_fucks_preston

Can we go after them?



DEFENDANT'S
EXHIBIT
378

EMC002380
002192

3/28/13

Workspace Webmail :: Print

Copyright © 2003-2013. All rights reserved.

EMC002381
002193

# Arbitration Exhibit

# 379

# Forwarded conversation

Subject: Esteban-Trinidad meeting
————————————————

From: J. Malcolm DeVoy IV <jmd@randazza.com>
Date: Thu, Jun 6, 2013 at 11:08 PM
To: carrender@gmail.com
Cc: Marc John Randazza <mjr@randazza.com>

Eric-

To confirm, your meeting is at 11:00 am on June 11, correct?  After speaking with Marc, we came to the agreement that I should prep you for this meeting and attend with you.  As your attorney and attorney for another party litigating against Excelsior, our communications will be privileged.  I think what would be easiest would be for you to come to our office, have a brief meeting there, and then go to Esteban-Trinidad's office together.

Additionally, can you forward me the materials you sent to Marc so that I may review them over the weekend?

Thank you,
Jay DeVoy

Malcolm DeVoy*
Randazza Legal Group

6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118



DEFENDANT'S EXHIBIT
379

1

lel: 702-420-2001
email: jmd (at) randazza (dot) com
eFax: 305-437-7662

Other Offices: Miami
http://www.randazza.com

* Licensed in NV and WI (inactive) only.

The information contained in this message may be privileged, confidential and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are notified that any use, dissemination, distribution or reproduction of any information contained herein or attached to this message is strictly prohibited. If you have received this email in error, please immediately notify the sender and destroy the original transmission and its attachments in their entirety, whether in electronic or hard copy format, without reading them. Thank you.

From: Eric Carrender <carrender@gmail.com>
Date: Fri, Jun 7, 2013 at 10:57 AM
To: "J. Malcolm DeVoy IV" <jmd@randazza.com>

Jay,

I will forward you all the documents in seperate emails. I can come to your office at 10 for the 11am meeting. Please let me know if this will work.

Thank you,

Eric

----------
From: Eric Carrender <carrender@gmail.com>
Date: Tue, Jun 18, 2013 at 1:58 PM
To: "J. Malcolm DeVoy IV" <jmd@randazza.com>, Marc Randazza <mjr@randazza.com>

J,

I am attaching a response that I got from DETR which summarizes the position of excelsior media in regards to the harassment allegations. I can talk to you more in person or on the phone about this, but basically they are saying that it was poor performance which led them to replace me. I never had any write ups, or any meetings ever which indicated that I may not be doing a good job. When I pressed HR for a reason they were getting rid of me they said I wasnt "the right fit", but did not ever touch on the quality of my work. I also spoke with one

2

of the other people that I worked with and corroborated my harassment allegations and also mentioned that the Brian Lowderman was present during many of these incidents but never intervened. There are obviously more details to discuss. Let me know what you want me to do, you guys are the experts.

Thank you,

Eric Carrender

On Thu, Jun 6, 2013 at 11:08 PM, J. Malcolm DeVoy IV <jmd@randazza.com> wrote:

---------

From: Eric Carrender <carrender@gmail.com>
Date: Tue, Jun 25, 2013 at 2:46 PM
To: "J. Malcolm DeVoy IV" <jmd@randazza.com>
Cc: Marc John Randazza <mjr@randazza.com>

Mark, J,

I am attaching a response to the letter, I called detr to talk to the investigator and she said we need to submit this inthe next day or two. Let me know if this is still something you guys want to be a part of, and thank you for the help thus far. Excelsior is saying that I was incompetent and therefore replaced, there is no evidence of this so I would like to contest this position. Please see attached draft

On Thu, Jun 6, 2013 at 11:08 PM, J. Malcolm DeVoy IV <jmd@randazza.com> wrote:

---------

From: Marc Randazza <mjr@randazza.com>
Date: Tue, Jun 25, 2013 at 2:52 PM
To: Eric Carrender <carrender@gmail.com>
Cc: "J. Malcolm DeVoy IV" <jmd@randazza.com>

I cant advise you (As I am not your attorney) but I would certainly serve as a witness that you were not incompetent.

--

Marc John Randazza*
Randazza Legal Group

6525 West Warm Springs Road, Suite 100

1

EMC002611
002197

Las Vegas, NV 89118
702-420-2001

2 South Biscayne Blvd. Suite 2600
Miami, FL 33131
305-791-2891

email: mjr (at) randazza (dot) com
eFax: 305.437.7662

_____

* Licensed in Arizona, California, Florida, Massachusetts, and Nevada

----------
From: Eric Carrender <carrender@gmail.com>
Date: Tue, Jun 25, 2013 at 2:56 PM
To: Marc Randazza <mjr@randazza.com>

Marc,

OK thank you. I will be submitting this to them tomorrow then. I will let you know what transpires. If you are
free for lunch sometime let me know so we can catch up on this a d other things.

Eric

----------
From: Eric Carrender <carrender@gmail.com>
Date: Fri, Jun 28, 2013 at 11:12 AM
To: Marc Randazza <mjr@randazza.com>

I checked with the labor attorney and they wont accept contingency, just $3500 for both nerc and detr cases. I
was going to submit the response myself and take it from there. Just wanted to let you know.

----------
From: Marc Randazza <mjr@randazza.com>
Date: Fri, Jun 28, 2013 at 11:16 AM
To: Eric Carrender <carrender@gmail.com>

Ask them about split contingency.  You pay half fees, but they get 25% of any outcome.

----------

4

EMC002612
002198

From: Eric Carrender <carrender@gmail.com>
Date: Fri, Jun 28, 2013 at 2:11 PM
To: Marc Randazza <mjr@randazza.com>

They declined the partial contingency. I guess I will move forward on my own with the response letter unless you think I should do otherwise.

----------

From: Marc John Randazza <mjr@randazza.com>
Date: Fri, Jun 28, 2013 at 4:16 PM
To: Eric Carrender <carrender@gmail.com>

When is it due?

You want to try one or two other attorneys?

Marc John Randazza

----------

From: Marc Randazza <mjr@randazza.com>
Date: Sat, Jun 29, 2013 at 11:43 AM
To: Eric Carrender <carrender@gmail.com>

Eric,

Before you do it on your own, try these guys:

http://cogburnlaw.com/areas-of-practice/employment-law/

http://www.garybrantonlaw.com/

http://www.gabroy.com/

----------

From: Eric Carrender <carrender@gmail.com>
Date: Sat, Jun 29, 2013 at 2:02 PM
To: Marc Randazza <mjr@randazza.com>

I will call these on Monday, and let you know the outcome.

5

----------
From: Marc Randazza <mjr@randazza.com>
Date: Sat, Jun 29, 2013 at 2:26 PM
To: Eric Carrender <carrender@gmail.com>

Finding a lawyer is not like a retail transaction - sometimes you meet with one lawyer, and they just don't have an affinity for your case. Then you can tell the same exact story to another one who gets enthusiastic about it. From the sounds of what you have told me, you have a good claim for retaliation. And, I don't think their story that you were "incompetent" makes a lot of sense - especially given the competence level of people they did not fire. Seems to me that the only thing that made you any different was that you complained about certain



conduct.

----------
From: Eric Carrender <carrender@gmail.com>
Date: Sat, Jun 29, 2013 at 3:52 PM
To: Marc Randazza <mjr@randazza.com>

Thanks Marc,

The investigator said I need to submit the response next week at the latest so I will see what I can make happen.

----------
From: Eric Carrender <carrender@gmail.com>
Date: Mon, Jul 1, 2013 at 12:27 PM
To: Marc Randazza <mjr@randazza.com>

Not having much luck getting an attorney on contingency. Just giving you an update. I have to submit the response this week. I will let you know what happens.

----------
From: Eric Carrender <carrender@gmail.com>
Date: Wed, Aug 28, 2013 at 4:53 PM
To:
Cc: Marc John Randazza <mjr@randazza.com>

Just wanted to update you guys on the case. I called NERC today and spoke with the investigator, they did rule that there is probable cause for the complaint and have forwarded the recommendation to the state attorney. They do not know how long it will take to process but they will be the party that issues the right to sue letter. She believes that they will agree with her on the ruling. Give me a call if you want to discuss.

Thank you,

6

EMC002614
002200

On Thu, Jun 6, 2013 at 11:08 PM, J. Malcolm DeVoy IV <jmd@randazza.com> wrote:

----------

From: Marc Randazza <mjr@randazza.com>
Date: Wed, Aug 28, 2013 at 4:55 PM
To: Eric Carrender <carrender@gmail.com>

Eric,

Given that I am not your attorney, emails from you to me and back are discoverable. That said, thank you for sharing the news. I think that we both know that things that went on at that place were not right, and I am happy to see that your pursuit of justice is moving forward.

--

_____

*(Please note our new Las Vegas address)*

Marc John Randazza*
Randazza Legal Group

3625 S. Town Center Drive
Las Vegas, NV 89135
702-420-2001

2 South Biscayne Blvd. Suite 2600
Miami, FL 33131
305-791-2891

email: mjr (at) randazza (dot) com
eFax: 305.437.7662

_____

* Licensed in Arizona, California, Florida, Massachusetts, and Nevada

----------

From: Eric Carrender <carrender@gmail.com>
Date: Wed, Aug 28, 2013 at 5:04 PM
To: Marc Randazza <mjr@randazza.com>

7

EMC002615
002201

Great . I understand about the emails. We should chat in person sometime. Why don't you come by envy steakhouse sometime.( top 10 in vegas) Its in the hotel where I work. Talk soon

Eric

I ik

----------
From: Eric Carrender <carrender@gmail.com>
Date: Thu, Jan 16, 2014 at 4:18 PM
To: Marc Randazza <mjr@randazza.com>

Hey Mark,

I have an update for you, give me a call if you are interested in hearing it

954 903 7323

----------
From: Marc John Randazza <mjr@randazza.com>
Date: Thu, Jan 16, 2014 at 5:00 PM
To: Eric Carrender <carrender@gmail.com>

Do you mind if Kenneth White calls you on my behalf? I don't want to step over any lines in my case.

Marc John Randazza
Randazza Legal Group

Torino – Miami - Las Vegas

Sent from iPhone (maybe even using Siri). If the message is at all intelligible, it is a minor miracle.

----------
From: Eric Carrender <carrender@gmail.com>
Date: Thu, Jan 16, 2014 at 5:06 PM
To: Marc Randazza <mjr@randazza.com>

Sure . my number 954 903 7323

----------
From: Eric Carrender <carrender@gmail.com>
Date: Mon, Mar 3, 2014 at 6:44 AM
To: kwhite@brownwhitelaw.com

----------
From: Eric Carrender <carrender@gmail.com>

8

Date: Mon, Mar 3, 2014 at 6:44 AM
To: kwhite@brownwhitelaw.com

EMC002617
002203

# Arbitration Exhibit

# 383

Page 1

| | |
|---|---|
| **From:** | "Jason Gibson" <jason@excelsiormedia.com> |
| **To:** | "Marc J. Randazza, GC" <marc@corbinfisher.com> |
| **CC:** | |
| **Date:** | 2/15/2010 6:51:51 PM |
| **Subject:** | RE: employment agreement question |

I think gross & net are switched around in #2.

While I think it is fair to compensate for certain non-monetary awards, the company can't have strategy dictated by what we *might* win if we pay our salary to grind away on something for a year or more, versus settling for a fair amount and focusing on everything else we have to contend with.   Our bread & butter is, and always will be, running our porn business.

Theoretically the 75/25 split of any winnings should be enough to reassure each other that its in both of our best interests to maximize any settlement -- and that we have 3 times more to gain than you do if we are victorious.   But we have to keep in mind that we are fronting the salary on every endeavour regardless of whether we win or not, and we also assume all of the risk if we get countersued or found liable for the defendants fees.  Because of that risk that we bear solely -- and the fact that we were the ones who suffered the damage in the first place (assuming its an infringement suit), as the CEO I have to have the final say so on when we settle without penalty to us so that we didn't milk a defendant for every last possible penny.  I will always make my decision after fairly considering your advice.

For the TIPA case, you indicated the judge could just have easily come back with the minimum award...there was simply no way of telling.  You felt it would probably be more than the minimum, but who knows.  We could have got a $6,000 judgment paid at 10 cents on the dollar in bankruptcy court (which I have no knowledge of) and no domain name.  We got hefty $30k plus a $300 domain that I feel will be critical to us re-positioning ourselves away from the "amateur" label so that our company can make more money and we can compensate our employees even better than we already do.

In a nutshell, I've got one highly compensated full-time General Counsel (and now also a well-paid Paralegal), and I've got to make sure all of the bases are covered with your time -- including improving internal processes & practices, helping me manage the business, making sure we aren't generating liability, insulating our assets, leading the effort to protect us if we are ever sued or prosecuted, passing the CA bar, pro bono work, etc.

The main compensation will always be the salary and any monetary judgments/settlements are gravy.   And I'm all for maximizing the monetary judgments/settlements, but we have to do it sensibly so that we don't bite off more than we can chew and risk coming up empty handed or hit with a devastating fee judgment that puts us out of business.

So to keep things clean and simple, I'm thinking maybe should just continue under the original agreement where we pay all expenses/assume all risks and I can freely hit the brakes on those expenses and settle at will if I feel it is in the business' best interest.  Again, I will fairly consider your advice.

I like you, I value your friendship & advice, and I certainly don't want any hard feelings down the road where you & I are trying to place value on something we very well might not be able to agree on the value of.

-------- Original Message --------
Subject: Re: employment agreement question
From: "Marc J. Randazza, GC" <marc@corbinfisher.com>
Date: Wed, February 10, 2010 1:22 pm
To: "Jason Gibson" <jason@excelsiormedia.com>

How's this for n idea:

1. Costs and local counsel fees are deducted before the gross is calculated.
2. I get 25% of the gross, not the net

But, while we're balancing equities, I would like to balance another.  For example, in TIPA, we settled for $30K.  That *easily* could have been $600K in a judgment, and it likely would have collected on 90 cents on the dollar.  We lost out on $60,000, but it was deemed worth it because we got americancollegemen.com.

So would you mind adding this too?

3. In the event that a settlement includes a non-monetary award of something of value, that value will be determined and that value will be added to the net award for bonus calculation purposes.
4. In the event that a defendant resolves a matter through stipulations or non-monetary relief, in lieu of a portion of a monetary demand, the amount that the monetary award is reduced in favor of the injunctive relief shall be added to the net for bonus calculation purposes.  However, court-ordered injunctive relief shall not be assigned a value for these purposes.

That way, lets say someone says "We'll give you this Ferrari instead of paying you with a check," I get 25% of the Ferrari (minus costs and local counsel fees).

Or, if someone says "we will pay you $1,000, or we will pay you $0 + we will stipulate to an injunction," I'm still looking at the bonus for the value of the non-money relief.   However, if a court simply awards us $0 but gives us an injunction, that's not the same.  I'm talking about if / when we "sell" part of a potential monetary windfall in exchange for some stipulation by the other party.

DEFENDANT'S
EXHIBIT
383

EMC004089                    002205

Page 2

Does that sound like a fair balancing of the equities to you?

On Feb 10, 2010, at 9:21 AM, Jason Gibson wrote:

I'm worried about it, yes.   For the obvious reason there could be situations where we end up netting nothing even though Brian/Andrew/I suffered the damage and we would have to pay you on top of that.

The way it is now, it doesn't cost you anything if we spend thousands (or tens of thousands) of dollars hiring outside counsel to win a case -- that comes out of our pockets, plus we get all of the risk if we lose and obviously get stuck with the bill.

So, that being said, what ways do you have in mind to equitably address this concern so we aren't so reluctant to hire outside counsel?

-------- Original Message --------
Subject: Re: employment agreement question
From: "Marc J. Randazza, GC" <marc@corbinfisher.com>
Date: Tue, February 09, 2010 11:25 pm
To: Jason Gibson <jason@excelsiormedia.com>
Cc: "Marc Randazza" <marc@excelsiormedia.com>

We didn't account for that.  That said, if you're worried that it might come back and bite you in the ass, I'm willing to talk about ways to make sure that there is no ass-biting.

On Feb 9, 2010, at 7:48 PM, Jason Gibson wrote:

I've been wondering about a hypothetical question...

Say for example we spend $100k in local counsel, expert witness fees, and fees other than your salary & Erics, and we get a $100k judgement that we collect on, does that mean that we owe you 25% of the judgement even though Brian, Andrew & I end up with nothing?

Did we account for external legal/suit related expenses in the lengthy agreement you & I signed?

date-sent 1266285111 flags 8590195713 original-mailbox
imap://webmaster%40excelsiormodels.com@imap.secureserver.net/Administration/HR/Team%20Members/Terminated/Marc%20Randazz
remote-id 1212 subject RE: employment agreement question

EMC004090      002206

Page 1

| | |
|---|---|
| **From:** | "Marc J. Randazza, GC" <marc@corbinfisher.com> |
| **To:** | "Jason Gibson" <jason@excelsiormedia.com> |
| **CC:** | |
| **Date:** | 2/15/2010 6:56:52 PM |
| **Subject:** | Re: employment agreement question |

Ah, whoops... yes gross and net are switched around.

As far as the non-monetary part goes -- I dig what you're saying. But, I didn't mean that we would have valued americancollegemen.com at $570K for the purposes of that case. You would have simply (under my proposal) figured out what it was fairly worth and cut me in for a quarter.

But ... the final paragraph in your email is completely mutual. We can keep it as it is... thats fine. I think that, if we do, it sorta all works out in the wash. Maybe on some case I might spend some money on a local counsel, but on another i dont. On some things I bring in a valuable concession, but not as much money.

I think you're right ... the old way might be imperfect, but fixing it might be more imperfect.

We'll keep it as it is. But, should you feel at any point that it is possibly causing an issue, just know that I'll be open to discussing a way to fix it.

On Feb 15, 2010, at 5:51 PM, Jason Gibson wrote:

> I think gross & net are switched around in #2.
>
> While I think it is fair to compensate for certain non-monetary awards, the company can't have strategy dictated by what we *might* win if we pay your salary to grind away on something for a year or more, versus settling for a fair amount and focusing on everything else we have to contend with. Our bread & butter is, and always will be, running our porn business.
>
> Theoretically the 75/25 split of any winnings should be enough to reassure each other that its in both of our best interests to maximize any settlement -- and that we have 3 times more to gain than you do if we are victorious. But we have to keep in mind that we are fronting the salary on every endeavour regardless of whether we win or not, and we also assume all of the risk if we get countersued or found liable for the defendants fees. Because of that risk that we bear solely -- and the fact that we were the ones who suffered the damage in the first place (assuming its an infringement suit), as the CEO I have to have the final say so on when we settle without penalty to us that we didn't milk a defendant for every last possible penny. I will always make my decision after fairly considering your advice.
>
> For the TIPA case, you indicated the judge could just have easily come back with the minimum award...there was simply no way of telling. You felt it would probably be more than the minimum, but who knows. We could have got a $6,000 judgment paid at 10 cents on the dollar in bankruptcy court (which I have no knowledge of) and no domain name. We got hefty $30k plus a $300 domain that I feel will be critical to us re-positioning ourselves away from the "amateur" label so that our company can make more money and we can compensate our employees even better than we already do.
>
> In a nutshell, I've got one highly compensated full-time General Counsel (and now also a well-paid Paralegal), and I've got to make sure all of the bases are covered with your time -- including improving internal processes & practices, helping me manage the business, making sure we aren't generating liability, insulating our assets, leading the effort to protect us if we are ever sued or

EMC004091    002207

# Arbitration Exhibit

# 389

002208

From: **Marc J. Randazza, GC** marc@corbinfisher.com
Subject: Re: [FWD: Copyright Inquiry]
Date: February 15, 2010 at 4:37 PM
To: Jason Gibson jason@excelsiormedia.com

just big enough to snap a nasty metal bar across his wiener.

On Feb 15, 2010, at 4:35 PM, Jason Gibson wrote:

> just a little one?
>
>> -------- Original Message --------
>> Subject: Re: [FWD: Copyright Inquiry]
>> From: "Marc J. Randazza, GC" <marc@corbinfisher.com>
>> Date: Mon, February 15, 2010 7:28 pm
>> To: "Jason Gibson" <jason@excelsiormedia.com>
>> Cc: "Brian Dunlap" <bdunlap@excelsiormedia.com>, "Marc Randazza"
>> <marc@excelsiormedia.com>
>>
>> I am pursuing them, yes.
>>
>> But, this guy, I'm building a little trap around.
>>
>>
>> On Feb 15, 2010, at 4:15 PM, Jason Gibson wrote:
>>
>>> are we pursuing these guys?
>>>
>>>> -------- Original Message --------
>>>> Subject: RE: [FWD: Copyright Inquiry]
>>>> From: "Brian Dunlap" <bdunlap@excelsiormedia.com>
>>>> Date: Tue, February 09, 2010 3:19 pm
>>>> To: "Corbin Fisher" <feedback@amateurcollegemen.com>
>>>> Cc: "Marc Randazza" <marc@excelsiormedia.com>, "Andrew Rasmus"
>>>> <andrew@excelsiormedia.com>
>>>>
>>>> http://www.xvideos.com/c/Gay-45
>>>>
>>>> is the actual site.
>>>> -B
>>>>
>>>> _____
>>>> Brian Dunlap
>>>> Chief Operating Officer
>>>>
>>>> Excelsior Media Corp.
>>>> 302 Washington Street
>>>> Suite 321
>>>> San Diego, CA 92103
>>>>
>>>> VX: 619-866-5935
>>>> FX: 619-866-5936


DEFENDANT'S EXHIBIT 389

EMC004577
002209

-------- Original Message --------
Subject: [FWD: Copyright Inquiry]
From: "Corbin Fisher" <feedback@amateurcollegemen.com>
Date: Tue, February 09, 2010 10:50 am
To: "Marc Randazza" <marc@excelsiormedia.com>, "Andrew Rasmus"
<andrew@excelsiormedia.com>
Cc: "Brian Dunlap" <bdunlap@excelsiormedia.com>

FYI

_____

Get Corbin Fisher books and DVDs at ShopCorbinFisher.com !!


-------- Original Message --------
Subject: Copyright Inquiry
From: adelafuente@cox.net
Date: Tue, February 09, 2010 8:00 am
To: feedback@corbinfisher.com

Please review this thread at once!
http://www.gaymainstreet.com/TheStreets/showthread.
php?s=&postid=141440#post141440

We have identified a website stealing corbin fisher
videos full videos stolen from you and in use on the
site.

Without your help this industry will continue to suffer
record losses this year we must all take steps to
prevent theft, your prompt attention to this matter is
appreciated!


******
Username:
User Agent: Mozilla/5.0 (Windows; U; Windows NT 5.1;
en-US; rv:1.9.1.7) Gecko/20091221 Firefox/3.5.7
ServerIP:www.corbinfisher.com
IP:68.0.137.91

EMC004578
002210

# Arbitration Exhibit

# 390

From: **General Counsel** marc@corbinfisher.com
Subject: **Fair Use Warning**
Date: September 6, 2011 at 3:43 PM
To: **Excelsior Media** webmaster@excelsiormedia.com, **Brian Dunlap** bdunlap@excelsiormedia.com, **Erika Dillon** erika@excelsiormedia.com, **Cameron Frost** cameron@excelsiormedia.com, **Chip Carter** chip@excelsiormedia.com

Team:

This is a good example of "Fair Use" of our materials.  I see the reporter's point, but using parts of our films for a compilation is *likely* to be held as fair use.

This movie is an example:  http://www.xvideos.com/video1327165/cumshots_and_cum_eating_8

Now, there is an argument that it is not -- that they took "the money shot" and given that they took that portion, it takes the "heart of the matter."  However, if we brought a claim against this, we would look bad.  I think it would do terrible damage to our brand.  If we did a DMCA takedown, we would be subject to a counter-notification AND attorneys' fees.

So, this is a very good example of us needing to be careful.  Please do NOT file a takedown request on this video.  And, when the report does state that it is a compilation, etc, then we should err on the side of not taking it down.

Begin forwarded message:

**From:** piracy@corbinfisher.com
**Subject: Anti-Piracy Non-Member Feedback (CF)**
**Date:** September 6, 2011 1:59:21 PM PDT
**To:** piracy@corbinfisher.com

Message:From the site Xvideos.com this compilation film has two clips of your films at around 18'30. I reported last week that there were other parts of your films on some of the other "Cumshots and cum eating" series, these still seem to appear on Xvideos, I think you should check them out
URL:http://www.xvideos.com/video1327165/cumshots_and_cum_eating_8
Name:
Phone:
******
ServerIP:Web 1
IP:89.240.71.215
From:


DEFENDANT'S
EXHIBIT
390

EMC004594
002212

# Arbitration Exhibit

# 392

002213

Message
| | |
|---|---|
| **From:** | Jason Gibson [jason@excelsiormedia.com] |
| **Sent:** | 8/30/2012 4:50:15 PM |
| **To:** | Kirk Addison [kirk@excelsiormedia.com] |
| **Subject:** | marcs pto |

can you do a quick calc to see how much PTO I need to add in on M=rc for his increased accrual rate that should have kicked in on his annive=sary date?    also I think there was 8 hours of pto or something that =eeded to be added which I haven't done yet, please confirm



DEFENDANT'S
EXHIBIT
392

EMC004860
002214

# Arbitration Exhibit

# 393

Message

| | |
|---|---|
| **From:** | Kirk Addison [kirk@excelsiormedia.com] |
| **Sent:** | 8/30/2012 5:46:56 PM |
| **To:** | Jason Gibson [jason@excelsiormedia.com] |
| **Subject:** | RE: Marc's Corrected PTO Balance |

Yep...that's what I have too....

Kirk Addison
Human Resources Manager
Excelsior = A Digital Agency

-------- Original Message ---=----
Subject: RE: Marc's Corrected PTO Balance
From: "Jason Gi=son" <jason@excelsiormedia.=om>
Date: Thu, August 30, 2012 10:40 am
To: "Kirk Addis=n" <kirk@excelsiormedia.com<=a>>

<u>Here is what I have:</u>

<u>Current Ba=ance    55.383 hours</u>
<u>Retroactive PTO      7.692 hour=</u>

<u>Total PTO to be Paid Out 63.075 hours</u>
<u>=br></u>
<u>I never deducted for the Aug 1 PTO Request he had, from what=I can see on the subsequent checks, and</u>
<u>instead deleted the request out of=the system.</u>

<u>You don't need to communicate this to=him, just sharing so you can double check my work.</u>
<u>-------- Original Message --------</u>
<u>=Subject: Marc's Corrected PTO Balance</u>
<u>From: "Kirk Addison" <kirk@excelsiormedia.c=m></u>
Date: Thu, August 30, 2012 10:21 am
To: "Jason Gibson" &=t:jason@exce=siormedia.com>

Jason:

Marc under his em=loyment contract should <u>now</u> be be receiving 25=days of PTO/year (3.8461/pay period), back
effective 6/25/12.....
therefore, please #1) add **10** weeks (retroactive of PTO =ime to Marc's account: **7.692** hrs), and #2) change his PTO=Rate
to: 3.8461 effective this weeks check.



EMC004865
002216

Also, he just wanted to make sure you still **=redit**ed him with the **8 hours** last week that he submitted and di=n't take (you haven't substracted it anyways, because it was submitted Aug= 1, and you haven't done last weeks payroll)....just making sure

Kirk Addison
Human Resources Manager
=div>Excelsior - A Digital Agency

EMC004866
002217

# Arbitration Exhibit

# 396

002218

**From:** James Grady Photo
**To:** mjr@randazza.com
**Subject:** Re: Oron
**Date:** Wednesday, June 06, 2012 4:56:01 PM

Marc,

I am in Virgin Islands shooting until the 16th.

Oron is not a huge problem for me but I can toss in $5000. Not much, but its a start.

I pay a guy - call him a forensic investigator - to dig past Domains by Proxy and things like that. He called me today while I was sitting in FT Lauderdale airport with the info. Haven't seen it myself yet but the guy has never been wrong.

I didn't have great connection.... but basic are

Russian, living in FL 10 years.

Married.

My guy has seen corporate papers.

My guys says he has seen emails from guy upset about Forumophelia domain name being on hold after complaint about false whois data. Dated May 2012.

Its legit. We have the guy.

But, my guy didn't get the info at Walmart in the course of normal commerce.

I'll be in touch with him now that I have better reception and hope to update you soon. Please understand I am on a photo shoot trip, Villa full of models, so can't dedicate many minutes until home on 16th.


On 6/6/2012 10:14 AM, mjr@randazza.com wrote:
> I have a complaint drafted and delivered to them.
>
> They are jerking me around.
>
> Corbin Fisher is ready to go. I need some more participants to help fund
> the thing. Do you have anyone who is ready to shit or get off the pot? I
> have a few parties who keep saying yes, but they haven't committed.
>
> How certain are you of the owner's identity and location? Their lawyer
> is telling me that they are in Hong Kong. Of course, I don't buy it, but
> what's your back up for that information?
>
>
> -------- Original Message --------
> Subject: Oron
> From: GroupFivePhotosports <jamesgradyphoto@gmail.com
> <mailto:jamesgradyphoto@gmail.com>>



DEFENDANT'S
EXHIBIT
396

> Date: Wed, June 06, 2012 8:08 am
> To: mjr@randazza.com <mailto:mjr@randazza.com>
>
> Trying to get a group together to go after Oron.
>
> Know anybody that wants in?
>
> By the way... The REAL owner of Oron, PornBB and Forumophilia is a
> Russian living in Jacksonville, FL. Been there 10 years, recently
> married, etc.
>
> Jimmy

# Arbitration Exhibit

# 397

002221

| | |
|---|---|
| **From:** | James Grady Photo |
| **To:** | mjr@randazza.com |
| **Subject:** | Re: Donation for PG |
| **Date:** | Wednesday, June 20, 2012 6:33:17 PM |

Summary of on topic emails today.

Steve L, with Oron help, contacts two German law firms to ask about a preemptive style suit that would prevent legal action in the USA.

One firm states they not interested IF reasoning is just to delay legal action in USA.

Second firm loosely mentions some options but insists on seeing not only the draft you sent but the exhibits - which Steve doesn't have. Later the German lawyer, Sven Podworny, says he could start something .vs Liberty but can't guarantee would solve issue or be binding in USA, and would be costly.

Further discussions involve terms of service changes for Oron.com

Then, they pull D&B on AVN to discuss suing for the posts on GFY and XBiz that are started / created by the Siep Kuppens guy from ACIUF.org, and they further discuss going directly after him in EU for reporting their stuff to Paypal, CCBill, etc. Sven Podworny tells them that its a Dutch firm, could be sued for contacting Mastercard, but not sure of benefits (damages awarded or what could be collected)

Take Note that they are upset at him (Siep) for stating that they host CP, beastiality, etc. They argue HE posts it, then reports it.

But, funny thing is - we can see Oron people using various screennames on GFY to make the same exact statements about OTHER file hosts.

Fuckers.

No discussions about money movements except that Paypal released money that had been on hold 5 months and it was sent to the HK bank (HSBC)

On 6/20/2012 6:51 PM, mjr@randazza.com wrote:
> I asked that mother fucker point blank today to assure me that the
> delays would not be used to move anything.  fuck him and his shit bag
> russian asshole clients.
>
>
> -------- Original Message --------
> Subject: Re: Donation for PG
> From: James Grady Photo <jamesgradyphoto@gmail.com
> <mailto:jamesgradyphoto@gmail.com>>
> Date: Wed, June 20, 2012 5:50 pm
> To: mjr@randazza.com <mailto:mjr@randazza.com>
>
> I will know in a few minutes. Source is checking



DEFENDANT'S EXHIBIT 397

```
>
>       On 6/20/2012 6:31 PM, mjr@randazza.com <mailto:mjr@randazza.com> wrote:
>       > you have any indication that lieberman told them to move their domain
>       > name or money?
>       >
>       >    -------- Original Message --------
>       >    Subject: Re: Donation for PG
>       >    From: James Grady Photo <jamesgradyphoto@gmail.com
<mailto:jamesgradyphoto@gmail.com>
>       >    <mailto:jamesgradyphoto@gmail.com>>
>       >    Date: Wed, June 20, 2012 5:29 pm
>       >    To:mjr@randazza.com <mailto:mjr@randazza.com> <mailto:mjr@randazza.com>
>       >
>       >    The other registered agent lady
>       >
>       >http://company-director-check.co.uk/director/916889536
>       >
>       >
>       >
>       >    On 6/20/2012 5:52 PM,mjr@randazza.com <mailto:mjr@randazza.com>
<mailto:mjr@randazza.com>
>       >    wrote:
>       >    > what city?
>       >    >
>       >    >    -------- Original Message --------
>       >    >    Subject: Re: Donation for PG
>       >    >    From: James Grady Photo <jamesgradyphoto@gmail.com
<mailto:jamesgradyphoto@gmail.com>
>       ><mailto:jamesgradyphoto@gmail.com>
>       >    >    <mailto:jamesgradyphoto@gmail.com>>
>       >    >    Date: Wed, June 20, 2012 4:50 pm
>       >    >    To:mjr@randazza.com <mailto:mjr@randazza.com> <mailto:mjr@randazza.com>
>       <mailto:mjr@randazza.com>
>       >    >
>       >    >    See new street address in public record attached.
>       >    >
>       >    >    NOTE: 130 Corridor RD Unit 75 is the building of the post office that
>       >    >    holds P. O. Box 75 (USPS, not a UPS type store private mail box).
>       >    >
>       >    >    But, 9727 TOUCHTON RD might be a real office or something.
>       >    >
>       >    >
>       >    >
>       >    >    On 6/20/2012 9:24 AM,mjr@randazza.com <mailto:mjr@randazza.com>
<mailto:mjr@randazza.com>
>       <mailto:mjr@randazza.com>
>       >    wrote:
>       >    >    > awesome
>       >    >    >
>       >    >    >    -------- Original Message --------
>       >    >    >    Subject: Re: Donation for PG
>       >    >    >    From: James Grady Photo <jamesgradyphoto@gmail.com
<mailto:jamesgradyphoto@gmail.com>
>       ><mailto:jamesgradyphoto@gmail.com>
>       >    ><mailto:jamesgradyphoto@gmail.com>
>       >    >    >    <mailto:jamesgradyphoto@gmail.com>>
>       >    >    >    Date: Wed, June 20, 2012 8:20 am
>       >    >    >    To:mjr@randazza.com <mailto:mjr@randazza.com> <mailto:mjr@randazza.com>
>       <mailto:mjr@randazza.com>
>       >    <mailto:mjr@randazza.com>
```

```
>    >    >    >
>    >    >    >    Yes, give me a few hours to dig.
>    >    >    >
>    >    >    >    I do know there is a tad under $800,000.00 being held by Paypal in
>    >    >    >    Germany.
>    >    >    >
>    >    >    >    On 6/20/2012 8:43 AM,mjr@randazza.com <mailto:mjr@randazza.com>
> <mailto:mjr@randazza.com>
>    <mailto:mjr@randazza.com>
>    >    <mailto:mjr@randazza.com>
>    >    >    wrote:
>    >    >    >    > Can you tell me where all of his banks are?
>    >    >    >
>    >    >    >    > -------- Original Message--------
>    >    >    >    > Subject:: Re: Donation for PG
>    >    >    >    > From: James Grady Photo &lt;jamesgradyphoto@gmail.com
> <mailto:jamesgradyphoto@gmail.com>
>    <mailto:jamesgradyphoto@gmail.com>
>    >    <mailto:jamesgradyphoto@gmail.com>
>    >    >    <mailto:jamesgradyphoto@gmail.com>&gt;
>    >    >    >    > Date: Jun 19, 2012 9:07 PM
>    >    >    >    > To::mjr@randazza.com <mailto:mjr@randazza.com>
> <mailto:mjr@randazza.com>
>    <mailto:mjr@randazza.com>
>    >    <mailto:mjr@randazza.com>
>    >    >    >    > CC:
>    >    >    >    >
>    >    >    >    > The Colorado LLC and the websites he owned/owns associated with it I
>    >    >    >    > thought might be a decent angle since he has been "Roman Romanov" since
>    >    >    >    > 2005 when that corporation started.  In case direct proof that Roman =
>    >    >    >    > Maxim can't be found then proof that Roman has done business in America
>    >    >    >    > and very well might live here too would be second best.
>    >    >    >    >
>    >    >    >    > He has close to a hundred domains with this as the whois now or at one
>    >    >    >    > point before it went private...
>    >    >    >    >
>    >    >    >    > Romanov, Roman
>    >    >    >    >      Power Resources LLC
>    >    >    >    >      1139 York st #204
>    >    >    >    >      Denver, Colorado 80206
>    >    >    >    >      United States
>    >    >    >    >
>    >    >    >    >
>    >    >    >    >mainroman@yahoo.com <mailto:mainroman@yahoo.com>
> <mailto:mainroman@yahoo.com>
>    >    <mailto:mainroman@yahoo.com>
>    >    >    <mailto:mainroman@yahoo.com> (note, this is
>    >    >    >    different email address from what I
>    >    >    >    > gave you today. He has many)
>    >    >    >    >
>    >    >    >    > Including his 2008 attempt at a real website & affiliate program
>    >    >    >    >straponfiesta.com <http://straponfiesta.com>
> <http://straponfiesta.com> <http://straponfiesta.com>
>    >    <http://straponfiesta.com> & rateamcash.com <http://rateamcash.com>
> <http://rateamcash.com>
>    <http://rateamcash.com>
>    >    >    >    <http://rateamcash.com>.
>    >    >    >
>    >    >    >    >http://gfy.com/showthread.php?p=15067628
>    >    >    >    >
```

```
>    >    >    >    >http://www.thereisnomoneyinporn.com/story.php?
title=New_affiliate_program_and_new_strapon_site
>    >    >    >    >
>    >    >    >    >http://www.adultinsider.com/showthread.php?73293-New-affiliate-program-and-
new-strapon-site!
>    >    >    >    >
>    >    >    >    > I went through all the records for Power Resources LLC since it was
>    >    >    >    > created in 2005 and I noted any differences in names or addresses...
>    >    >    >    >
>    >    >    >    > 10/11/05
>    >    >    >    > Roman A Romanov
>    >    >    >    > 1139 york st #204
>    >    >    >    > denver co 80206 / also principle address
>    >    >    >    >
>    >    >    >    > Rashid Nabiullin
>    >    >    >    > Antonova-Ovseenko, 11, app.52
>    >    >    >    > Moscow OT 123317
>    >    >    >    >
>    >    >    >    > Andrey Ovsyannikov
>    >    >    >    > Krasnaya str.,15, app.2
>    >    >    >    > Pyatigorsk OT  357500
>    >    >    >    >
>    >    >    >    >
>    >    >    >    > 12/19/05
>    >    >    >    > Principle address change
>    >    >    >    >
>    >    >    >    > 9085 mississippi ave suite I-204
>    >    >    >    > denver co 80247
>    >    >    >    >
>    >    >    >    >
>    >    >    >    > 8/23/2006
>    >    >    >    > Registered Agent Change
>    >    >    >    > from Roman Romanov to
>    >    >    >    >
>    >    >    >    > Oleg E Karapetian
>    >    >    >    > 8500 E Cornell Drive
>    >    >    >    > denver co 80231
>    >    >    >    >
>    >    >    >    >
>    >    >    >    > 10/23/06
>    >    >    >    > Principle Address Change
>    >    >    >    >
>    >    >    >    > 8500 E Cornell Drive
>    >    >    >    > denver co 80231
>    >    >    >    >
>    >    >    >    >
>    >    >    >    > 10/12/09
>    >    >    >    > Annual Report & Address Change
>    >    >    >    > Prnciple and Oleg's address remain Cornell
>    >    >    >    >
>    >    >    >    > Roman A Romanov
>    >    >    >    > 4 Panagurishte st, apt 176
>    >    >    >    > Pyatigorsk RU 357532
>    >    >    >    >
>    >    >    >    >
>    >    >    >    > 1/10/10
>    >    >    >    > Annual Report- Roman removed entirely
>    >    >    >    > Oleg E Karapetian with Cornell address for all entries
>    >    >    >    >
```

```
>    >    >    >    >
>    >    >    >    > 02/02/11
>    >    >    >    > Periodic Report
>    >    >    >    > Roman listed again on documents
>    >    >    >    >
>    >    >    >    > Here is something interesting...
>    >    >    >    >
>    >    >    >    > http://www.myspace.com/107863411
>    >    >    >    >
>    >    >    >    > Thatistiedtomain_max@mail.ru <mailto:istiedtomain_max@mail.ru>
>    <mailto:tiedtomain_max@mail.ru>
>    >    <mailto:tomain_max@mail.ru>
>    >    >    <mailto:main_max@mail.ru> and that email is also
>    >    >    >    his personal
>    >    >    >    > Paypal email.
>    >    >    >    >
>    >    >    >    > On 6/19/2012 8:40 PM,mjr@randazza.com <mailto:mjr@randazza.com>
<mailto:mjr@randazza.com>
>    >    <mailto:mjr@randazza.com>
>    >    >    wrote:
>    >    >    >    >> shoot me what you have on that, please.
>    >    >    >    >>
>    >    >    >    >>
>    >    >    >    >>    -------- Original Message --------
>    >    >    >    >>    Subject: Re: Donation for PG
>    >    >    >    >>    From: James Grady Photo <jamesgradyphoto@gmail.com
<mailto:jamesgradyphoto@gmail.com>
>    ><mailto:jamesgradyphoto@gmail.com>
>    >    ><mailto:jamesgradyphoto@gmail.com>
>    >    >    >>    <mailto:jamesgradyphoto@gmail.com>>
>    >    >    >    >>    Date: Tue, June 19, 2012 7:26 pm
>    >    >    >    >>    To:mjr@randazza.com <mailto:mjr@randazza.com>
<mailto:mjr@randazza.com>
>    >    <mailto:mjr@randazza.com>
>    >    >    <mailto:mjr@randazza.com>
>    >    >    >    >>
>    >    >    >    >>    By The Way - Guy has Colorado LLC, current, if that ties him to a more
>    >    >    >    >>    favorable jurisdiction / venue.
>    >    >    >    >>
>    >    >    >    >>    On 6/19/2012 8:15 PM,mjr@randazza.com <mailto:mjr@randazza.com>
<mailto:mjr@randazza.com>
>    >    <mailto:mjr@randazza.com>
>    >    >    <mailto:mjr@randazza.com>
>    >    >    >    wrote:
>    >    >    >    >>    > Wire instructions for trust account attached.
>    >    >    >    >>    >
>    >    >    >    >>    >
>    >    >    >    >>    > _____
>    >    >    >    >>    >
>    >    >    >    >>    >
>    >    >    >    >>    > Marc John Randazza*
>    >    >    >    >>    > Randazza Legal Group
>    >    >    >    >>    >
```

```
>    >    >    >    >>    > 6525 West Warm Springs Rd. Ste. 100
>    >    >    >    >>    > Las Vegas, Nevada 89118
>    >    >    >    >>    > Toll Free: 888-667-1113
>    >    >    >    >>    > email: mjr (at) randazza (dot) com
>    >    >    >    >>    > eFax: 305.437.7662
>    >    >    >    >>    >
>    >    >    >    >>    > Other Offices: Miami, Phoenix & Toronto
>    >    >    >    >>    > http://www.randazza.com
>    >    >    >    >>    > _____
>    >    >    >    >>    >
>    >    >    >    >>    > * Licensed in AZ, CA, FL, MA, and NV
>    >    >    >    >>    >
>    >    >    >    >>
>    >    >    >    >
>    >    >    >    >
>    >    >    >
>    >    >
>    >
>
```

# Arbitration Exhibit

# 399

**From:** James Grady Photo
**To:** mjr@randazza.com
**Subject:** Re: Witness in case
**Date:** Monday, June 25, 2012 6:33:36 PM

OK, I shall work all that out. Be there whatever day you wish.

On 6/25/2012 7:31 PM, mjr@randazza.com wrote:
> Ok, I need:
>
> 1)  You to develop a report, everything you know about Oron.
> 2)  You to consider what happens if the judge wants to know where you
> got your information.  As far as I know, it was lawfully obtained.  You
> certainly got it lawfully.  If the source is a disgruntled Oron
> employee, great.  Jilted lover, great.  Hacker, problematic.
> 3)  Need you here on July 3.  Probably a day or two before.
>
>
>    -------- Original Message --------
>    Subject: Re: Witness in case
>    From: James Grady Photo <jamesgradyphoto@gmail.com
>    <mailto:jamesgradyphoto@gmail.com>>
>    Date: Mon, June 25, 2012 6:30 pm
>    To: mjr@randazza.com <mailto:mjr@randazza.com>
>
>
>    Sure -- whatever you need.
>
>    On 6/25/2012 7:21 PM, mjr@randazza.com <mailto:mjr@randazza.com> wrote:
>    > you interested in coming down to Vegas for the hearing on July 3
>    > (probably beforehand to prepare) to be a star witness in this case?
>    >
>    >
>



DEFENDANT'S
EXHIBIT
399

MJR 013367

# Arbitration Exhibit

# 404

002230

| From: | Dominic Ford |
|---|---|
| To: | Marc John Randazza; Peter Phinney |
| Cc: | haaronson@aol.com |
| Subject: | Re: eMAP etc - Oron |
| Date: | Thursday, July 05, 2012 8:55:41 AM |

Totally understand. I think you need to bring my father up to date on what is going on so we can understand what our move will be. We need to understand what happened, what broke down, where that leaves Oron in respect to PSH. Their lawyer had wanted to talk to my dad. But he doesn't want to reach out to them until you tell him what is going on and what has changed since we signed the settlement agreement.

Yes, the numbers we quoted were based on the idea of a settlement and the value our data has brought to the case. PG's monthly fees don't cover our time in a litigation. They cover our time for that month, and your ability to run reports in our dashboard. If you think your $35/hour guy could have gotten you the reports and intelligence you needed for this, then that's awesome. But he has no insight across our entire client base, and that was a lot of the extra work you had us doing. That's part of the value we bring to the table here.

eMAP getting money comes out of winnings. The idea being that whatever eMAP gets (for the plaintiffs it brings in) is split among its plaintiffs, with some percentage (for future litigations) going into the eMAP account. This is so there is no delay the next time, and we can say "we are in, and here's a check" on day 1 when you ask. It's not for Peter or I individually.

I know you are head's down, but please let me know when we can set up a quick call between you and my dad so he can effectively take over representing PSH.

And yes, we need clear agreements going forward. We can get those started so you understand how we envision eMAP (and its clients) coming in.

Speaking of, we still need to talk to all the people who were ready to jump on board. Are you no longer interested in having them be part of this? That's what it is sounding like to me, but we need clear direction from you so we can tell them.

thanks,
jack


On Jul 5, 2012, at 11:25 AM, <mjr@randazza.com> wrote:

> Guys,
>
> As you now know, settlement seems to have fallen apart.  It might come back together, but that is not seeming certain.
>
> This is part of why I tried to prevail upon you that making an early deal is usually in everyone's best interests.  Since the deal fell apart, $20,000 in fees got spent in Hong Kong alone.
>
> If I'm going to do the eMap representation in this matter, and clear the


DEFENDANT'S EXHIBIT
404

conflict that developed, we need to come to some terms of how this will work.

I must say I was floored by your assertion that Randazza Legal Group would owe eMAP $250 per hour for its work, including "value billing." If that were the case, then we'd have to make it a contingent fee agreement, with a percentage of recovery going to you -- which would be "Fee splitting" with non-lawyers. We could possibly do that by having Jack's dad come in as co-counsel, and he can take a cut and do whatever he wants with it, but we'd need to discuss that.

Honestly, even the $25,000 you were saying you'd have billed thus far would have been a shocker to me. I'm not saying your time is not worth a lot, and your services are not worth a lot, but your customer is Corbin - which pays you every month, and part of my defense of that service every month is "they are always there for litigation support." If I have to go back to them and tell them "oh, and you owe them $25K," then neither of us will have them as a client. And, if RLG should pay you $25K, that has to end our relationship too -- simply because it is not cost effective. As a comparison, I pay Mike McQuaig (a guy Corbin fired) for expert testimony at $35 per hour.

I am not sure of a way that I can do the whole eMap thing after that conversation. It just seems that the interests are too divergent, and I can't come up with a way to reconcile them.

I am open to talking about it, but at this time  I am unalbe to see a clear way through representing you guys in the Oron matter, using you as contractors in it, and representing corbin. Therefore, I think that its clear already (and if it is not, let this clarify it) I have to withdraw from representing you with respect to Oron - at least on offense. I might be able to continue to represent you in the threatened defamation matter. Using you as experts and contractors is another story, as we've got to lay out what the costs will be, and what you'll charge me for it.

As you can see now, the windfall settlement is not here, and we may be in for the long haul. We might get nothing. We might lose. We might even get hit with fees and a counterclaim. I am afraid that you guys might have seen the numbers going around with settlement and felt entitled to a share of that, but now that the tide might be turning a little, I would not presume that you are interested in sharing in the liability?

Lets talk in a few days. I am sequestered right now, trying to litigate in three countries at once.

# Arbitration Exhibit

# 405

| From: | Val Gurvits |
|---|---|
| To: | mjr@randazza.com |
| Cc: | Evan Fray-Witzer |
| Subject: | RE: Agreement (oron) |
| Date: | Thursday, August 09, 2012 4:28:30 PM |
| Attachments: | Settlement Agreement - DRAFT - Oron - Liberty BLG 8-9-12.doc |

Marc,

Here's my current draft of the Settlement Agreement. Note that the payment terms of Section 1 reflect that I hold the escrowed funds - which is not what and I discussed yesterday, but which Oron requested (lack of trust :). I put some pretty stern conditions on my actions in that regard with which I hope you will be satisfied - take a look.

Although it goes without saying, this is only a working draft and no agreement will be in effect until it is signed by both parties.

Lastly, I will likely have to file a Notice of Appeal in order to save Oron's rights (given that it has to be filed within 10 days of the order). Will you agree not to enforce the execution while we are papering this. If you do agree, I can then skip asking to stay the execution while the appeal is pending.

Best,

Val Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
(617) 928-1804 direct
(617) 928-1800 main
(617) 928-1802 fax
vgurvits@bostonlawgroup.com

--------------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.

Boston Law Group, PC
tel: 617/928-1800
e-mail: info@bostonlawgroup.com

-----Original Message-----
From: mjr@randazza.com [mailto:mjr@randazza.com]
Sent: Thursday, August 09, 2012 6:44 PM
To: Val Gurvits
Subject: RE: Agreement (oron)

Ok. I'm driving to Phoenix in a few hrs.

-------- Original Message--------
Subject:: RE: Agreement (oron)
From: Val Gurvits &lt;gurvits@bostonlawgroup.com&gt;
Date: Aug 9, 2012 2:57 PM
To:: "mjr@randazza.com" <mjr@randazza.com>
CC:

In the office working on it feverishly... (got sidetracked in court this morning on some unrelated bs).

DEFENDANT'S
EXHIBIT
405

Val Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
(617) 928-1804 direct
(617) 928-1800 main
(617) 928-1802 fax
vgurvits@bostonlawgroup.com
-----------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the
addressee(s).  This message may also be subject to attorney-client privilege.  If you received this
message in error, please notify Boston Law Group, PC immediately and destroy the original message.

Boston Law Group, PC
tel: 617/928-1800
e-mail: info@bostonlawgroup.com

-----Original Message-----
From: mjr@randazza.com [mailto:mjr@randazza.com]
Sent: Thursday, August 09, 2012 5:56 PM
To: Val Gurvits
Subject: Agreement (oron)

Val, you have something for me?  Day is getting old....

MJR 020234

## SETTLEMENT AGREEMENT

**THIS AGREEMENT** is made between, on one hand, FF Magnat Limited, a Hong Kong corporation with its principle place of business at 3/F Jonsim Place, 228 Queen's Road East. Wanchai, Hong Kong (hereinafter, referred to as, "Oron"), and on the other hand, Liberty Media Holdings, LLC aka Corbin Fisher with a principal place of business at 4262 Blue Diamond Rd., Suite 102-377, Las Vegas, NV 89141  (hereinafter collectively referred to as "Liberty").

WHEREAS, Liberty has alleged copyright infringement against Oron;

WHEREAS, Oron denies such copyright infringement;

WHEREAS, Liberty has filed litigation in the US, case # 2:12-cv-01057-GMN-RJJ (the "Nevada Lawsuit");

WHEREAS, Liberty has filed litigation in Hong Kong, case # HCPM 1275 /2012 (the "Hong Kong Lawsuit");

WHEREAS, the Court in Nevada ruled in favor of Liberty on certain issues of the Nevada Lawsuit and Oron plans to appeal said rulings;

WHEREAS, the parties are desirous of settling their disputes without further litigation.

NOW THEREFORE, in consideration of the mutual promises contained herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## I. MONETARY TERMS (ALL AMOUNTS IN US DOLLARS) AND JOINT OBLIGATIONS

1. Oron shall pay Liberty Media $600,000 (the "Settlement Funds").  The Settlement Funds will be paid as follows: the parties will stipulate that $675,000 US Dollars of the frozen funds in Oron's PayPal account will be transferred immediately to the client trust account of Boston Law Group, PC (the "Escrowed Funds").  The Escrowed Funds shall not be disbursed until (a) this settlement is final, (b) Liberty complies with the terms set forth in all sections in Article II hereof (LIBERTY'S NON-MONETARY OBLIGATIONS ), and (c) all of Oron's funds, worldwide (including without limitation in the US and in Hong Kong as well as the accounts set forth in Attachment A herein, collectively the "Oron Accounts") are no longer frozen and have all been dispersed to a bank account of Oron's designation (the completion of (a), (b), and (c) above shall be referenced herein as the "Dispersal Term").  Upon the completion of the Dispersal Term, Boston Law Group shall pay the Settlement Funds to Liberty Media or its attorney and pay Attorney Marc Randazza ("Attorney Randazza") the remainder of the Escrowed Funds in accordance with the terms herein.

If Boston Law Group transfers any of the Settlement Funds to anyone other than Liberty Media or its attorney before the Dispersal Term is complete in its entirety (other than pursuant to a court order or a written agreement of Oron and Liberty) Boston Law Group and Val Gurvits shall be jointly and severally personally liable for the Settlement Funds plus a 10% liquidated damages fee.

2. Oron shall engage Attorney Randazza in accordance with the terms of the Engagement Agreement attached hereto as Attachment B, effective as of [when?]_____. Liberty hereby consents to such engagement. Boston Law Group shall use the Escrowed Funds to pay Attorney Randazza pursuant to the Engagement Agreement.

3. Upon the completion of the Dispersal Term, Boston Law Group shall pay Randazza a bonus of $50,000 US Dollars out of the Escrowed Funds.

4. Each party shall cooperate with the other, use best efforts, file all such motions and take all such actions as are necessary in order to release all funds in all Oron Accounts and enable Oron to transfer all funds from all Oron Accounts to a bank account of Oron's designation and to complete all other provisions of the Dispersal Term.

5. Upon receipt of the Settlement Funds by Boston Law Group, the parties shall file a joint motion under seal with the Nevada Court requesting all money in the Paypal account be wired to an account of Oron's designation.

6. Upon the completion of the Dispersal Term, Oron shall pay Randazza a bonus of $50,000 US Dollars.

## II. LIBERTY'S NON-MONETARY OBLIGATIONS

7. Liberty shall not act on the Execution obtained in the Nevada Lawsuit at any time after the date hereof;

8. Upon receipt of the Settlement Funds by Liberty or its attorney, Liberty shall within 24 hours report the Execution as satisfied to the Nevada Court.

9. Upon receipt of the Settlement Funds by Boston Law Group as indicated above, Liberty shall dismiss the Hong Kong Lawsuit within 24 hours, with prejudice, against all Defendants to the action.

10. Upon receipt of the Settlement Funds by Boston Law Group as indicated above, the Nevada Lawsuit will be dismissed against Maxim Bochenko aka Roman Romanov and all John Does within 24 hours, with prejudice.

11. Upon receipt of the Settlement Funds by Boston Law Group as indicated above, upon the request of Oron, the US action will be dismissed with prejudice within 24 hours of such a request.

12. Liberty agrees to privately arbitrate any future disputes with the parties to this action based on facts that occur after the date of this agreement. If there is arbitration, no in-person hearings for the parties shall be required. The parties agree that the Arbitrators shall have injunctive powers equivalent with that of a Federal Judge including, but not limited to the power of grant equitable relief.  Any party may attend arbitration telephonically if they wish, and/or arbitration is not required to take place in the United States.  For example, WIPO or ICC in Stockholm, or others that the parties shall mutually agree to.

13. Liberty will agree to dissuade others from bringing suit against the parties to this action.

14. Attorney Randazza and Liberty will actively assist Oron in sending letters written by Oron and doing everything else necessary to convince Paypal and other payment processors to allow Oron to accept payments through their service and to send letters to every company and or entity to whom Liberty or Randazza sent letters pertaining to this matter.  No dishonest statements will be required.

15. Liberty agree to announce publically that after a careful review of the facts they believe Oron is protected by the DMCA safe harbor and that a review of the actual files shows that there never was any child porn on Oron's site.

16. The parties will craft a joint letter for publications stating that the parties are joining together in the fight against child porn and copyright infringement.


III. ORON'S NON-MONETARY OBLIGATIONS:

17. Within 24 hours of the completion of the Dispersal Term, Oron shall withdraw its Notice of Appeal in the Nevada Lawsuit.

18. Oron will take both strong and bold measures to keep Liberty Media content off of its servers.

19. Oron will assist Liberty in identification and civil prosecution of any parties who have been using Oron to distribute Liberty's copyrighted material, including but not be limited to, full disclosure of IP addresses, banking information, emails and any other information that may assist in Liberty in such prosecution (Client Identification). This will not include Oron paying any legal costs for such prosecution however; it may require Oron to sign statements authenticating the information. Liberty shall keep confidential the fact that Oron is providing Client Identification and if such information must be used in a court case then shall both provide a subpoena to Oron for each piece of such information, shall endeavor to only use such information under seal and if such information must be filed publically shall provide Oron with reasonable notice of this fact.

20. Liberty will have unfettered access to takedown / delete any of Liberty's material that are being distributed through Oron.com, through Oron.com's online access so long as Liberty reasonably believes the content is infringing content owned by Liberty. Liberty may delegate this to a third-party takedown services (3P). Liberty acknowledges that any such takedowns will automatically include an email notice to the account holder's email telling them that the material has been taken down through the auspices of a DMCA filed by Liberty, providing a copy of the DMCA including Liberty's contact information. If the takedown is done through a 3P then said 3P must follow the same terms as if they were Liberty.

21. Any payment due to anyone who has been distributing Liberty materials will be frozen, and an accounting thereof will be provided to Liberty.

22. Oron will permanently ban, by email address, PayPal account, IP address or any other reasonable and robust metric, any user who is the subject of even a single Liberty Media takedown notice. Any user account that has a takedown by Liberty will automatically be banned by these terms. Liberty agrees not to abuse this unfettered access.

## IV. GENERAL TERMS

23. <u>By Liberty.</u> Upon receipt by Liberty of the Settlement Payment and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Liberty releases and forever discharges Oron, Maxim Bochenko aka Roman Romanov, all John Does, and each of their past and present subsidiaries, parent corporations, and each of their respective officers, directors, shareholders, attorneys, agents, employees, contractors, and assigns (collectively, the "Oron Releasees") from any and all debts, claims, demands, actions, causes of action, controversies, attorney's fees, omissions, damages, and liabilities of every description, at law or in equity, whether known or unknown, that Liberty had, now has, or may have against the Oron Releasees, including, without implied limitation, all claims which were raised or could have been raised in the Nevada Lawsuit or the Hong Kong Lawsuit. For that reason, Liberty hereby waives any and all rights or benefits, which it may have under the terms of any applicable statute excluding unknown claims from general releases.

24. <u>By Oron.</u> Upon receipt by Liberty of the Settlement Payment and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Oron releases and forever discharges Liberty, and each of its past and present subsidiaries, parent corporations, and each of their respective officers, directors, shareholders, attorneys, agents, employees, contractors, and assigns (collectively, the "Liberty Releasees") from any and all debts, claims, demands, actions, causes of action, controversies, attorney's fees, omissions, damages, and liabilities of every description, at law or in equity, whether known or unknown, that Oron had, now has, or may have against the Liberty Releasees, including, without implied limitation, all claims which were raised or could have been raised in the Nevada Lawsuit or the Hong Kong Lawsuit. For that reason, Oron hereby waives any and all rights or benefits, which it may have

under the terms of any applicable statute excluding unknown claims from general releases.

## V. GENERAL TERMS

25. The terms of this Agreement shall be confidential and shall not be disclosed to any third party, except as required by law, court, or government agency regulation, and in such event under a suitable protective order protecting this agreement from disclosure to the extent available in accordance with the laws of the pertinent country. Defendant shall take reasonable measures to maintain the confidentiality of the terms of this Agreement. Oron may indicate publically that it is implementing new anti-piracy measures (to Oron's benefit in order to dissuade other suits).

26. Arbitration of all disputes arising after date of this Agreement. All arbitrations may be done telephonically by one or both parties. This Agreement shall be governed by the laws of Nevada without respect to the local conflict of laws provisions thereof. Nevada Law applies to future arbitration disputes, but both parties stipulate that this is not a "contact" with the United States and although Nevada law applies to the agreement, nothing herein shall be deemed to bring Oron into the US for purposes of Jurisdiction or otherwise.

27. This Agreement shall be binding upon the parties hereto, their successors or assigns, and upon any and all others acting by or through them or in privity with them, or under their direction.

28. No representation or warranties have been made by either party to the other, or by anyone else, except as expressly set forth in this Agreement, and this Agreement is not being executed in reliance on any representation or warranty other than those expressly set forth herein.

29. In the event that any provision of this Agreement or the application of any provision of this Agreement is held by a tribunal of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement shall remain in full force and effect, and this Agreement shall be interpreted as if such invalid provisions were omitted.

30. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and supersedes all prior negotiations or agreements, whether written or oral, relating to such subject matter. This Agreement may not be altered, amended, modified or otherwise changed except by an instrument in writing duly executed by authorized representatives of each of the parties hereto.

31. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together should constitute one and the same agreement.

IN WITNESS OF their understanding and agreement, the parties have executed this Agreement by signature of a duly authorized officer on the date set forth below.

**ACCEPTED AND AGREED TO:**

FF Magnat Limited

Date: _____          Signature:_____

Liberty Media Holdings

Date: _____          Signature:_____

Boston Law Group, PC and Attorney Val Gurvits personally (with respect to the trust obligations in Section 1 only)

Date: _____          Signature:_____

MJR 002401

**Attachment A**
**Oron Accounts**

1. PayPal ([paypal.com](paypal.com))

2. PaymentWall ([http://www.paymentwall.com/](http://www.paymentwall.com/))

3. MicroPayment ([https://www.micropayment.ch/](https://www.micropayment.ch/))

4. CCBill ([http://www.ccbill.com/](http://www.ccbill.com/)) may have a negative balance even but I guess that doesn't really matter.

5. Payza, ex AlertPay ([https://www.payza.com/](https://www.payza.com/))

6. PaySpace ([payspace.lv](payspace.lv))

7. AcquiroPay ([http://acquiropay.com/](http://acquiropay.com/))

8. DaoPay ([http://www.daopay.com/](http://www.daopay.com/))

9. HSBC Hong Kong Bank

# Arbitration Exhibit

# 406

**From:**     Val Gurvits
**To:**       mjr@randazza.com
**Subject:**  Re: Representing FF Magnat
**Date:**     Thursday, August 09, 2012 6:44:50 PM

Understood. I will take care of it in a way that addresses your concerns.


Val
Sent from my iPhone

On Aug 9, 2012, at 9:41 PM, "mjr@randazza.com" <mjr@randazza.com> wrote:

> Val,
>
> After consulting with ethics counsel, I must modify one part of our discussion.
>
> Please inform Oron that my prior offer to represent them is revoked. It is not that I would not
consider it in the future, but I think that even discussing it at this point creates an ethical gray area that
I would rather not be in.
>
> As you're aware, it is ethically improper to enter agreement that restricts an attorney's right to
practice.  I think that having that issue even being contemplated at this point is premature and can sour
the whole deal, potentially even making the entire agreement unenforceable.
>
> I guess I will just have to realize that if they do not get some of the benefits that they had hope to
get, that I will not get $75,000. That is a hell of a lot of money, so they can probably consider my
possible incentives and act accordingly.  Given that I know that I have a $75,000 pot of gold at the end
of the rainbow, one could guess how I might be incentivized to behave. However I can make no
representations in that regard.
>
>

DEFENDANT'S
EXHIBIT
406

# Arbitration Exhibit

# 407

002245

| From: | Val Gurvits |
|---|---|
| To: | mjr@randazza.com |
| Subject: | RE: Agreement (oron) |
| Date: | Sunday, August 12, 2012 8:38:05 PM |
| Attachments: | Settlement Agreement - DRAFT - Oron - Liberty BLG 8-12-12.doc |

Marc,

Attached is the proposed settlement agreement. As I indicated before, these terms shall not become binding unless and until executed by both parties and the signature pages exchanged no later than Monday, August 13th. Please let me know if you have any comments.

Val Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
(617) 928-1804 direct
(617) 928-1800 main
(617) 928-1802 fax
vgurvits@bostonlawgroup.com
-------------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.

Boston Law Group, PC
tel: 617/928-1800
e-mail: info@bostonlawgroup.com

-----Original Message-----
From: mjr@randazza.com [mailto:mjr@randazza.com]
Sent: Sunday, August 12, 2012 3:47 PM
To: Val Gurvits
Subject: Re: Agreement (oron)

2

I'll get up early to make up the time.

-------- Original Message--------
Subject:: Re: Agreement (oron)
From: Val Gurvits &lt;gurvits@bostonlawgroup.com&gt;
Date: Aug 12, 2012 12:42 PM
To:: "mjr@randazza.com" <mjr@randazza.com>
CC:

Happy birthday. How old is he?


Val
Sent from my iPhone

On Aug 12, 2012, at 3:16 PM, "mjr@randazza.com" <mjr@randazza.com> wrote:

> Well that sounds like the original deal. So it should work.
>



DEFENDANT'S
EXHIBIT
407

MJR 020320
002206

> I can't deal with this til late.  Sons birthday. Don't interpret quiet today as lack of interest or lack of
respect.
>
> -------- Original Message--------
> Subject:: RE: Agreement (oron)
> From: Val Gurvits &lt;gurvits@bostonlawgroup.com&gt;
> Date: Aug 12, 2012 12:04 PM
> To:: "mjr@randazza.com" <mjr@randazza.com>
> CC:
>
>
> That wont work.  What Oron offered is that (assuming the contingencies are satisfied) it will pay
$550K plus $50K to Liberty.  Liberty will not get anything beyond that.  The other matter for $75K is still
on the table, but that does not concern Liberty.
>
> With respect to Monday, both sides need to see a signed agreement by then.  From Oron's end, I
have to file a Notice of Appeal this week, just to save Oron's rights. However, if the settlement
agreement is executed (which includes a term that Liberty will not act on the Execution), then I don't
have to worry about filing a Motion to Stay the Execution and will not have to deal with the bond.  But
if I have to do all that work, that money will come out of the $50K that Oron is willing to pay Liberty on
top of the $550K. So there is incentive for both sides to get this done on Monday.  I suspect that if it's
not done by Monday, then it will not get done at all.  If we don't settle, then we need to move on a
bunch of issues (including the $200K fees request you filed on Friday), and that will leave less money
for Liberty.
>
> So how's this:  You take the $600,000 into your trust account on the same terms that I was going to
take it - personal guaranty and penalty for early release (lets call it the premature ejaculation clause :).
I keep the $75K in my trust account.  If you agree to assist Oron after Liberty is paid and the Liberty
cases are dismissed - great.
>
> If that works, I will modify the Settlement Agreement and send it to you tonight and we can sign it
tomorrow.  Let me know.
>
>
> Val Gurvits
> Boston Law Group, PC
> 825 Beacon Street, Suite 20
> Newton Centre, MA 02459
> (617) 928-1804 direct
> (617) 928-1800 main
> (617) 928-1802 fax
> vgurvits@bostonlawgroup.com
>
> ------------------------------------------------------------------------
> The contents of this message and any attachments are confidential and intended only for the
addressee(s).  This message may also be subject to attorney-client privilege.  If you received this
message in error, please notify Boston Law Group, PC immediately and destroy the original message.
>
> Boston Law Group, PC
> tel: 617/928-1800
> e-mail: info@bostonlawgroup.com
> -----Original Message-----
> From: mjr@randazza.com [mailto:mjr@randazza.com]
> Sent: Sunday, August 12, 2012 2:39 PM
> To: Val Gurvits
> Subject: RE: Agreement (oron)
>
> here's what I suggest:
>
> Oron files a motion to release $700,000 to be deposited with the court, with a conditional stipulation

of waiver of any appeal (since its an abuse of discretion standard, you're waiving little). Condition will be that Corbin waives any claim above that amount and that Corbin stips that all further funds should be released and the injunction lifted.
>
> We can then so stipulate.
>
> We will have a simultaneous agreement that we waive any further claims, and I'll be retained to explore malpractice issues we've discussed (just exploration and discussion).
>
> What do you think of that?
>
>
>
>
> -------- Original Message--------
> Subject:: RE: Agreement (oron)
> From: Val Gurvits &lt;gurvits@bostonlawgroup.com&gt;
> Date: Aug 12, 2012 10:22 AM
> To:: "mjr@randazza.com" <mjr@randazza.com>
> CC:
>
> I will reply to the rest of your points later, but first I want to confirm what I said before regarding the extra $25K.  We don't control the money so we cant guaranty that it gets anywhere on Monday.  We don't agree to pay an extra $25K.  If that's going to be an issue, please let me know now and I wont waste your time or mine with the other issues.
>
> As for depositing the money with the court, why would you worry about it?  It's a neutral party which you suggested.  In the future, can you not offer stuff that your client has not yet approved?  It will make this a lot easier - there is little enough trust going around and I now have to explain this to Oron.
>
> But first, please confirm that the Monday deadline is not going to be an issue.
>
> Val Gurvits
> Boston Law Group, PC
> 825 Beacon Street, Suite 20
> Newton Centre, MA 02459
> (617) 928-1804 direct
> (617) 928-1800 main
> (617) 928-1802 fax
> vgurvits@bostonlawgroup.com<mailto:vgurvits@bostonlawgroup.com>
>
> -------------------------------------------------------------------------
> The contents of this message and any attachments are confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.
>
> Boston Law Group, PC
> tel: 617/928-1800
> e-mail: info@bostonlawgroup.com<mailto:info@bostonlawgroup.com>
> _____
> From: mjr@randazza.com [mailto:mjr@randazza.com]
> Sent: Sunday, August 12, 2012 1:11 PM
> To: Val Gurvits
> Subject: RE: Agreement (oron)
>
> Val,
>
> I am having some trouble getting Corbin to agree to change the deal.  The deal was always that the money goes to my trust account.   These additional machinations make no sense.
>

> We agree that $675K goes into my trust account (raised to $700K on Tuesday as previously stated). The second that the $ goes into my trust account, we file a "notice of settlement and resolution of all claims, and stipulation to the lifting of the injunction."
>
> You then serve that on HSBC and on PayPal, and the money goes wherever they want it to go. I agree that no money is disbursed until you've had a chance to do that. I'll even get on the phone with you and PayPal's general counsel to make sure that PP plays ball.
>
> What is wrong with that plan?
>
> I've got to say that all of these alternate ideas are simply raising suspicion on our part. We keep having settlements and then Oron keeps moving the goal posts. We aren't willing to give up any rights, at all, to a party that has acted that way. And, you can say "Trust me" all you want -- but here's what happens if I do that:
>
> 1)    Your client then orders you to switch positions, and I'm screwed, or
> 2)    Your client gives you a $200,000 bonus to do so, and I'm screwed.
>
>
>
>
>
> -------- Original Message --------
> Subject: RE: Agreement (oron)
> From: Val Gurvits <gurvits@bostonlawgroup.com><mailto:gurvits@bostonlawgroup.com>>
> Date: Sat, August 11, 2012 6:51 pm
> To: "mjr@randazza.com<mailto:mjr@randazza.com>"
<mjr@randazza.com><mailto:mjr@randazza.com>>
>
>
> They want to move the money out of the US, so they want to use up the US money on the settlement, rather than moving the foreign money into the US for the settlement and then moving the US money out.
>
> Val Gurvits
> Boston Law Group, PC
> 825 Beacon Street, Suite 20
> Newton Centre, MA 02459
> (617) 928-1804 direct
> (617) 928-1800 main
> (617) 928-1802 fax
> vgurvits@bostonlawgroup.com<mailto:vgurvits@bostonlawgroup.com>
>
> -------------------------------------------------------------------------
> The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.
>
> Boston Law Group, PC
> tel: 617/928-1800
> e-mail: info@bostonlawgroup.com<mailto:info@bostonlawgroup.com>
> -----Original Message-----
> From: mjr@randazza.com<http://mjr@randazza.com>
[mailto:mjr@randazza.com<http://mjr@randazza.com>]
> Sent: Saturday, August 11, 2012 8:49 PM
> To: Val Gurvits
> Subject: Re: Agreement (oron)
>
> That's not responsive to my question.
>

> What do they care which account money comes from? I can free it all faster my way.
>
>
>
> -------- Original Message--------
> Subject:: Re: Agreement (oron)
> From: Val Gurvits &lt;gurvits@bostonlawgroup.com< mailto:gurvits@bostonlawgroup.com>&gt;
> Date: Aug 11, 2012 11:58 AM
> To:: "mjr@randazza.com<http://mjr@randazza.com>"
<mjr@randazza.com>< http://mjr@randazza.com>>
> CC:
>
>
> You got that money locked up. You help unlock it. It's your incentive to do so.
>
>
> Val
> Sent from my iPhone
>
> On Aug 11, 2012, at 2:31 PM, "mjr@randazza.com<http://mjr@randazza.com>"
<mjr@randazza.com>< http://mjr@randazza.com>> wrote:
>
>> can you help me understand why? If I understand the rationale for that, it might help me get us
closer to closing the deal.
>>
>> -------- Original Message--------
>> Subject:: Re: Agreement (oron)
>> From: Val Gurvits &lt;gurvits@bostonlawgroup.com< mailto:gurvits@bostonlawgroup.com>&gt;
>> Date: Aug 11, 2012 7:46 AM
>> To:: "mjr@randazza.com<http://mjr@randazza.com>"
<mjr@randazza.com>< http://mjr@randazza.com>>
>> CC:
>>
>>
>> The money must come from the US Paypal account. They are firm on this issue.
>>
>>
>> Val
>> Sent from my iPhone
>>
>> On Aug 11, 2012, at 10:40 AM, "mjr@randazza.com<http://mjr@randazza.com>"
<mjr@randazza.com>< http://mjr@randazza.com>> wrote:
>>
>>> this gets them that.
>>>
>>> -------- Original Message--------
>>> Subject:: Re: Agreement (oron)
>>> From: Val Gurvits &lt;gurvits@bostonlawgroup.com< mailto:gurvits@bostonlawgroup.com>&gt;
>>> Date: Aug 10, 2012 8:37 PM
>>> To:: "mjr@randazza.com<http://mjr@randazza.com>"
<mjr@randazza.com>< http://mjr@randazza.com>>
>>> CC:
>>>
>>>
>>> They wont agree to that even if they do have additional funds. They need assistance freeing up
the frozen funds and assurances that the funds will not get frozen again before they have the chance to
move them. The rest of this settlement is contingent on that.
>>>
>>>
>>> Val

>>> Sent from my iPhone
>>>
>>> On Aug 10, 2012, at 11:20 PM, "mjr@randazza.com<http://mjr.randazza.com>"
<mjr@randazza.com><http://mjr.randazza.com>> wrote:
>>>
>>>> I had an idea on how to make this a lot easier.
>>>>
>>>> Why don't they just wire the money, and we file a notice of satisfaction of judgment?
>>>>
>>>> I know they have other cash stores. Just use that and we are all cleanly split,
>>>
>>
>
>

## SETTLEMENT AGREEMENT

**THIS AGREEMENT** is made between, on the one hand, FF Magnat Limited, a Hong Kong corporation with its principle place of business at _____ Hong Kong (hereinafter, referred to as, "Oron"), and on the other hand, Liberty Media Holdings, LLC a/k/a Corbin Fisher with a principal place of business at 4262 Blue Diamond Rd., Suite 102-377, Las Vegas, NV 89141 (hereinafter collectively referred to as "Liberty").

WHEREAS, Liberty has alleged copyright infringement against Oron;

WHEREAS, Oron denies such copyright infringement;

WHEREAS, Liberty has filed litigation in the Federal District Court for the District of Nevada in the United States, Docket No.2:12-cv-01057-GMN-RJJ (the "Nevada Lawsuit");

WHEREAS, Liberty has filed litigation in Hong Kong (including obtaining an injunction), case # HCPM 1275 /2012 (the "Hong Kong Lawsuit");

WHEREAS, the Court in Nevada ruled in favor of Liberty on certain issues of the Nevada Lawsuit and Oron plans to appeal said rulings;

WHEREAS, the parties wish to settle their disputes without further litigation.

NOW THEREFORE, in consideration of the mutual promises contained herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## I. MONETARY TERMS (ALL AMOUNTS IN US DOLLARS) AND JOINT OBLIGATIONS

1. Oron shall pay Liberty six hundred thousand dollars ($600,000.00) (the "Settlement Funds"). The Settlement Funds will be paid as follows: the parties will stipulate that $600,000 US Dollars of the frozen funds in Oron's PayPal account will be transferred as soon as possible to the Randazza Legal Group's client trust account to be held in trust and released only in strict accordance with the terms hereof (the "Escrowed Funds"). In addition, $75,000 of Oron's PayPal funds will be transferred immediately to the client trust account of Boston Law Group, PC. Randazza Legal Group shall not disburse the Escrowed Funds to Liberty until the occurrence of all of the following conditions (the completion of (a), (b), (c) and (d) below shall be referenced herein as the "Dispersal Contingency"):

   a. this settlement becomes final, including the exchange of signed copies of the agreement;

   b. Liberty complies with the terms set forth in all sections in Article II (LIBERTY'S

NON-MONETARY OBLIGATIONS) hereof;

    c.   all of Oron's funds, worldwide (including without limitation in the US and in Hong Kong as well as the accounts set forth in Attachment A herein, collectively the "Oron Accounts") are no longer frozen and have all been dispersed to a bank account of Oron's designation (it being understood and agreed that Oron may, at its sole discretion, direct some of these funds to be transferred to its bank account in Hong Kong and then from that account to another account of its designation), and

    d.   no new lawsuits, motions or injunctions are filed against Oron before subsections (a) through (c) above are fulfilled in their entirety.

Upon the completion of the Dispersal Contingency in its entirety, the Escrowed Funds shall become the property of Liberty and Randazza Legal Group shall pay the Settlement Funds to Liberty.

If Randazza Legal Group transfers any of the Escrowed Funds to anyone other than Oron before the Dispersal Contingency is complete in its entirety (other than pursuant to a court order or a written agreement of Oron and Liberty) Randazza Legal Group and Attorney Marc Randazza shall be jointly and severally personally liable to Oron for the Escrowed Funds plus a 10% liquidated damages fee.  In the event that despite Oron's reasonable efforts, the Dispersal Contingency does not occur within thirty (30) days from the date hereof, Randazza Legal Group shall return the Escrowed Funds to Oron upon Oron's written request.

2.   Each party shall cooperate with the other, use best efforts, file all such motions, and take all such actions as are necessary in order to release all funds in all Oron Accounts and enable Oron to transfer all funds from all Oron Accounts to a bank account of Oron's designation and to ensure the occurrence of all other provisions of the Dispersal Contingency.

3.   Upon receipt of the Escrowed Funds by Randazza Legal Group, the parties shall file a joint motion under seal with the Nevada Court requesting all money in the Paypal account be wired to an account of Oron's designation and requesting that the court orders all other Oron funds to be released in accordance with Oron's designation (it being understood and agreed that Oron shall first direct these funds to be delivered to its account in Hong Kong and then from that account to another account of its choosing – Oron shall not be required to disclose the details of its final target bank account to Liberty or to any other party.

## II. LIBERTY'S NON-MONETARY OBLIGATIONS

4.   Liberty warrants and affirms that it has not to date acted on the Execution obtained in the Nevada Lawsuit and warrants and affirms that it shall not act on the Execution obtained in the Nevada Lawsuit at any time after the date hereof;

5. Upon the occurrence of the Dispersal Contingency, Liberty shall, within 24 hours, report the Execution as satisfied in full to the Nevada Court.

6. Upon receipt of the Escrowed Funds by Randazza Legal Group as indicated above, Liberty shall dismiss the Hong Kong Lawsuit within 24 hours (including lifting the injunction), with prejudice, against all Defendants to the action and without claiming any legal fees or any other amounts. Liberty will also affirmatively report to the Hong Kong court that it is not seeking any legal fees from Oron.

7. Upon receipt of the Escrowed Funds by Randazza Legal Group as indicated above, the Nevada Lawsuit will be dismissed against Maxim Bochenko aka Roman Romanov and all John Does within 24 hours, with prejudice and all motions (including without limitation Liberty's Motion for Legal Fees) shall be withdrawn.

8. Liberty agrees to privately arbitrate any future disputes with the parties to this Agreement and/or to the parties to the Nevada Lawsuit and/or the parties to the Hong Kong Lawsuit, based on facts that occur after the date of this agreement. If there is arbitration, no in-person hearings for the parties shall be required. The parties agree that the Arbitrators shall have injunctive powers equivalent with that of a Federal Judge including, but not limited to the power of grant equitable relief. Any party may attend arbitration telephonically if they wish, and/or arbitration is not required to take place in the United States. For example, the parties may arbitrate through WIPO or ICC in Stockholm, or any other arbitration forum to which the parties may mutually agree.

9. Attorney Randazza and Liberty will actively dissuade others from bringing suit against Oron and the parties to the Nevada and Hong Kong lawsuits.

10. Attorney Randazza and Liberty will actively assist Oron in sending letters written by Oron, and doing everything else necessary, to convince Paypal and other payment processors to allow Oron to accept payments through their service and to send letters to every company and or entity to whom Liberty or Randazza sent letters pertaining to this matter. No dishonest statements will be required.

11. Liberty shall announce publically that, after a careful review of the facts, they believe Oron is protected by the DMCA safe harbor and that a review of the actual files shows that there never was any child porn on Oron's site.

12. The parties will craft a joint letter for publications stating that the parties are joining together in the fight against child porn and copyright infringement.

## III. ORON'S NON-MONETARY OBLIGATIONS:

13. Within 24 hours of the Settlement Contingency, the filing of the Execution as Satisfied and the Dismissal of the Hong Kong and Nevada Lawsuits along with all pending

motions, Oron shall withdraw its Notice of Appeal in the Nevada Lawsuit.

14. Oron will take both strong and bold measures to keep Liberty Media content off of its servers.

15. Oron will assist Liberty in the identification and civil prosecution of any parties who have been using Oron to distribute Liberty's copyrighted material, including but not be limited to, full disclosure of IP addresses, banking information, emails and any other information that may assist in Liberty in such prosecution (Client Identification). This will not include Oron paying any legal costs for such prosecution however; it may require Oron to sign statements authenticating the information. Liberty shall keep confidential the fact that Oron is providing Client Identification and if such information must be used in a court case then shall both provide a subpoena to Oron for each piece of such information, shall endeavor to only use such information under seal and if such information must be filed publically shall provide Oron with reasonable notice of this fact.

16. Liberty will have unfettered access to takedown / delete any of Liberty's material that are being distributed through Oron.com, through Oron.com's online access so long as Liberty reasonably believes the content is infringing content owned by Liberty. Liberty may delegate this function to a third-party takedown services (3P). Liberty acknowledges that any such takedowns will automatically include an email notice to the account holder's email telling them that the material has been taken down through the auspices of a DMCA takedown notice filed by Liberty, providing a copy of the DMCA takedown notice including Liberty's contact information. If the takedown is done through a 3P then said 3P must follow the same terms as if they were Liberty.

17. Any payment due to anyone who has been distributing Liberty materials will be frozen, and an accounting thereof will be provided to Liberty.

18. Oron will permanently ban, by email address, PayPal account, IP address or any other reasonable and robust metric, any user who is the subject of even a single Liberty Media takedown notice. Any user account that has a takedown by Liberty will automatically be banned by these terms. Liberty agrees not to abuse this unfettered access.

## IV. GENERAL TERMS

19. <u>By Liberty.</u> Upon receipt by Liberty of the Settlement Payment and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Liberty releases and forever discharges Oron, Maxim Bochenko a/k/a Roman Romanov, all John Does, and each of their past and present subsidiaries, parent corporations, and each of their respective officers, directors, shareholders, attorneys, agents, employees, contractors, and assigns (collectively, the "Oron Releasees") from any and all debts, claims, demands, actions, causes of action, controversies, attorney's fees, omissions, damages, and liabilities of every description, at law or in equity, whether known or unknown, that Liberty had, now has, or may have against the Oron Releasees, including, without implied limitation, all claims which were raised or could have been raised in the

Nevada Lawsuit or the Hong Kong Lawsuit. For that reason, Liberty hereby waives any and all rights or benefits, which it may have under the terms of any applicable statute.

20. <u>By Oron.</u> Upon receipt by Liberty of the Settlement Payment and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Oron releases and forever discharges Liberty, and each of its past and present subsidiaries, parent corporations, and each of their respective officers, directors, shareholders, attorneys, agents, employees, contractors, and assigns (collectively, the "Liberty Releasees") from any and all debts, claims, demands, actions, causes of action, controversies, attorney's fees, omissions, damages, and liabilities of every description, at law or in equity, whether known or unknown, that Oron had, now has, or may have against the Liberty Releasees, including, without implied limitation, all claims which were raised or could have been raised in the Nevada Lawsuit or the Hong Kong Lawsuit. For that reason, Oron hereby waives any and all rights or benefits, which it may have under the terms of any applicable statute.

## V. GENERAL TERMS

21. The terms of this Agreement shall be confidential and shall not be disclosed to any third party, except (a) Oron may disclose the terms of this Agreement relating to withdrawing lawsuits and releasing funds (Sections 2, 3, 4, 6 and 7) and (b) as required by law, court, or government agency regulation and in such event under a suitable protective order protecting this agreement from disclosure to the extent available in accordance with the laws of the pertinent country. Both parties shall take reasonable measures to maintain the confidentiality of the terms of this Agreement. Oron may indicate publically that it is implementing new anti-piracy measures (to Oron's benefit in order to dissuade other suits).

22. Arbitration of all disputes arising after date of this Agreement. All arbitrations may be done telephonically by one or both parties. This Agreement shall be governed by the laws of Nevada without respect to the local conflict of laws provisions thereof. Nevada Law applies to future arbitration disputes, but both parties stipulate that this is not a "contact" with the United States and although Nevada law applies to the agreement, nothing herein shall be deemed to bring Oron into the US for purposes of Jurisdiction or otherwise.

23. This Agreement shall be binding upon the parties hereto, their successors or assigns, and upon any and all others acting by or through them or in privity with them, or under their direction.

24. No representation or warranties have been made by either party to the other, or by anyone else, except as expressly set forth in this Agreement, and this Agreement is not being executed in reliance on any representation or warranty other than those expressly set forth herein.

25. In the event that any provision of this Agreement or the application of any provision of

this Agreement is held by a tribunal of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement shall remain in full force and effect, and this Agreement shall be interpreted as if such invalid provisions were omitted.

26. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and supersedes all prior negotiations or agreements, whether written or oral, relating to such subject matter (specifically including the alleged agreement enforced by the Nevada Court). This Agreement may not be altered, amended, modified or otherwise changed except by an instrument in writing duly executed by authorized representatives of each of the parties hereto.

27. In the event that any party must take legal action to enforce the terms of this Agreement, the prevailing party shall be entitled to its legal costs and expenses (including reasonable attorneys' fees) in addition to any other damages

28. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together should constitute one and the same agreement.

IN WITNESS OF their understanding and agreement, the parties have executed this Agreement by signature of a duly authorized officer on the date set forth below.

**ACCEPTED AND AGREED TO:**

FF Magnat Limited

Date: _____        Signature:_____

Liberty Media Holdings, LLC

Date: _____        Signature:_____

Randazza Legal Group and Attorney Marc Randazza personally (with respect to the trust obligations in Section 1 and Sections 8 and 9 only)

Date: _____        Signature:_____
                                Marc Randazza, Esq.

MJR 0203357

**Attachment A**
**Oron Accounts**

1. PayPal (paypal.com)
2. PaymentWall (http://www.paymentwall.com/)
3. MicroPayment (https://www.micropayment.ch/)
4. CCBill (http://www.ccbill.com/) may have a negative balance even but I guess that doesn't really matter.
5. Payza, ex AlertPay (https://www.payza.com/)
6. PaySpace (payspace.lv)
7. AcquiroPay (http://acquiropay.com/)
8. DaoPay (http://www.daopay.com/)
9. HSBC Hong Kong Bank

# Arbitration Exhibit

# 410

| | |
|---|---|
| **From:** | uzi008@yahoo.com |
| **To:** | piracy@corbinfisher.com |
| **Subject:** | Anti-Piracy Potential Member Feedback (ACM) |
| **Date:** | Wednesday, March 24, 2010 10:54:12 PM |

Message:
URL:http://www.xvideos.com/video375521/4_some%3A_connor_brandon_josh_and_sascha
Name:d gomez
Phone:
******
ServerIP:mars.corbinfisher.com
IP:98.64.89.254
From: uzi008@yahoo.com



DEFENDANT'S
EXHIBIT
410

MJR 048321

| | |
|---|---|
| **From:** | piracy@corbinfisher.com |
| **To:** | piracy@corbinfisher.com |
| **Subject:** | Anti-Piracy Non-Member Feedback (CF) |
| **Date:** | Thursday, March 25, 2010 6:35:36 PM |

Message:
URL:http://www.xvideos.com/video375508/connor_and_dolph_corbin_fisher
Name:
Phone:
******
ServerIP:www.corbinfisher.com
IP:67.182.228.167
From:

| | |
|---|---|
| **From:** | piracy@corbinfisher.com |
| **To:** | piracy@corbinfisher.com |
| **Subject:** | Anti-Piracy Non-Member Feedback (CF) |
| **Date:** | Thursday, March 25, 2010 6:36:08 PM |

Message:
URL:http://www.xvideos.com/video375927/mason_y_cade
Name:
Phone:
******
ServerIP:www.corbinfisher.com
IP:67.182.228.167
From: Your Email Address

| | |
|---|---|
| **From:** | kevin_sa1965@yahoo.com |
| **To:** | piracy@corbinfisher.com |
| **Subject:** | Anti-Piracy Potential Member Feedback (ACM) |
| **Date:** | Tuesday, May 11, 2010 11:39:49 PM |

Message:hope this helps.
URL:http://www.xvideos.com/video375398/cody_fucks_lucas
Name:Kevin Moore
Phone:
******

ServerIP:www.corbinfisher.com
IP:69.91.20.113
From: kevin_sa1965@yahoo.com

| | |
|---|---|
| **From:** | Jason401sf@yahoo.com |
| **To:** | piracy@corbinfisher.com |
| **Subject:** | Anti-Piracy Potential Member Feedback (ACM) |
| **Date:** | Wednesday, May 19, 2010 4:29:19 PM |

Message:http://www.xvideos.com/video390293/luke_and_josh_hot_fucking
URL:http://www.xvideos.com/video375398/cody_fucks_lucas
Name:Jason - San Francisco
Phone:
******
ServerIP:neptune.corbinfisher.com
IP:76.93.210.140
From: Jason401sf@yahoo.com