LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Defendant

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MARC JOHN RANDAZZA,<br><br>Debtor. | Case No.: BK-S-15-14956-abl<br>Chapter 11 |
| EXCELSIOR MEDIA CORP., a Nevada corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MARC JOHN RANDAZZA, an individual,<br><br>Defendant. | Adv. No. 15-01193-abl<br><br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION FOR ORDER CONFIRMING INTERIM ARBITRATION AWARD**<br><br><br>Date: April 18, 2017<br>Time: 1:30 p.m. |
| AND RELATED COUNTERCLAIMS. | |

Defendant, Marc John Randazza (the "Defendant"), hereby respectfully requests that the Court take judicial notice pursuant to Fed. R. Evid. 201 of the following facts in support of his *Opposition to Motion for Order Confirming Interim Arbitration Award* (the "Motion") [ECF No. 125], and such matters as may be filed in the above-referenced adversary proceeding:

1. Liberty California was an entity affiliated with Excelsior, however, it was cancelled effective December 31, 2016. Attached hereto as **Exhibit 1** and **Exhibit 2** are true and correct copies of the Secretary of State printouts from Nevada and California.

2. Plaintiff Liberty Nevada was organized on January 4, 2016, and thus did not exist during Defendant's employment with Excelsior; it did not even exist at the time the Original Complaint in this Adversary Proceeding was filed on November 30, 2015. Attached hereto as **Exhibit 3** a true and correct copy of the Nevada Secretary of State printout.

3. In 2011, MJRPA (including by its other attorneys) successfully represented Mr. Wayne Hoehn, among various other defendants, in litigation brought by Righthaven, a well-known "copyright troll," [1] arising from these defendants' fair use of copyrighted materials. Attached hereto as **Exhibit 5** a true and correct copies of *Righthaven LLC v. Hoehn*, 792 F. Supp. 2d 1138, 1151 (D. Nev. 2011), vacated in part by *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1168 (9th Cir. 2013).

4. Plaintiffs dishonestly alleged that the Defendant was awarded $55,000 in a suit against Righthaven filed on behalf of a third-party client, see SAC ¶¶ 93-97, when in fact it is clear that it was his law firm, MJRPA, which law firm had numerous attorneys in addition to the Defendant, who was awarded the compensation. Plaintiffs at no time had legal or equitable right or title to the earned fees awarded to MJRPA. The $55,000 was a distribution for administrative expenses by the Righthaven receiver imposed by the court. Defendant represented various defendants who were defending litigation brought by Righthaven, not a plaintiff. Those defendants were neither competitors of Plaintiffs nor were they targets of Plaintiffs' litigation strategy, and such representation in no way conflicted with any duties of Defendant to Plaintiffs. To the contrary, such representation benefitted Excelsior. Defendant and MJRPA received much

---

[1] See https://en.wikipedia.org/wiki/Righthaven. **Exhibit 4**.

1

positive press for his work on the Righthaven litigation. See Wired Magazine, "Copyright Troll's Assets Targeted for Seizure" (Sept. 19, 2011), available at https://www.wired.com/2011/09/righthaven-assets-targeted/, **Exhibit 6**. It is inexplicable how the tremendous goodwill generated by MJRPA's litigation against Righthaven could have resulted in anything other than positive press by association for Defendant's employer, Excelsior, and MJRPA's other clients, like Liberty California, as well.

5.  Attached hereto as **Exhibit 7** and **Exhibit 8** are true and correct copies of Righthaven, LLC v. Hoehn, 2:11-cv-00050 (D. Nev. Mar. 15, 2013) (report of receiver); Righthaven, LLC v. Hoehn, 2:11-cv-00050 (D. Nev. Jun. 6, 2013) (order adopting report of receiver).

6.  During the course of his employment with Excelsior, the Defendant found himself facing the same opposing counsel, notably Valentin Gurvits. Esq. ("Mr. Gurvits") when MJRPA represented Liberty California in litigation against TNAFlix and FF Magnat Ltd. d/b/a Oron.com ("Oron").  See SAC ¶ 23 (Mr. Gurvits representing TNAFlix); attached hereto as **Exhibit 9** and **Exhibit 10** are true and correct copies of *Liberty Media Holdings, LLC v. Youngtek Solutions, Ltd. d/b/a TNAFlix.com*, No. 3:10-cv-01972, 2010 U.S. Dist. LEXIS 136525 (S.D. Cal. Dec. 27, 2010); and *Datatech Enters. LLC v. FF Magnat Ltd. d/b/a Oron.com*, No. 12-4500, 2013 WL 1007360 (N.D. Cal. Mar. 13, 2013) (Mr. Gurvits representing Oron).

7.  On June 20, 2012, Liberty California, through MJRPA, filed suit against Oron for copyright infringement (the "Oron Litigation"), in the United States District Court for the District of Nevada, Case No. 2:12-cv-01057.  Attached hereto as **Exhibit 11**.

8.  MJRPA commenced the litigation very aggressively for Liberty California by filing a series of motions on the very first day of the case seeking a temporary restraining order, a preliminary injunction, a motion for seizure of funds, and a motion to appoint a receiver. Attached hereto as **Exhibit 12**, **Exhibit 13**, and **Exhibit 14**.

9.  On July 6, 2012, because of Oron's recalcitrance, MJRPA filed a motion to enforce the Oron Settlement and a motion for recovery of attorneys' fees and costs then successfully obtained an order enforcing the Oron Settlement on behalf of Liberty California.  See SAC ¶ 52;

1 and attached hereto as **Exhibit 15** and **Exhibit 16**.

2     10.    On August 7, 2012, the District Court entered an order granting Liberty California's motion to enforce the Oron Settlement, and entered judgment in favor of Liberty California, and against Oron in the amount of $550,000, and continuing to freeze Oron's accounts to satisfy any attorneys' fee award. Attached hereto as **Exhibit 17** and **Exhibit 18**.

    11.    That same day, MJRPA filed writs of execution of the foregoing judgment against Oron, and on August 10, 2012, also filed an emergency renewed motion for attorneys' fees and costs incurred. Attached hereto as **Exhibit 19**.

    12.    Defendant denies having made any material misrepresentations to the Court as alleged. Plaintiffs' entire theory is a semantic argument resting upon Defendant's use of the word "incurred" in the fee petition in the Oron Litigation. Attached hereto as **Exhibit 20** a true and correct copy of *FF Magnat Ltd. v. Liberty Media Holdings*, No. 12-16976 (9th Cir. Feb. 13, 2013).

    13.    On August 31, 2012, Liberty California, acting through new counsel, filed a motion to substitute attorneys to replace MJRPA, which was approved by order entered by the District Court on September 4, 2012. Attached hereto as **Exhibit 21** and **Exhibit 22**.

    14.    On September 4, 2012, the District Court also entered an order determining that the actual value of MJRPA and the Defendants' services in the Oron Litigation was $131,797.50, and entered judgment thereon. Attached hereto as **Exhibit 23**.

    15.    On September 5, 2012, Oron appealed the District Court's decisions to the United States Court of Appeals for the Ninth Circuit, which appeal was dismissed about nine (9) months later on June 25, 2013. Attached hereto as **Exhibit 24**.

    16.    On June 26, 2013, which was the day after the Ninth Circuit dismissed Oron's appeal, Liberty California, acting through new counsel, filed what it called a motion for adjudication that attorney's charging lien is unenforceable and for declaratory order against MJRPA, and an emergency motion for disbursement of funds against MJRPA. Attached hereto as **Exhibit 25**.

    17.    On July 26, 2013, the District Court denied Liberty California's motions to adjudicate and render unenforceable MJRPA's charging lien, and also its motion to disburse funds

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

3

1    without payment to MJRPA. Attached hereto as **Exhibit 26**.

2    18. On December 9, 2012, as later amended, MJRPA filed an action against Liberty in the Eighth Judicial District Court, Clark County, Nevada, being Case No. A-12-673275-C, therein alleging claims for monies due for legal services rendered in the Oron Litigation (the "Fee Litigation"). Attached hereto as **Exhibit 27**.

19. On March 28, 2013, Liberty answered the amended complaint in the Fee Litigation, and filed a counterclaim against MJRPA alleging malpractice claims against MJRPA arising out its representation of Liberty in the Oron Litigation, which are similar to those asserted against Defendant in this Adversary Proceeding. Attached hereto as **Exhibit 28**.

20. On August 2, 2016, the parties filed a *Joint Stipulation and Order for Dismissal With Prejudice* in the Fee Litigation, which the Nevada State Court has entered, thereby confirming the complete effectuation of the MJRPA Settlement Agreement. Attached hereto as **Exhibit 29**.

21. Attached hereto as **Exhibit 30** is a true and correct copy of *Liberty Media Holdings LLC v. FF Magnat Limited*, Case No. 12-16976, Answering Brief of Appellee Liberty Media Holdings, LLC (9th Cir. Feb. 13, 2013).

Dated: April 10, 2017.

By:   /s/ Matthew C. Zirzow
      LARSON & ZIRZOW, LLC
      ZACHARIAH LARSON, ESQ.
      MATTHEW C. ZIRZOW, ESQ.
      850 E. Bonneville Ave.
      Las Vegas, Nevada 89101

      Attorneys for Defendant

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169