James D. Greene, Esq., NV Bar No. 2647          E-filed on: *May 19, 2017*
**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
Ph: (702) 570-6000
Fax: (702) 463-8401
E-mail: jgreene@greeneinfusolaw.com

Attorneys for Plaintiffs

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARC JOHN RANDAZZA<br><br>              Debtors.<br>_____<br><br>EXCELSIOR MEDIA CORP., a Nevada Corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada Limited Company,<br><br>              Plaintiffs,<br><br>v.<br><br>MARC JOHN RANDAZZA, an individual,<br><br>              Defendant. | Case No BK-15-14956-ABL<br><br>Chapter 11<br><br><br>Adversary Proceeding No. 15-01193-ABL<br><br><br>**OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Hearing Date:  June 6, 2017**<br>**Hearing Time:  1:30 p.m.** |

       Plaintiffs Excelsior Media Corp. ("Excelsior") and Liberty Media Holdings, LLC ("Liberty" and, collectively with Excelsior, "E/L" or "Plaintiffs"), by and through their undersigned counsel, James D. Greene, Esq., of Greene Infuso, LLP file their Opposition to Defendant's Motion for Partial Summary Judgment ("Motion").  This Opposition is made and based upon the attached points and authorities, the pleadings and papers on file in this adversary proceeding, and such argument of counsel as may be presented at the hearing on the Motion.

GREENE INFUSO, LLP
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

## POINTS AND AUTHORITIES

### I.  *Introduction*

1.     The Defendant in this adversary proceeding and Debtor in the underlying bankruptcy case, Marc Randazza ("Randazaa," or "Defendant"), is the former in-house counsel of the Plaintiffs who, from the inception of his employment with Plaintiffs, engaged in a continual pattern of deliberate and intentional conduct designed to enrich himself and to harm the Plaintiffs. Randazza lied about his intentions to serve as Plaintiffs' competent and ethical in-house counsel, and engaged in a pattern, of deceptive conduct that he knew and intended to harm Plaintiffs. Randazza is not an "honest but unfortunate debtor" seeking a fresh start, but rather is a dishonest debtor for whom the nondischargeability statutes are intended.  *See Grogan v Garner*, 498 U.S. 279, 286-287 (1991).

2.     By the instant Motion, Defendant is taking a second bite of the apple represented by his two previous motions to dismiss the Plaintiffs' complains in this proceeding.  Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint resulted in the dismissal of one of three causes of action.  The Court denied the Motion as to Plaintiffs' other two causes of action. The instant Motion is little more than a re-hash of Defendant's motions to dismiss.  Nothing argued in the instant motion differs substantively from Defendant's arguments in his motion to dismiss.  The Court should deny this attempt at a "do over".

3.     Not only is the instant Motion a "do over" regarding dismissal, the Motion is a also blatant attempt to short circuit the effect of the potential confirmation of the pre-petition Interim Arbitration Award ("IAA").  As the Court is no doubt aware, the parties recently argued Plaintiffs' Motion to Confirm Interim Arbitration Award ("Confirmation Motion") and the Court took that matter under submission.  That ruling is scheduled to be made on June 6, 2017, when the instant Motion will be argued.  If the Court grants the Confirmation Motion, many of the facts Defendant has identified as "undisputed" (see ECF No. 147) will be not only very much in dispute, buy many may be found to be contrary to what Defendant asserts.  Thus, the Court should postpone argument on, if it does not simply deny, the instant Motion, to allow additional briefing to address the effect of the potential confirmation of the IAA.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREENE INFUSO, LLP**
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

4.      The instant Motion also (like Defendant's motion to dismiss) contains a number of inherently inconsistent arguments.  For instance, he claims that all legal work that he did for Plaintiff Liberty was done through his separate professional corporation, Mark J. Randazza P.C. ("MJR PC") and not pursuant to the Employment Agreement. *See* Motion, ¶¶7-8.  But as the SAC alleges and as Randazza testified in the pre-bankruptcy arbitration, Mr. Randazza did virtually all of his work for Liberty and did virtually no work for Excelsior.[1]  Clearly, therefore there are material factual issues about the capacities in which Randazza was working for Plaintiffs.

5.      In connection with the Oron litigation settlement, Defendant, during the time he was wrongfully withholding the full amount of the settlement proceeds, proposed a distribution of settlement funds under which his firm would receive fees and Defendant would also personally receive a 25% bonus from the Oron settlement proceeds which was based solely upon the terms of the Employment Agreement.  Defendant's claim to a 25% bonus clearly indicates he was handling the Oron matter as Plaintiffs' General Counsel and not through his law firm, as he now claims.  Defendant's claims to the contrary now are belied by the evidence and demonstrate his willingness to manipulate facts.

6.      Finally, this Motion is also severely premature.  Even though this matter has been pending for over 18 months, due primarily to extensive motion practice, no discovery plan has been filed and not a shred of discovery has been done.  This is especially relevant in this case because the issues in the dischargeability portion of this proceeding are substantially different than the issues that were in play in the pre-petition arbitration proceeding.  Namely, in the arbitration the relevant issues involved malpractice, breach of fiduciary duty, breach of contract and negligence.  Although there is some overlap with resolution of Defendant's objection to Plaintiffs' claim, there are also significant different issues in that the dischargeability claims now before the Court involve issues of intent relating to Defendant's potentially tortious conduct.  No discovery whatsoever was done in the arbitration relating to such issues.

---

[1] Defendant testified under oath at the Arbitration that he "did almost nothing for Excelsior." Instead, "the vast majority" of Defendant's work was for Liberty. See Arbitration Transcript of February 9, 2015 p. 37, lines 11-24,  ECF 143, Exhibit 1.

*II. Legal Argument* [2]

    *A.      Motion for Partial Summary Judgment*

The standard for the court's consideration of a motion for partial summary judgment are well known.  Federal Rule of Civil Procedure 56 permits summary judgment where the record before the court shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.  The burden then shifts to the non-moving party to set forth specific facts demonstrating a genuine factual issue for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

A genuine issue of material fact exists oif "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ."  *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

All justifiable inferences must be viewed in the light most favorable to the non-moving party.  *See Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.  However, the non-moving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56, showing there is a genuine issue for trial.  *See Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  *See Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

Summary judgment, therefore, "shall be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

---

[2] Plaintiffs have determined not to include a section on the factual background in this Opposition.  There has been extensive motion practice already and those filings lay out Plaintiffs' version of the facts.  In addition, Plaintiffs have responded to Defendant's separate statement of facts.

GREENE INFUSO, LLP
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

which that party will bear the burden of proof at trial.'" *Custom Teleconnect, Inc. v. Int'l Tele-Services, Inc.*, 254 F. Supp. 2d 1173, 1179 (D. Nev. 2003) (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548).

### B.   Plaintiffs E/L Have Standing to Assert All Claims Made in this Proceeding

As a preliminary argument, Randazza argues that E/L's ability to assert both claims and dischargeability claims is limited and that he is entitled to summary judgment as to those claims. Emphasizing his current position that Excelsior and Liberty are separate legal entities that have no connection with each other (which contradicts his position throughout the arbitration), Excelsior (according to Randazza), has no more than breach of contract claims that cannot form a basis of a dischargeability claim. Defendant also argues that other defects bar dischargeability claims asserted by "Liberty California" or "Liberty Nevada". See ECF 146,¶¶ 113-1169.

As to the first issue, as discussed in more detail below and in Plaintiffs' Response to Defendant's Statement of "Undisputed" Facts ("SUF"), Randazza has so muddied the waters as to who he was representing when, and in what capacity, that any such a determination is clearly premature. As the Court is aware, no discovery plan is in place and no discovery has been done.

Moreover, there is no benefit to ruling on or limiting issues at this stage. Randazza has objected to the claim filed by Plaintiffs so, whether Excelsior has, regarding dischargeability or does not have, claims, does not end its involvement in this proceeding.

Regarding the second issue, as explained in the Declaration of Henry Leonard ("Leonard Declaration") filed concurrently with this Opposition, Excelsior is a Nevada corporation that produces videos and other media content. Before 2012, Excelsior's offices were located in San Diego, California. Excelsior moved its offices to Las Vegas, Nevada and, around that time, Liberty Media Holdings LLC was formed in Nevada as a foreign limited liability company (in Randazza's terminology, "Liberty California"). Liberty California was the owner of intellectual property rights and content created by Excelsior. Liberty and Excelsior are owned and controlled by the same individuals.

In late 2015, the decision was made to dissolve the foreign (in Nevada) limited liability company (Liberty California) and to form a Nevada limited liability company to serve in the same

GREENE INFUSO, LLP
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

5

1   capacity.  On December 15, 2015, Mr. Leonard caused dissolution papers to be filed with the

2   Nevada secretary of state and on January 4, 2016, a new Nevada LLC was formed, also named

3   Liberty Media Holdings LLC.  *See* Leonard Declaration ¶¶ 7-9; ECF 146, ¶115.

4           As to "Liberty California", Randazza says it "withdrew as a party to this case" when the

5   FAC was filed.  Randazza points to no statutory or other authority for this claim.  If Randazza

6   means that Liberty California was not a LLC in good standing after December 31, 2015, he is

7   wrong.  Under Nevada law, a limited liability company that is dissolved can continue to sue and

8   be sued for at least two years after dissolution, and can generally continue to wind down its

9   affairs.  *See* NRS 86.505(1).  Moreover, nothing filed in this case indicates Liberty California was

10  exiting the litigation.   Thus, there is no basis for the argument that Liberty California has

11  abandoned its claims.

12      ## C.    Defendant's Efforts to Derail Claims Relating to Other Matters

13          Defendant goes to great lengths describing to his work for other clients and in the Oron

14  matter (Motion ¶¶ 12 to 61), but the reason is not clear.  For the reasons laid out in Plaintiffs'

15  Response to the SUF, the facts about the nature and scope of that representation are vigorously

16  disputed and virtually every one was rejected by the arbitrator in IAA.[3]    Moreover, the issues

17  regarding  representation of the third parties and of Liberty described in the Motion are pertinent

18  to claim objection issues, even if not dischargeability issues.  Once again, however any find

19  determination on these issues is decidedly premature.

20      ## D.    Summary Judgment on Plaintiffs' Section 523(a)(4) Claims is Unwarranted

21          Bankruptcy Code section 523(a)(4) excepts from discharge any debt for "fraud or

22  defalcation while acting in a fiduciary capacity, embezzlement or larceny."  11 U.S.C. §523(a)(4).

23  Under Ninth Circuit law, in order to establish fraud or defalcation while acting in fiduciary

24  capacity as contemplated by section 523(a)(4), the Plaintiff must show that "1) an express trust

25  existed, 2) the debt was caused by fraud or defalcation, and 3) the Debtor acted as a fiduciary to

26

27

28

---

[3] Defendant may claim that the IAA has no binding effect, but that very argument illustrates the prematurity of the instant motion.  However, whether the IAA is confirmed or not, it illustrates that virtually all of the material facts in the SUF are disputed.

GREENE INFUSO, LLP
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

the Creditor at the time the debt was created."  (citing *Otto v Niles* (*In re Nile*s, 106 F.3d 1456, 1459 9th Cir. 1997); *see also* Transcript of Ruling, June 10, 2016, p.36.

Defendant's argument that it is entitled to summary judgment on Bankruptcy Code section 523(a)(4) rests on two notions.  First, that the ordinary attorney-client relationship docs not give rise to the type of fiduciary relationship contemplated by section 523(a)(4).  *See* Motion, ¶¶ 123-127.  Second, that there was no express trust relationship between Plaintiffs and Defendant because there was no "trust res" held by Defendant.  Motion, ¶¶ 87-90.

As to the first issue, the caselaw cited by Defendant that involves the ordinary attorney-client relationship is *In re Bigelow*, 271 B.R. 178 (B.A.P. 9th Cir. 2001).  There, the court held that the debtor, the Plaintiff's criminal attorney, was not, solely by virtue of that relationship, a fiduciary as defined in section 523(a)(4). *Id* at 181.  The court also noted that there were no trust funds involved in the relationship. *Id* at 188.  This Court has also held as much in this case. Transcript of Ruling, October 18, 2016, p.20.  Moreover, a review of the Employment Agreement shows that Defendant's duties went far beyond General Councel.  See Exhibit 1 hereto, Bates p. EMC000505.

Defendant also argues that there was no trust "res" but that ignores the $550,000 held in the Randazza Law Group trust account that Randazza had refused to turn over to Plaintiffs until commencement of litigation.  Defendant also claims the Grady money ($5,000) and the Righhaven money ($55,000) were not his but held by his law firm and thus he could not have been required to account for this.[4]  This once again illustrates the pending confusion and existence of material disputed facts concerning who Randazza was representing and in what capacity.

The existence of such funds distinguishes the present case from *Bigelow*. *See* 271 B.R. at 188 ("Since there were no trust funds involved in Bigelow's attorney-client relationship with Stephens, there was not a "fiduciary" relationship within the narrow meaning of §523(a)(4).").

---

[4] As noted in Plaintiffs' response to the SUFA, Defendant testified in Arbitration that Grady contributed the $5,000 to *Liberty's legal fees,* Defendant also testified that he did the Righthaven work under the auspices of his employment by Excelsior and that the $55,000 was a fee award.  *See* Arbitration Transcript of February 11, 2015, p. 602, line 13 to page 604, line 23, Response ¶13, 18-19.

GREENE INFUSO, LLP
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

Randazza ignores the fact that he was (even under his theory) Excelsior's in-house attorney and any funds held that belonged to Excelsior he held in trust for Excelsior. Thus any funds be held for (or that should have been turned over to) Excelsior were a trust res. Similarly, to the extent Randazza was acting (whether under his Employment Agreement or not) as counsel for Liberty, any funds that he held (or should have turned over to) Liberty and were a trust res. Randazza has so muddied the waters over the nature of his relationships with Plaintiffs that summary judgment at this early stage is clearly not warranted. For instance, as discussed in the Response to Randazza's statement of facts (Response, ¶4) he claims now to have been representing Liberty through his law firm, but when he proposed a distribution of the Oron settlement proceeds, he provided for a 25% bonus (a contingent fee) that was obviously based on the Employment Agreement and would have been improper under ethical rules. Now that Randazza has completely changed his position concerning his relationships with Plaintiffs relative to what it was at the arbitration, Plaintiffs should be given an opportunity to explore this issue before a dispositive motion is granted.

Finally, Randazza argues that Plaintiffs' claims relating to spoliation of evidence does not give rise to a claim for nondischargeability under section 523(a)(4). Motion ¶¶ 159-163. Randazza claims this was required by the Employment Agreement and ordinary practice. He also claims his representation of Liberty was through his law firm. However, the arbitrator rejected these arguments based in part on expert testimony. Also, given the likelihood of looming litigation Randazza clearly should not have simply wiped the laptops entirely, but preserved them until a solution could be worked. See ECF 144, Exhibit 16, p.79-80.

### E.    *Summary Judgment on Plaintiffs' Section 523(a)(6) claim is Unwarranted*

Defendant's argument concerning claims under section 523(a)(6) is subject the same arguments made throughout this Opposition. Defendant argued in both of his motions to dismiss that claims of conversion, malpractice, breach of contract and spoliation cannot rise to the level of a tort that would make up a 523(a)(6) claim. The Court nevertheless held that the SAC stated a viable claim for 523(a)(6) relief. Trans. of Ruling, October 18, 2016, p.25

8

GREENE INFUSO, LLP
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREENE INFUSO, LLP**
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

Defendant's current Motion does no more than rehash the arguments he previously made. The Motion does nothing but add more case law citations (none of it newly decided) that makes the same arguments.  Moreover, ruling on this issue now provides no benefit as the issues still need to be addresses as part of claim resolution.  Any dispositive ruling on the claims under section 523(a)(6) at this time is not only unwarranted but severely premature.

### *V. Conclusion*

For all of the foregoing reasons, Defendant's Motion should be denied.

DATED this 19 day of May 2017.

GREENE INFUSO, LLP
    /s/ James D. Greene
James D. Greene, Esq.
Nevada Bar No. 2647
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146

**CERTIFICATE OF SERVICE**

I am employed by the law firm of Greene Infuso, LLP in Clark County.  I am over the age of 18 and not a party to this action. My business address is 3030 South Jones Boulevard, Suite 101, Las Vegas, Nevada 89146.

On May 19, 2017, I served the document(s), described as:

**OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

☒    by placing the ☐ original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows

☐ a.  ECF System *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

☒ b.  BY U.S. MAIL. I deposited such envelope in the mail at Las Vegas, Nevada.  The envelope(s) were mailed with postage thereon fully prepaid.

Zachariah Larson, Esq.
Matthew Zirzow, Esq.
LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

I am readily familiar with Greene Infuso, LLP.'s practice of collection and processing correspondence for mailing.  Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c.  BY PERSONAL SERVICE.

☐ d.  BY DIRECT EMAIL

☐ e.  BY FACSIMILE TRANSMISSION

I declare under penalty of perjury that the foregoing is true and correct.

Dated, this 19 day of May 2017

/s/ Frances M. Ritchie
An employee of Greene Infuso, LLP