1  LARSON ZIRZOW & KAPLAN, LLC
   ZACHARIAH LARSON, ESQ.
2  Nevada Bar No. 7787
   E-mail: zlarson@lzklegal.com
3  MATTHEW C. ZIRZOW, ESQ.
   Nevada Bar No. 7222
4  E-mail: mzirzow@lzklegal.com
5  850 E. Bonneville Ave.
   Las Vegas, Nevada 89101
6  Tel: (702) 382-1170
   Fax: (702) 382-1169
7
8  Attorneys for Debtor

9

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

11  | | |
|---|---|
| In re: | Case No.: BK-S-15-14956-abl |
| | Chapter 11 |
| MARC JOHN RANDAZZA, | |
| Debtor. | |
| | |
| EXCELSIOR MEDIA CORP., a Nevada corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada limited liability company, | Adv. No. 15-01193-abl |
| Plaintiffs, | |
| v. | |
| MARC JOHN RANDAZZA, an individual, | |
| Defendant. | Date:  February 13, 2018 |
| | Time:  10:00 a.m. |

## DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE WITH EXCELSIOR MEDIA CORP., LIBERTY MEDIA HOLDINGS, LLC AND JASON GIBSON PURSUANT TO FED. R. BANKR. P. 9019

Debtor, Marc John Randazza ("Mr. Randazza"), hereby respectfully submits his motion (the "Motion") seeking to authorize and approve a Settlement Agreement and Release (the "Settlement Agreement") in the form as attached hereto as **Exhibit A** with Excelsior Media Corp. ("Excelsior"), Liberty Media Holdings, LLC, a California limited liability company ("Liberty

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**LARSON ZIRZOW & KAPLAN, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

California"), Liberty Media Holdings, LLC, a Nevada limited liability company ("Liberty Nevada") and Jason Gibson ("Mr. Gibson" and together with Excelsior, Liberty, and, collectively, the "Excelsior Parties") pursuant to Fed. R. Bankr. P. 9019.  This Motion is made and based on the points and authorities herein, the dockets in Mr. Randazza's underlying bankruptcy case (the "Chapter 11 Case") and the related adversary proceeding, Adv. No. 15-1193 (the "Adversary Proceeding"), judicial notice of which are respectfully requested, the *Declaration of Marc J. Randazza* (the "Randazza Declaration") filed in supported hereof, and any arguments of counsel made at the time of any hearing on this Motion.

### I.  Jurisdiction and Venue

1.      On August 28, 2015 (the "Petition Date"), Mr. Randazza filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case (the "Chapter 11 Case").  Mr. Randazza is authorized to operate his business and manage his property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committees have been formed in the Chapter 11 Case.

2.      The Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1).  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9014.2, Mr. Randazza consents to the entry of final orders and judgments by the bankruptcy judge in this matter.  Venue is proper for this Chapter 11 Case in this District pursuant to 28 U.S.C. § 1408(1) and for this Motion pursuant to 28 U.S.C. § 1409(a).

### II.  Factual and Procedural Background

**A.      Pre-Petition Procedural History.**

       **1.      General Background.**

3.      On or about June 10, 2009, Excelsior hired Mr. Randazza as its General Counsel pursuant to an Employment Agreement (the "Employment Agreement").  At all relevant times, Excelsior and Liberty California participate in a joint venture or partnership under the name "Corbin Fisher".  The Agreement makes no mention of the Mr. Randazza representing Liberty

California, the brand name/website "Corbin Fisher," or any other party.  Excelsior and Liberty California allege they are simply "sister" entities.

4.      The Employment Agreement contains several provisions regarding Mr. Randazza's compensation.  It provides for a starting salary of $239,200 annually, or $4,600 per week, in the event Mr. Randazza relocated to San Diego.  (Employment Agreement, § 3(A)).  Mr. Randazza did, in fact, relocate to San Diego.

5.      Section 3(B) of the Employment Agreement provides for a salary review after six months of employment, followed by salary increases of 5% on each anniversary of Mr. Randazza's employment date.  Excelsior could waive or defer this salary increase with an executed Memorandum of Understanding between Excelsior and Mr. Randazza.  (Employment Agreement, § 3(B)).  Pursuant to the foregoing Excelsior provided Mr. Randazza a 5% salary increase on June 10, 2010 and June 10, 2011.  Mr. Randazza's salary should have increased by another 5% on June 10, 2012 pursuant to this section, but Mr. Randazza never received this increase.  Excelsior never formally signed a Memorandum of Understanding with Mr. Randazza waiving or deferring this bonus, nor did it even offer one to Mr. Randazza.

6.      Section 3(C) of the Employment Agreement entitled to Mr. Randazza to a nondiscretionary bonus of 25% of any gross settlement funds paid to Excelsior in connection with legal matters.  His rights to any such bonus vested at the time of settlement, not collection, and Mr. Randazza was entitled to any vested funds even if his employment ended before Excelsior collected the funds.  (Employment Agreement, § 3(C)).

7.      Through the course of dealing between Excelsior and Mr. Randazza, bonus payments under Section 3(C) were due and payable on account of settlement funds received on behalf of Liberty California.

8.      Mr. Randazza was also contractually entitled to severance payment in the event Excelsior unilaterally terminated his employment.  (Employment Agreement, § 7(B)).  Unilateral termination under the agreement means termination for any cause or a change in circumstances of employment constituting constructive discharge.  (Id.)

9.      While serving as general counsel, Mr. Randazza was contractually permitted to

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

3

practice law on behalf of other clients through his outside law firm, Marc J. Randazza P.A. d/b/a Randazza Legal Group ("MJRPA").  (Employment Agreement, § 6(c)).  Thus, for example, at the direction of Excelsior, Mr. Randazza represented Liberty California, through his separate law firm, MJRPA, as required by Nev. R. Prof. Conduct 5.4(d).  Such representation included claims for copyright infringement of motion pictures distributed by the Corbin Fisher venture.  Although settlement payments were made in the name of Liberty California, the received funds were for the benefit of Excelsior, and Mr. Randazza was customarily paid his bonus by Excelsior based on the recovery for Liberty California.

### 2.    MJRPA's Representation of Liberty California in the Oron Litigation.

10.    On June 20, 2012, Liberty California, through MJRPA, filed suit against Oron for copyright infringement (the "Oron Litigation"), in a case styled as Liberty Media Holdings v. FF Magnat Ltd., No. 2:12-cv-01057 (D. Nev.).

11.    As part of the Oron Litigation, MJRPA had to retain Hong Kong-based counsel for Liberty California in order to secure a Mareva or "asset freezing" injunction against Oron's foreign assets in aid of collection.  This retention of foreign counsel was a necessary step in procuring Liberty California's $550,000 settlement in the Oron Litigation.

12.    Excelsior agreed to hire Hong Kong counsel for this purpose and agreed to pay for them, but only if Mr. Randazza advanced $25,000 of his personal money toward their legal fees, to be reimbursed from the proceeds of the Oron Litigation.  Mr. Gibson, speaking on behalf of Excelsior, told Mr. Randazza that his employability was at risk if he did not procure more copyright infringement settlements, including in the Oron Litigation.  In order to keep his job with Excelsior, Mr. Randazza had no choice but to advance the fees for this Hong Kong counsel, with the understanding he would be reimbursed from the settlement proceeds or would at least be reimbursed as any employee would be.

13.    On or about July 1, 2012, Liberty California and Oron reached a settlement in the Oron Litigation (the "Oron Settlement").

14.    On July 6, 2012, because of Oron's recalcitrance, MJRPA filed a motion to enforce the Oron Settlement and a motion for recovery of attorneys' fees and costs then successfully

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

4

obtained an order enforcing the Oron Settlement on behalf of Liberty California.  See Liberty Media Holdings, LLC v. FF Magnat Ltd., No. 2:12-cv-01057, 2012 WL 3255044 (D. Nev. Aug. 7, 2012).

15.    On August 7, 2012, the District Court entered an order granting Liberty California's motion to enforce the Oron Settlement, and entered judgment in favor of Liberty California, and against Oron in the amount of $550,000, and continuing to freeze Oron's accounts to satisfy any attorneys' fee award.  That same day, MJRPA filed writs of execution of the foregoing judgment against Oron, and on August 10, 2012, also filed an emergency renewed motion for attorneys' fees and costs incurred.

16.    This motion for attorneys' fees and costs filed by MJRPA sought an additional $214,964.00, and the Court ultimately awarded $131,797.50.  See Liberty Media Holdings, LLC v. FF Magnat Ltd., No.: 2:12-cv-01057, 2012 WL 3834744 (D. Nev. Sept. 4, 2012).

17.    As set forth in the disbursement breakdown, of the original $550,000 Oron settlement received, Mr. Randazza was owed his 25% commission of $137,500, plus an additional $25,000.00 for the litigation advance he made to retain Hong Kong counsel for Liberty California. As counsel, MJRPA disbursed $31,800 in litigation costs to third parties.  (Id.)  Additionally, records of MJRPA showed Liberty California owed MJRPA $21,279.50 for the services of professionals other than Mr. Randazza in the Oron Litigation.  Finally, records of MJRPA showed Liberty California owed MJRPA $2,601 for non-Oron matters.

18.    At the end of August 2012, MJRPA, as Liberty California's counsel, with the assistance of Hong Kong counsel, seized the settlement funds from Oron through court order. Mr. Randazza communicated this on August 29, 2012 and within hours of receipt of the funds, which is especially quick considering that the Mr. Randazza was out of the office at that time to attend his sister's wedding.

19.    On August 29, 2012, MJRPA proposed a contingent distribution of the proceeds from the Oron Settlement.  The proposed distribution was contingent because not all of the settlement terms had been performed, precluding any vesting of any interest of Liberty California in the proceeds, and Mr. Randazza was personally liable, as an escrow agent, for the funds plus a

10% penalty if he released them before all terms were complied with.

20.    Mr. Gibson, acting for Liberty California, disagreed with the proposed contingent distribution, even though it resulted in a larger net benefit to it than it proposed.  MJRPA was prepared to deliver to Liberty California the funds it was entitled to receive; however, Liberty California demanded the entire amount of settlement funds and without payment to MJRPA for its fees and costs incurred, and with the express position that it would cause Excelsior to not pay Mr. Randazza his bonus from the gross recovery.

21.    MJRPA, acting through Mr. Randazza, then immediately recommended to Liberty California that MJRPA withdraw from representing Liberty California in further matters due to the dispute between the two.  In response, Mr. Gibson, acting for Excelsior, communicated that, rather than simply rely on the words Mr. Randazza used, it would "construe his email" as Mr. Randazza's resignation from his General Counsel position with Excelsior per the Employment Agreement, and alleges that Mr. Randazza did, in fact, resign.  Mr. Randazza disputed this mischaracterization of his words then and continues to dispute it now.  On August 31, 2012, Liberty California, acting through new counsel, filed a motion to substitute attorneys to replace MJRPA, which was approved by order entered by the District Court on September 4, 2012.

22.    On September 4, 2012, the District Court also entered an order determining that the actual value of MJRPA and the Mr. Randazza's services in the Oron Litigation was $131,797.50, and entered judgment thereon.  Subtracting out Mr. Randazza's labors, for which compensation is due under the Employment Agreement, the other attorneys and legal professionals working for MJRPA earned $81,433.98.

23.    On September 5, 2012, Oron appealed the District Court's decisions to the United States Court of Appeals for the Ninth Circuit, which appeal was dismissed about nine (9) months later on June 25, 2013.

24.    On June 26, 2013, which was the day after the Ninth Circuit dismissed Oron's appeal, Liberty California, acting through new counsel, filed what it called a motion for adjudication that attorney's charging lien is unenforceable and for declaratory order against MJRPA, and an emergency motion for disbursement of funds against MJRPA.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

25.    On July 26, 2013, the District Court denied Liberty California's motions to adjudicate and render unenforceable MJRPA's charging lien, and also its motion to disburse funds without payment to MJRPA.

26.    No further actions were thereafter taken in the Oron Litigation, and on August 5, 2014, the Clerk's Office was authorized to dismiss the Oron Litigation for want of prosecution

27.    Mr. Randazza has never been reimbursed the $25,000 he personally advanced, at Excelsior's insistence, to Hong Kong counsel for the Oron Litigation.  Liberty California did not to pay MJRPA any portion of the fees and costs it earned in the Oron Litigation.  Excelsior has refused to pay the Mr. Randazza's remaining compensation owing under the terms of the Employment Agreement.

28.    August 2012 seemed to be a trying time for Excelsior.  On August 7, 2012, Mr. Gibson reported that two significant employees would be terminated, one specifically for economic reasons.  Excelsior eliminated employee benefits, including 401(k) matching and dependent coverage.  Sales were declining and the ownership claimed to be dipping into personal assets to cover business expenses.

29.    Mr. Randazza agrees that there was animosity between him and Corbin Fisher and that he contemplated quitting.  As Excelsior recognizes, however, Mr. Randazza determined to continue and even advanced $25,000 of his own funds at Excelsior's insistence, to litigation in Hong Kong, efforts that indisputably proved successful.

30.    In addition to corporate financial strain, Mr. Randazza was subjected to personal disrespect as part of Excelsior's desire to force him to resign.  And yet, he did not.

31.    In April 2012, without prior notice to Mr. Randazza or his prior consent, Corbin Fisher employees shot a pornographic film in Mr. Randazza's office, which included a woman urinating on his desk.  Mr. Randazza did not think his office could become a filming studio prior to this point.  In that same filming session, Corbin Fisher employees also photographed male-on-male homosexual pornography in Mr. Randazza's office.  Mr. Gibson explicitly highlighted to Mr. Randazza that he was shooting gay porn on Mr. Randazza's office desk & couch.

32.    Then, on August 9, 2012, Mr. Gibson appeared to perform fellatio on another

7

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

employee in the back seat of Mr. Randazza's vehicle, compelling Mr. Randazza to watch.  In light of this personal harassment and Corbin Fisher's financial pressures, Mr. Randazza anticipated his termination was imminent.

33.    Mr. Randazza's anticipation proved prescient.  When Excelsior "construe[d] his email" as a resignation, Excelsior may be deemed to have terminated Mr. Randazza's employment without cause.

34.    Finally, in May 2013, Liberty California and Oron agreed that the $550,000 in settlement funds recovered by Mr. Randazza was vested in Liberty California.

35.    At no time was Mr. Randazza paid his 25% bonus due and owing, which he calculates as  $137,500.00, from the Oron settlement; at no time was Mr. Randazza repaid his $25,000 litigation advance; at no time was Mr. Randazza paid a 5% raise in 2012; and at no time was Mr. Randazza paid the severance he believes to be due.  Mr. Randazza submits that these are clear breaches of contact.

**3.    The Arbitration and State Court Proceedings.**

36.    In light of disputes over Mr. Randazza's termination from his job at Excelsior, on November 15, 2012, Mr. Randazza initiated an arbitration proceeding against Excelsior, Liberty California, and Mr. Gibson, being JAMS No. 1260002283 (the "Arbitration") for obligations owed to him under the Employment Agreement, as well as for wrongful termination, and in the alternative, for constructive discharge and retaliation.  Excelsior also pled counterclaims in the Arbitration against Mr. Randazza.

37.    As a further result of the foregoing disputes, on December 9, 2012, MJRPA filed an action against Liberty California in the Eighth Judicial District Court, Clark County, Nevada (the "Nevada State Court"), being Case No. A-12-673275-C (the "MJRPA State Court Litigation"), therein alleging claims for money due for legal services rendered.  Liberty California asserted various counterclaims against MJRPA State Court Litigation as well.

38.    On June 3, 2015, the Arbitrator entered an *Interim Arbitration Award* (the "IAA") in favor of Excelsior on certain items, but left various other matters unresolved.  Although beyond the scope of the discussion necessary with respect to the current Motion to approve the instant

Settlement Agreement, Mr. Randazza believes there were significant injustices and inconsistencies with the Arbitrator's decision in the IAA.

39.     On June 15, 2015, certain of the Excelsior Parties filed a motion in the Nevada State Court, thereby commencing Case No. A-15-719901-C (the "State Court Confirmation Proceedings"), which sought to confirm the IAA and have formal judgment entered against the Mr. Randazza.[1]  Mr. Randazza opposed this request and also sought, in the alternative, to vacate or modify it.

40.     On the Petition Date, and thus prior to the Nevada State Court hearing argument and ruling on the pending matters in the State Court Confirmation Proceedings, and also prior to the Arbitration continuing any further beyond the IAA with respect to the remaining matters still unresolved in the Arbitration, Mr. Randazza filed his bankruptcy petition, thereby staying those proceedings by operation of section 362 of the Bankruptcy Code.

## B.      Post-Petition.

41.     On October 28, 2015, Excelsior and Liberty California filed their *Motion to Modify the Automatic Stay to Allow a Pre-Petition Arbitration to Proceed to Judgment* (the "Stay Relief Motion") [ECF No. 60], wherein they argued that the Court should grant them relief from the automatic stay to allow them to return to Nevada State Court and seek confirmation of the IAA, and otherwise proceed with the remainder of the Arbitration.  Excelsior and Liberty California attached copies of the IAA and Mr. Randazza's Employment Agreement to their Stay Relief Motion.  On December 18, 2015, the Court entered a written order denying the Stay Relief Motion [ECF No. 93], which incorporated the Court's prior ruling on December 15, 2015 [ECF No. 116 (transcript)].

42.     On December 29, 2015, Excelsior filed a *Proof of Claim* (the "Proof of Claim") in the stated amount of "in excess of $1,552,614.29."  [Claim No. 8].  Neither Liberty California, Liberty Nevada, nor Mr. Gibson filed their own separate proofs of claim in the Chapter 11 Case,

---

[1] The State Court Action was filed in the wrong jurisdiction, because any action to enforce any arbitration award arising from the Employment Agreement, including the IAA, was contractually required to be venued in San Diego County, California.  (Employment Agreement, § 9.E).

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

but "Liberty Media Holdings" is listed as "another name the creditor used with the debtor" in the Proof of Claim. Excelsior also attached the unconfirmed IAA as an exhibit to its Proof of Claim as the sole exhibit thereto. Excelsior provided no other exhibits or explanation with the Proof of Claim. Certain of the Excelsior Parties later attempted to argue that the filing of the Stay Relief Motion should be construed as a so-called "informal" proof of claim on behalf of Liberty California.

43.     On November 30, 2015, Excelsior and Liberty California (collectively, the "Plaintiffs") filed their original complaint against the Mr. Randazza (the "Original Complaint") [Adv. ECF No. 1], which asserted claims for nondischargeability pursuant to sections 523(a)(2)(A) and (a)(4) of the Bankruptcy Code, thereby commencing the Adversary Proceeding.

44.     On February 10, 2016, which was almost two and a half months after the Plaintiffs filed their Original Complaint, but neglected to serve it, Excelsior and Liberty Nevada filed their *First Amended Complaint* (the "FAC") [Adv. ECF No. 11], thereby asserting claims for nondischargeability against Mr. Randazza pursuant to sections 523(a)(2), (4), and (6) of the Bankruptcy Code. The filing of the FAC rendered moot the claims by Liberty California in the Original Complaint.

45.     On March 14, 2016, Mr. Randazza filed a motion to dismiss the FAC or, in the alternative, for partial summary judgment [Adv. ECF No. 19], which was thereafter fully briefed by the parties. [Adv. ECF Nos. 23, 24, 37-39, 43-45 and 48]. In the foregoing briefing, Mr. Randazza argued, among other matters, that collateral estoppel did not apply to the IAA because it was unconfirmed, and that under applicable caselaw, unconfirmed arbitration awards lacked preclusive effect as a matter of law [Adv. ECF No. 19, pp. 6-8; ECF No. 42, pp. 7-16].

46.     In or about 2016, and based on a bar complaint filed by Mr. Gibson, the State Bar of Nevada, acting by and through the Office of Bar Counsel, filed a complaint, thereby commencing Case No. OBC15-0747 against Mr. Randazza before the State Bar of Nevada, Southern Nevada Disciplinary Board (the "State Bar Disciplinary Proceeding").

47.     On June 16, 2016, the Court entered a written order granting Mr. Randazza's motion to dismiss the FAC, but with leave allowing it to be replead [Adv. ECF No. 52], which

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

also incorporated by reference the Court's oral ruling on the matter on June 10, 2016 [Adv. ECF No. 55 (transcript)].

48.     On July 7, 2016, Excelsior and Liberty Nevada filed their *Second Amended Complaint* (the "SAC") [Adv. ECF No. 58], which alleged the same nondischargeability claims pursuant to section 523(a) of the Bankruptcy Code as alleged in the FAC.  On August 8, 2016, Mr. Randazza filed a motion to dismiss the SAC, which was then fully briefed by the parties.  [Adv. ECF Nos. 75, 85-86.]  On October 19, 2016, the Court entered an order granting Mr. Randazza's motion to dismiss, in part [Adv. ECF No. 91], which incorporated by reference the Court's oral ruling made on the record on October 18, 2016 [Adv. ECF No. 94 (transcript)].  In particular, the Court dismissed the section 523(a)(2) claim with prejudice, because there was no basis for a claim for false pretenses, a false representation, or actual fraud committed by Mr. Randazza.

49.     On July 22, 2016, the Bankruptcy Court entered an order (the "MJRPA Settlement Order") [ECF No. 157], thereby approving a Settlement Agreement and Mutual Release (the "MJRPA Settlement Agreement"), involving, among other parties, the Excelsior Parties, Mr. Randazza, MJRPA, and Randazza Legal Group, PLLC, a Nevada professional limited liability company ("RLG").  The MJRPA Settlement Agreement provided that the MJRPA State Court Litigation was dismissed with prejudice in exchange for a payment of $205,000 paid made by MJRPA's professional liability insurance carrier, and without any admission of liability.  The MJRPA Settlement Agreement also contained a purported limited carveout of the impact of that agreement on certain parts of the Adversary Proceeding.

50.     On November 2, 2016, Mr. Randazza filed his *Answer* to the surviving claims of the SAC, and *Counterclaims* [Adv. ECF No. 98], which Counterclaim included an objection to Excelsior's Proof of Claim per section 502 of the Bankruptcy Code (the First Claim for Relief), and various other counterclaims for sums due and owing under his Employment Agreement (the Second through Fifth Claims for Relief, which are all for breach of contract).

51.     On December 5, 2016, certain Excelsior parties filed their *Answer* to Mr. Randazza's Counterclaim and response to Mr. Randazza's objection to the Proof of Claim [Adv. ECF No. 103].

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

52.     On December 22, 2016, certain Excelsior parties filed their *Motion for Order Confirming Interim Arbitration Award* (the "<u>Motion to Confirm</u>") [ECF No. 104], which requested that the Bankruptcy Court confirm the IAA.  Mr. Randazza filed a comprehensive opposition to the Motion to Confirm the IAA [Adv. ECF No. 125], and also later filed an accompanying declaration [Adv. ECF No. 137], and various requests for judicial notice [Adv. ECF Nos. 138, 150 and 175].

53.     On April 10, 2017, Mr. Randazza filed his *Motion for Partial Summary Judgment* as to the SAC (the "<u>MPSJ</u>") [Adv. ECF No. 147], which was fully briefed by the parties [Adv. ECF Nos. 165 and 172].

54.     On June 8, 2017, the Court entered its written order denying the Motion to Confirm the IAA [Adv. ECF No. 181], which incorporated the Court's prior oral ruling on June 6, 2017 [Adv. ECF No. 195 (transcript)].

55.     On June 8, 2017, the Court also entered its *Order Scheduling Trial and Continuing Scheduling Conference* (the "<u>Scheduling Order</u>") [Adv. ECF No. 183], which, among other matters, set this Adversary Proceeding for trial on April 3, 5, 9, 12 and 16, 2018.

56.     On August 2, 2017, the Court entered an *Order* granting in part, and denying in part Mr. Randazza's MPSJ, thereby dismissing Liberty Nevada's nondischargeability claims, but permitting Excelsior's remaining claims in the SAC to proceed.  [Adv. ECF No. 199].

57.     On August 3, 2017, the Court entered a *Judgment* [Adv. ECF No. 201] in favor of Mr. Randazza and against Liberty Nevada, thereby confirming the dismissal of all of Liberty Nevada's nondischargeability claims against Mr. Randazza.

58.     On August 28, 2017, the parties filed a joint *Standard Discovery Plan* (the "<u>Discovery Plan</u>") [ECF No. 208], which provided a discovery cutoff of February 2, 2018 (the "<u>Discovery Cutoff</u>").

59.     Subsequently, the Parties engaged in a settlement dialogue, which discussions included several telephone calls of counsel, and written settlement correspondence and email.  The proposed Settlement Agreement herein is the product of good faith and arm's length negotiations between the parties, and after substantial briefing before the Bankruptcy Court, as well as

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

significant proceedings in the Arbitration. Both sides have been represented by experienced and knowledgeable counsel throughout this litigation, both pre and post-petition, as well as in these settlement negotiations in particular. The Settlement Agreement makes no admissions of liability as to any of the theories pleaded by the Parties, and rather is agreed to by both sides as a way to end their very long, expensive and time-consuming disputes.

### III.  Legal Argument

**A.** **Standard of Decision.**

60.    The Bankruptcy Court may approve a compromise or settlement between a debtor and another party pursuant to Fed. R. Bankr. P. 9019(a).  Compromise and settlement agreements have long been an inherent component of the bankruptcy process.  See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1958) (citing Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).  In TMT Trailer, the Supreme Court held that a bankruptcy settlement must be fair and equitable.  Id.

61.    In order to determine whether a proposed settlement is fair and equitable, the bankruptcy court should consider the following factors:

> (a)    the probability of success in the litigation;
>
> (b)    the difficulties, if any, to be encountered in the matter of collection;
>
> (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
> (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

See Robinson v. Kane (In re A&C Props.), 784 F.2d 1377, 1381 (9th Cir. 1986); see also In re Endoscopy Ctr. of S. Nev., LLC, 451 B.R. 527 (Bankr. D. Nev. 2011); In re Hyloft, Inc., 451 B.R. 104 (Bankr. D. Nev. 2011).

62.    The debtor is not necessarily required to satisfy each of these factors as long as the factors as a whole favor approval of the settlement.  See In re Pacific Gas and Elec. Co., 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004).  The settlement does not have to be the best the debtor could have possibly obtained; rather, the settlement must only fall "within the reasonable range of

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

13

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

litigation possibilities." In re Adelphia Commc'ns Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005).

63.     In considering the factors, "a precise determination of likely outcomes is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim." In re Telesphere Commc'ns, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (internal quotations omitted).  When determining whether a settlement should be approved the Court "'need not rule upon disputed facts and questions of law, but only canvas the issues.'" Suter v. Goedert, 396 B.R. 535, 548 (D. Nev. 2008) (quoting Burton v. Ulrich (In re Schmitt), 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997)).   To require a more extensive analysis would defeat the purpose of Fed. R. Bankr. P. 9019. Id. ("if courts were required to do more than canvass the issue, 'there would be no point compromising; the parties might as well go ahead and try the case'") (citations omitted).  An examination of each of the four (4) A&C Properties factors as applied to the proposed Settlement Agreement in the case at hand follows.

**A.     Application.**

    **1.     Probability of Success.**

64.     Analyzing the probability of success involves an analysis of each side's remaining claims and potential remedies.   Mr. Randazza asserts that the Excelsior Parties have a low probability of success in their claims for a variety of reasons.  First, both of the Excelsior Parties' attempts to confirm the IAA have been denied by the Bankruptcy Court, including by the Court's denial of their Stay Relief Motion to proceed with the State Court Confirmation Proceedings and the remainder of the Arbitration, and the Court's later denial of their Motion to Confirm in the Adversary Proceeding.

65.     Second, because the IAA is both only an interim award, not final, and is also an unconfirmed and indeed now unconfirmable arbitration award, it also has no preclusive effect as a matter of law under prevailing caselaw.  See McDonald v. City of W. Branch, Mich., 466 U.S. 284, 288 (1984); Caldeira v. County of Kauai, 866 F.2d 1175, 1178 n.2 (9th Cir. 1989); In re Sandwich Islands Distilling Corp., No. 07-0102, 2009 WL 3806680, *4 (Bankr. D. Haw. Nov. 12, 2009) (holding that a creditor's claim for monetary damages was not precluded by an arbitrator's

decision awarding no damages, "because an unconfirmed arbitration award, such as the arbitrators' orders in this case, has no preclusive effect,"); <u>Lum v. City and Cnty. of Honolulu</u>, 728 F. Supp. 1452, 1457 (D. Haw. 1989) ("an arbitrator's decision must be subject to some consideration of the merits by a court before it may be given 'full faith and credit' under 28 U.S.C. § 1738"); <u>Khaligh v. Hadaegh (In re Khaligh)</u>, 338 B.R. 817, 831 n.2 (B.A.P. 9th Cir. 2006) (holding that an unconfirmed arbitration award is not subject to the Full Faith and Credit Statute, 28 U.S.C.A. § 1738, because arbitration is not a "judicial proceeding" within the meaning of that statute); <u>Yin-Ching Houng v. Tatung Co. (In re Yin-Ching Houng)</u>, 499 B.R. 751, 761 (C.D. Cal. 2013), <u>aff'd on other grounds</u>, 636 Fed. Appx. 396 (9th Cir. 2016) (rejecting any theory of preclusion for an unconfirmed arbitration award, whether by operation of statute or federal common law).

66.    Third, under applicable Ninth Circuit authority interpreting the Federal Arbitration Act, when claims are required to be arbitrated, the parties do in fact arbitrate, and an arbitration award is issued that is neither vacated nor confirmed, the party in whose favor the arbitration award was rendered is left without remedy. <u>See</u> <u>United States v. Park Place Assocs.</u>, 563 F.3d 907, 934 n.19 (9th Cir. 2009). In <u>Park Place Assocs.</u>, the Ninth Circuit affirmed the denial of a motion to vacate while, simultaneously, finding that confirmation of that same award was also impossible. <u>Id.</u> at 935. The Ninth Circuit recognized that its ruling essentially left the prevailing party from the arbitration without remedy, but reasoned that the very structure and operation of the FAA -- and in particular the requirement that a party must actually have an arbitration award confirmed -- must preserve that possibility as a potential outcome. <u>Id.</u> at 934 n.19. As a result, in addition to disputing the merits of the IAA, Mr. Randazza asserts that the Excelsior Parties could not proceed further on any claim in light of their failure to obtain confirmation of the IAA, thus leaving them without a remedy.

67.    Fourth, the Court has already dismissed with prejudice the Excelsior Parties section 523(a)(2) claim for nondischargeability based upon fraud, and also more recently has dismissed Liberty Nevada as a party entirely from the proceedings, thus leaving only Excelsior as a party. Mr. Randazza asserts that the foregoing decisions have effectively gutted the Excelsior Parties' claims in the Adversary Proceeding such that Excelsior, as the sole remaining party, really does

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

not have any real remaining claims for nondischargeability against Mr. Randazza pursuant to sections 523(a)(4) and (a)(6) of the Bankruptcy Code.  Were this matter to reach trial, Mr. Randazza would show that all funds were accounted-for; there was neither fraud nor defalcation in a fiduciary capacity and he inflicted no malicious injury upon Excelsior.

68.     By contrast, Mr. Randazza asserts that his remaining breach of contract counterclaims are strong.  Indeed, during the parties' settlement discussions, Mr. Randazza was preparing and only days away from filing his own motion for partial summary judgment as to his counterclaims, which he asserts had a substantial probability of success.  Given the foregoing likelihood of Mr. Randazza's counterclaims being granted, this would have resulted in him having a large potential offset against any claims the Excelsior Parties could ever have established.

69.     As such, given the probability of success of Mr. Randazza, as well as the significant limitations on the Excelsior Parties' probabilities of success in light of the Court's rulings and their remaining claims, this first factor weighs strongly in favor of approval of the Settlement Agreement.

### 2.     Collection Difficulties.

70.     There do not appear to be significant collection difficulties against the Excelsior Parties.  The Excelsior Parties have substantial means given their profitable business.  By contrast, Mr. Randazza is obviously presently a debtor in bankruptcy, and thus even if the Excelsior Parties were able to obtain a nondischargeable judgment against him, there would be difficulties in collecting any sum.  Further, as previously noted, the Excelsior Parties would have potential difficulty in collection because of the fact that Mr. Randazza has offsetting claims.  As such, the difficulties in collection also strongly favor approval of the Settlement Agreement, especially given that the Settlement Payment amount is only $40,000, and is proposed to be paid over time in equal monthly payments of $1,000 per month over the next three plus years.  This Settlement Payment is obviously substantially less than what was originally alleged by the Plaintiffs.  As such, this second factor also weighs heavily in favor of approving the Settlement Agreement.

### 3.     The Complexity, Expense, Inconvenience and Delay of the Litigation.

71.     The litigation of the Parties' disputes has been exceedingly complex, expensive,

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

time consuming, and resulted in significant delays.  Prior to the Chapter 11 Case, the Parties engaged in various expensive and extensive proceedings, including a full Arbitration proceeding and arbitration hearing, the MJRPA State Court Case, and the State Court Confirmation Proceedings, which involved multiple sets of attorneys.  Prior to the Petition Date, these matters were litigated from late 2012 to the middle of 2015.  Additionally, since the filing of the Chapter 11 Case, the various matters in the Chapter 11 Case and the Adversary Proceeding have also been extensively litigated at great time and expense to both parties.  In particular, not only did the parties have a contested Stay Relief Motion, but in the Adversary Proceeding, the Excelsior Parties have filed three versions of their adversary complaint, those have been met with several motions to dismiss and a motion for partial summary judgment, and the parties have also litigated a separate Motion to Confirm the IAA in the Adversary Proceeding.  In particular, in the Adversary Proceeding the Original Complaint was filed on November 30, 2015, and it was not until June 2017 (more than a year and a half later) that the matter moved beyond the initial pleading stage given the various dispositive motion practice, the Motion to Confirm and the Counterclaims that the Parties engaged in prior to the commencement of discovery in that proceeding.  Going forward, and because the Parties will basically need to reprove their entire case given the lack of any relevance or effect of the unconfirmed IAA, the parties were looking at very expensive litigation involving numerous depositions, hundreds of exhibits, various dueling expert witnesses, likely further dispositive motion practice, and a lengthy four or more day trial in the Adversary Proceeding.  In sum, the Parties have already spent a substantial amount of time and incurred a significant amount of expense only to find themselves back to having to retry their disputes against each other, which will add even more time and expense to the parties.

72.    Second, the litigation in the Adversary Proceeding has proven to be very complex with very lengthy and extensive motion practice and legal briefing on various areas of law, which complexity undoubtedly would continue through the course of the case given the nature of the disputes, the parties, and the counsel involved.  Similarly, the Adversary Proceeding has essentially delayed Mr. Randazza's ability to proceed with a Chapter 11 Case and plan confirmation proceedings.  Although there is always the potential for claims estimation proceedings for purposes

17

of determination the confirmability of a chapter 11 plan, there is no guaranty that the Court would have allowed such a process in this case and/or that the estimated amount would have necessarily been at the amount that would have allowed Mr. Randazza to confirm a plan notwithstanding the continued pendency of the Adversary Proceeding. All of the foregoing indicates that the matters at issue in the Adversary Proceeding involve complex, expensive and delaying matters that strongly weigh in favor of a compromise.

### 4. The Paramount Interest of the Creditors.

73. Finally, the proposed Settlement Agreement is in the best interest of the creditors because it finally resolves the Adversary Proceeding, thus resolving one of the largest claims asserted in the Chapter 11 Case, and indeed the only parties who filed a nondischargeability adversarial action pursuant to section 523(a) of the Bankruptcy Code. As previously noted, the pendency of the Adversary Proceeding, given the claims for nondischargeability, significantly complicated Mr. Randazza's ability to proceed with plan confirmation until those claims therein were at least whittled down, tested, and/or adjudicated. As such, the Settlement Agreement achieves the best result by providing an actual final resolution of the Excelsior Parties' claims, thus removing this impediment to plan confirmation and Mr. Randazza's ultimate exit from bankruptcy. For the avoidance of doubt, no admission of liability or nondischargebility is made or implied by the Settlement Agreement, and it is merely a means to bring about a timely resolution, as both parties have obviously spent substantially more in attorneys' fees and costs contesting the issues among them and such fees and costs far outweigh the settlement amount herein to a significant degree. All of the remaining creditors in the Chapter 11 Case hold general unsecured claims, and other matters such as the recently entered default judgment against Ms. Cox should significantly reduce another large claim, thus allowing Mr. Randazza to proceed with plan confirmation. As such, the Settlement Agreement is in the best interest of all creditors of the estate.

. . .

. . .

. . .

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

## IV. Conclusion

WHEREFORE, Mr. Randazza respectfully requests that the Court enter an order approving the Settlement Agreement as a fair and equitable compromise pursuant to Fed. R. Bankr. P. 9019 in the form as attached hereto as **Exhibit B**.  Mr. Randazza also requests such other and further relief as is just and proper.

Dated:  January 5, 2018.

By:  ___/s/ Matthew C. Zirzow_____
LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.

Attorneys for Debtor

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made by and among MARC JOHN RANDAZZA, an individual, as debtor and debtor in possession ("Mr. Randazza"), on the one hand, and LIBERTY MEDIA HOLDINGS, LLC, a dissolved California limited liability company ("Liberty California"), LIBERTY MEDIA HOLDINGS, LLC, a Nevada limited liability company ("Liberty Nevada"), and EXCELSIOR MEDIA CORP., a Nevada corporation ("Excelsior"), and JASON GIBSON, an individual ("Mr. Gibson" and together with Liberty California, Liberty Nevada, and Excelsior, the "Excelsior Parties"), on the other hand. Mr. Randazza and the Excelsior Parties are sometimes hereinafter collectively referred to as the "Parties" or each as a "Party."

## RECITALS

A.    On or about June 10, 2009, Excelsior hired Mr. Randazza as its General Counsel pursuant to the terms and conditions as set forth in an Employment Agreement (the "Employment Agreement"). Marc J. Randazza, P.A., a Florida professional association, d/b/a Randazza Legal Group ("MJRPA"), also performed legal services for Liberty California as well.

B.    In 2012, certain disputes arose between the Parties, including but not limited to under the Employment Agreement, and disputes related to the matter of Liberty Media Holdings, LLC v. FF Magnat Ltd., Case No. 2:12-cv-01057, in the U.S. District Court for the District of Nevada (the "Oron Litigation"). As a result of these disputes, on November 15, 2012, Mr. Randazza initiated an arbitration proceeding against Excelsior, being JAMS No. 1260002283 (the "Arbitration") for various claims, and certain of the Excelsior Parties counterclaimed against him in the Arbitration.

C.    As a further result of the foregoing disputes, on December 9, 2012, MJRPA filed an action against Liberty California in the Eighth Judicial District Court, Clark County, Nevada (the "Nevada State Court"), being Case No. A-12-673275-C (the "MJRPA State Court Litigation"), therein alleging claims for money due for legal services rendered. Liberty California asserted various counterclaims against MJRPA in the MJRPA State Court Litigation as well.

D.    On June 3, 2015, the Arbitrator in the Arbitration entered an *Interim Arbitration Award* (the "IAA"), which decided certain matters between the Parties, but left other matters unresolved and pending further determination.

E.    On June 15, 2015, Excelsior, Liberty California, and Mr. Gibson commenced an action in Nevada State Court, Case No. A-15-719901-C (the "State Court Confirmation Proceedings"), thereby seeking to confirm the IAA. Mr. Randazza opposed confirmation of the IAA and also sought to vacate or modify the IAA in those same proceedings.

F.    Prior to the Nevada State Court hearing or ruling on the Parties' pending requests in the State Court Confirmation Proceedings, and also prior to the Arbitration proceeding further, Mr. Randazza filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of Nevada (the "Bankruptcy Court"), Case No. 15-14956-abl (the "Chapter 11 Case"), thereby staying all pending proceedings by operation of section 362 of the Bankruptcy Code.

G.      On December 29, 2015, Excelsior filed a *Proof of Claim*, being Claim No. 8 (the "Proof of Claim") in the Chapter 11 Case in the stated amount of in excess of $1,552,614.29.

H.      On November 30, 2015, certain of the Excelsior Parties commenced an adversary proceeding against Mr. Randazza in the Chapter 11 Case, being adversary proceeding no. 15-1193 (the "Adversary Proceeding"), which, as later amended, asserted claims against Mr. Randazza pursuant to sections 523(a)(2)(A), (a)(4) and (a)(6) of the Bankruptcy Code.

I.      Subsequent to a bar complaint being filed by Mr. Gibson, the State Bar of Nevada, acting by and through the Office of Bar Counsel, filed a complaint, thereby commencing Case No. OBC15-0747 against Mr. Randazza before the State Bar of Nevada, Southern Nevada Disciplinary Board (the "State Bar Disciplinary Proceeding").

J.      On July 7, 2016, a *Second Amended Complaint* (the "SAC") was filed by certain of the Excelsior Parties in the Adversary Proceeding.

K.      On July 22, 2016, the Bankruptcy Court entered an order (the "MJRPA Settlement Order"), thereby approving a Settlement Agreement and Mutual Release (the "MJRPA Settlement Agreement"), involving, among other parties, certain of the Excelsior Parties, Mr. Randazza, MJRPA, and Randazza Legal Group, PLLC, a Nevada professional limited liability company ("RLG"). The MJRPA Settlement Agreement provided that the MJRPA State Court Litigation was dismissed with prejudice in exchange for a payment of $205,000 paid made by MJRPA's professional liability insurance carrier, and without any admission of liability.

L.      On November 2, 2016, Mr. Randazza filed his *Answer* to the surviving claims in the Adversary Proceeding, and *Counterclaims* (the "Counterclaims"), which Counterclaims included an objection to Excelsior's Proof of Claim filed in the Chapter 11 Case, and various other counterclaims for sums due and owing under his Employment Agreement and/or for breach of contract.

M.      By order dated October 19, 2016, the Bankruptcy Court dismissed, in part, the SAC. By order dated June 8, 2017, the Bankruptcy Court denied confirmation of the IAA. The Bankruptcy Court did not address the merits or the validity of the IAA. By order dated August 2, 2017, the Bankruptcy Court granted Mr. Randazza summary judgment, in part, as to the SAC.

N.      On March 14, 2017, certain of the Excelsior Parties obtained an order authorizing an examination of Mr. Randazza pursuant to Fed R. Bankr. P. 2004 in his Chapter 11 Case, and on May 9, 2017, issued various subpoenas in conjunction therewith to Mr. Randazza for testimony and documents in that same case (collectively, the "Discovery Requests").

O.      Except as expressly set forth herein, and subject to the terms and conditions herein, the Parties, without conceding or admitting liability, have concluded that it serves their respective interests to avoid the expenditure of additional time, effort and resources in litigating their disputes and in continuing their various proceedings and litigation against or involving each other, and that they now wish to fully, finally and forever settle and compromise their claims and disputes against each other, including but not limited to any and all claims to attorney's fees, costs, and other expenses, and to release, discharge and terminate all claims, demands, controversies, suits, causes of action, damages, rights, warranties, liabilities and obligations, and which either have been

asserted or which could be asserted against each other.

**NOW, THEREFORE,** in consideration of the promises, undertakings, payments, and releases stated in this Agreement, which the Parties acknowledge to be sufficient consideration, and based on the foregoing Recitals, which the Parties agree are true and correct and incorporated into this Agreement, the Parties agree as follows:

1.      **Bankruptcy Court Approval.**  The effectiveness of this Agreement is contingent upon the entry of a Final Order by the Bankruptcy Court approving this Agreement (the "Settlement Order").  Within three (3) business days of Mr. Randazza's receipt of the Excelsior Parties' signatures on this Agreement, Mr. Randazza shall file a motion with the Bankruptcy Court seeking to authorize and to approve this Agreement pursuant to Fed. R. Bankr. P. 9019 and/or other applicable authority (the "Settlement Motion"), and the Parties shall use their commercially reasonable best efforts to obtain the Bankruptcy Court's approval of this Agreement and the entry of the Settlement Order.  Pending the hearing and any decision on the Settlement Motion, the Parties shall engage in a "standstill" of all proceedings and discovery.  As used herein, the term "Final Order" shall mean that the time for taking of an appeal has expired or, if an appeal has been taken, the Settlement Order has been affirmed with no further right of appeal; *provided*, *however*, the Parties can waive any of the requirements of this definition through mutual written consent.

2.      **Payment of Settlement Sum**.  Mr. Randazza agrees to pay the Excelsior Parties the total principal sum of $40,000.00 (the "Settlement Payment") in equal monthly payments of $1,000.00 per month commencing on March 5, 2018, and by the fifth day of each and every month thereafter until the entire Settlement Sum is paid in full.  The Settlement Sum shall not accrue interest, and there shall be no penalty for any prepayment.  Mr. Randazza shall make or cause to be made any settlement payment to the order of "Liberty Media Holdings."  Excelsior shall have an allowed general unsecured proof of claim in the amount of the Settlement Payment in the Chapter 11 Case, which claim, and only that claim, is nondischargeable in the Chapter 11 Case by Mr. Randazza's waiver and consent thereto pursuant to section 727(a)(10) of the Bankruptcy Code. For the avoidance of doubt, nothing herein is intended or should be construed as an admission or finding as to any theory of nondischargeabilty against Mr. Randazza pursuant to section 523(a) of the Bankruptcy Code.

3.      **Default of Payment Obligation.**  In the event Mr. Randazza fails to make any of portion of the Settlement Payment in accordance with this Agreement, the Excelsior Parties shall provide written notice of such breach to Mr. Randazza in accordance with the notice provisions of this Agreement (the "Default Notice"), and Mr. Randazza shall thereafter be provided with a period of fifteen (15) calendar days after such Default Notice is transmitted to cure such delinquency (the "Cure Period").  In the event Mr. Randazza fails to cure any nonpayment after receipt of a Default Notice within the Cure Period, then without being forced to elect remedies, the Excelsior Parties will be entitled to:  (i) accelerate the entire remaining balance of the Settlement Sum; (ii) exercise all rights and remedies allowed in equity and under the applicable law, including pursuing a lawsuit to enforce this Agreement.

4.      **Effects of Non-Approval.**  If the Bankruptcy Court declines to approve this Agreement in its totality and without change for any reason, fails to enter the Settlement Order and/or the Settlement Order does not become a Final Order on or before February 28, 2018, and

despite the Parties' commercially reasonable best efforts to obtain such approval, then (i) this Agreement will be null and void and of no force or effect; (ii) no Party shall have any obligations to any other Party arising out of this Agreement; and (iii) the Parties' respective rights and remedies with respect to all matters addressed by this Agreement will be fully reserved and the Parties will be restored to their respective positions *status quo ante* as of November 1, 2017.

      **5.**    **Release by Mr. Randazza.**  Except for the obligations set forth in this Agreement, Mr. Randazza, on behalf of himself, MJRPA, and RLG, and his heirs, successors, assigns, and agents, hereby fully release, acquit and forever discharge the Excelsior Parties, and their respective employees, officers, directors, managers, members, shareholders, agents, representatives, attorneys, predecessors, successors, insiders, affiliates, assigns, partnerships, corporations, and limited liability companies of and from any and all claims, demands, causes of action, damages, costs, interest, expenses, attorneys' fees, liabilities, indemnities, duties and obligations of any kind or nature whatsoever, whether at law or in equity or statutory, whether known or unknown, suspected or unsuspected, fixed or contingent, arising out of any cause whatsoever occurring prior to the date of the execution of this Agreement, including without limitation, any matters arising out of or related to the Employment Agreement, the Oron Litigation, the Arbitration, the IAA, the State Court Confirmation Proceedings, the Chapter 11 Case, the Proof of Claim, the Adversary Proceeding, the SAC, the Counterclaims, and any and all claims or remedies that were or could have been set forth in any of the foregoing.

      **6.**    **Release by the Excelsior Parties.**  Except for the obligations set forth in this Agreement, the Excelsior Parties, and each of their respective heirs, successors, assigns, agents, insiders, and affiliates, hereby fully release, acquit and forever discharge Mr. Randazza, MJRPA, RLG, and their respective employees, officers, directors, managers, members, agents, representatives, attorneys, predecessors, successors, insiders, affiliates, assigns, partnerships, corporations, and limited liability companies of and from any and all claims, demands, causes of action, damages, costs, interest, expenses, attorneys' fees, liabilities, indemnities, duties and obligations of any kind or nature whatsoever, whether at law or in equity or statutory, whether known or unknown, suspected or unsuspected, fixed or contingent, arising out of any cause whatsoever occurring prior to the date of the execution of this Agreement, including without limitation, any matters arising out of or related to the Employment Agreement, the Oron Litigation, the Arbitration, the IAA, the State Court Confirmation Proceedings, the Chapter 11 Case, the Proof of Claim, the Adversary Proceeding, the SAC, the Counterclaims, any and all claims for exception to Mr. Randazza's bankruptcy discharge pursuant to section 523(a) of the Bankruptcy Code, and any and all claims or remedies that were or could have been set forth in any of the foregoing.

      **7.**    **Dismissals to Effectuate this Agreement.**  The Parties shall cooperate to effectuate the dismissal of all pending proceedings among them.  Within five (5) business days of the Settlement Order becoming a Final Order, the Parties shall execute and file with the applicable courts or arbitration stipulations to dismiss with prejudice the Arbitration, the State Court Confirmation Proceedings, and the Adversary Proceeding, and to release and expunge the Proof of Claim, in the forms as attached hereto as **Exhibits 1-4**, with each side to bear their own attorneys' fees and costs arising out of those proceedings.  Nothing in this Agreement is intended or should be construed as imposing any obligations on the Parties to pay or reimburse any fees or costs in the Arbitration.  Further, upon the Settlement Order becoming a Final Order, the Excelsior Parties agree that their Discovery Requests in the Chapter 11 Case are withdrawn with prejudice.

**8.    Cooperation in the Chapter 11 Case to Effectuate this Agreement.**  The Parties agree that they shall cooperate to effectuate the terms and conditions of this Agreement within the Chapter 11 Case.  Mr. Randazza agrees that any chapter 11 plan of reorganization he may file in the Chapter 11 Case will incorporate and seek to effectuate, to the extent necessary, this Agreement without change.  The Excelsior Parties agree that they will support any chapter 11 plan of reorganization that Mr. Randazza may file provided that such plan incorporates and seeks to effectuate, to the extent necessary, this Agreement without change.

**9.    Non-impairment of Attorney Disciplinary Proceedings.**  Nothing herein is intended or should be construed as impairing any applicable state bar's or office of bar counsel's pending or potential attorney disciplinary proceedings against Mr. Randazza arising out of any disputes between the Parties, including but not limited to the Nevada Disciplinary Proceedings; _provided_, _however_, that the Excelsior Parties acknowledge and agree that any and all disputes between the Parties to this Agreement, including, but not limited to, those disputes that gave rise to Mr. Gibson's filing of the Bar Complaint with the Nevada State Bar, have been fully and finally resolved to the Excelsior Parties' satisfaction by way of this Agreement.    Notwithstanding the foregoing, nothing in this agreement shall be construed to limit, in any way, the Excelsior Parties' cooperation with the Nevada state bar in connection with the Nevada Disciplinary Proceedings.  The Excelsior Parties further agree that to the extent they are awarded and receive any fine, restitution, or other payment or consideration arising out of any state bar disciplinary proceedings against Mr. Randazza, that such sum(s) shall be offset against any amounts that may remain owing on the Settlement Payment, with any additional balance in excess of the remaining Settlement Payment paid to Mr. Randazza within three (3) business days of receipt.

**10.    No Effect on RLG Settlement.**  Nothing herein is intended or should be construed as altering or affecting the RLG Settlement Agreement and the RLG Settlement Order, and the foregoing shall continue in full force and effect, without change.  In the event of any irreconcilable conflict between (a) this Agreement and the Settlement Order and (b) the RLG Settlement Agreement and/or the RLG Settlement Order, this Agreement and/or Settlement Order shall control.

**11.    Representations and Warranties.**  The Parties represent and warrant to each other the following:

>    **A.    Due Authority.**  Subject to approval by the Bankruptcy Court, each person signing this Agreement on behalf of a Party represents and warrants that he or she is duly authorized and lawfully empowered to execute this Agreement on behalf of the Party for whom or which he or she purports to act and to bind such Party to the terms of this Agreement.  Subject only to approval by the Bankruptcy Court, the Parties hereby represent and warrant to each other that the execution, delivery and performance by each of them of this Agreement and the other filings and transactions referenced herein and made a part hereof are within the legal power of such Parties and have been duly authorized by all necessary action by the Parties.  Subject to the entry of the Settlement Order, this Agreement constitutes a legal, valid and binding obligation of each of the Parties hereto, enforceable against each of the Parties in accordance with its terms.  Subject to the entry of the Settlement Order, all other filings and documents executed and delivered by any of the Parties to the Agreement shall, when executed by each such Party, constitute legal,

valid and binding obligations of each Party thereto, enforceable against each such Party in accordance with their terms.

       **B.**    **No Prior Assignments.**  Each Party releasing any right or claim under this Agreement represents and warrants that such Party has not previously assigned, sold, or transferred any interest in such right or claim, is the sole owner thereof, and has the sole right to release the same as of the date of execution of this Agreement.

    **12.**    **Notices.**  If any Party is required to give notice to another Party under this Agreement, notice shall be mailed to the addresses listed below and also sent by email if an email address is listed below.  The addresses for notices to a Party are:

For Notice to the Debtor:

> Larson Zirzow & Kaplan
> Attn:  Matthew C. Zirzow, Esq.
> 850 E. Bonneville Ave.
> Las Vegas, NV 89101
> Email: mzirzow@lzlawnv.com
>
> -and-
>
> Marc J. Randazza, Esq.
> c/o Randazza Legal Group, PLLC
> 4035 S. El Capitan Way
> Las Vegas, NV 89147
> E-mail: mjr@randazza.com

For Notice to the Excelsior Parties:

> Greene & Infuso
> Attn:  James D. Greene, Esq.
> 3030 S. Jones Blvd., Suite 101
> Las Vegas, NV 89146
> Email:  jgreene@greeneinfusolaw.com
>
> -and-
>
> Liberty Media Holdings, LLC
> Attn:  Brian Dunlap, Manager
> 4262 Blue Diamond Rd., Suite 102-337
> Las Vegas, NV 89139
>
> -and-

Excelsior Media Corp.
Attn: Brian Lowderman, President
4262 Blue Diamond Rd., Suite 102-337
Las Vegas, NV 89139

**13.    Cooperative Drafting**. The Parties to this Agreement have participated jointly in the negotiation and preparation of this Agreement. Accordingly, each Party agrees not to assert that any other Party is the sole or principal drafter of the Agreement. Each Party also agrees not to assert that any canon of construction applicable to sole or principal drafters should be applied against the other Party.

**14.    Counterparts.** This Agreement may be executed in counterparts by one or more of the Parties to this Agreement, and all counterparts, when executed, shall together constitute the final Agreement, as if one document had been signed by all the Parties. Each counterpart, upon execution and delivery, shall be deemed a complete original, binding the Party or Parties that signed the counterpart upon the execution by all Parties to this Agreement. The Counterparts may be transmitted by email with the same force and effect.

**15.    Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the undersigned Parties and their respective predecessors, successors, assigns, agents, representatives, attorneys, heirs, executors, and administrators.

**16.    No Jury Trial.** EACH OF THE PARTIES HERETO KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVES THE RIGHT TO A JURY TRIAL IN ANY LAWSUIT BETWEEN THE PARTIES WITH RESPECT TO THIS AGREEMENT.

**17.    Attorneys' Fees and Costs.** In the event of any dispute that results in a proceeding under this Agreement to enforce any provision of this Agreement or because of an alleged breach or default in connection with any of the provisions of this Agreement, the prevailing Party may recover from the non-prevailing Party reasonable attorneys' fees and other costs incurred (in addition to all other amounts and relief to which such Party may be entitled to recover).

**18.    Allocation of Amounts Paid.** The Parties have not made an allocation of the amount(s) being paid pursuant to this Agreement. The determination of the manner of allocation and amounts is solely the responsibility of the Excelsior Parties and their counsel and authorized representative(s).

**19.    Construction**. The descriptive headings of this Agreement are for convenience only and shall not affect the construction or interpretation of this Agreement.

**20.    Choice of Law/Forum**. This Agreement shall be interpreted, construed, and enforced according to the laws of the State of Nevada. The Parties agree that any legal actions between them regarding this Agreement shall be brought in the Bankruptcy Court, or to the extent the Bankruptcy Court lacks or refuses jurisdiction over such dispute, the Nevada State Court. The Parties hereby consent to the jurisdiction of said court(s) in connection with any action or proceeding initiated concerning this Agreement and agrees that service by mail to the address specified herein shall be sufficient to confer jurisdiction in such courts.

21.    **Entire Agreement and Amendments**.  Except as set forth in Paragraph 10, this Agreement constitutes the entire agreement and understanding between and among the undersigned Parties concerning the matters set forth herein.  This Agreement may not be amended or modified except by another written instrument signed by the Party or Parties to be bound by the amendment or modification.  Except as set forth in Paragraph 10, this Agreement is a novation of and supercedes and replaces any prior claims, rights, remedies and/or obligations of the Parties.

22.    **Reasonable Cooperation**.  The Parties agree to cooperate in good faith and in a commercially reasonable manner to effectuate all the terms and conditions of the Agreement, including doing or causing their agents and attorneys to do whatever is reasonably necessary to effectuate the signing, delivery, execution, filing, recording, and entry of any documents necessary to perform the terms of this Agreement.

23.    **Advice of Counsel**.  Each Party acknowledges that it has consulted with and obtained the advice of counsel before executing this Agreement, and that this Agreement has been explained to that Party by his or its counsel.

24.    **Each Party Relying on Own Judgment**.  It is understood and agreed that the Parties hereto have carefully reviewed this Agreement, that they fully understand its terms, that they sought and obtained independent legal advice with respect to the negotiation and preparation of the Agreement, that this Agreement has been negotiated and prepared by the joint efforts of the respective attorneys for each of the Parties, and that the Parties have relied wholly upon their own judgment and knowledge (and the advice of their respective attorneys).

25.    **No Reliance on Representations or Assumed Facts**.  The Parties also acknowledge the contested and adversarial nature of the Adversary Proceeding and underlying disputes and stipulate that in executing this Agreement they are not relying on any representation by any other party or its/his agents, representatives or attorneys, with regard to (1) facts underlying the lawsuit, (2) the subject matter or effect of this Agreement, and (3) any other facts or issues which might be deemed material to the decision to enter into this Agreement, other than as specifically set forth in this Agreement.

26.    **No Duty**.  None of the Parties are relying upon a legal duty, even if one might exist, on the part of any other Party (or such other Party's employees, agents, representatives, or attorneys) to disclose any information in connection with the execution of this Agreement or its preparation; it is expressly understood and agreed that no lack of information on the part of another Party is a ground for challenging this Agreement.

27.    **No Admission of Fault**.  This Agreement, the monies paid and other consideration given by any of the Parties under this Agreement shall ***NOT*** constitute an admission of fault, wrongdoing or liability.

28.    **Severability**.  If any provision of this Agreement or the application of any provision of this Agreement to any person or circumstance is held invalid, illegal or unenforceable in any respect, only that provision shall be affected, and the remainder of this Agreement (or the application of that provision to other persons and circumstances) shall remain in full force and effect, but this Agreement shall be construed as if such unenforceable, invalid or illegal term or

provision had never been contained herein.

      **29.**    **Time is of the Essence.**  Time is of the essence with respect to all obligations, deliveries, and payments under this Agreement.

*[Rest of page intentionally left blank; signature page follows]*

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the Effective Date.

EXCELSIOR PARTIES:                                    MR. RANDAZZA:

JASON GIBSON:                                         MARC JOHN RANDAZZA:

_____                      _____

EXCELSIOR MEDIA CORP.,
a Nevada corporation:

By: _____

Its: _____President_____

LIBERTY MEDIA HOLDINGS, LLC,
a dissolved California limited liability
company:

By: _____

Its: ____**Managing Member**_____

LIBERTY MEDIA HOLDINGS, LLC,
a Nevada limited liability company:

By: _____

Its: ____**Managing Member**_____

## **EXHIBITS**

Exhibit 1 -      Stipulation and Order to Dismiss Arbitration

Exhibit 2 -      Stipulation and Order to Dismiss State Court Confirmation Proceedings

Exhibit 3 -      Stipulation and Order to Reduce Proof of Claim in Chapter 11 Case

Exhibit 4 -      Stipulation and Order to Dismiss Adversary Proceeding

# EXHIBIT 1

LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Fax:  (702) 382-1169

Attorneys for Claimant

**JAMS**

| | |
|---|---|
| MARC J. RANDAZZA | JAMS No. 1260002283 |
| Claimant, | |
| vs. | **STIPULATION AND ORDER TO DISMISS ARBITRATION WITH PREJUDICE** |
| EXCELSIOR MEDIA CORP., a Nevada Corp.; LIBERTY MEDIA HOLDINGS, LLC, a California limited liability company; and JASON GIBSON, individually, | |
| Respondents. | |

Claimant, MARC J. RANDAZZA ("Mr. Randazza"), by and through his undersigned counsel; and EXCELSIOR MEDIA CORP., a Nevada corporation; LIBERTY MEDIA HOLDINGS, LLC, a California limited liability company; and JASON GIBSON, individually (collectively, the "Respondents" and together with Mr. Randazza, the "Parties"), by and through their undersigned counsel; HEREBY STIPULATE AND AGREED as follows:

1.      On or about June 10, 2009, Excelsior hired Mr. Randazza as its General Counsel pursuant to the terms and conditions as set forth in an Employment Agreement (the "Employment Agreement").  In 2012, certain disputes arose between the Parties, including but not limited to under the Employment Agreement.  As a result of these disputes, on November 15, 2012, Mr. Randazza  initiated the above-captioned arbitration (the "Arbitration") for various claims, and

*(left margin, vertical text)* LARSON ZIRZOW & KAPLAN, LLC  850 E. Bonneville Ave.  Las Vegas, Nevada 89101  Tel: (702) 382-1170  Fax: (702) 382-1169

certain of the Respondents counterclaimed against him in the Arbitration.

2.      On June 3, 2015, the Arbitrator entered an *Interim Arbitration Award* (the "IAA"), which decided certain various between the Parties, but left certain other matters unresolved.

3.      Respondents thereafter commenced an action in the Eighth Judicial District Court, Clark County, Nevada (the "Nevada State Court") seeking to confirm the IAA, which Mr. Randazza opposed.

4.      On August 31, 2015, and prior to the Nevada State Court ruling of the parties' various requests with respect to the IAA, Mr. Randazza filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of Nevada (the "Bankruptcy Court"), Case No. 15-14956-abl (the "Chapter 11 Case"), thereby staying all pending proceedings by operation of the automatic stay in section 362 of the Bankruptcy Code.

5.      On _____, 2018, the Bankruptcy Court approved a Settlement Agreement and Release (the "Settlement") among the Parties, which Settlement also provided for the dismissal of this Arbitration and the vacation of the IAA with prejudice and with each side to bear its own attorney's fees and costs.

6.      The Parties agree that all pending motions and matters in this Arbitration should be vacated.

. . .

. . .

. . .

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

NOW, THEREFORE, the Parties jointly request that the Court dismiss this case with prejudice pursuant to Nev. R. Civ. P. 41, with each side to bear its own attorney fees and cost herein.

APPROVED:                                        APPROVED:


By: _____          By: _____
LARSON ZIRZOW & KAPLAN, LLC         LITTLER MENDELSON, P.C.
MATTHEW C. ZIRZOW, ESQ.             WENDY MEDURA KRINCEK, ESQ.
Nevada Bar No. 7222                 Nevada Bar No. 6417
850 E. Bonneville Ave.              E-mail:  wkrincek@littler.com
Las Vegas, Nevada  89101            3960 Howard Hughes Parkway, Suite 300
Email: mzirzow@lzklegal.com         Las Vegas, Nevada 89169
Tel:  (702) 382-1170                Tel:  (702) 862-8800
Fax:  (702) 382-1169                Fax: (702) 862-8811

Attorneys for Claimant              Attorneys for Respondents


### DECISION

The Arbitrator having reviewed and considered the *Stipulation to Dismiss Arbitration With Prejudice*, and good cause appearing;

1.     The *Interim Arbitration Award* entered in this Arbitration on June 3, 2015, is VACATED by agreement of the Parties, and is hereby null, void and without effect;

2.     This Arbitration shall be and hereby is DISMISSED WITH PREJUDICE with each side to bear its own attorney's fees and costs.

Dated:  _____.


_____
STEPHEN E. HABERFELD
Arbitrator

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

3

# EXHIBIT 2

LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Defendant

**EIGHTH JUDICIAL DISTICT COURT**
**CLARK COUNTY, NEVADA**

EXCELSIOR MEDIA CORP., a Nevada Corp.;
LIBERTY MEDIA HOLDINGS, LLC, a
California limited liability company; and
JASON GIBSON, individually,

        Plaintiffs,

vs.

MARC J. RANDAZZA

        Defendant.

Case No. A-15-719901-C
Dept. No. XXIV

**STIPULATION AND ORDER TO**
**DISMISS CASE WITH PREJUDICE**

EXCELSIOR MEDIA CORP., a Nevada corporation; LIBERTY MEDIA HOLDINGS,
LLC, a California limited liability company; and JASON GIBSON, individually (collectively, the
"Plaintiffs"), by and through their undersigned counsel; and MARC J. RANDAZZA ("Mr.
Randazza" and together with the Plaintiffs, the "Parties"), by and through his undersigned counsel;
HEREBY STIPULATE AND AGREED as follows:

       1.      On or about June 10, 2009, Excelsior hired Mr. Randazza as its General Counsel
pursuant to the terms and conditions as set forth in an Employment Agreement (the "Employment
Agreement"). In 2012, certain disputes arose between the Parties, including but not limited to
under the Employment Agreement. As a result of these disputes, on November 15, 2012, Mr.

*Sidebar (vertical text):* LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Randazza initiated an arbitration proceeding, being JAMS No. 1260002283 (the "<u>Arbitration</u>") for various claims, and certain of the Plaintiffs counterclaimed against him in the Arbitration.

2.     On June 3, 2015, the Arbitrator in the Arbitration entered an Interim Arbitration Award (the "<u>IAA</u>"), which decided certain various between the Parties, but left certain other matters unresolved.

3.     On June 15, 2015, the Plaintiffs commenced the above-entitled action, thereby seeking to confirm the IAA.   Mr. Randazza opposed confirmation of the IAA and also sought to vacate or modify the IAA in those same proceedings.

4.     Prior to this Court hearing or ruling on the Parties' pending requests, and also prior to the Arbitration proceeding further, Mr. Randazza filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States District Court for the District of Nevada (the "<u>Bankruptcy Court</u>"), Case No. 15-14956-abl (the "<u>Chapter 11 Case</u>"), thereby staying all pending proceedings by operation of the automatic stay in section 362 of the Bankruptcy Code.

5.     On December ___, 2017, the Bankruptcy Court approved a Settlement Agreement and Release (the "<u>Settlement</u>") among the Parties, which Settlement also provided for the dismissal of this litigation pending in Nevada State Court with prejudice, and with each side to bear its own attorney's fees and costs.

6.     The Parties agree that all pending motions and matters in this case should be vacated.

. . .

. . .

. . .

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

2

NOW, THEREFORE, the Parties jointly request that the Court dismiss this case with prejudice pursuant to Nev. R. Civ. P. 41, with each side to bear its own attorney fees and cost herein.

APPROVED:                                        APPROVED:


By: _____          By: _____
LARSON ZIRZOW & KAPLAN, LLC          LITTLER MENDELSON, P.C.
MATTHEW C. ZIRZOW, ESQ.             WENDY MEDURA KRINCEK, ESQ.
Nevada Bar No. 7222                      Nevada Bar No. 6417
850 E. Bonneville Ave.                   E-mail:  wkrincek@littler.com
Las Vegas, Nevada  89101                 3960 Howard Hughes Parkway, Suite 300
Email: mzirzow@lzklegal.com              Las Vegas, Nevada 89169
Tel: (702) 382-1170                      Tel:  (702) 862-8800
Fax: (702) 382-1169                      Fax: (702) 862-8811

Attorneys for Defendant                  Attorneys for Plaintiffs



**ORDER**

The Court having reviewed and considered the *Stipulation to Dismiss Case With Prejudice*, and good cause appearing; this case shall be and hereby is DISMISSED WITH PREJUDICE with each side to bear its own attorney's fees and costs.

**IT IS SO ORDERED.**


_____
DISTRICT COURT JUDGE

3

# EXHIBIT 3

LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARC JOHN RANDAZZA,<br><br>              Debtor. | Case No.: BK-S-15-14956-abl<br>Chapter 11<br><br><br>Date:  N/A<br>Time:  N/A |

## STIPULATION AND ORDER TO ALLOW PROOF OF CLAIM
## OF EXCELSIOR MEDIA CORP., AS AMENDED

Claimant, EXCELSIOR MEDIA CORP., a Nevada corporation ("Excelsior"), and MARC JOHN RANDAZZA, as debtor and debtor in possession (the "Debtor" and together with Excelsior, the "Parties"), hereby stipulate and agree (the "Stipulation") as follows:

1.      On December 29, 2015, Excelsior filed a *Proof of Claim*, being Claim No. 8 (the "Proof of Claim") in the above-captioned chapter 11 case against the Debtor in the stated amount of in excess of $1,552,614.29.

2.      The Parties have sought and obtained approval of a Settlement Agreement and Release (the "Settlement"), which Settlement, among other matters, provides for the reduction, allowance and treatment of Excelsior's Proof of Claim, thereby providing that the Proof of Claim be an allowed general unsecured claim in favor of Excelsior in the total amount of $40,000.00, with the balance of the Proof of Claim be disallowed, which claim shall also be nondischargeable by waiver and consent of the Debtor pursuant to 11 U.S.C. § 727(a)(10).

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

NOW, THEREFORE, the Parties respectfully request that the Court enter the Order as attached hereto as **Exhibit 1**, thereby approving this Stipulation, and thereby reducing the Proof of Claim to the amount of $40,000.00, providing that it be an allowed general unsecured claim, disallowing the balance of it, and further providing that it be nondischargeable by consent and waiver of the Debtor pursuant to 11 U.S.C. § 727(a)(10).

Dated:  _____, 2018.

PREPARED AND SUBMITTED:                          APPROVED:

By:   /s/ Matthew C. Zirzow                               By:  _____
LARSON ZIRZOW & KAPLAN, LLC                  GREENE & INFUSO
MATTHEW C. ZIRZOW, ESQ.                           JAMES D. GREENE, ESQ.
850 E. Bonneville Ave.                                        3030 S. Jones Blvd., Suite 101
Las Vegas, Nevada  89101                                   Las Vegas, NV 89146
Email:  mzirzow@lzlawnv.com                           Email:  jgreene@greeneinfusolaw.com

Attorneys for Debtor                                           Attorneys for Excelsior Media Corp. and
                                                                          Liberty Media Holdings, LLC

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-15-14956-abl |
| | Chapter 11 |
| MARC JOHN RANDAZZA, | |
| Debtor. | Date:  N/A |
| | Time:  N/A |

## ORDER GRANTING STIPULATION TO ALLOW PROOF OF CLAIM
## OF EXCELSIOR MEDIA CORP., AS AMENDED

Claimant, EXCELSIOR MEDIA CORP., a Nevada corporation ("Excelsior"), and MARC

JOHN RANDAZZA, as debtor and debtor in possession (the "Debtor" and together with Excelsior,

the "Parties"), having filed their *Stipulation to Allow Proof of Claim of Excelsior Media Corp., as*

*Amended* (the "Stipulation")[1]; the Court having reviewed and considered the Stipulation; and good

cause appearing;

_____

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**IT IS HEREBY ORDERED:**

1.      The Stipulation is APPROVED;

2.      The *Proof of Claim*, Claim No. 8, filed by Excelsior Media Corp., shall be and hereby is allowed as a general unsecured claim in the total amount of $40,000.00 against the Debtor, with the balance of the claim being disallowed;

3.      The claim of Excelsior Media Corp. as allowed herein shall be nondischargeable by waiver and consent of the Debtor pursuant to 11 U.S.C. § 727(a)(10); and

4.      The Court reserves jurisdiction over the interpretation and implementation of this Order.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:                    APPROVED:

By:   /s/ Matthew C. Zirzow            By: _____
LARSON ZIRZOW & KAPLAN, LLC        GREENE & INFUSO
MATTHEW C. ZIRZOW, ESQ.            JAMES D. GREENE, ESQ.
850 E. Bonneville Ave.                3030 S. Jones Blvd., Suite 101
Las Vegas, Nevada 89101              Las Vegas, NV 89146
Email:  mzirzow@lzklegal.com          Email:  jgreene@greeneinfusolaw.com

Attorneys for Debtor                 Attorneys for Excelsior Media Corp. and
                                     Liberty Media Holdings, LLC

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

2

# EXHIBIT 4

LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Fax:  (702) 382-1169

Attorneys for Defendant/Counterclaimant

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-15-14956-abl |
| | Chapter 11 |
| MARC JOHN RANDAZZA, | |
| Debtor. | |
| | |
| EXCELSIOR MEDIA CORP., a Nevada corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada limited liability company, | Adv. No. 15-01193-abl |
| Plaintiffs, | **STIPULATION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE** |
| v. | |
| MARC JOHN RANDAZZA, an individual, | |
| Defendant. | Date:  N.A |
| | Time:  N/A |
| AND RELATED COUNTERCLAIMS. | |

Plaintiffs and/or Counter-Defendants, EXCELSIOR MEDIA CORP., a Nevada
corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada limited liability company; and
Defendant-Counterclaimant, MARC JOHN RANDAZZA (collectively, the "Parties"), having
sought and obtained approval of a Settlement Agreement and Release, thereby resolving the

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

above-captioned adversary proceeding, and as a result thereof and a required condition thereunder, the Parties hereby jointly request pursuant to Fed. R. Civ. P. 41, made applicable pursuant to Fed. R. Bankr. P. 7041, that this adversary proceeding be dismissed with prejudice with each side to bear its own attorney's fees and cost;

NOW, THEREFORE, the Parties respectfully request that the Court enter the Order as attached hereto as **Exhibit 1**, thereby approving this Stipulation, and thereby dismiss this adversary proceeding with prejudice with each side to bear its own attorney's fees and costs.

Dated:  _____, 2018.

PREPARED AND SUBMITTED:                APPROVED:

By:  ___/s/ Matthew C. Zirzow_____        By: _____
LARSON ZIRZOW & KAPLAN, LLC          GREENE & INFUSO
MATTHEW C. ZIRZOW, ESQ.              JAMES D. GREENE, ESQ.
850 E. Bonneville Ave.                3030 S. Jones Blvd., Suite 101
Las Vegas, Nevada  89101             Las Vegas, NV 89146
Email:  mzirzow@lzklegal.com         Email:  jgreene@greeneinfusolaw.com

Attorneys for Defendant/Counterclaimant        Attorneys for Plaintiffs/Counter-Defendants

1   LARSON ZIRZOW & KAPLAN, LLC
    ZACHARIAH LARSON, ESQ.
2   Nevada Bar No. 7787
    E-mail: zlarson@lzklegal.com
3   MATTHEW C. ZIRZOW, ESQ.
    Nevada Bar No. 7222
4   E-mail: mzirzow@lzklegal.com
    850 E. Bonneville Ave.
5   Las Vegas, Nevada 89101
    Tel: (702) 382-1170
6   Fax: (702) 382-1169

7

8   Attorneys for Defendant/Counterclaimant

9

10                      **UNITED STATES BANKRUPTCY COURT**
                         **FOR THE DISTRICT OF NEVADA**

11  In re:                                  Case No.: BK-S-15-14956-abl
                                            Chapter 11
12  MARC JOHN RANDAZZA,

13           Debtor.

14  _____

15  EXCELSIOR MEDIA CORP., a Nevada        Adv. No. 15-01193-abl
    corporation; and LIBERTY MEDIA
16  HOLDINGS, LLC, a Nevada limited liability
    company,
17
                                            **ORDER GRANTING STIPULATION TO**
18           Plaintiffs,                     **DISMISS ADVERSARY PROCEEDING**
                                            **WITH PREJUDICE**
19  v.

20  MARC JOHN RANDAZZA, an individual,

21           Defendant.                      Date:  N.A
                                            Time:  N/A
22  _____

23  AND RELATED COUNTERCLAIMS.

24

25          Plaintiffs and/or Counter-Defendants, EXCELSIOR MEDIA CORP., a Nevada

26  corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada limited liability company; and

27  Defendant-Counterclaimant, MARC JOHN RANDAZZA (collectively, the "Parties"), having

28  filed their *Stipulation to Dismiss Adversary Proceeding With Prejudice* (the "Stipulation"); and

*LARSON ZIRZOW & KAPLAN, LLC*
*850 E. Bonneville Ave.*
*Las Vegas, Nevada 89101*
*Tel: (702) 382-1170  Fax: (702) 382-1169*

good cause appearing;

**IT IS HEREBY ORDERED:**

1.      The Stipulation is GRANTED;

2.      The above-captioned adversary proceeding shall be and hereby is DISMISSED WITH PREJUDICE, with each side to bear its own attorney's fees and costs.

**IT IS SO ORDERED.**


PREPARED AND SUBMITTED:           APPROVED:

By:   /s/ Matthew C. Zirzow        By:                      
LARSON ZIRZOW & KAPLAN, LLC      GREENE & INFUSO
MATTHEW C. ZIRZOW, ESQ.         JAMES D. GREENE, ESQ.
850 E. Bonneville Ave.               3030 S. Jones Blvd., Suite 101
Las Vegas, Nevada 89101          Las Vegas, NV 89146
Email: mzirzow@lzklegal.com       Email: jgreene@greeneinfusolaw.com

Attorneys for Defendant/Counterclaimant    Attorneys for Plaintiffs/Counter-Defendants

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT B

LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-15-14956-abl<br>Chapter 11 |
| MARC JOHN RANDAZZA, | |
| Debtor. | |
| EXCELSIOR MEDIA CORP., a Nevada corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada limited liability company, | Adv. No. 15-01193-abl |
| Plaintiffs, | |
| v. | |
| MARC JOHN RANDAZZA, an individual, | Date:   February 13, 2018<br>Time:  10:00 a.m. |
| Defendant. | |

**ORDER GRANTING DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE WITH EXCELSIOR MEDIA CORP., LIBERTY MEDIA HOLDINGS, LLC AND JASON GIBSON PER FED. R. BANKR. P. 9019**

*(Left margin, vertical text)* LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Debtor, Marc John Randazza ("Mr. Randazza"), having filed his *Motion to Approve Settlement Agreement and Release with Excelsior Media Corp., Liberty Media Holdings, LLC, and Jason Gibson pursuant to Fed. R. Bankr. P. 9019* (the "Motion") [ECF No. ____],[1] which sought to authorize and approve that certain Settlement Agreement and Release (the "Settlement Agreement") among the parties thereto; the Court having reviewed and considered the Motion and the accompanying evidence; no oppositions to the Motion having been filed; the Court having held a hearing on the Motion, and having heard and considered the arguments of counsel; the Court having made its findings of fact and conclusions of law at the hearing, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and good cause appearing;

**IT IS HEREBY ORDERED:**

1.     The Motion is GRANTED.

2.     The Settlement Agreement is APPROVED as a fair and equitable settlement pursuant to Fed. R. Bankr. P. 9019.

3.     The parties to the Settlement Agreement are authorized and directed to implement the Settlement Agreement in accordance with its terms and conditions, including all exhibits attached thereto and payments set forth therein.

4.     The Court reserves jurisdiction over the interpretation and implementation of the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

. . .

. . .

. . .

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Motion.

2

PREPARED AND SUBMITTED:                  APPROVED / DISAPPROVED:

By: _____     By: _____
LARSON ZIRZOW & KAPLAN, LLC              GREENE INFUSO, LLP
ZACHARIAH LARSON, ESQ.                   JAMES D. GREENE, ESQ.
Nevada Bar No. 7787                      Nevada Bar No. 2647
Email: zlarson@lzklegal.com              E-mail: jgreene@greeneinfusolaw.com
MATTHEW C. ZIRZOW, ESQ.                  3030 South Jones Boulevard, Suite 101
Nevada Bar No. 7222                      Las Vegas, Nevada 89146
Email: mzirzow@lzklegal.com
850 E. Bonneville Ave.                   Attorneys for Excelsior Media Corp.
Las Vegas, Nevada 89101                  and Liberty Media Holdings, LLC

Attorneys for Debtor

### LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| JAMES D. GREENE, ESQ.: | |

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169